Morton, H. Sklar, Executive Director
msklar@humanrightsusa.org
World Organization for Human Rights USA
2029 P Street NW, Suite 301
Washington, DC 20036
Telephone: (202) 296-5702
Facsimile:  (202) 296-5704
[Admitted *Pro Hac Vice*]

Roger Myers (CA State Bar No. 146164)
roger.myers@hro.com
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone:     (415) 268-2000
Facsimile:     (415) 268-1999

[Additional Attorneys Appear on Signature Page]

Attorneys for Plaintiffs
WANG XIAONING, YU LING, SHI TAO

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| WANG XIAONING, YU LING, SHI TAO, and ADDITIONAL PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUALS, | Case No. C07-02151 CW |
| Plaintiffs, | |
| v. | **TORT DAMAGES CLAIM** |
| YAHOO, INC., a Delaware Corporation, YAHOO! HOLDINGS (HONG KONG), LTD., a Foreign Subsidiary of Yahoo!, ALIBABA.COM, INC. a Delaware Corporation, AND OTHER PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUAL EMPLOYEES OF SAID CORPORATIONS, | **PLAINTIFFS' OPPOSITION TO DEFENDANT YAHOO!, INC.'S MOTION TO SHORTEN TIME ON ITS MOTION FOR AN EARLY CASE MANAGEMENT CONFERENCE AND ORDER** |
| Defendants. | Judge: Hon. Claudia Wilken |

Plaintiffs strenuously object both to the Defendants' Motion to Shorten Time for their proposed Motions Hearing, and to the substance of the Motion for an Early Case Management Conference itself. Our detailed objections to the latter Motion will be submitted to the Court by June 28, while our objections to the proposal to shorten time are addressed in the present submission. With respect to the Motion to Shorten Time for the Motions Hearing, our objections are based on the following reasons:

**1. Inadequate Time to Prepare Response.** The extremely short time frame proposed, with a court hearing just ten calendar days after the Defendants' Motions were filed, would not provide the Plaintiffs an adequate opportunity to prepare for and to respond appropriately to the numerous significant points and issues raised in the Motions that the Defendants are asking the Court to consider.  Major questions have been raised in the Defendants' submissions concerning a variety of jurisdictional issues, as well as a number of more substantive matters including the potential impact of the litigation on U.S. foreign policy interests, how the standards set out by the U.S. Supreme Court in *Sosa v. Alvarez-Machain* (542 U.S. 629 (2004)) apply to this case, whether, and under what circumstances, a company doing business in a foreign nation should comply with requests from the host governments, how to conduct effective fact investigation in a foreign nation that limits access to its citizens and to relevant information, and whether California's SLAPP statute applies to the "communications" between Yahoo and the Government of China. All of these matters involve complicated issues that can not be properly or intelligently addressed by the Parties, or adequately considered and treated by the Court, even for preliminary court scheduling and management purposes, within the ten or eleven day timetable that the Defendants have suggested, and without even the benefit of the Defendants' full responsive pleading to the complaint, which is not due until July 27. The nature of the Motion that the Defendants have submitted, even though preliminary in nature, requires the additional disclosures, exchange of information and discussions that the regular case management process is designed to provide. No court action related to how the management of these issues should be handled before the Defendants' responsive pleading is filed, and before completion of the regular ADR and case

1   management processes called for under the Court's Rules. These regularly scheduled procedures

2   identify and properly frame the issues so that management decisions regarding them can be made

3   on an informed basis.

4       The extremely short notice for the Defendants' proposed hearing date of July 2 may also

5   pose inconsistencies with Local Rules that seem to require a minimum of ten working or business

6   days for any proposed changes in court hearings or other deadlines. Under Local Rule 6-1(b)

7   regarding "Enlarging or Shortening Time," "any stipulated request or motion which affects a

8   hearing or proceeding" relating to the Court's calendar "must be filed no later than 10 days before

9   the scheduled event." N.D. CAL. CIV. L.R. 6-1(b). According to Local Rule 1(c), the definition

10   and computation of time under the Court Rules applies "the meaning given" under Rule 6(a) of

11   the Federal Rules of Civil Procedure, which specifies that "When the defined time period is less

12   than 11 days, intermediate Saturdays, Sundays, and legal holidays are not counted" (FED. R. CIV.

