Xiaoning et al v. Yahoo! Inc, et al  Doc. 35

Case 4:07-cv-02151-CW   Document 35   Filed 07/13/2007   Page 1 of 5

1  Morton, H. Sklar, Executive Director
   msklar@humanrightsusa.org
2  World Organization for Human Rights USA
   2029 P Street NW, Suite 301
3  Washington, DC 20036
   Telephone: (202) 296-5702
4  Facsimile:  (202) 296-5704
   [Admitted *Pro Hac Vice*]
5
   Roger Myers (CA State Bar No. 146164)
6  roger.myers@hro.com
   HOLME ROBERTS & OWEN LLP
7  560 Mission Street, 25th Floor
   San Francisco, CA 94105-2994
8  Telephone:    (415) 268-2000
   Facsimile:    (415) 268-1999
9
   Attorneys for Plaintiffs
10
   [Additional Attorneys Appear on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| WANG XIAONING, YU LING, SHI TAO, and ADDITIONAL PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUALS,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO, INC., a Delaware Corporation, YAHOO! HONG KONG LTD., a Foreign Subsidiary of Yahoo!, ALIBABA.COM, INC. a Delaware Corporation, AND OTHER PRESENTLY UNNAMED AND TO BE IDENTIFIED CORPORATE DEFENDANTS AND UNNAMED AND TO BE IDENTIFIED INDIVIDUAL EMPLOYEES OF SAID CORPORATIONS,<br><br>Defendants. | **Case No. C07-02151 CW**<br><br>**TORT DAMAGES CLAIM**<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Claudia Wilken |

PLAINTIFFS' MOTION FOR LEAVE TO
FILE A SECOND AMENDED COMPLAINT                                          Case No. C07-02151 CW

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Plaintiffs, by and through their undersigned counsel, respectfully request this Honorable Court to grant leave for Plaintiffs to file a Second Amended Complaint and state as follows:

1. Plaintiffs filed their initial complaint in this Court on April 18, 2007.

2. On May 29, 2007, Plaintiffs filed an Amended Complaint in which Plaintiffs added another Plaintiff and made other minor changes.

3. As of the date of this motion, the Defendants have not yet filed a response, nor have the Parties completed any of the other Case Management and Alternative Dispute Resolution steps set out by the Court Order of June 19, 2007 or passed any of the deadlines for these steps set by the Court. Amending the Complaint therefore will not require the Defendants to re-file an answer, nor will amending the Complaint affect the Standing Order or the current Case Management Schedule.

4. The Second Amended Complaint provides additional details concerning the Plaintiffs' claims in response to requests for this information made by the Defendants during the course of pre-trial discussions. It in no way alters the underlying claims set forth in the Amended Complaint or otherwise substantially alters the content of the Complaint.

5. In accordance with Federal and Local Rules, Plaintiffs have requested consent from the Defendants for the filing of this Second Amended Complaint, but have not yet received complete responses from Defendants' counsel, though it appears that those consents will not be forthcoming. This Motion is being filed seeking leave of the Court to file the Second Amended Complaint as, according to Plaintiffs' calculations, July 13 is the last day that a request for an amended complaint can be filed without making it necessary to alter the schedule set out by the Court in its Order of June 19, 2007, including the July 27, 2007 date set for a unified response to the Complaint by the Defendants.

## MEMORANDUM IN SUPPORT OF MOTION

According to Federal Rule of Civil Procedure 15, "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served…[o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Where leave of the court is sought, Rule 15 states that "leave shall be freely given when justice so requires." *Id.* In *Foman v. Davis*, the Supreme Court held that

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). This Court has recognized and upheld this principle, for example, in *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, stating that "the court must be very liberal in granting leave to amend a complaint," noting that "[t]his rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F.Supp. 1237, 1241 (N.D. Cal. 1997).

In this case, Plaintiffs seek, in good faith and in response to the requests for more detailed information from the Defendants, to amend the complaint so as to further develop certain facts relating to the structure of the defendant corporations in order to clarify for both the Parties and the Court the more precise nature of their organizational structure and relationships with respect to one another, and the basis for the exercise of jurisdiction over these entities by this Court. Although the nature of these organizational relationships requires access to information largely in the Defendants' possession and unavailable to the Plaintiffs until discovery. In the Second Amended Complaint, Plaintiffs have attempted, to the best of their understanding, to provide

additional factual details concerning the Defendants and their organizational structures, relationships and methods of operation.  These changes in the Complaint do not alter the underlying claims Plaintiffs set forth in the prior Complaints, nor do they include facts that are not already known to the Defendants.  Given the aforementioned circumstances, it cannot be said that Plaintiffs' request reflects any "dilatory motive" on Plaintiffs' part, nor would allowing Plaintiffs' Motion For Leave To File A Second Amended Complaint impose any undue prejudice upon Defendants.  *Foman*, 371 U.S. at 182.  Similarly, there has been no undue delay by Plaintiffs in amending the complaint, nor failures to cure any alleged deficiencies.  Defendants have not yet filed a responsive pleading and none of the other deadlines set by the Court for Case Management and ADR activities have passed.  Granting Plaintiffs' Motion For Leave To File A Second Amended Complaint would therefore leave the current pleadings and case management schedule unchanged, and would provide the Defendants and the Court with important and useful information relevant to many of the concerns and issues raised by the Defendants in preliminary discussions.

    Granting this request would be consistent with the "underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules." *Advanced Cardiovascular Sys.*, 989 F.Supp. at 1241.  Given the fact that Plaintiffs' request to file a Second Amended Complaint would neither prejudice the Defendants, nor delay or change any existing pleading or case management schedule, there is no reason why the Plaintiffs' Motion For Leave To File A Second Amended Complaint should not be granted.

PLAINTIFFS' MOTION FOR LEAVE TO
FILE A SECOND AMENDED COMPLAINT

3

Case No. C07-02151 CW

Respectfully submitted this 13th day of July, 2007,

        MORTON SKLAR
        THERESA HARRIS
        WORLD ORGANIZATION FOR HUMAN RIGHTS USA

        By: */s/ Morton Sklar*
            Morton Sklar

        ROGER MYERS
        HOLME ROBERTS & OWEN LLP

        By: */s/ Roger Myers*
            Roger Myers

Attorneys for Plaintiffs
WANG XIAONING, YU LING and SHI TAO

Karen Parker
(CA State Bar No. 112486)
Association of Humanitarian Lawyers
154 5th Avenue
San Francisco, CA 94118
Telephone: (415) 668-2752
E-mail: ied@agc.org

*With the assistance of:*
Albert Ho Chun-Yan
Legal Representative for Shi Tao
Hong Kong

Rebecca Babarsky, University of Michigan Law School
Shannon Barrows, University of Chicago Law School
Paul Bozzello, Harvard Law School
        *Legal Interns*

PLAINTIFFS' MOTION FOR LEAVE TO
FILE A SECOND AMENDED COMPLAINT

4

Case No. C07-02151 CW