Xiaoning et al v. Yahoo! Inc, et al                                                                                          Doc. 53

Case 4:07-cv-02151-CW    Document 53    Filed 07/31/2007    Page 1 of 7

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANG XIAONING, et al., | No. C 07-2151 CW |
| Plaintiffs, | ORDER DENYING DEFENDANT YAHOO!'S MOTION FOR AN EARLY CASE MANAGEMENT CONFERENCE AND ORDER |
| v. | |
| YAHOO!, INC., et al., | |
| Defendants. | |
| _____/ | |

Defendant Yahoo!, Inc. requests that the Court enter an early
case management order that bifurcates certain issues and stays
discovery, and solicit the views of the executive branch concerning
this case and any foreign policy issues it may raise.[1] Plaintiffs
oppose the motion and argue that an early case management order,
especially the one Defendant Yahoo! proposes, is not appropriate.
They further argue that a statement of interest by the government
is not necessary in this case. The matter was submitted on the
papers. Having considered all of the papers filed by the parties,

---

[1] Alibaba.com, Inc. joined Defendant Yahoo! in this motion.
Plaintiff's second amended complaint, however, included no claims
against Alibaba.com as a Defendant. Thus, Alibaba.com is no longer
a party to this case.

1  and good cause not appearing, the Court denies Defendant Yahoo!'s

2  motion for an early case management conference and case management

3  order.  The Court will, however, solicit the State Department's

4  views regarding this case.

5                         BACKGROUND

6      On April 18, 2007, Plaintiffs Wang Xiaoning, Shi Tao and Yu

7  Ling filed this complaint.  Plaintiffs Wang and Shi are citizens of

8  the People's Republic of China and are currently imprisoned in

9  China.  Yu, also a citizen of the People's Republic of China, is

10 Wang's wife.  Plaintiffs allege that Defendants willfully provided

11 Chinese officials with access to private email records, copies of

12 email messages, and other identifying information about Plaintiffs

13 and the nature and content of their electronic communications.

14 These emails contained pro-democracy literature.  As a result of

15 Defendants turning over this information, officials in the Chinese

16 government subjected Plaintiffs to torture, cruel and inhumane

17 treatment, arbitrary arrest and prolonged detention for exercising

18 their right of freedom of speech.  Plaintiffs accuse Defendants of

19 knowingly and willfully aiding and abetting in the commission of

20 torture and other major abuses violating international law that

21 caused Plaintiffs' severe physical and mental suffering.

22     In addition to seeking to hold Defendants liable under the

23 Alien Tort Statute (ATS), the Torture Victims Protection Act (TVPA)

24 and the Communications Privacy Act (CPA), Plaintiffs seek to hold

25 Defendants liable under California law.  Plaintiffs bring causes of

26 action for battery, assault, false imprisonment, intentional

27 infliction of emotional distress, negligence and unfair business

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  practices.  Plaintiffs seek compensatory and punitive damages, as

2  well as declaratory and injunctive relief.  In particular, Yu seeks

3  compensation for property government officials seized in

4  conjunction with her husband's arbitrary arrest and prolonged

5  detention.

6      On June 19, 2007, the Court approved the parties' stipulated

7  request for an order enlarging time for Defendants to respond to

8  the complaint and extending initial deadlines.  Pursuant to the

9  Court's order, the initial case management conference was to be

10  held on September 18, 2007.  Defendant Yahoo! filed this motion two

11  days after the Court granted the parties relief from the Court's

12  April 18, 2007 Order Setting the Initial Case Management Conference

13  and ADR Deadlines.  Under Defendant Yahoo!'s proposed early case

14  management order, all deadlines, except the date the parties are to

15  meet and discuss early settlement and ADR, set forth in the Court's

16  June 19, 2007 order would be superseded by the early case

17  management order.

18      While Defendant Yahoo!'s motion was pending, the Court

19  approved another stipulated request, allowing Plaintiffs to file a

20  second amended complaint and continuing the case management

21  conference to October 9, 2007.  The stipulation provides that it,

22  and the alterations to the schedule, do not moot Defendant Yahoo!'s

23  motion for an early case management conference and order.

24                              DISCUSSION

25      Defendant Yahoo! proposes that this case be managed in two

26  phases and that merits discovery should begin only if Plaintiffs'

27  case survives these two phases.  The first phase would resolve

28

3

**United States District Court**
For the Northern District of California

1  whether the Court has jurisdiction over Defendant Yahoo! Hong Kong

2  and whether Plaintiffs can prosecute this case, in light of the

3  fact that two of the Plaintiffs are in prison and it is difficult,

4  if not impossible, for them to communicate with their attorneys.

5  The second phase would begin only after the first phase is

6  completed and after the Court obtains a statement of interest from

7  the executive branch.

8      Under Defendant Yahoo!'s proposal, the second phase would

9  resolve the varied legal issues presented by Plaintiffs' claims

10 asserted under federal, international and California law, including

11 whether this case is justiciable, whether it violates the act-of-

12 State doctrine and whether it should be dismissed under the

13 doctrine of international comity.  Additional issues to be resolved

14 during the second phase would be whether Plaintiffs' aiding and

15 abetting theory of liability exists under the ATS and TVPA, whether

16 some of Plaintiffs' claims are time-barred and whether Plaintiffs'

17 state law claims are subject to a special motion to strike pursuant

18 to the anti-SLAPP statute.  See Cal. Civ. Pro. § 425.16.

19     Defendant Yahoo! argues that its proposed schedule will

20 promote efficiency and, further, that it is warranted under Sosa v.

