Xiaoning et al v. Yahoo! Inc, et al                                                                    Doc. 56

Case 4:07-cv-02151-CW    Document 56    Filed 08/15/2007    Page 1 of 25

1   DANIEL M. PETROCELLI (S.B. #97802)
    dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
    mkline@omm.com
3   O'MELVENY & MYERS LLP
    1999 Avenue Of The Stars
4   Los Angeles, California 90067-6035
    Main Number: (310) 553-6700
5   Facsimile: (310) 246-6779
6
7   Attorneys for Defendant YAHOO!, INC. and
    Specially Appearing Defendant YAHOO! HONG
8   KONG, LTD.

9                    UNITED STATES DISTRICT COURT
10                 NORTHERN DISTRICT OF CALIFORNIA
                          OAKLAND DIVISION
11

12   WANG XIAONING, YU LING, SHI TAO,        | Case No. C07-02151 CW
     and ADDITIONAL PRESENTLY                |
13   UNNAMED AND TO BE IDENTIFIED            | **MEMORANDUM IN SUPPORT OF**
     INDIVIDUALS,                            | **DEFENDANT YAHOO!, INC.'S**
14                                           | **PROPOSED LETTER SOLICITING THE**
                    Plaintiff,               | **VIEWS OF THE STATE DEPARTMENT**[1]
15
                                             |
16        v.                                 | Date:    August 15, 2007
                                             | Judge:   Hon. Claudia Wilken
17   YAHOO!, INC., a Delaware Corporation,   |
     YAHOO! HONG KONG, LTD., a Foreign       |
18   Subsidiary of Yahoo!, ALIBABA.COM, INC. |
     a Delaware Corporation, AND OTHER       |
19   PRESENTLY UNNAMED AND TO BE             |
     IDENTIFIED INDIVIDUAL EMPLOYEES         |
20   OF SAID CORPORATIONS,                   |
                                             |
21                  Defendant.               |
22

23

24

25

26

27   ──────────────────────
     [1] YHKL joins this submission without waiving, and specifically reserving, its objection to the
28   exercise of personal jurisdiction in this case.
     C07-02151 CW
     MEM. IN SUPPORT OF YAHOO!'S LETTER
     TO STATE DEPT.

1  **I.    INTRODUCTION**

2  On July 31, this Court ruled that, because the "claims in this case directly implicate the

3  propriety of actions taken by the Chinese government and thus could impact foreign policy . . . ,

4  [t]he State Department should be allowed to voice its concerns, if any, about this litigation."

5  Order Denying Yahoo!'s Mot. for An Early Case Mgmt. Conf. & Order at 6-7 (July 31, 2007)

6  ("Order").  Because the parties could not agree on a draft letter to solicit the State Department's

7  views, Yahoo! submits its own proposed letter (Exhibit A) and this brief in support of it.

8  Yahoo!'s letter—which tracks the letter Magistrate Judge Chen sent to the State Department in

9  the *Doe v. Qi* case, *see* Ex. C—should be adopted.  Like other letters sent in ATS cases, Yahoo!'s

10  letter is straightforward and non-argumentative, summarizes objectively the parties' allegations

11  and arguments, and succinctly asks the State Department for its views.  In contrast, plaintiffs'

12  proposed letter (Exhibit B), is argumentative and one sided: it says nothing about defendants'

13  positions; reargues plaintiffs' claim that a statement of interest is inappropriate; and coaches the

14  State Department to submit a statement of interest favoring plaintiffs.  Advocacy of this sort has

15  no place in a letter from this Court.  Plaintiffs are free to write directly to the State Department,

16  but they should not be permitted to argue their positions in the guise of a letter from the Court.

17  **II.    YAHOO!'S PROPOSED LETTER SHOULD BE ADOPTED.**

18  Yahoo!'s proposed letter is five paragraphs long, and each paragraph is objective,

19  appropriate, and finds precedent in similar letters sent to the State Department in ATS cases.

20  - The first paragraph identifies the parties in this case and recites the need for the Court

21  to write its letter.  The stated basis for writing the letter, as reflected in Yahoo!'s draft,

22  comes straight from the Court's July 31 order.  *See* Ex. A ¶ 1; Order at 6-7.

23  - The second and third paragraphs describe plaintiffs' case.  The paragraphs note that

24  the Court has included a copy of plaintiffs' Second Amended Complaint for the State

25  Department's reference and briefly summarizes plaintiffs' allegations and claims.

26  - The fourth paragraph of Yahoo!'s letter briefly states defendants' contentions and

27  describes the procedural posture of the case.

