Xiaoning et al v. Yahoo! Inc, et al                                                                Doc. 57

Case 4:07-cv-02151-CW    Document 57    Filed 08/15/2007    Page 1 of 6

1   DANIEL M. PETROCELLI (S.B. #97802)
    dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
    mkline@omm.com
3   O'MELVENY & MYERS LLP
    1999 Avenue Of The Stars
4   Los Angeles, California 90067-6035
    Main Number: (310) 553-6700
5   Facsimile: (310) 246-6779

6   Attorneys for Defendant YAHOO!, INC. and
    Specially Appearing Defendant YAHOO! HONG
7   KONG, LTD.

8

9                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
10                        OAKLAND DIVISION

11  WANG XIAONING, YU LING, SHI TAO,      Case No. C07-02151 CW
    and ADDITIONAL PRESENTLY
12  UNNAMED AND TO BE IDENTIFIED          DEFENDANTS' MOTION FOR
    INDIVIDUALS,                          PROTECTIVE ORDER GOVERNING
                                          CONFIDENTIAL INFORMATION;
13                Plaintiff,              MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT
14      v.
                                          Date:      September 20, 2007
15  YAHOO!, INC., a Delaware Corporation, Time:      2:00 p.m.
    YAHOO! HONG KONG, LTD., a Foreign     Location:  Courtroom 2
16  Subsidiary of Yahoo!, ALIBABA.COM, INC.
    a Delaware Corporation, AND OTHER     Judge:     Hon. Claudia Wilken
17  PRESENTLY UNNAMED AND TO BE
    IDENTIFIED INDIVIDUAL EMPLOYEES
18  OF SAID CORPORATIONS,

19                Defendant.

20

21  TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

22          PLEASE TAKE NOTICE THAT ON September 20, 2007, at 2:00 p.m in Courtroom 2,

23  4th Floor, United States Courthouse, 1301 Clay Street, Oakland, California, defendant Yahoo!,

24  Inc. ("Yahoo!") and specially appearing defendant Yahoo! Hong Kong Ltd. ("YHKL") will and

25  hereby do move for the entry of a Protective Order governing the disclosure of confidential

26  information in this action.  This motion for a protective order is brought pursuant to Rule 26(c) of

27  the Federal Rules of Civil Procedure on the grounds that good cause exists to award protective

28  relief to limit the disclosure and dissemination of defendants' trade secrets and confidential

    C07-02151 CW
    YAHOO!'S MOT. FOR PROTECTIVE          -1-
    ORDER

1    commercial information.  Defendants' proposed Protective Order, which is based on the Northern

2    District of California's form stipulated protective order, provides necessary safeguards for the

3    parties to produce sensitive and confidential information in this action.

4         This motion is based on this Notice of Motion and Motion, the pleadings on file in this

5    matter, the following Memorandum of Points and Authorities, the [Proposed] Protective Order

6    and Declaration of Matthew T. Kline filed concurrently herewith, and any further argument the

7    Court might allow.

8         YHKL joins this motion without waiving, and specifically reserving, its objection to the

9    exercise of personal jurisdiction in this case.

10        Dated: August 15, 2007              DANIEL M. PETROCELLI
                                             MATTHEW T. KLINE
11                                           O'MELVENY & MYERS LLP

12

13                                           By:

14                                               Daniel M. Petrocelli
                                             Attorneys for Defendant YAHOO!, INC. and
15                                           Specially Appearing Defendant YAHOO!
                                             HONG KONG, LTD

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **I.    INTRODUCTION**

2       Defendants seek the entry of a standard protective order preventing the dissemination of

3  evidence the parties designate "confidential."  The parties have met and conferred and agree on

4  the need for the protection of confidential material, but not on the terms of a protective order.

5  Defendants require the protective order they propose, in part, because YHKL will soon be filing a

6  motion to dismiss for lack of personal jurisdiction, and YHKL's briefing will make reference to

7  trade secrets regarding YHKL's business and the extent of its contacts to California.  A protective

8  order will also be required to cover certain discovery in this case.

