Xiaoning et al v. Yahoo! Inc, et al                                                                          Doc. 57 Att. 1

Case 4:07-cv-02151-CW       Document 57-2       Filed 08/15/2007       Page 1 of 13

DANIEL PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
mkline@omm.com
O'MELVENY & MYERS LLP
1999 Avenue Of The Stars
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
Attorneys for Defendant YAHOO!, INC. and
Specially Appearing Defendant YAHOO!
HOLDINGS (HONG KONG), LTD.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| WANG XIAONING, YU LING, SHI TAO, and ADDITIONAL PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUALS,<br><br>                    Plaintiff,<br><br>        v.<br><br>YAHOO, INC., a Delaware Corporation, YAHOO! HONG KONG, LTD., a Foreign Subsidiary of Yahoo!, AND OTHER PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUAL EMPLOYEES OF SAID CORPORATIONS,<br><br>                    Defendant. | Case No. C07-02151 CW<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>Judge:      Hon. Claudia Wilken |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

Accordingly, the Court hereby enters following Protective Order.  This Order does not confer

blanket protections on all disclosures or responses to discovery and that the protection it affords

extends only to the limited information or items that are entitled under the applicable legal

principles to treatment as confidential.  This Protective Order creates no entitlement to file

Dockets.Justia.com

confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    <u>Disclosure or Discovery Material</u>: all items, documents or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, filed, exchanged or disclosed in this matter.

2.3    "<u>Confidential</u>" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c) or any other applicable rule or law.

2.4    "<u>Highly Confidential – Attorneys' Eyes Only</u>" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    <u>Designating Party</u>: a Party or non-party that designates information or items that it produces as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    <u>House Counsel</u>: attorneys who are employees of a Party.

2

1        2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well

2    as their support staffs).

3        2.12    Expert: a person with specialized knowledge or experience in a matter

4    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

5    witness or as a consultant in this action and who is not a past or a current employee of a Party or

6    of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

7    employee of a Party or a competitor of a Party's. This definition includes a professional jury or

8    trial consultant retained in connection with this litigation.

9        2.13    Professional Vendors: persons or entities that provide litigation support

10    services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

11    organizing, storing, retrieving data in any form or medium; etc.) and their employees and

12    subcontractors.

13        3.     SCOPE

14        The protections conferred by this Stipulation and Order cover not only Protected

15    Material (as defined above), but also any information copied or extracted therefrom, as well as all

16    copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

17    presentations by parties or counsel to or in court or in other settings that might reveal Protected

18    Material.  Protected Material and information derived solely therefrom shall not be used by the

19    parties or their counsel except as expressly permitted herein.

20        4.     DURATION

21        Even after the termination of this litigation, the confidentiality obligations imposed

22    by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a

23    court order otherwise directs.

24        5.     DESIGNATING PROTECTED MATERIAL

25        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each

26    Party or non-party that designates information or items for protection under this Order must take

27    care to limit any such designation to specific material that qualifies under the appropriate

28    standards. A Designating Party must take care to designate for protection only those parts of

[PROPOSED] PROTECTIVE ORDER

material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY

1 CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

2 documents it wants copied and produced, the Producing Party must determine which documents,

3 or portions thereof, qualify for protection under this Order, then, before producing the specified

4 documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

5 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

6 contains Protected Material. If only a portion or portions of the material on a page qualifies for

7 protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

8 appropriate markings in the margins) and must specify, for each portion, the level of protection

9 being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

10 EYES ONLY").

11         (b)    for testimony given in deposition or in other pretrial or trial

12 proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

13 record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

14 and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

15 ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

16 testimony that is entitled to protection, and when it appears that substantial portions of the

17 testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

18 testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

19 have up to 20 days to identify the specific portions of the testimony as to which protection is

20 sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

21 CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that

22 are appropriately designated for protection within the 20 days shall be covered by the provisions

23 of this Protective Order.

24       Transcript pages containing Protected Material must be separately bound by the

25 court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

26 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

27 nonparty offering or sponsoring the witness or presenting the testimony.

28

[PROPOSED] PROTECTIVE ORDER

1          (c)     for information produced in some form other than documentary,

2    and for any other tangible items, that the Producing Party affix in a prominent place on the

3    exterior of the container or containers in which the information or item is stored the legend

4    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

5    portions of the information or item warrant protection, the Producing Party, to the extent

6    practicable, shall identify the protected portions, specifying whether they qualify as

7    "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

8          5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

9    to designate qualified information or items as "Confidential" or "Highly Confidential –

10    Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

11    protection under this Order for such material. If material is appropriately designated as

12    "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially

13    produced, the Receiving Party, on timely notification of the designation, must make reasonable

14    efforts to assure that the material is treated in accordance with the provisions of this Order.

15       6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

16          6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's

17    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

18    economic burdens, or a later significant disruption or delay of the litigation, a Party does not

19    waive its right to challenge a confidentiality designation by electing not to mount a challenge

20    promptly after the original designation is disclosed.

