Xiaoning et al v. Yahoo! Inc, et al                                                                    Doc. 58

Case 4:07-cv-02151-CW    Document 58    Filed 08/15/2007    Page 1 of 33

1   DANIEL M. PETROCELLI (S.B. #97802)
    dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
    mkline@omm.com
3   O'MELVENY & MYERS LLP
    1999 Avenue Of The Stars
4   Los Angeles, California 90067-6035
    Main Number: (310) 553-6700
5   Facsimile: (310) 246-6779

6   Attorneys for Defendant YAHOO!, INC. and
    Specially Appearing Defendant YAHOO! HONG
7   KONG, LTD.

8                    UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
                          OAKLAND DIVISION
10

11  WANG XIAONING, YU LING, SHI TAO,          **Case No. C07-02151 CW**
    and ADDITIONAL PRESENTLY
12  UNNAMED AND TO BE IDENTIFIED          **DECLARATION MATTHEW T. KLINE IN**
    INDIVIDUALS,                          **SUPPORT OF DEFENDANTS' MOTION**
13                                        **FOR ENTRY OF A PROTECTIVE ORDER**
                  Plaintiff,
14                                        Judge:  Hon. Claudia Wilken
         v.
15
    YAHOO!, INC., a Delaware Corporation,
16  YAHOO! HONG KONG, LTD., a Foreign
    Subsidiary of Yahoo!, ALIBABA.COM, INC.
17  a Delaware Corporation, AND OTHER
    PRESENTLY UNNAMED AND TO BE
18  IDENTIFIED INDIVIDUAL EMPLOYEES
    OF SAID CORPORATIONS,
19
                  Defendant.
20

21  I, MATTHEW T. KLINE, declare:

22        1.      I am an attorney in the law firm of O'Melveny & Myers, LLP, attorney of record

23  for defendant Yahoo!, Inc. ("Yahoo!") and specially appearing for defendant Yahoo! Hong Kong,

24  Ltd ("YHKL").  I submit this declaration in support of Defendants' Motion for Entry of a

25  Protective Order.  Except where indicated otherwise, I have personal knowledge of the facts

26  stated herein and, if called as a witness, I could and would testify competently thereto.

27        2.      Attached hereto as **Exhibit A** is a redline showing the differences between

28  defendants' proposed order and this Court's form protective order, which can be found at

    C07-02151 CW
    DECL. OF M. KLINE

1  http://www.cand.uscourts.gov/cand/form.nsf/7813fd3053452aef88256d4a0058fb31/5e428ee77bf

2  8e03b88256dd3005d9450/$FILE/StipulatedProtectiveOrder-1-03.pdf.

3        3.    Over the past several weeks, the parties have conferred regarding a stipulated

4  protective order in this case.  On July 26, 2007, I emailed plaintiffs' counsel a draft protective

5  order.  The draft order was based on the Northern District of California's form protective order.

6  The parties discussed our proposed protective order on a conference call on August 8, 2007.  I

7  participated in the call along with my colleague Daniel Petrocelli.  Morton Sklar and several of

8  his colleagues participated for the plaintiffs.  During that call, Mr. Sklar said he was not opposed

9  to the protective order in principle, but had concerns with the text of the draft order and it was his

10  position that any protective order had to be "linked" to discovery.  We asked Mr. Sklar to provide

11  specific, proposed edits to the order.  We also asked him to explain what he meant by linking the

12  order with discovery, as it was our understanding that the Federal Rules of Civil Procedure and

13  the Court's local rules and orders would govern discovery.  We explained that to the extent he

14  was asking for concessions or commitments about discovery matters as a *quid pro quo* for

15  agreeing to a protective order, we would not agree to such a condition, especially given that there

16  was good cause for the order, in our view, given that we would be citing trade secret information

17  in YHKL's motion to dismiss for lack of personal jurisdiction.  Mr. Sklar agreed to provide us

18  specific edits and to elaborate on his point about discovery.

19        4.    The next day, August 9, I sent Mr. Sklar an email asking him to detail his

20  objections to our draft protective order.  On August 10, Mr. Sklar sent me an email reasserting his

21  general objections to the draft order, but not proposing specific edits.  Later that same day, I

22  responded to Mr. Sklar's email and tried to address his objections.  Mr. Sklar and I traded further

23  emails over the next few days, and I again asked him to provide us specific line edits to the

24  proposed order.  A true and correct copy of this email string is attached hereto as **Exhibit B**.

25        5.    On August 14, Mr. Sklar sent me an email setting forth his objections and agreeing

26  we had reached an impasse.  In the email, he reasserted his objections to our proposed order, but

27  does not propose specific revisions. On August 15, Mr. Sklar sent another email, offering to

28  agree to keep information YHKL produced as part of its motion to dismiss confidential on "an

C07-02151 CW
DECL. OF M. KLINE                          - 2 -

1   interim and temporary basis." However, Mr. Sklar's offer was contingent on our agreeing to

2   conditions that I had already informed Mr. Sklar were, in our view, unacceptable. A true and

3   correct copy of this email string is attached hereto as **Exhibit C**.

4         6.      Defendants' motions to dismiss must be filed by August 27. YHKL will be

5   moving to dismiss the case for lack of personal jurisdiction. As part of that motion, YHKL

6   intends to cite evidence describing the amount of traffic its website receives, as well as the potion

7   of that traffic that originates from computers based in California. It also intends to provide

8   certain confidential financial information.

9         7.      Based on our work in this case, I am informed and believe that Yahoo!, YHKL,

10  and their peers and competitors consider such information to be sensitive trade secret information

11  and that both companies keep that information highly confidential and limit its dissemination both

12  inside and outside their companies. It is also my understanding that the methods that Yahoo! and

13  YHKL use to track the traffic that their websites receive is proprietary information that those

14  companies keep confidential. It is my understanding as well that public disclosure of this

15  information would put Yahoo! and YHKL at a competitive disadvantage.

16        8.      Defendants' motions to dismiss are currently due on August 27—before the Court

17  will hear Defendants' motion for a protective order. Accordingly, YHKL will omit any

18  confidential information from its moving papers and, instead, will provide those details if this

19  Court enters a protective order.

20        I declare under penalty of perjury under the laws of the United States that the foregoing is

21  true and correct. Executed in Los Angeles, California on this 15th day of August 2007.