13   P. 6(a)), which means that ten business days, not ten calendar days, must be provided, which

14   would not be the case for a July 2 hearing date.

15       Though it is not clear whether the term "scheduled event" in Rule 6-1(b) refers to the prior

16   deadline, the newly proposed date, or both, other elements of the Court Rules suggest that the ten

17   working day minimum should apply. Local Rule 7-7, which allows for a continuance for a

18   hearing, requires that the motion be made more than twenty-one days prior to a scheduled

19   hearing. *See* N.D. CAL. CIV. L.R. 7-7(a)(2), 7-3(a). It would be inconsistent to require twenty-one

20   days notice for a continuance but less than ten business days notice to expedite a hearing.  Local

21   Rule 16-10(d) provides that prior to a Subsequent Case Management Conference, the parties must

22   file a Joint Case Management Statement no fewer than ten days before the conference.  N.D. CAL.

23   CIV. L.R 16-1(D).  Thus, a motion to shorten time for a subsequent Case Management Conference

24   would certainly be due more than ten days before the proposed date.

25       In addition, if the Defendants' proposed hearing date of July 2 were adopted, the hearing

26   would occur before the Plaintiffs' response to the Motion for an Early Case Management

27   Conference setting that date would be due. *See* N.D. CAL. CIV. L.R. 7-2(a), 7-3(a). These

28

inconsistencies with the Rules indicate that the timeframe proposed in the Motion to Shorten Time would not comply with the Court's established procedures.  Moreover, Defendants' request would not provide Plaintiffs a reasonable time to respond, instead compelling them to respond significantly earlier than would be required under the existing framework and therefore should not be accepted.

**2.  Inconsistencies With Prior Schedule Changes.**  The proposed additional early case management conference, and the shortened time schedule associated with it, is not consistent with the schedule for ADR and case management activities, and the resetting of the Initial Case Management Conference for September 18, that the Defendants requested from the Plaintiffs and from the Court just a few days ago, and that was ordered by the Court on June 19. It is highly unusual for a court to bypass its regular case management system, especially when the Parties and the Court have just adopted adjustments in the timetable for that system to meet the needs of the Parties, and most specifically the vacation and travel plans of the Defendants' attorneys. (See attached Declaration.) The Defendants have not provided adequate justification why such an unusual approach, and a second major alteration in the timetable that they have just agreed to, is necessary in this case. If the Defendants wanted to change the Initial Case Management Conference schedule along the lines of their most recent set of Motions, they should have incorporated those changes in the Joint Stipulation that they solicited from the Plaintiffs and submitted to the Court only days before making this new request. Defendants are styling their Motion as a request for an early case management conference. In actuality it is really a rescheduling of the Initial Case Management Conference that the Defendants, on their initiative and based on their vacation and travel plan needs, already obtained agreement from the Plaintiffs and the Court to reschedule for September 18.

**3. Misleading Nature of the Defendants' Representations.** To obtain the Plaintiffs' consent to the delayed time schedule that they previously proposed and obtained by the Court's Order of June 19, the Defendants' represented that the originally set date for the initial case management conference of August 7 (and corresponding earlier deadlines for preparatory case management

activities), would interfere with the vacation plans during the first three weeks of July of one of their primary counsel (Daniel Petrocelli), and would not permit the other primary counsel (Joseph Cyr) an adequate opportunity for a planned fact-finding trip to Hong Kong and China to evaluate the corporate connections between his client (Alibaba) and other affected entities. Yet Defendants are now seeking a second change in scheduling to make possible a July 2 hearing before the Court to consider many of the issues that they indicated they would not be prepared to deal with under the initial court-ordered schedule. It is hard to understand what changed in the few days between the Defendants' urgent efforts to secure a delay the regular case management schedule, and their current effort to obtain an earlier hearing without the benefit of the case management process taking place. It is also very hard to understand or to explain why the original schedule changes were deemed necessary to prevent a conflict with Mr. Petrocelli's vacation plans, while Defendants acknowledged in an email communication with the Plaintiffs' counsel that "slight adjustments" to these plans are now being made to allow for the July 2 hearing date. (See attached Declaration.)