21 Alvarez-Machain, 542 U.S. 692, 727-28 (2004).  In Sosa, the Supreme

22 Court instructed that there is a "high bar" to private causes of

23 action for violating international law; it explained that "the

24 potential implications for the foreign relations of the United

25 States of recognizing such causes should make courts particularly

26 wary of impinging on the discretion of the Legislative and

27 Executive Branches in managing foreign affairs."  Id. at 727.

28

4

**United States District Court**
For the Northern District of California

1 Although it is one thing for American courts to enforce limits on

2 their own government's power, the Supreme Court found that it is

3 "quite another to consider suits under rules that would go so far

4 as to claim a limit on the power of foreign governments over their

5 own citizens, and to hold that a foreign government or its agents

6 has transgressed those limits." Id.

7     Plaintiffs respond that the "vigilant doorkeeping" requirement

8 expounded in Sosa does not apply to their claims of torture, which

9 are within the "narrow class" of claims allowed to be brought under

10 the ATS. See id. at 729. As stated in Doe v. Qi, 349 F. Supp. 2d

11 1258, 1296 (N.D. Cal. 2004), "it is well established that torture

12 constitutes jus cogens violations."[2]  Indeed, in Sosa, the Supreme

13 Court acknowledged that a "clear mandate" appears in the TVPA

14 establishing "an unambiguous and modern basis for federal claims of

15 torture." Sosa, 542 U.S. at 728 (inner quotation omitted).  In the

16 following sentence, however, the Supreme Court stated, "But that

17 affirmative authority is confined to specific subject matter." Id.

18 As Defendant Yahoo! points out, Plaintiffs' complaint raises more

19 than just claims concerning torture.

20     Nonetheless, the Court need not adopt the two-phase schedule

21 Defendant Yahoo! proposes in order to heed the Supreme Court's

22

23     [2]A jus cogens norm is "'recognized by the international
community of states as a whole as a norm from which no derogation
24 is permitted and which can be modified only by a subsequent norm of
general international law having the same character.'" Siderman de
25 Blake v. Republic of Argentina, 965 F.2d 699, 714 (9th Cir. 1992)
(quoting the Vienna Convention on the Law of Treaties, art. 53,
26 May 23, 1969, 1155 U.N.T.S. 332, 8 I.L.M. 679).

27

28

5

**United States District Court**
For the Northern District of California

1  instructions in <u>Sosa</u>.  The Supreme Court has also "been clear that

2  'it is error to suppose that every case or controversy which

3  touches foreign relations lies beyond judicial cognizance.'"  <u>Sarei</u>

4  <u>v. Rio Tinto, PLC</u>, 487 F.3d 1193, 1206 (9th Cir. 2007) (quoting

5  <u>Baker v. Carr</u>, 369 U.S. 186, 211 (1962)).  Therefore, at this stage

6  of the litigation, the Court cannot determine that this case lies

7  beyond judicial cognizance, as Defendant Yahoo!'s proposed early

8  case management order supposes.  The Court can be vigilant to the

9  concerns the Supreme Court raised in <u>Sosa</u> without imposing

10  Defendant Yahoo!'s proposed schedule and without issuing an early

11  case management order or holding a case management conference

12  earlier than October, 2007, as the parties stipulated.  Therefore,

13  the Court will not adopt Defendant Yahoo!'s proposed two-phase

14  schedule, nor will the Court stay discovery.

15     As part of its vigilance, the Court will solicit a statement

16  of interest concerning this case from the Department of State; if

17  the Department of State believes a response from the People's

18  Republic of China is appropriate, it may invite the appropriate

19  representative of the Chinese government to submit its written

20  views to the Court as well.  Plaintiffs' argument that such a

21  statement is inappropriate because a foreign State and foreign

22  officials are not defendants in this case is unpersuasive.  The

23  claims in this case directly implicate the propriety of actions

24  taken by the Chinese government and thus could impact foreign

25  policy.  <u>See</u> <u>Sarei</u>, 487 F.3d at 1209 (noting that, even though the

26  Papua New Guinea government was not a named defendant, certain of

27  its acts were at issue).  The State Department should be allowed to

28

6

1  voice its concerns, if any, about this litigation.  The Court will

2  give "serious weight to the Executive Branch's view of the case's

3  impact on foreign policy."  <u>Sosa</u>, 542 U.S. at 733 n.21.  However,

4  although that view is entitled to deference, it does not control

5  the Court's determination of whether this case is justiciable.

6  <u>Sarei</u>, 487 F.3d at 1205.  Therefore, the Court need not halt

7  proceedings in this case until the State Department issues a

8  statement of interest.

9                              CONCLUSION

10      For the foregoing reasons, Defendant Yahoo!'s motion for an

11  early case management conference and order (Docket No. 11) is

12  DENIED.  The case management conference will be held at the same

13  time as the hearing on Defendants' motion to dismiss; the Court

14  will vacate the October 9, 2007 date after Defendants notice their

15  motion to dismiss.  The Court will solicit the State Department's

16  views on the issues raised in this case.  The parties are ordered

17  within ten days from the date of this order to meet and confer and

18  attempt to agree on the letter the Court should send to the

19  Department of State soliciting its opinion.  If they agree, they

20  shall file a proposed letter.  If they are unable to agree, each

21  side shall within fifteen days from the date of this order file its

22  proposed letter and no more than five pages of argument in support

23  of its proposed letter.

24      IT IS SO ORDERED.

25          7/31/07

26  Dated: _____

                                  CLAUDIA WILKEN
27                                United States District Judge

28

                                  7