28  - The final paragraph asks for the "Executive Branch's views, consistent with *Sosa v.*

C07-02151 CW
MEM. IN SUPPORT OF YAHOO!'S LETTER
TO STATE DEPT.

1   *Alvarez-Machain*, regarding the impact of this case on foreign relations and U.S.

2   policy and the application of the act-of-state doctrine, the political-question doctrine,

3   principles of international comity, and other justiciability doctrines." Defendants will

4   argue each of these points in their motions to dismiss, and courts rely on the views of

5   the Executive Branch in assessing such arguments. *See generally Sarei v. Rio Tinto*,

6   487 F.3d 1193 (9th Cir. 2007); *Doe v. Qi*, 349 F. Supp. 2d 1258 (N.D. Cal. 2004).

7   • The final paragraph goes on to invite the State Department to apprise the Court of any

8   other issues it deems appropriate and to solicit the views of other governments,

9   including China. The paragraph leaves it to the State Department to choose the means

10   of filing its response, but asks that a response be submitted by October 26, 2007—*i.e.*,

11   before this Court hears defendants' motions to dismiss.

12   Yahoo!'s letter contains no argument, and—as befits a letter from the Court—no attempt

13   to influence the State Department to favor either side. This format matches the template used by

14   other courts requesting the views of the State Department in ATS cases. *See, e.g.*, Ex. C (Letter

15   from Magistrate Judge Edward M. Chen to Hon. William Howard Taft IV, re. *Jane Doe I, et. al. v*

16   *Liu Qi, et al.*, C-02-0672 (EMC) (N.D. Cal.) (May 3, 2002)); Ex. D (Letter from Judge Richard J.

17   Leon to Hon. John B. Bellinger III, re. *Li Weixum, et al. v. Bo Xilai*, Civil Action No. 04-0649

18   (D.C. D.C.) (Feb. 24, 2006)); Ex. E (Letter from Judge John E. Sprizzo to Hon. William H. Taft

19   IV, re. *In re South African Apartheid Litig.*, MDL No. 1499 (JES) (S.D.N.Y.) (Aug. 7, 2003)).

20   The letter from Magistrate Judge Chen to the State Department in *Doe v. Qi* is the model

21   for Yahoo!'s proposed letter. Judge Chen's letter opened by setting forth the factual and legal

22   allegations of the complaint, and recounting the procedural posture of the case. It then noted that

23   the Court had determined that it would be appropriate to solicit the State Department's views,

24   asking specifically for its views regarding the Foreign Sovereign Immunities Act, the act of state

25   doctrine, and the effect adjudication would have on the foreign policy of the United States. It left

26   it to the Department's discretion whether to solicit the views of the Chinese government and

27   determine the format in which it preferred to submit a response. Finally, the letter indicated the

28   date by which a response was requested. *See* Ex. C.

1    Letters from other courts follow essentially the same format, presenting objectively the

2    claims at issue in the case and asking succinctly for the Department's views. *See* Exs. D

3    (involving plaintiffs' lead counsel here) & E. Yahoo!'s proposed letter is indistinguishable.

4    **III.    PLAINTIFFS' PROPOSED LETTER IS INAPPROPRIATE.**

5    Plaintiffs' proposed letter, in contrast, is argumentative and openly seeks to push the State

6    Department into submitting a response that will favor their position in this litigation. *See* Ex. B.

7    This lack of neutrality is not an appropriate communication from the Court.

8    The first three paragraphs generally describe the complaint, plaintiffs' claims, and the

9    reason for the Court's letter.

10    • However, these paragraphs omit any mention of defendants' position in response.

11    • Then, to make matters worse, plaintiffs seek to soften the Court's determination that it

12    would benefit from the State Department's "views on the issues raised in this case" as it

13    "directly implicates the propriety of actions taken by the Chinese government." *Compare*

14    Order at 6-7, *with* Ex. B ¶ 3 ("Since this case may be considered to touch upon the foreign

15    policy interests of the United States, this Court would like to give the U.S. Department of

16    State the opportunity to present to the Court its views on the potential foreign policy

17    impacts of this case, if you feel that it is necessary and appropriate to do so.").