9  **II.    MEET AND CONFER EFFORTS**

10       Defendants sought to negotiate a stipulated protective order with plaintiffs.  *See* Decl. of

11  Matthew T. Kline in Support of Defs.' Mot. for Entry of a Protective Order ¶¶ 3-5 ("Kline Decl.")

12  (filed herewith).  On July 26, 2007, defendants sent plaintiffs a draft protective order, which was

13  based on the Northern District of California's form protective order.  *See id.* ¶ 3.  (For the Court's

14  convenience, a redline showing the minor differences between the form order and defendants

15  proposed order is attached.  *See id.* ¶ 2, Ex. A.)  After exchanging several emails, the parties met

16  and conferred telephonically on August 8, 2007, and continued to exchange emails discussing this

17  matter over the past week.  *Id.* Exs. B, C.  Efforts to reach a stipulated protective order proved

18  unsuccessful.  Plaintiffs demanded that the protective order include provisions that were, in

19  defendants' view, unnecessary and burdensome, as explained below.

20  **III.    ARGUMENT**

21       **A.    A Protective Order to Is Needed to Safeguard Confidential Information.**

22       "[F]or good cause shown," the Court may issue protective orders limiting or setting

23  conditions on the disclosure of "trade secret[s] or other confidential research, development, or

24  commercial information . . . ."  FED. R. CIV. P. 26(c)(7); *see also* SCHWARZER ET AL., CAL. PRAC.

25  GUIDE: FED. CIV. PRO. BEFORE TRIAL, § 11:1110 (Rutter 2007).  Courts routinely issue orders

26  granting confidential status to trade secrets and sensitive commercial and other information.  *See,*

27  *e.g., Slade v. Gates*, No. CV 01-8244-RMT (EX), 2003 WL 21920285, at *1 (C.D. Cal. July 30,

28  2003) (limiting disclosure of confidential documents to counsel only); *Official Unsecured*

1    *Creditors Comm. of Media Vision Tech., Inc. v. Jain*, 215 F.R.D. 587, 590 (N.D. Cal. 2003)

2    (same); *ICG Commc'ns, Inc. v. Allegiance Telecomm.*, 211 F.R.D. 610, 615 (N.D. Cal. 2002)

3    (same); *Upjohn Co. v. Hygieia Biological Labs.*, 151 F.R.D. 355, 361 (E.D. Cal. 1993) (same);

4    *Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig.*, 120 F.R.D. 687, 692 (C.D.

5    Cal. 1988) (same); *Davidson Pipe Co. v. Laventhol and Horwath*, 120 F.R.D. 455, 465 (S.D.N.Y.

6    1988) (same); *GTE Prods. Corp. v. Gee*, 112 F.R.D. 169, 172 (D. Mass. 1986) (same); *Pfeiffer v.*

7    *K-Mart Corp.*, 106 F.R.D. 235, 236-37 (S.D. Fla. 1985) (same).

8         To justify the entry of a protective order, a party need only make a "threshold showing of

9    good cause to believe that discovery will involve confidential or protected information."

10   *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.*, 121 F.R.D. 264,

11   268 (M.D.N.C. 1988). Indeed, "[a] 'blanket' protective order (*e.g.*, forbidding each party from

12   disclosing any information produced in discovery absent permission from the other party or the

13   court) is often obtained without a substantial showing of good cause for each document covered

14   by the order." SCHWARZER ET AL., *supra*, § 11:1126.5.

15        This action is likely to involve disclosure of confidential, proprietary, and private

16   information that should be protected from public dissemination. Such information includes

17   confidential financial and technological information regarding defendants' businesses. Plaintiffs,

18   too, may seek to protect certain information of their own, especially if they urge it is necessary to

19   avoid the risk of reprisals from the Chinese government.

20        More immediately, YHKL requires a protective order to protect information relevant to its

21   upcoming motion to dismiss for lack of personal jurisdiction. Specifically, YHKL intends to

22   provide confidential financial and technical information to demonstrate its absence of significant

23   contacts with California and its presence in Hong Kong as a separate, independent business and

24   corporate entity. Both Yahoo! and YHKL operate web portals offering a variety of internet-based

25   services. Both companies, as do their competitors and peers, consider details concerning the

26   number and origin of visitors to their websites to be sensitive, trade-secret information. *See* Kline

27   Decl. ¶¶ 6-7. Indeed, even the methods that Yahoo! and YHKL use to track the traffic on their

28   websites are proprietary. *See id.* Public disclosure of these details would be detrimental of the