21          6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating

22    Party's confidentiality designation must do so in good faith and must begin the process by

23    conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

24    with counsel for the Designating Party. In conferring, the challenging Party must explain the basis

25    for its belief that the confidentiality designation was not proper and must give the Designating

26    Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

27    change in designation is offered, to explain the basis for the chosen designation. A challenging

28

6

1  Party may proceed to the next stage of the challenge process only if it has engaged in this meet

2  and confer process first.

3          6.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a

4  confidentiality designation after considering the justification offered by the Designating Party

5  may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

6  79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

7  challenge. Each such motion must be accompanied by a competent declaration that affirms that

8  the movant has complied with the meet and confer requirements imposed in the preceding

9  paragraph and that sets forth with specificity the justification for the confidentiality designation

10  that was given by the Designating Party in the meet and confer dialogue.

11          The burden of persuasion in any such challenge proceeding shall be on the

12  Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

13  material in question the level of protection to which it is entitled under the Producing Party's

14  designation.

15          7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

16          7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

17  disclosed or produced by another Party or by a non-party in connection with this case only for

18  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

19  disclosed only to the categories of persons and under the conditions described in this Order.

20  When the litigation has been terminated, a Receiving Party must comply with the provisions of

21  section 11, below (FINAL DISPOSITION).

22          Protected Material must be stored and maintained by a Receiving Party at a

23  location and in a secure manner that ensures that access is limited to the persons authorized under

24  this Order.

25          7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

26  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

27  disclose any information or item designated CONFIDENTIAL only to:

28

7

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g)    the author of the document or the original source of the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information

8

[PROPOSED] PROTECTIVE ORDER

for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c)    the Court and its personnel;

(d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e)    the author of the document or the original source of the information.

7.4    <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts."</u>

(a)    Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b)    A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert

1  unless, within seven court days of delivering the request, the Party receives a written objection

2  from the Designating Party. Any such objection must set forth in detail the grounds on which it is

3  based.

4           (c)    A Party that receives a timely written objection must meet and

5  confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

6  matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the

7  Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local

8  Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must

9  describe the circumstances with specificity, set forth in detail the reasons for which the disclosure

10  to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

11  suggest any additional means that might be used to reduce that risk. In addition, any such motion

12  must be accompanied by a competent declaration in which the movant describes the parties'

13  efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

14  discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

15  approve the disclosure.

16          In any such proceeding the Party opposing disclosure to the Expert shall bear the

17  burden of proving that the risk of harm that the disclosure would entail (under the safeguards

18  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

19      8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

20  <u>OTHER LITIGATION</u>.

21          If a Receiving Party is served with a subpoena, discovery request or an order

22  issued in other litigation that would compel disclosure of any information or items designated in

23  this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24  ONLY," the Receiving Party must so notify the Designating Party, in writing (by email and fax, if

25  possible) immediately and in no event more than three court days after receiving the subpoena,

26  discovery request or order. Such notification must include a copy of the subpoena, discovery

27  request or court order.

28          The Receiving Party also must immediately inform in writing the Party who

[PROPOSED] PROTECTIVE ORDER

1    caused the subpoena, discovery request or order to issue in the other litigation that some or all the

2    material covered by the subpoena, discovery request or order is the subject of this Protective

3    Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to

4    the Party in the other action that caused the subpoena, discovery request or order to issue.

5        The purpose of imposing these duties is to alert the interested parties to the

6    existence of this Protective Order and to afford the Designating Party in this case an opportunity

7    to try to protect its confidentiality interests in the court from which the subpoena, discovery

8    request or order issued. The Designating Party shall bear the burdens and the expenses of seeking

9    protection in that court of its confidential material – and nothing in these provisions should be

10   construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

11   directive from another court.

12       9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

14   Protected Material to any person or in any circumstance not authorized under this Protective

15   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

16   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

17   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

18   this Order, and (d) request such person or persons to execute the "Acknowledgment and

19   Agreement to Be Bound" that is attached hereto as Exhibit A.

20       10.    FILING PROTECTED MATERIAL.

21       Without written permission from the Designating Party or a court order secured

22   after appropriate notice to all interested persons, a Party may not file in the public record in this

23   action any Protected Material. A Party that seeks to file under seal any Protected Material must

24   comply with Civil Local Rule 79-5.

25       11.    FINAL DISPOSITION.

26       Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

27   days after the final termination of this action, each Receiving Party must return all Protected

28   Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all

[PROPOSED] PROTECTIVE ORDER

copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By producing or receiving material under the terms of this Protective Order no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Injunctive Relief.  In the event that any person or party shall violate or threaten to violate the terms of this Protective Order, the aggrieved Designating Party may immediately apply to obtain injunctive relief against any such person or party violating or threatening to violate any of the terms of this Protective Order.

IT IS SO ORDERED.

DATED: _____          _____
                                                          Hon. Claudia Wilken
                                                          United States District Court Judge

12

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

        I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Protective Order that was issued by the United States District

Court for the Northern District of California on [date] in the case of *Xiaoning et al. v. Yahoo!,*

*Inc. et al*, Case No. C07-02151 (CW).  I agree to comply with and to be bound by all the terms of

this Protective Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

        I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Protective Order,

even if such enforcement proceedings occur after termination of this action.

        I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

                    [printed name]

Signature: _____

                    [signature]