Matthew T. Kline

CC1:769061.1

# EXHIBIT A

DANIEL PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
mkline@omm.com
O'MELVENY & MYERS LLP
1999 Avenue Of The Stars
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
Attorneys for Defendant YAHOO!, INC. and
Specially Appearing Defendant YAHOO!
HOLDINGS (HONG KONG), LTD.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| WANG XIAONING, YU LING, SHI TAO, and ADDITIONAL PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUALS, <br><br> Plaintiff, <br><br> v. <br><br> YAHOO, INC., a Delaware Corporation, YAHOO! HONG KONG, LTD., a Foreign Subsidiary of Yahoo!, AND OTHER PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUAL EMPLOYEES OF SAID CORPORATIONS, <br><br> Defendant. | Case No.– C07-02151 CW <br><br> STIPULATED[PROPOSED] PROTECTIVE ORDER <br><br> Judge:   Hon. Claudia Wilken |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the partiesCourt hereby stipulate to and petition the court to enter theenters following Stipulated Protective Order. The parties acknowledge that this This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends

1    only to the limited information or items that are entitled under the applicable legal principles to

2    treatment as confidential. ~~The parties further acknowledge, as set forth in Section 10, below, that~~

3    ~~this Stipulated__~~ This Protective Order creates no entitlement to file confidential information under

4    seal; Civil Local Rule 79-–5 sets forth the procedures that must be followed and reflects the

5    standards that will be applied when a party seeks permission from the court to file material under

6    seal.

7        2.    <u>DEFINITIONS</u>

8        2.1    <u>Party</u>:- any party to this action, including all of its officers, directors,

9    employees, consultants, retained experts, and outside counsel (and their support staff).

10       2.2    <u>Disclosure or Discovery Material</u>:- all items, documents or information,

11   regardless of the medium or manner generated, stored, or maintained (including, among other

12   things, testimony, transcripts, or tangible things) that are produced ~~or generated in disclosures or~~

13   ~~responses to discovery,__~~ filed, exchanged or disclosed in this matter.

14       2.3    <u>"Confidential" Information or Items</u>: information (regardless of how

15   generated, stored or maintained) or tangible things that qualify for protection under standards

16   developed under F.R.Civ.P. 26(c). or any other applicable rule or law.

17       2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:

18   extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

19   nonparty would create a substantial risk of serious injury that could not be avoided by less

20   restrictive means.

21       2.5    <u>Receiving Party</u>:- a Party that receives Disclosure or Discovery Material

22   from a Producing Party.

23       2.6    <u>Producing Party</u>:- a Party or non-party that produces Disclosure or

24   Discovery Material in this action.

25       2.7    <u>Designating Party</u>:- a Party or non-party that designates information or items

26   that it produces ~~in disclosures or in responses to discovery~~ as "Confidential" or "Highly

27   Confidential — Attorneys' Eyes Only."

28

[PROPOSED] PROTECTIVE ORDER

2.8     Protected Material:- any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel:- attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel:- attorneys who are employees of a Party.

2.11    Counsel (without qualifier):- Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert:- a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors:- persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. Protected Material and information derived solely therefrom shall not be used by the parties or their counsel except as expressly permitted herein.

4.      DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

3     DeltaView comparison of pcdocs://sf1/681301/1 and pcdocs://sf1/683850/1. Performed on 8/15/2007.

[PROPOSED] PROTECTIVE ORDER

1    5.    DESIGNATING PROTECTED MATERIAL

2        5.1    Exercise of Restraint and Care in Designating Material for Protection.- Each

3    Party or non-party that designates information or items for protection under this Order must take

4    care to limit any such designation to specific material that qualifies under the appropriate standards.

5    A Designating Party must take care to designate for protection only those parts of material,

6    documents, items, or oral or written communications that qualify – so that other portions of the

7    material, documents, items, or communications for which protection is not warranted are not swept

8    unjustifiably within the ambit of this Order.

9        Mass, indiscriminate, or routinized designations are prohibited. Designations that

10   are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

11   unnecessarily encumber or retard the case development process, or to impose unnecessary

12   expenses and burdens on other parties), expose the Designating Party to sanctions.

13       If it comes to a Party's or a non-party's attention that information or items that it

14   designated for protection do not qualify for protection at all, or do not qualify for the level of

15   protection initially asserted, that Party or non-party must promptly notify all other parties that it is

16   withdrawing the mistaken designation.

17       5.2    Manner and Timing of Designations.- Except as otherwise provided in this

18   Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

19   material that qualifies for protection under this Order must be clearly so designated before the

20   material is disclosed or produced.

21       Designation in conformity with this Order requires:

22       (a)    for information in documentary form (apart from transcripts of

23   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

24   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

25   of each page that contains protected material. If only a portion or portions of the material on a page

26   qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

27   by making appropriate markings in the margins) and must specify, for each portion, the level of

28

4    DeltaView comparison of pcdocs://sf1/681301/1 and pcdocs://sf1/683850/1. Performed on 8/15/2007.

[PROPOSED] PROTECTIVE ORDER

1  protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

2  ATTORNEYS' EYES ONLY").

3      A Party or non-party that makes original documents or materials available for

4  inspection need not designate them for protection until after the inspecting Party has indicated

5  which material it would like copied and produced. During the inspection and before the designation,

6  all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

7  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

8  copied and produced, the Producing Party must determine which documents, or portions thereof,

9  qualify for protection under this Order, then, before producing the specified documents, the

10  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected

12  Material. If only a portion or portions of the material on a page qualifies for protection, the

13  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

14  markings in the margins) and must specify, for each portion, the level of protection being asserted

15  (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

16      (b)    <u>for testimony given in deposition or in other pretrial or trial</u>

17  <u>proceedings,</u> that the Party or non-party offering or sponsoring the testimony identify on the record,

18  before the close of the deposition, hearing, or other proceeding, all protected testimony, and further

19  specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

21  testimony that is entitled to protection, and when it appears that substantial portions of the

22  testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

23  testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

24  have up to 20 days to identify the specific portions of the testimony as to which protection is sought

25  and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are

27  appropriately designated for protection within the 20 days shall be covered by the provisions of this

28  ~~Stipulated~~ Protective Order.

5    DeltaView comparison of pcdocs://sf1/681301/1 and pcdocs://sf1/683850/1. Performed on ~~8/15/2007.~~

1        Transcript pages containing Protected Material must be separately bound by the

2    court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

3    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

4    nonparty offering or sponsoring the witness or presenting the testimony.

5        (c)    for information produced in some form other than documentary, and

6    for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

7    the container or containers in which the information or item is stored the legend

8    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

9    portions of the information or item warrant protection, the Producing Party, to the extent

10   practicable, shall identify the protected portions, specifying whether they qualify as "Confidential"

11   or as "Highly Confidential – Attorneys' Eyes Only."

12       5.3    Inadvertent Failures to Designate.- If timely corrected, an inadvertent failure

13   to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

14   Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under

15   this Order for such material. If material is appropriately designated as "Confidential" or "Highly

16   Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

17   on timely notification of the designation, must make reasonable efforts to assure that the material is

18   treated in accordance with the provisions of this Order.