**4. The Regular Case Management Process Is Needed Before the Court Can Decide How Best to Proceed.** The issues and concerns raised by the Defendants are not appropriate subjects for presentation to the Court without the Parties being given an opportunity to discuss and deal with them through the regular ADR and case management process. Many of the Defendants' issues and objections, in order to properly be evaluated by the Parties and by the Court, require exactly the type of initial pre-trial discovery, fact sharing and communication that is required by the case management process. It would be premature to bring these matters before the Court, even for scheduling or case management decision making, in the form of simple pleadings without the benefit of the factual information that is required to understand them and to give them proper and meaningful consideration. The nature and scope of the responsibility of Yahoo! US and Yahoo Hong Kong  for the activities of their Yahoo China affiliate provide a case in point. Without more detailed information about the corporate relationships and interactions of these entities, information that can only be obtained through initial information sharing pursuant to the regular

case management process, no realistic assessment of the degree of their involvement with, and responsibility for, actions of their affiliates taking place in China can be made. Defendants appear to be seeking to sidestep the case management and initial discovery and information sharing processes in the hopes of obtaining expedited decisions from the Court that will either limit their liability, or will allow for major delays in the litigation process so as to prevent any timely determination of liability.

The regularly scheduled Initial Case Management Conference with the Court, now set for September 18 by Joint Stipulation, is the more appropriate and logical means for dealing with issues and concerns that the Defendants are seeking to raise, than through the earlier hearing that they are requesting. Defendants would be unnecessarily wasting the time and resources of the Court, and improperly delaying these court proceedings, by moving the initial case management conference to before the regular case management processes can take place. An alteration and sidestepping of that process, particularly in light of the detailed changes in the timetable for that process that have just been made at Defendants' behest, is not justified or appropriate.

Based on the above, the Defendants' Motion to Shorten Time should be denied in its entirety. (See attached Proposed Order.) Plaintiffs will address the merits and substance of the Defendants' Motion for An Early Case Management Conference in a subsequent submission to the Court on or about June 28, in order to make certain, in the exercise of caution, that those views are before the Court should a July 2 Motions Hearing date be set.

1    Respectfully submitted this 25th day of June, 2007,

2

3                                        MORTON SKLAR
                                         THERESA HARRIS
                                         WORLD ORGANIZATION FOR HUMAN
4                                        RIGHTS USA

5                                        By: /s/ Morton Sklar
                                         _____
6                                             Morton Sklar

7

8                                        ROGER MYERS
                                         HOLME ROBERTS & OWEN LLP

9                                        By: /s/ Roger Myers
                                         _____
10                                            Roger Myers

11                                       Attorneys for Plaintiffs
                                         WANG XIAONING, YU LING and SHI TAO
12

13                                       Karen Parker
                                         (CA State Bar No. 112486)
14                                       Association of Humanitarian Lawyers
                                         154 5th Avenue
15                                       San Francisco, CA 94118
                                         Telephone: (415) 668-2752
16                                       E-mail: ied@agc.org

17                                       With the assistance of:
                                         Albert Ho Chun-Yan
18                                       Legal Representative for Shi Tao
                                         Hong Kong
19
                                         Rebecca Babarsky, University of Michigan
20                                         Law School

21                                       Shannon Barrows, University of Chicago Law
                                           School
22

23                                       Paul Bozzello, Harvard Law School

24                                       Legal Interns

25

26

27

28

Opposition to Defendant's Motion to Shorten        - 6 -                    Case No. C07-02151 CW
Time

**CERTIFICATE OF COMPLIANCE**

This Opposition on behalf of the Plaintiffs to the Defendants' Motion to Shorten Time in the above captioned case complies with all Federal and Local Rule requirements, including the page limit of five pages for the narrative text set out in Rule 6-3(c).  It is written in 12 point Times New Roman font and contains a total of 1,820 words.

Signed and Certified to this 25th day of June, 2007.

By: */s/ Morton Sklar*
        Morton Sklar
        Executive Director
        World Organization for Human Rights USA
        2029 P Street NW, Suite 301
        Washington, DC 20036