18    The fourth paragraph of plaintiffs' letter is pure advocacy.

19    • It argues that the State Department should not submit a letter or should temper any

20    letter it writes, given that the Chinese government is not a named defendant and that the

21    case is at the motion to dismiss stage. Plaintiffs made these very arguments, citing the

22    same case, in unsuccessfully in opposing Yahoo!'s request for a statement of interest

23    letter. *See, e.g.*, Pls.' Opp. to Defs.' Mot. for an Early Case Mgmt. Conf. & Order at 12-

24    13 (filed June 29, 2007).

25    • As Yahoo! made clear, even when state actors are not named as defendants in an ATS

26    case, and even when a case is at the early pleadings stage, it is appropriate for courts

27    solicit statement of interest letters. *See* Order at 6:20-27; Reply Mem. in Support of Def.

28    Yahoo!, Inc.'s Mot. for an Early Case Mgmt. Conf. & Order at 5-7 (filed July 12, 2007).

1    Indeed, the State Department often writes strong letters in such cases, and courts can

2    dismiss such cases even on the pleadings. *See, e.g., In re S. Afr. Apartheid Litig.*, 346 F.

3    Supp. 2d 538 (S.D.N.Y. 2004).

4    In the final paragraph of their letter, plaintiffs ask the State Department to submit "copies

5    of any public statements" it has made relative to the case, singling out statements "in the China

6    section of your annual Country Reports on Human Rights." Ex. B ¶5. This is inappropriate.

7    • The Court's letter is not a request to discover or subpoena materials.

8    • Nor is the description of materials sought by plaintiffs balanced or neutral in any way.

9    Plaintiffs' counsel, for example, does not ask for a collection of "public statements"—

10   though the list would be long—in which the State Department has criticized: ATS

11   cases involving China; plaintiffs' aggressive theory of aiding-and-abetting liability; or

12   plaintiffs' counsel's efforts to reform China through this and other litigation.

13   • Nor do plaintiffs ask the State Department for all materials in which it has encouraged

14   American companies to invest in China and comply with local laws when doing so.

15   **IV.    CONCLUSION**

16   This Court should adopt Yahoo!'s proposed letter to the State Department in its entirety.

17   Dated: August 15, 2007                    DANIEL M. PETROCELLI
                                               MATTHEW T. KLINE
18                                             O'MELVENY & MYERS LLP

19

20                                             By: _____

21                                                 Daniel M. Petrocelli
                                               Attorneys for Defendant
22                                             YAHOO!, INC.

23   CC1:768956.3

24

25

26

27

28

# EXHIBIT A

The Honorable John B. Bellinger III
Office of the Legal Advisor
United States Department of State
2201 C Street N.W.
Washington, D.C. 20520

Re:      *Wang Xiaoning et al. v. Yahoo!, Inc. et al.*, Case No. C07-02151 (CW) (United
         States District Court for the Northern District of California)

On July 30, 2007, plaintiffs Wang Xiaoning, Shi Tao, and Yu Ling filed a second
amended complaint in the above-captioned lawsuit against Yahoo!, Inc. ("Yahoo!"), an
American company, and its Hong Kong subsidiary, Yahoo! Hong Kong Limited ("YHKL")
(collectively "defendants").  Plaintiffs are Chinese citizens and residents.  Wang and Shi are
currently incarcerated in Chinese prisons.  Yu is Wang's wife and lives in China.  Because this
case may implicate the propriety of actions taken by the People's Republic of China ("PRC"),
and, thus, United States foreign policy, this Court seeks the views of the Executive Branch, if
any, regarding this litigation.  *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 727-29, 733 n.21
(2004).

A copy of plaintiffs' second amended complaint is enclosed for your reference.  The
complaint alleges that (a) Wang and Shi published pro-democracy literature using Yahoo! China
group lists or email accounts; (b) Chinese government officials requested information from
Yahoo! China regarding plaintiffs' internet usage; (c) Yahoo! China, under the control and
influence of defendants, provided this information to the PRC; and (d) the PRC used the
information to identify, charge, and try plaintiffs for publishing and disseminating materials that
violated Chinese criminal law.  The complaint alleges that Chinese officials violated the human
rights of Shi and Wang by engaging in acts of torture, cruel and inhumane treatment, and
arbitrary arrest.