C07-02151 CW
YAHOO!'S MOT. FOR PROTECTIVE                    -2-
ORDER

1  competitive interests of both Yahoo! and YHKL. *See id.* Hence, there is good cause to enter the

2  order defendants seek.[1]

3  **B.    The Protective Order Defendants Proposed Is Appropriate.**

4  Defendants' proposed protective order is based on this Court's standard form order and

5  will protect the parties' interests. Plaintiffs do not dispute that a protective order is appropriate

6  for certain documents. Nor have they proposed an alternative order of their own. Instead, they

7  raise four general concerns about the order, and every time we have asked for specific line edits

8  to address their concerns, they have declined to provide any.

9  1. Plaintiffs' first objection is that the protective order is too broad. *See* Kline Ex. C at 3,

10 ¶¶ 1-2. Plaintiffs cite no law for this general proposition, nor could they, as the order defendants

11 propose tracks this Court's form order, which is made available to litigant's on the Court's

12 website. *See id.* ¶ 2; *cf. Wood v. Vista Mannor Nursing Center,* No. C 06-01682-JW (PVT), 2007

13 WL 832933 (N.D. Cal. Mar. 14, 2007) (using N.D. Cal. model protective order).

14 2. In their second objection, plaintiffs ask defendants to include a provision in the order

15 requiring the parties to explain each and every confidentiality designation they make. This is

16 unnecessary and only designed to deter reliance on the protective order. *See* Kline Decl. Ex. C at

17 3, ¶¶ 2-3. As it currently drafted, Section 5.1 of the Court's form order (and defendants'

18 proposed order) instructs parties not to over-designate documents as confidential. Section 6

19 provides plaintiffs the means to challenge any designation they dispute. Plaintiffs have neither

20 contended nor proven that defendants will indiscriminately designate documents as confidential.

21 Moreover, unlike privilege logs—which make sense, because the opposing party never sees

22 privileged documents its opponent withholds—a confidentiality log is make-work. Plaintiffs'

23 counsel will see the documents defendants mark "confidential" and can object to these

24 designations if they so choose.

25

26

---

27 [1] Since this Motion for a Protective Order will be heard after YHKL files its motion to dismiss,
   YHKL will provide any confidential evidence supporting its motion after the Court enters a

28 protective order. *See* Kline Decl. ¶ 8.

C07-02151 CW
YAHOO!'S MOT. FOR PROTECTIVE                    -3-
ORDER

1    3.  Plaintiffs' third objection is that, if documents marked confidential become public by

2    means other than improper leaks, the documents should no longer be treated as confidential.  *See*

3    *id.* at 3, ¶ 4.  Again, this objection is designed to further dilute the protection afforded by the

4    Court's form order.  As we explained to plaintiffs, Section 6 of the proposed order provides them

5    the means to argue that documents should no longer be treated as confidential if and when they

6    have become public in a legitimate way.  *See id.* Ex. B at 2.

7    4.  Plaintiffs last objection is to require that no protective be entered unless it is "link[ed]"

8    to the discovery process."  *See id.* at 3.  This, too, is inappropriate.  Plaintiffs have not explained

9    what it means to "link" the protective order to the discovery process, or why it is necessary to

10    include such cryptic language.  As best we can discern, plaintiffs appear to be saying they will not

11    agree to a protective order unless defendants commit to commence discovery.  *See id.* But as we

12    have informed plaintiffs' counsel, this is not sensible, appropriate, or necessary.  Discovery will

13    proceed in accordance with the applicable rules and orders of the Court.  To the extent defendants

14    have objections to discovery in whole or in part, they cannot and will not stipulate them away as a

15    *quid pro quo* for plaintiffs' agreement to a protective order.  Furthermore, in light of YHKL's

16    impending motion to dismiss, a protective order is required independent of discovery.

17    **IV.  CONCLUSION**

18    Defendants motion should be granted.

19    Dated: August 15, 2007              DANIEL M. PETROCELLI
20                                        MATTHEW T. KLINE
                                          O'MELVENY & MYERS LLP
21
22                                        By: _____
23                                            Daniel M. Petrocelli
                                          Attorneys for Defendant YAHOO!, INC. and
24                                        Specially Appearing Defendant YAHOO!
                                          HONG KONG, LTD.
25

26

27

28