19       6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

20       6.1    Timing of Challenges.- Unless a prompt challenge to a Designating Party's

21   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

22   economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

23   its right to challenge a confidentiality designation by electing not to mount a challenge promptly

24   after the original designation is disclosed.

25       6.2    Meet and Confer.- A Party that elects to initiate a challenge to a Designating

26   Party's confidentiality designation must do so in good faith and must begin the process by

27   conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

28   with counsel for the Designating Party. In conferring, the challenging Party must explain the basis

6    DeltaView comparison of pcdocs://sf1/681301/1 and pcdocs://sf1/683850/1. Performed on
8/15/2007.

[PROPOSED] PROTECTIVE ORDER

1   for its belief that the confidentiality designation was not proper and must give the Designating Party

2   an opportunity to review the designated material, to reconsider the circumstances, and, if no change

3   in designation is offered, to explain the basis for the chosen designation. A challenging Party may

4   proceed to the next stage of the challenge process only if it has engaged in this meet and confer

5   process first.

6           6.3    Judicial Intervention.- A Party that elects to press a challenge to a

7   confidentiality designation after considering the justification offered by the Designating Party may

8   file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

9   applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.

10  Each such motion must be accompanied by a competent declaration that affirms that the movant

11  has complied with the meet and confer requirements imposed in the preceding paragraph and that

12  sets forth with specificity the justification for the confidentiality designation that was given by the

13  Designating Party in the meet and confer dialogue.

14          The burden of persuasion in any such challenge proceeding shall be on the

15  Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

16  material in question the level of protection to which it is entitled under the Producing Party's

17  designation.

18      7.    ACCESS TO AND USE OF PROTECTED MATERIAL

19          7.1    Basic Principles.- A Receiving Party may use Protected Material that is

20  disclosed or produced by another Party or by a non-party in connection with this case only for

21  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

22  disclosed only to the categories of persons and under the conditions described in this Order. When

23  the litigation has been terminated, a Receiving Party must comply with the provisions of section 11,

24  below (FINAL DISPOSITION).

25          Protected Material must be stored and maintained by a Receiving Party at a location

26  and in a secure manner that ensures that access is limited to the persons authorized under this Order.

27

28

7   DeltaView comparison of pcdocs://sf1/681301/1 and pcdocs://sf1/683850/1. Performed on
    8/15/2007.

[PROPOSED] PROTECTIVE ORDER

1         7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.- Unless otherwise

2    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

3    disclose any information or item designated CONFIDENTIAL only to:

4         (a)    the Receiving Party's Outside Counsel of record in this action, as

5    well as employees of said Counsel to whom it is reasonably necessary to disclose the information

6    for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

7    attached hereto as Exhibit- A;

8         (b)    the officers, directors, and employees (including House Counsel) of

9    the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

10   signed the "Agreement to Be Bound by Protective Order" (Exhibit- A);

11        (c)    experts (as defined in this Order) of the Receiving Party to whom

12   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

13   Bound by Protective Order" (Exhibit- A);

14        (d)    the Court and its personnel;

15        (e)    court reporters, their staffs, and professional vendors to whom

16   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

17   Bound by Protective Order" (Exhibit- A);

18        (f)    during their depositions, witnesses in the action to whom disclosure

19   is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

20   (Exhibit- A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

21   Protected Material must be separately bound by the court reporter and may not be disclosed to

22   anyone except as permitted under this ~~Stipulated~~ Protective Order.

23        (g)    the author of the document or the original source of the information.

24        7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

25   <u>ONLY" Information or Items</u>.- Unless otherwise ordered by the court or permitted in writing by the

26   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

27   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

28

[PROPOSED] PROTECTIVE ORDER

1           (a)     the Receiving Party's Outside Counsel of record in this action, as

2 well as employees of said Counsel to whom it is reasonably necessary to disclose the information

3 for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

4 attached hereto as Exhibit ~~A;~~ A;

5           ~~(b)~~   ~~[Optional—as deemed appropriate in case-specific circumstances:~~

6 ~~House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or~~

7 ~~in patent prosecutions involving _____ [specify subject matter areas], (2) to whom~~

8 ~~disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be~~

9 ~~Bound by Protective Order" (Exhibit A);~~

10           (b)   ~~(c)~~ Experts (as defined in this Order) (1) to whom disclosure is

11 reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

12 Protective Order" (Exhibit- A), ~~[Optional:~~ and (3) as to whom the procedures set forth in paragraph

13 7.4, below, have been followed~~]~~;

14           (c)   ~~(d)~~ the Court and its personnel;

15           (d)   ~~(e)~~ court reporters, their staffs, and professional vendors to whom

16 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

17 Bound by Protective Order" (Exhibit- A); and

18           (e)   ~~(f)~~ the author of the document or the original source of the

19 information.

20       7.4   ~~[Optional:~~ Procedures for Approving Disclosure of "HIGHLY

21 CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts."

22           (a)     Unless otherwise ordered by the court or agreed in writing by the

23 Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

24 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

25 EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

26 specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

27 disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

28 primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

9     DeltaView comparison of pcdocs://sf1/681301/1 and pcdocs://sf1/683850/1. Performed on ~~8/15/2007.~~

[PROPOSED] PROTECTIVE ORDER

1    current employer(s), (5) identifies each person or entity from whom the Expert has received

2    compensation for work in his or her areas of expertise or to whom the expert has provided

3    professional services at any time during the preceding five years, and (6) identifies (by name and

4    number of the case, filing date, and location of court) any litigation in connection with which the

5    Expert has provided any professional services during the preceding five years.

6              (b)    A Party that makes a request and provides the information specified

7    in the preceding paragraph may disclose the subject Protected Material to the identified Expert

8    unless, within seven court days of delivering the request, the Party receives a written objection from

9    the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

10              (c)    A Party that receives a timely written objection must meet and confer

11    with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

12    agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may

13    file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

14    applicable) seeking permission from the court to do so. Any such motion must describe the

15    circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert

16    is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

17    additional means that might be used to reduce that risk. In addition, any such motion must be

18    accompanied by a competent declaration in which the movant describes the parties' efforts to

19    resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions)

20    and sets forth the reasons advanced by the Designating Party for its refusal to approve the

21    disclosure.

22              In any such proceeding the Party opposing disclosure to the Expert shall bear the

23    burden of proving that the risk of harm that the disclosure would entail (under the safeguards

24    proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

25        8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

26    OTHER LITIGATION.

27              If a Receiving Party is served with a subpoena, discovery request or an order issued

28    in other litigation that would compel disclosure of any information or items designated in this

10    DeltaView comparison of pcdocs://sf1/681301/1 and pcdocs://sf1/683850/1. Performed on
8/15/2007.

[PROPOSED] PROTECTIVE ORDER

1   action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

2   the Receiving Party must so notify the Designating Party, in writing (by email and fax, if possible)

3   immediately and in no event more than three court days after receiving the subpoena, discovery

4   request or order. Such notification must include a copy of the subpoena, discovery request or court

5   order.