Plaintiffs accuse defendants of aiding and abetting the tortious acts of the Chinese
government and causing plaintiffs severe physical and mental suffering.  Plaintiffs seek to hold
defendants liable under a variety of international law sources, the Alien Tort Statute, 28 U.S.C.
§ 1350, the Torture Victim Protection Act, 28 U.S.C. § 1350, the Electronic Communications
Privacy Act, 18 U.S.C. §§ 2701, 2702, 2511, and on a number of California statutory and
common law theories—battery, assault, false imprisonment, intentional infliction of emotional
distress, negligence, and unfair business practices.  In terms of remedies, plaintiffs seek, among
things, compensatory and punitive damages and declaratory and injunctive relief.

Yahoo! and YHKL have yet to respond to plaintiffs' complaint.  However, in motions
filed with the Court, defendants dispute plaintiffs' claims, contend plaintiffs have failed to state a
claim under international, federal, or California law, and argue that plaintiffs' claims raise
significant foreign policy and law enforcement concerns that make this case non-justiciable.
Defendants are scheduled to file motions to dismiss on August 27, 2007 in which they will set
forth these and other arguments.  Plaintiffs' opposition to these motions are due September 26,
2007, and defendants' reply memoranda are due October 17, 2007.

The Court would appreciate the Executive Branch's views, consistent with *Sosa v. Alvarez-Machain*, regarding the impact of this case on foreign relations and U.S. policy and the application of the act-of-state doctrine, the political-question doctrine, principles of international comity, and other justiciability doctrines.  If the Executive Branch believes this litigation raises other issues on which it wishes to express its views, please address them to the Court as well.  The Court leaves to your discretion whether your response is best submitted in the form of a letter or a Statement of interest filed pursuant to 28 U.S.C. § 517.  If you believe a response from the People's Republic of China or other governments also is appropriate, please invite the representatives of such governments to submit a written response as well.  The Court would appreciate receiving any such responses by October 26.

CC1:768228.2

# EXHIBIT B

**From:** Morton Sklar [mailto:msklar@humanrightsusa.org]
**Sent:** Friday, August 10, 2007 11:31 AM
**To:** Kline, Matthew
**Subject:** RE: Wang v. Yahoo!

I will try to get both things to you today.  It has been super busy.
Here is the latest draft of our proposed letter.  If you have made any changes to yours, or make any additional changes before your brief is filed,  please send it on to us.  We will do the same!.  We will be noting the key differences that we see in the two drafts in our 5 page "brief" as a basis for requesting that ours be adopted. You will note that we have made some changes from the original draft that we sent to you on Tuesday, as I indicated we would be doing in our telephone discussions.  I don't believe there is sufficient common ground for a joint submission, even with these changes, unless you too are making revisions, or are willing to adopt an approach closer to our version.  So I am assuming that we both are planning to go the separate route with respect to this submission.

              SECOND DRAFT OF PLAINTIFFS' DRAFT STATEMENT OF INTEREST
LETTER

                                                                      August     , 2007

Honorable John B. Bellinger III
Legal Adviser
United States Department of State
2201 C Street NW
Washington, D.C. 20520

Re: Wang, et al. v. Yahoo! Inc., et al., Civil Action No. C07-02151 CW


Dear Mr. Bellinger:


On April 20, 2007, Wang Xiaoning, Yu Ling, Shi Tao and other unnamed plaintiffs filed a lawsuit in the U.S. District Court of the Northern District of California against Yahoo! Inc. and Yahoo! Hong Kong Limited (collectively "defendants") under the Alien Tort Claims Act ("ATCA"), the Torture Victims Protection Act ("TVPA"), the Electronic Communications Privacy Act and various state tort standards. A copy of the most recently amended complaint is enclosed.  The plaintiffs are Chinese nationals and are currently residing in The People's Republic of China ("PRC").  Two of the plaintiffs, Wang Xiaoning and Shi Tao, are currently serving ten-year prison sentences in high-security prisons in China as a result of criminal convictions linked to their use of the Internet to communicate ideas and information that were deemed contrary to the interests of the Chinese Government.

According to plaintiffs' complaint, in response to a request they received from Chinese authorities, Yahoo! and its affiliates provided identification and contact information for the plaintiffs, and information on the context of their Internet communications, that PRC authorities used as a basis for arresting and criminally prosecuting the plaintiffs. Plaintiffs allege that their arrests were a direct result of Yahoo!'s actions in turning over private Internet user information to the PRC regarding lawful activities protected by free press and free speech standards, and that, as a direct result of Yahoo!'s actions, plaintiffs Wang Xiaoning and Shi Tao and others were subjected to arbitrary arrest, long-term detention and torture.