6          The Receiving Party also must immediately inform in writing the Party who caused

7   the subpoena, discovery request or order to issue in the other litigation that some or all the material

8   covered by the subpoena, discovery request or order is the subject of this Protective Order. In

9   addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to

10  the Party in the other action that caused the subpoena, discovery request or order to issue.

11         The purpose of imposing these duties is to alert the interested parties to the existence

12  of this Protective Order and to afford the Designating Party in this case an opportunity to try to

13  protect its confidentiality interests in the court from which the subpoena, discovery request or order

14  issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that

15  court of its confidential material – and nothing in these provisions should be construed as

16  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

17  another court.

18         9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

19         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

20  Protected Material to any person or in any circumstance not authorized under this Stipulated

21  Protective Order, the Receiving Party must immediately (a)- notify in writing the Designating Party

22  of the unauthorized disclosures, (b)- use its best efforts to retrieve all copies of the Protected

23  Material, (c)- inform the person or persons to whom unauthorized disclosures were made of all the

24  terms this Order, and (d)- request such person or persons to execute the "Acknowledgment and

25  Agreement to Be Bound" that is attached hereto as Exhibit- A.

26         10.   FILING PROTECTED MATERIAL.

27         Without written permission from the Designating Party or a court order secured

28  after appropriate notice to all interested persons, a Party may not file in the public record in this

11     DeltaView comparison of pcdocs://sf1/681301/1 and pcdocs://sf1/683850/1. Performed on
8/15/2007.
                              [PROPOSED] PROTECTIVE ORDER

1  action any Protected Material. A Party that seeks to file under seal any Protected Material must

2  comply with Civil Local Rule 79--5.

3      11.   FINAL DISPOSITION.

4          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

5  days after the final termination of this action, each Receiving Party must return all Protected

6  Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all

7  copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the

8  Protected Material. With permission in writing from the Designating Party, the Receiving Party

9  may destroy some or all of the Protected Material instead of returning it. Whether the Protected

10  Material is returned or destroyed, the Receiving Party must submit a written certification to the

11  Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

12  deadline that identifies (by category, where appropriate) all the Protected Material that was

13  returned or destroyed and that affirms that the Receiving Party has not retained any copies,

14  abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected

15  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

16  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

17  even if such materials contain Protected Material. Any such archival copies that contain or

18  constitute Protected Material remain subject to this Protective Order as set forth in Section- 4

19  (DURATION), above.

20      12.   MISCELLANEOUS

21      12.1   Right to Further Relief. Nothing in this Order abridges the right of any

22  person to seek its modification by the Court in the future.

23      12.2   Right to Assert Other Objections. By stipulating to the entry of this

24  Protective Order no Party waives any right it otherwise would have to object to disclosing or

25  producing any information or item on any ground not addressed in this Stipulated Protective Order.

26  Similarly, By producing or receiving material under the terms of this Protective Order no Party

27  waives any right to object on any ground to use in evidence of any of the material covered by this

28  Protective Order.

12    DeltaView comparison of pcdocs://sf1/681301/1 and pcdocs://sf1/683850/1. Performed on
8/15/2007.

[PROPOSED] PROTECTIVE ORDER

1  ~~IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.~~

2  ~~DATED:~~ _____  _____

3                                         ~~Attorneys for Plaintiff~~

4  ~~DATED:~~ _____  _____

5                                         ~~Attorneys for Defendant~~

            12.3    Injunctive Relief.  In the event that any person or party shall violate or

6  threaten to violate the terms of this Protective Order, the aggrieved Designating Party may

7  immediately apply to obtain injunctive relief against any such person or party violating or

8  threatening to violate any of the terms of this Protective Order.

9

10  ~~PURSUANT TO STIPULATION,~~ IT IS SO ORDERED.

11

12  DATED: _____  _____

13  _____    ~~[name of judge]~~
                                    Hon. Claudia Wilken
14  _____    United States District/~~Magistrate~~ Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER

1          EXHIBIT- A

2          ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3               I, _____ [print or type full name], of

4     _____ [print or type full address], declare under penalty of perjury that I have read in

5     its entirety and understand the ~~Stipulated~~ Protective Order that was issued by the United States

6     District Court for the Northern District of California on [date] in the case of ~~──────── [insert~~

7     ~~formal name of the case and the number and initials assigned to it by the court]~~ *Xiaoning et al.*

8     *v. Yahoo!, Inc. et al,* Case No. C07-02151 (CW). I agree to comply with and to be bound by all the

9     terms of this ~~Stipulated~~ Protective Order and I understand and acknowledge that failure to so

10    comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

11    promise that I will not disclose in any manner any information or item that is subject to this

12    ~~Stipulated~~ Protective Order to any person or entity except in strict compliance with the provisions

13    of this Order.

14               I further agree to submit to the jurisdiction of the United States District Court for the

15    Northern District of California for the purpose of enforcing the terms of this ~~Stipulated~~ Protective

16    Order, even if such enforcement proceedings occur after termination of this action.

17               I hereby appoint _____ [print or type full name] of

18    _____ [print or type full address and telephone number]

19    as my California agent for service of process in connection with this action or any proceedings

20    related to enforcement of this ~~Stipulated~~ Protective Order.

21    Date: _____

22    City and State where sworn and signed: _____

23    Printed name: _____
24    _____[printed name]

      Signature: _____
25    _____[signature]

26

27    ~~SFI:681301.1~~

28

# EXHIBIT B

## Powers, Matt

| | |
|---|---|
| **From:** | Kline, Matthew |
| **Sent:** | Tuesday, August 14, 2007 8:59 AM |
| **To:** | Morton Sklar; 'mortonandsara03@verizon.net'; 'roger.myers@hro.com' |
| **Cc:** | Petrocelli, Daniel |
| **Subject:** | RE: Wang v. Yahoo! |

Mort,

Please send me by the end of business today your specific proposed edits to the protective order, if any. With the exception of item 2, it's possible we can reach some agreement, but your proposals are hard to evaluate without a specific proposal on the table. We'd like to work out as much of an agreement as we can, so that we can limit the number of issues we have to submit to the Court, but we need to reach a resolution on these issues today as our due date for filing our motion is looming.