Since this case may be considered to touch upon the foreign policy interests of the United States, this Court would like to give the U.S. Department of State the opportunity to present to the Court its views on the potential foreign policy impacts of this case, if you feel that it is necessary and appropriate to do so. The Court leaves to your discretion whether the presentation of your views, if any, takes the form of an information letter, or a more formal Statement of Interest filed pursuant to 28 USC section 517.

In making your decision whether to present your views to the Court, and in framing any comments you may wish to make, you may wish to take into account the fact that a U.S. corporation and its affiliates are the named defendants in this case, not the Government of China or any officials of that Government. In addition, the case is still at a very preliminary stage, since the defendants' response to the complaint has not yet been filed, and specific details concerning the facts of the case and the legal issues it presents have not yet been fully developed. This factor has influenced the nature and scope of submissions the U.S. Government has made to courts in the past in similar cases (see, *e.g.*, Letter of Frank Hunger, Assistant Attorney General, U.S. Department of Justice presented to the court in the case of *National Coalition Government of Burma and the Federation of Trade Unions of Burma v. UNOCAL, Inc. and the Yadana Natural Gas Project,* July 8, 1997).

It also would greatly assist the Court if you could provide, as part of any comments or views that you may submit, copies of any public statements, reports and observations that the Department may have made that touch on the subject matter of the case, and that would help the Court to understand the positions you have taken on these matters, including references to these issues in the China section of your annual Country Reports on Human Rights, and any Congressional submissions or other public pronouncements that you may have made. Also relevant would be whether any communications have been received thus far from the Government of China on the initiation of the lawsuit, and what the nature of those communications may have been.

Thank you for your consideration of this matter.

Sincerely,

Claudia Wilken
Judge, U.S. District Court,
Northern District of California

cc: <u>Counsel for Plaintiffs</u>:
    Morton Sklar
    Theresa Harris
    World Organization for Human Rights USA
    Roger Myers
    Holme, Roberts and Owen

    <u>Counsel for Defendants</u>:
    Daniel Petrocelli
    Matthew Kline
    O'Melveny & Myers


Morton Sklar
Executive Director
World Organization for Human Rights USA
  (new name for World Organization Against Torture USA)
US Affiliate of the World Organization Against Torture
  International Network
2029 P Street, NW Suite 301
Washington, DC 20036
Tel. (202) 296-5702
Fax (202) 296-5704

    -----Original Message-----
    **From:** Kline, Matthew [mailto:MKline@OMM.com]
    **Sent:** Friday, August 10, 2007 1:33 PM
    **To:** Morton Sklar
    **Cc:** Petrocelli, Daniel
    **Subject:** RE: Wang v. Yahoo!

    Please let us know today. We need to move on this early next week. Please also send us your final
    letter to State.


    **From:** Morton Sklar [mailto:msklar@humanrightsusa.org]
    **Sent:** Friday, August 10, 2007 7:27 AM
    **To:** Kline, Matthew
    **Subject:** RE: Wang v. Yahoo!

    Matt,
       We would be happy to do the Protective Order jointly, if possible.  There are about three major points of
    difference that I can see that we have with your draft.  I will try to review these for you, along with our
    proposed revisions/additions addressing these points, to see if we can do this jointly.


    Morton Sklar

Executive Director
World Organization for Human Rights USA
  (new name for World Organization Against Torture USA)
US Affiliate of the World Organization Against Torture
  International Network
2029 P Street, NW Suite 301
Washington, DC 20036
Tel. (202) 296-5702
Fax (202) 296-5704

-----Original Message-----
**From:** Kline, Matthew [mailto:MKline@OMM.com]
**Sent:** Thursday, August 09, 2007 8:12 PM
**To:** msklar@humanrightsusa.org
**Cc:** Petrocelli, Daniel
**Subject:** Re: Wang v. Yahoo!

Thanks.  In addition to the final letter, please get us your position on the protective order.  We plan to file a motion on the protective order, but would prefer a joint stipulation.

----- Original Message -----
From: Morton Sklar <msklar@humanrightsusa.org>
To: Kline, Matthew
Sent: Thu Aug 09 12:49:22 2007
Subject: RE: Wang v. Yahoo!