Section 5.1 of the court-approved form of protective order addresses your concern about indiscriminate designation of confidentiality. There is no justification for the procedure you're proposing. Unlike with a privilege log, you will see all the confidential documents we produce, and you can evaluate our confidentiality designations yourself. If you have questions about a particular designation, you can raise the issue with us or the Court. Forcing us to do make-work and prepare a confidentiality log makes no sense--especially whereas here there has no been no indication we will over-designate documents as "confidential." Your proposal improperly assumes we will and will violate section 5.1 of the proposed order. We will not agree to your change.

Matt

---

**From:** Morton Sklar [mailto:msklar@humanrightsusa.org]
**Sent:** Monday, August 13, 2007 1:47 PM
**To:** Kline, Matthew
**Subject:** RE: Wang v. Yahoo!

Matt,

    With respect to item 1, we will try to come up with clearer, additional language that meets our concerns and your needs.

    With respect to item 2, regarding designating the legal basis for confidentiality designations, it is our view that the provisions of Section 6 that permit challenges of confidentiality designations do not meet the needs presented by the present case, and that additional clarification and designations that we suggested are necessary to help discourage overly broad and far-reaching claims that are can not be justified under accepted legal standards. The challenge process is time-consuming and difficult, and is focused on after the fact, post-designation efforts to correct errors and problems, while we would prefer a system incorporates more of a self-policing and preventive aspects, that requires more careful choices to be made in the first instance so that the challenge process can be avoided more frequently. The key element, as we have indicated, is that the basis for each confidentiality designation has to be enumerated. This should not be considered unwieldy or over-burdensome, since undoubtedly some thought would have to be given in any case as to the basis for a confidentiality claim, and that basis could easily be designated along with the claim. A one sentence, or even one phrase addition to that effect should suffice.

    With regard to the public record issue (item 3), of course we fully understand and agree with the point that you are making that the court's confidentiality protections should not, and could not, be avoided simply by having one of the litigants "leak" information so that it then would become part of the public record and could be disclosed

Re: Wang v. Yahoo!                                                    Page 2 of 3

Case 4:07-cv-02151-CW     Document 58     Filed 08/15/2007     Page 21 of 33

and discussed. Obviously, that approach and practice would be prohibited, and is subject to severe court sanction, and that is not what we are driving at. Rather, we are talking about the situation where outside sources, like the media, have uncovered and released certain information or documents that are covered by the court's protective order, through means totally unrelated to the litigation. At that point it would not make much sense to seek to prevent public disclosure or discussion of something that is already part of the public record. We are engaged, for example, with a case in a U.S. court involving Liberia where a court protective order precludes disclosure of the names of witnesses by the defense. One of the witnesses names became public through other means. That name obviously no longer is a matter that can be considered confidential or treated as such. We would be happy to consider any language you might propose that would maintain and emphasize the binding obligations of the the litigants under the court's protective order, while recognizing that outside disclosures unconnected with the litigation or the actions of the parties and their lawyers may, on a realistic basis, alter the parties obligations as regards matters designated confidential that no longer are private by virtue of disclosures unconnected with the litigation or actions by the parties and their counsel.

On item 4, related to linkage to discovery, we recognize that that is the most difficult of the points we have raised to deal with, and we are not sure how it can best be treated in this context. We would be willing to draft a sentence or two to add to any stipulation expressing the point we would like to make about this, without expecting you to agree to it, assuming that the other issues can be addessed on a joint basis.

You have not responded yet to the proposal that we made about agreeing to extending the page limit to 45 pages for both parties. Since it is getting close to your due date on this, could you give me an indication of whether can agree to this, or prefer to file a separate motion seeking a larger extension?


Morton Sklar
Executive Director
World Organization for Human Rights USA
   (new name for World Organization Against Torture USA)
US Affiliate of the World Organization Against Torture
   International Network
2029 P Street, NW Suite 301
Washington, DC 20036
Tel. (202) 296-5702
Fax (202) 296-5704


        -----Original Message-----
        **From:** Kline, Matthew [mailto:MKline@OMM.com]
        **Sent:** Friday, August 10, 2007 6:03 PM
        **To:** Morton Sklar
        **Cc:** Petrocelli, Daniel
        **Subject:** RE: Wang v. Yahoo!

        Mort,

        It seems to me that most of your concerns are dealt with by section 6 of the order, which allows you to challenge any confidentiality designation you disagree with. Our proposed order, like all such orders, allows the parties to designate material confidential by stamping it "confidential" when the party produces it. By agreeing to this order, you are not deemed to have accepted our designations; you are free to challenge them. In fact, section 6 of the order provides a mechanism for exactly that purpose. I hope this addresses most of your concerns.

        With respect to your specific concerns, as to number 1, the language we used is almost identical to the language in the Northern District of California's form protective order. The text cites FRCP 26(c), which is the federal rule that applies. If you want to propose different language, please feel free to suggest something.

        With respect to number 2, the order already contains provisions intended to prevent over-designation. I've never even heard of a protective order that required the producing party to provide what is, in essence, a privilege log justifying each confidentiality designation. The mechanism you propose seems unwieldy

Re: Wang v. Yahoo!                                                                  Page 5 of 5

Case 4:07-cv-02151-CW     Document 58     Filed 08/15/2007     Page 22 of 33

and over-burdensome. Again, if later in the case you later feel that too many documents have been designated confidential, you are free to revisit that issue with us and, if necessary, with the Court.

On number 3, once again, if there's a document (or set of documents) that have been marked confidential and that you think should be made public, you are free to raise that issue. What we don't want is a situation where confidential documents are leaked and then our claims of confidentiality are challenged because someone has leaked a document protected by the order.

On number 4, I have to admit, I still don't understand what you mean. If you have a specific proposal for how to amend the protective order, please let me know.

Either way, we need to get something on file early next week in advance of our motions to dismiss being filed Aug. 27.

Thanks,

Matt

---

**From:** Morton Sklar [mailto:msklar@humanrightsusa.org]
**Sent:** Friday, August 10, 2007 12:42 PM
**To:** Kline, Matthew
**Subject:** RE: Wang v. Yahoo!

Matt,

   Let me see if I can quickly and simply set out the main issues we have with your proposed Protective Order draft, so that you can make a judgment as to whether we can reach agreement, or whether you have to move indepently on this. It will not be as detailed as I would like, nor provide the specific alternative language. But it should help you make your decision.

   1. While mention most certainly is made that protected status only attaches where applicable legal standards afford that protection, that standard needs to be explained and set out a bit more clearly than is done in the present text.

   2. In order to prevent overuse of confidentiality claims, it is important that the basis for any such individual claim be identified at the time the claim is being made. This helps to make the process more self-policing, and cuts down on the need for formal challenges, since the basis for the claims are better understood, and claims are not as easily made without a firm legal basis.