    Received your draft letter.  We are still working on revisions to the draft we sent to you Tuesday and will send it as soon as it is completed.  But it is clear, as our discussions yesterday indicated, that there are basic differences in the two letters that can not be reconciled, and so we plan to proceed on that basis and file a separate version pursuant to the Court's July 31 order, and expect that you will be doing the same, as we discussed.

Morton Sklar
Executive Director
World Organization for Human Rights USA
  (new name for World Organization Against Torture USA)
US Affiliate of the World Organization Against Torture
  International Network
2029 P Street, NW Suite 301
Washington, DC 20036
Tel. (202) 296-5702
Fax (202) 296-5704

-----Original Message-----
From: Kline, Matthew [mailto:MKline@OMM.com]
Sent: Thursday, August 09, 2007 3:34 PM
To: msklar@humanrightsusa.org
Cc: Petrocelli, Daniel
Subject: Wang v. Yahoo!

Morton,

Here's our draft letter.  I'm on the road today, so I don't have all your colleagues' email addresses and may

not have attached it correctly.  Please confirm receipt.  Thanks,

Matt

----- Original Message -----
From: Johnson, Maria
To: Kline, Matthew
Sent: Thu Aug 09 12:24:45 2007
Subject:

<<#768228 v2 - Draft Letter to State Department.doc>> <<#768228 v2 - Draft Letter to State Department.doc>>

Maria Johnson
Assistant to Daniel M. Petrocelli and Anuj K. Gupta
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
(310) 246-8483
mjohnson@omm.com
This message and any attached documents contain information from the law firm
of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are
not the intended recipient, you may not read, copy, distribute, or use this
information. If you have received this transmission in error, please notify the
sender immediately by reply e-mail and then delete this message.

# EXHIBIT C



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES COURTHOUSE
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102

CHAMBERS OF
EDWARD M. CHEN
UNITED STATES MAGISTRATE JUDGE

MAY 16 2002

May 3, 2002

The Honorable William Howard Taft, IV
Office of the Legal Adviser
United States Department of State
2201 C Street N.W.
Washington, DC 20520

     Re:   *Jane Doe I, et al. v. Liu Qi, et al.*, C-02-0672 CW (EMC) (Northern District of California)

Dear Mr. Taft:

On February 2, 2002, six individual plaintiffs, each of whom is a Falun Gong practitioner, brought suit against Liu Qi, who has served as the mayor of Beijing of the People's Republic of China since February, 1999. The plaintiffs are citizens of various countries, including the People's Republic of China, France, Sweden, Israel, and the United States. Four currently reside in the United States. The suit contends that each of the plaintiffs was subject to arrest and detention under harsh conditions, including the use of unreasonable force and torture, in connection with China's crackdown on the Falun Gong practitioners. The suit contends that the City of Beijing has been a focal point of the repression and persecution against the Falun Gong and that the defendant Liu knew or should have known that Beijing police and other security forces were engaged in a pattern and practice of severe human rights abuses against Falun Gong practitioners. The complaint asserts that defendant Liu had a duty both under customary international law and Chinese law to prevent police and other security forces under his authority from engaging in abuses. The complaint asserts five causes of action under the Torture Victim Protection Act and Alien Tort Claims Act. Enclosed is a copy of the complaint filed herein.

Defendant Liu was served while passing through San Francisco International Airport, apparently on his way to the Winter Olympics. Having failed to respond to the complaint, the Court entered a default on March 12, 2002. Plaintiffs now move for judgment by default. This motion has been assigned to me by the District Judge in this case for a Report and Recommendation. Enclosed is a copy of the plaintiffs' motion for judgment by default.

Having reviewed the complaint and plaintiffs' motion, the Court has determined that it would be appropriate to solicit the Department of State's opinion on a number of issues. In particular, the Court would appreciate the Department of State's views on the following issues:

1.    Is this case barred under the Foreign Sovereign Immunities Act ("FSIA")? Please address, *inter alia*:

    a.    Whether the exception from immunity under 28 U.S.C. § 1605(a)(7) applies.

    b.    In determining both whether the FSIA applies and whether 28 U.S.C. § 1605(a)(7) applies, what law and facts must be demonstrated to establish defendant Liu was acting within or outside the scope of his authority? Must the court determine defendant's scope of his authority under Chinese law; if so the Court requests translated version of all applicable law material to this determination.

2.    Should the Court find the case nonjusticiable under the Act of State doctrine? What effect will adjudication of this suit have in the foreign policy of the United States?