   3. It needs to be specified that material that is presently, or subsequently becomes, part of the public record through means other than the litigation, can not be covered by any confidentiality protection claim. As you know, there is a great deal that is coming out about the case as a result of independent reporting. It makes no sense to apply confidentiality restrictions to items that are already, or become, part of the public domaine outside the context of this litigation.

   4. With respect to the linkage to the discovery process that I indicated should be made clearer, I am not sure that this issue relates to the text and contents of the document as much as to the process of its adoption. Let me know if the changes that I have indicated above make sense to you and are acceptable. If not, we don't have to worry about the discovery issue. If yes, we can discuss this further and try to resolve it.

   Let me know where these comment leave you, and how you wish to proceed on this matter.

Morton Sklar
Executive Director
World Organization for Human Rights USA
   (new name for World Organization Against Torture USA)
US Affiliate of the World Organization Against Torture
   International Network
2029 P Street, NW Suite 301
Washington, DC 20036
Tel. (202) 296-5702

8/15/2007

Fax (202) 296-5704

-----Original Message-----
**From:** Kline, Matthew [mailto:MKline@OMM.com]
**Sent:** Friday, August 10, 2007 1:33 PM
**To:** Morton Sklar
**Cc:** Petrocelli, Daniel
**Subject:** RE: Wang v. Yahoo!

Please let us know today. We need to move on this early next week. Please also send us your final letter to State.

---

**From:** Morton Sklar [mailto:msklar@humanrightsusa.org]
**Sent:** Friday, August 10, 2007 7:27 AM
**To:** Kline, Matthew
**Subject:** RE: Wang v. Yahoo!

Matt,
    We would be happy to do the Protective Order jointly, if possible. There are about three major points of difference that I can see that we have with your draft. I will try to review these for you, along with our proposed revisions/additions addressing these points, to see if we can do this jointly.


Morton Sklar
Executive Director
World Organization for Human Rights USA
  (new name for World Organization Against Torture USA)
US Affiliate of the World Organization Against Torture
  International Network
2029 P Street, NW Suite 301
Washington, DC 20036
Tel. (202) 296-5702
Fax (202) 296-5704

-----Original Message-----
**From:** Kline, Matthew [mailto:MKline@OMM.com]
**Sent:** Thursday, August 09, 2007 8:12 PM
**To:** msklar@humanrightsusa.org
**Cc:** Petrocelli, Daniel
**Subject:** Re: Wang v. Yahoo!

Thanks. In addition to the final letter, please get us your position on the protective order. We plan to file a motion on the protective order, but would prefer a joint stipulation.


----- Original Message -----
From: Morton Sklar <msklar@humanrightsusa.org>
To: Kline, Matthew
Sent: Thu Aug 09 12:49:22 2007
Subject: RE: Wang v. Yahoo!

    Received your draft letter. We are still working on revisions to the draft we sent to you Tuesday and will send it as soon as it is completed. But it is clear, as our discussions yesterday indicated, that

there are basic differences in the two letters that can not be reconciled, and so we plan to proceed on
that basis and file a separate version pursuant to the Court's July 31 order, and expect that you will be
doing the same, as we discussed.

Morton Sklar
Executive Director
World Organization for Human Rights USA
  (new name for World Organization Against Torture USA)
US Affiliate of the World Organization Against Torture
  International Network
2029 P Street, NW Suite 301
Washington, DC 20036
Tel. (202) 296-5702
Fax (202) 296-5704

-----Original Message-----
From: Kline, Matthew [mailto:MKline@OMM.com]
Sent: Thursday, August 09, 2007 3:34 PM
To: msklar@humanrightsusa.org
Cc: Petrocelli, Daniel
Subject: Wang v. Yahoo!


Morton,

    Here's our draft letter.  I'm on the road today, so I don't have all your colleagues' email addresses
and may not have attached it correctly.  Please confirm receipt.  Thanks,

Matt


----- Original Message -----
From: Johnson, Maria
To: Kline, Matthew
Sent: Thu Aug 09 12:24:45 2007
Subject:

<<#768228 v2 - Draft Letter to State Department.doc>> <<#768228 v2 - Draft Letter to State
Department.doc>>

Maria Johnson
Assistant to Daniel M. Petrocelli and Anuj K. Gupta
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
(310) 246-8483
mjohnson@omm.com
This message and any attached documents contain information from the law firm
of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are
not the intended recipient, you may not read, copy, distribute, or use this
information. If you have received this transmission in error, please notify the
sender immediately by reply e-mail and then delete this message.

# EXHIBIT C

## Schwarcz, Barbara

| | |
|---|---|
| **From:** | Kline, Matthew |
| **Sent:** | Wednesday, August 15, 2007 10:22 AM |
| **To:** | Schwarcz, Barbara |
| **Subject:** | FW: Protective Order Expedited Hearing |

Please fax to Mr. Sklar.

**From:** Kline, Matthew
**Sent:** Wednesday, August 15, 2007 10:22 AM
**To:** 'Morton Sklar'; mortonandsara03@verizon.net; tharris@humanrightsusa.org; roger.myers@hro.com;
nancy.burnett@hro.com; Petrocelli, Daniel
**Subject:** RE: Protective Order Expedited Hearing

Morton,

Your proposal is unacceptable. We raised these issues in July, and you have dragged them out for
several weeks never offering a revised proposed order and never budging from one of your positions.
You've also never explained how it is that the Court's form protective order--on which we based our
order--is overly broad, except to ignore the point and simply assert that our proposed order is overbroad.

Your proposal for a temporary resolution to this matter would be welcome had you not attached the
same baseless conditions--to which we will not agree. As for Roger's point of yesterday, the media has
no right to trade secret information about YHKL's business, and such facts about a business's contacts to
a forum state *vel non* are regularly the subject of motions to dismiss for lack of personal jurisdiction.

We had hoped not to have to litigate this issue, or worse yet, to have to do so on shortened time, but you
have left us few options.

Matt

**From:** Morton Sklar [mailto:msklar@humanrightsusa.org]
**Sent:** Wednesday, August 15, 2007 8:12 AM
**To:** Morton Sklar; Kline, Matthew; mortonandsara03@verizon.net; tharris@humanrightsusa.org;
roger.myers@hro.com; nancy.burnett@hro.com; Petrocelli, Daniel
**Subject:** RE: Protective Order Expedited Hearing

Matt and others,

    It occurs to us that there may be a simpler way of dealing with the time crunch associated with
your expressed need for obtaining confidentiality and protected status for documents you plan to use in
connection with your upcoming August 27 court submission, than trying to rush through the adoption of
a Protective Order on a highly expedited basis in what amounts to a weeks time.   We offer this
alternative proposal in recognition of your expressed need for confidentiality coverage for elements of
this and associated submissions, and the reality that the expedited schedule you propose does not
provide us (or the Court for that matter) with sufficient time to deal with these matters on a properly

informed and considered basis.