If the Department of State believes a response to some or all of the above questions from the People's Republic of China is appropriate, it may invite the appropriate representative thereof to submit its written views to the Court as well.

The Court would appreciate your consideration of this matter and your communication of the State Department's position regarding these issues. The Court leaves to your discretion whether your response is best submitted in the form of a letter or a Statement of Interest filed pursuant to 28 U.S.C. § 517. A copy should be sent to plaintiffs' counsel. The Court would appreciate a response by July 5, 2002.

Thank you for attention and cooperation.

Yours very truly,

Edward M. Chen
U.S. Magistrate Judge

EMC/ld
Enc.
cc:    Joshua Sondheimer, Esq., The Center for Justice & Accountability, 870 Market Street, Suite 684, San Francisco, CA 94102 (*Plaintiffs' counsel*)
        Michael S. Sorgen, Esq., Law Offices of Michael Sorgen, 240 Stockton Street, 9th Floor, San Francisco, CA 94108(*Plaintiffs' counsel*)
        Terri Marsh, Esq., Law Offices of Terri Marsh, 3133 Connecticut Avenue, NW, Suite 608, Washington, DC 20008 (*Plaintiffs' counsel*)

# EXHIBIT D

United States District Court for the District of Columbia
Washington, DC 20001

Chambers of
Richard J. Leon
United States District Judge

**FILED**

FEB 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

February 24, 2006


Honorable John B. Bellinger III
Legal Adviser, Office of the Legal Adviser
United States Department of State
2201 C Street, N.W.
Washington, DC 20520

  Re: *Li Weixum, et al. v. Bo Xilai*, Civil Action No. 04-0649 (RJL) (District of
    Columbia)

Dear Mr. Bellinger:

On April 22, 2004, Li Weixum and 3 other individual plaintiffs, each of whom is a Falun
Gong practitioner, brought suit against Bo Xilai, current Minister of Commerce of the
People's Republic of China ("PRC"), under the Alien Tort Claims Act ("ATCA") and the
Torture Victims Protection Act ("TVPA").  A copy of the complaint is enclosed.  The
plaintiffs each have resided in or are currently residing in the Liao Ning Province of the
People's Republic of China ("PRC") and claim that they have been subjected to various
forms of persecution and abuse because of their support for Falun Gong practitioners.
According to the plaintiffs, the alleged beatings and torture took place while the plaintiffs
were being held in detention centers located in Liao Ning Province.  The defendant, Bo
Xilai, previously served as governor of the Liao Ning Province, and plaintiffs claim that
Xilai supervised the detention centers and prison camps located in the province where the
plaintiffs were allegedly abused and "planned and carried out a sustained and deliberate
set of policies and actions that resulted in the arbitrary and unlawful arrest, detention,
persecution, and in some cases execution, of the [p]laintiffs."  Xilai is currently the PRC's
Minister of Commerce.

Plaintiffs have brought the following causes of action under ACTA and TVPA:  (1)
Torture; (2) Genocide; (3) Deprivation of the Right to Live; (4) Right to Liberty and



Honorable John B. Bellinger III
February 24, 2006
Page 2

Security of Person and to be Free of Arbitrary Arrest and Imprisonment, (5) Freedom of
Thought, Conscience and Religion, and the Freedom to Hold Opinions Without
Interference and to Associate Freely; and (6) Violations of the above-cited rights and
protections as embodied in customary international law. While Xilai was served on April
22, 2004, in front of the Fairmont Hotel, 2401 M Street, N.W., Washington, DC, he has
not responded in any capacity to the complaint in this action. Having failed to respond to
the complaint, the Court entered a default on July 28, 2004. Plaintiffs moved for Default
Judgment and Declaratory Judgment on February 4, 2005. This Court denied the motions
on September 27, 2005 by minute order. The motion for Default Judgment and
Declaratory Judgment is enclosed.

Having reviewed the complaint, plaintiff's motion and the relevant law, the Court has
determined that it would be appropriate to solicit the Department of State's opinion on a
number of issues relevant to the resolution of the action. In particular, the Court would
appreciate the Department of State's views on the following issues:

    1.    What effect, if any, will adjudication of this suit have in the foreign policy
           of the United States, specifically with the PRC?

    2.    What is the Department of State's position on the applicability of the Act of
           State Doctrine in this action?