What we propose is that we certainly can agree on an interim and temporary basis, until a formal Protective Order can be put in place on a more reasonable timetable, that for purposes of your upcoming submissions to the Court starting on August 27, that we will accommodate your expressed need to be able to designate selected documents (or portions thereof) associated with these upcoming submissions as subject to confidential and protected status pursuant to the standards set out in the Court's model Protective Order, with the standards of that Order related to potential challenges and other elements covered by the Order in full force and effect. We will agree to accept a reasonable number of such designations by you on an interim basis, with the following understandings: 1. documents or information already a matter of public record, and part of the public domain, or documents or information that obtain that status in the future without the involvement of the parties or their counsel, can not be considered subject to protection; 2. the specific legal basis for making a confidentiality and protected status designation will be indicated for each document or portion thereof so designated, in order that the appropriateness of the designation for purposes of potential challenge can be properly understood and evaluated; 3. a similar courtesy will be accorded to the Plaintiffs with respect to any documents or information that they may choose to similarly designate in connection with their upcoming submissions to the Court associated with the Defendants' Answer to the Complaint on August 27, 2007 and related response pleadings.

In the absence of this interim understanding, we would oppose the expedited date of August 23 that you have proposed for the hearing on this matter, and the expedited processing of the adoption of a Protective Order you propose on the very tight schedule you have indicated, on the grounds that sufficient time has not been provided to consider and deal with these important matters on a properly informed and considered basis, with the understanding that an interim means for affording the protected status that you are seeking for these documents can be provided along the lines of the plan that we have proposed in this communication. We note that the very broad draft Protective Order that you have proposed to us in our discussions would not meet these criteria.

In view of our email problems, please give me a call today to confirm receipt of this communication, and to discuss it if you wish.

Morton Sklar
Executive Director
World Organization for Human Rights USA
  (new name for World Organization Against Torture USA)
US Affiliate of the World Organization Against Torture
  International Network
2029 P Street, NW Suite 301
Washington, DC 20036
Tel. (202) 296-5702
Fax (202) 296-5704

     -----Original Message-----
**From:** Morton Sklar [mailto:msklar@humanrightsusa.org]
**Sent:** Tuesday, August 14, 2007 5:42 PM
**To:** Kline, Matthew; mortonandsara03@verizon.net; tharris@humanrightsusa.org; roger.myers@hro.com; nancy.burnett@hro.com; Petrocelli, Daniel
**Subject:** RE: Draft Protective Order

Matt and Others,

We have given careful consideration to the draft Protective Order that you proposed, especially in light of relevant case precedents dealing with these issues. The concerns we initially expressed to you concerning the overly broad nature and coverage of the Protective Order that you have proposed remain at the forefront of our thinking. These concerns are reinforced by case law that suggests that a very broad and general Protective Order of this type, without carefully framed restrictions, including the type of public record exception that we noted, especially in the context of the type of circumstances presented by our case, are discouraged.

We certainly agree and accept that there may well be material that comes up through disclosure or discovery, or through court pleadings as you suggest, that should appropriately be made subject to a protective order. However, we see no justification for the very broad and all-inclusive framework that you propose. In the absence of that justifying information, where the need for such a general order permitting wide coverage of items where confidentiality requirements have not been demonstrated or explained, and especially given your reluctance to accept the type of language we proposed that would discourage overuse of confidentiality designations on a preventative basis rather than relying solely on a cumbersome challenge system, we do not find it possible to join with you in stipulating to the type of broad Protective Order that you are seeking.

Absent very basic changes in the approach taken in your draft, and especially given your rejection of our suggestion that specific legal grounds be identified for each confidentiality claim, we do not see sufficient common ground to propose specific draft language that would seek to correct the significant problems that remain inherent in your proposal.

We note that we have indicated support for, and stand by our suggestion, that Plaintiffs find necessary, and would certainly support, for example, inclusion of an exception that would preclude or exempt from coverage any information that now is, or in the future becomes, a matter of public information and part of the public domain without the assistance or involvement of the parties or their counsel. As indicated above, we also find necessary, and would support, inclusion of the type of provision that you have specifically rejected, calling for indication of the specific legal basis for any individual confidentiality designations that are made.

If you wish to indicate our position on these matters in your submission to the Court, you are authorized to indicate that Plaintiffs could not agree to your proposed order, and expressed concerns regarding the overly broad nature of the language of the draft, the absence of any justification for such broad coverage, or more detailed specification of the types of documents and items that could be covered, as well as the absence of exceptions for documents that were part of, or became part of, the public domain without the involvement of the parties or attorneys to the litigation, and the absence of a designation of the specific legal basis for claimed protected status for individual confidentiality claims.

Again, we would stress that our concern is not that you would "violate" the terms of a Protective Order (using your words), but rather that, in the form proposed in your draft, such an Order would be highly likely to be applied in an overly broad and unjustified manner, and that the challenge provisions you cite would not serve as an adequate or effective means for preventing this overly broad approach.


Morton Sklar
Executive Director
World Organization for Human Rights USA
  (new name for World Organization Against Torture USA)
US Affiliate of the World Organization Against Torture
  International Network
2029 P Street, NW Suite 301
Washington, DC 20036
Tel. (202) 296-5702
Fax (202) 296-5704

*************** —COMM. JOURNAL— *************** DATE AUG-15-2007 ***** TIME 10:36 ********

```
     MODE = MEMORY TRANSMISSION          START=AUG-15 10:32    END=AUG-15 10:36

       FILE NO.=230

   STN NO.   COMM.   ABBR NO.   STATION NAME/TEL NO.   PAGES   DURATION

     001      OK       ≙          912022965704         004/004 00:03:00


                                           —OMELVENY & MYERS CC12    —

  ***************************** — ROOM (920)    — ***** —    310 246 6779— *********
```

# O'MELVENY & MYERS LLP

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779

## FAX TRANSMITTAL

**DATE & TIME:**
Wednesday, 08/15/07, 10:30 AM

**TOTAL NUMBER OF PAGES:**
4

**TO:**
MORTON SKLAR - World
Organization for Human Rights
USA

**FAX NUMBER:**
(202) 296-5704

**TELEPHONE NUMBER:**
(202) 296-5702

**FROM:**
Matthew T. Kline

**RETURN FAX NUMBER:**
(310) 246-6779

**TELEPHONE NUMBER:**
(310) 246-6840

## MESSAGE

PLEASE SEE ATTACHED

IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL Barbara Schwarcz AT (310) 246-6739, OR OUR
FAX DEPARTMENT AT (310) 246-6891.

| | | | | |
|---|---|---|---|---|
| **FILE NO.:** | 954120-57 | **RETURN ORIGINAL TO:** | Barbara Schwarcz | |
| **USER NO.:** | 10774 | **EXTENSION:** | 6739 | |
| **RESPONSIBLE ATTY NAME:** | Matthew T. Kline | **LOCATION:** | 9S16 | |
| **SPECIAL INSTRUCTIONS:** | | | | |

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.