    3.    If the Court finds that the case is justiciable, what is the Department of
           State's position on the application of the Foreign Sovereign Immunities Act
           ("FSIA") in this action?

If the Department of State believes a response to some or all of the above questions from
the People's Republic of China is appropriate, it may invite the appropriate representative
thereof to submit its written views to the Court as well.

The Court would greatly appreciate the Department of State's consideration of this matter
and a communication from the Department of State outlaying the Department of State's
views and/or positions regarding these issues. The Court leaves to your discretion
whether your response is best submitted in the form of a letter or a Statement of Interest
filed pursuant to 28 U.S.C. § 517. A copy of any such response should be sent to
plaintiff's counsel as well. This letter in no way invites the Department of State to litigate
this case on behalf of Xilai. The Court would appreciate a response by April 23, 2006.

Honorable John B. Bellinger III
February 24, 2006
Page 3

Thank you for your consideration of this matter and your cooperation.

Very truly yours,

Richard J. Leon
United States District Judge


Enclosures

cc:    Morton Sklar, Esq., w/o enc.

# EXHIBIT E

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### UNITED STATES COURTHOUSE
### NEW YORK, NEW YORK 10007

OFFICE OF THE
LEGAL ADVISER

2003 AUG 13 P 2:39

CHAMBERS OF
JOHN E. SPRIZZO
DISTRICT JUDGE

August 7, 2003

Honorable William H. Taft, IV
Office of the Legal Adviser
United States Department of State
2201 C Street, N.W., Room 6423
Washington, DC 20520

    Re:   <u>In re South African Apartheid Litigation, MDL No. 1499 (JES)</u>

Dear Mr. Taft:

    Although not entirely identical in their allegations, the complaints in the ten actions comprising the above-captioned multidistrict litigation currently pending before me generally charge dozens of multinational corporations with human rights violations stemming from their alleged business dealings in South Africa during the apartheid era.

    On November 6, 2003, I will hear oral argument on defendants' joint motion to dismiss the actions due to lack of subject matter jurisdiction. It is the defendants' position that the cases should be dismissed because, among other reasons, plaintiffs' claims are not justiciable insofar as adjudication would require a court to resolve questions entrusted to the political branches of our government. Defendants also contend that plaintiffs' allegations fail to plead a violation of international law or a United States treaty as required by the Alien Tort Statute, 28 U.S.C. § 1350. Plaintiffs' response to defendants' motion is scheduled to be submitted on or before September 8, 2003.

    I recently received a declaration from Penuell Mpapa Maduna, the Minister of Justice and Constitutional Development of the Republic of South Africa, in which Dr. Maduna conveyed to me the official position of his government that the proceedings currently before me impermissibly interfere with South Africa's efforts to address political matters in which it, as a foreign sovereign, has a predominant interest.

    In light of Dr. Maduna's declaration, I thought it prudent to inquire whether the Department of State has an opinion as to whether adjudication of these cases would have an adverse impact on the interests of the United States and, if so, the nature and significance of any such impact. Since,

as mentioned above, the cases are scheduled for oral argument on November 6, 2003, your response prior to that date would be appreciated.

I enclose for your convenience copies of the complaints in two of the actions, as well as copies of defendants' joint motion to dismiss and Dr. Maduna's declaration.

Very truly yours,

John E. Sprizzo
United States District Judge

Enclosures

cc:    Joseph H. Hunt
       Counsel to the Deputy Attorney General
       United States Department of Justice
       950 Pennsylvania Avenue, N.W., Room 3137
       Washington, DC 20530

       Jacqueline E. Byrks, Esq.
       Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
       825 Third Avenue
       30th Floor
       New York, NY 10022-7519

       Michael D. Hausfeld, Esq.
       Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
       1100 New York Avenue, N.W.
       Washington, DC 20005-3964

       Edward D. Fagan, Esq.
       Edward D. Fagan Associates
       51 JFK Parkway
       1st Floor West
       Short Hills, NJ 07078

       Jay J. Rice, Esq.
       Nagel Rice Dreifuss & Mazie, L.L.P.
       301 South Livingston Avenue
       Livingston, NJ 07039

2

Paul M. Ngobeni, Esq.
Law Office of Paul M. Ngobeni
914 Main Street, Suite 206
East Hartford, CT 06108

Kweku J. Hanson, Esq.
Law Office of Kweku J. Hanson
487 Main Street, #12
East Hartford, CT 06106

Francis P. Barron, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475