# O'MELVENY & MYERS LLP

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779

## FAX TRANSMITTAL

| | | |
|---|---|---|
| **DATE & TIME:**<br>Wednesday, 08/15/07, 10:30 AM | | **TOTAL NUMBER OF PAGES:**<br>4 |
| **TO:**<br>MORTON SKLAR - World Organization for Human Rights USA | **FAX NUMBER:**<br>(202) 296-5704 | **TELEPHONE NUMBER:**<br>(202) 296-5702 |
| **FROM:**<br>Matthew T. Kline | **RETURN FAX NUMBER:**<br>(310) 246-6779 | **TELEPHONE NUMBER:**<br>(310) 246-6840 |

## MESSAGE

PLEASE SEE ATTACHED

**IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL** Barbara Schwarcz **AT** (310) 246-6739, **OR OUR FAX DEPARTMENT AT** (310) 246-6891.

| | | | |
|---|---|---|---|
| **FILE NO.:** | 954120-57 | **RETURN ORIGINAL TO:** | Barbara Schwarcz |
| **USER NO.:** | 10774 | **EXTENSION:** | 6739 |
| **RESPONSIBLE ATTY NAME:** | Matthew T. Kline | **LOCATION:** | 9S16 |
| **SPECIAL INSTRUCTIONS:** | | | |

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.

## Powers, Matt

| | |
|---|---|
| **From:** | Kline, Matthew |
| **Sent:** | Wednesday, August 15, 2007 3:11 PM |
| **To:** | Powers, Matt |
| **Subject:** | FW: Draft Protective Order |

**From:** Roger Myers [mailto:Roger.Myers@hro.com]
**Sent:** Tuesday, August 14, 2007 4:39 PM
**To:** Kline, Matthew; Morton Sklar; mortonandsara03@verizon.net; tharris@humanrightsusa.org; Nancy Burnett; Petrocelli, Daniel
**Subject:** RE: Draft Protective Order

I will be out of the office the week of August 20 and cannot attend a court hearing on August 23 on shortened time.

I also see no reason why a protective order is needed before a motion to dismiss is filed, since such a motion by definition is confined to the allegations in the complaint.

Given the nature of this case, it would not surprise me that media entities would also oppose the motion for a protective order. Neither they nor we could agree to a protective order that, among other things, would preclude public access to pleadings and related documents filed in this case (to which the public has a right of presumptive access under the First Amendment).

-----Original Message-----
**From:** Kline, Matthew [mailto:MKline@OMM.com]
**Sent:** Tuesday, August 14, 2007 4:31 PM
**To:** Morton Sklar; mortonandsara03@verizon.net; tharris@humanrightsusa.org; Roger Myers; Nancy Burnett; Petrocelli, Daniel
**Subject:** RE: Draft Protective Order

Morton,

We will file our motion and indicate your opposition. We will be asking the Court to hear the matter on Aug. 23, 2007, on shortened time--*i.e.*, before YHKL's motion to dismiss is due on August 27. Do you oppose our request for shortened time?

Thanks,

Matt

**From:** Morton Sklar [mailto:msklar@humanrightsusa.org]
**Sent:** Tuesday, August 14, 2007 2:42 PM
**To:** Kline, Matthew; mortonandsara03@verizon.net; tharris@humanrightsusa.org; roger.myers@hro.com; nancy.burnett@hro.com; Petrocelli, Daniel
**Subject:** RE: Draft Protective Order

Matt and Others,

We have given careful consideration to the draft Protective Order that you proposed, especially in light of relevant case precedents dealing with these issues. The concerns we initially expressed to you concerning the overly broad nature and coverage of the Protective Order that you have proposed remain at the forefront of our thinking. These concerns are reinforced by case law that suggests that a very broad and general Protective Order of this type, without carefully framed restrictions, including the type of public record exception that we noted, especially in the context of the type of circumstances presented by our case, are discouraged.

We certainly agree and accept that there may well be material that comes up through disclosure or discovery, or through court pleadings as you suggest, that should appropriately be made subject to a protective order. However, we see no justification for the very broad and all-inclusive framework that you propose. In the absence of that justifying information, where the need for such a general order permitting wide coverage of items where confidentiality requirements have not been demonstrated or explained, and especially given your reluctance to accept the type of language we proposed that would discourage overuse of confidentiality designations on a preventative basis rather than relying solely on a cumbersome challenge system, we do not find it possible to join with you in stipulating to the type of broad Protective Order that you are seeking.

Absent very basic changes in the approach taken in your draft, and especially given your rejection of our suggestion that specific legal grounds be identified for each confidentiality claim, we do not see sufficient common ground to propose specific draft language that would seek to correct the significant problems that remain inherent in your proposal.

We note that we have indicated support for, and stand by our suggestion, that Plaintiffs find necessary, and would certainly support, for example, inclusion of an exception that would preclude or exempt from coverage any information that now is, or in the future becomes, a matter of public information and part of the public domain without the assistance or involvement of the parties or their counsel. As indicated above, we also find necessary, and would support, inclusion of the type of provision that you have specifically rejected, calling for indication of the specific legal basis for any individual confidentiality designations that are made.

If you wish to indicate our position on these matters in your submission to the Court, you are authorized to indicate that Plaintiffs could not agree to your proposed order, and expressed concerns regarding the overly broad nature of the language of the draft, the absence of any justification for such broad coverage, or more detailed specification of the types of documents and items that could be covered, as well as the absence of exceptions for documents that were part of, or became part of, the public domain without the involvement of the parties or attorneys to the litigation, and the absence of a designation of the specific legal basis for claimed protected status for individual confidentiality claims.

Again, we would stress that our concern is not that you would "violate" the terms of a Protective Order (using your words), but rather that, in the form proposed in your draft, such an Order would be highly likely to be applied in an overly broad and unjustified manner, and that the challenge provisions you cite would not serve as an adequate or effective means for preventing this overly broad approach.


Morton Sklar
Executive Director
World Organization for Human Rights USA
  (new name for World Organization Against Torture USA)
US Affiliate of the World Organization Against Torture
  International Network
2029 P Street, NW Suite 301
Washington, DC 20036
Tel. (202) 296-5702
Fax (202) 296-5704

 Experience Listens. **Be Heard.**"

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner. Thank you.

FEDERAL TAX ADVICE DISCLAIMER We are required by U. S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.