Xiaoning et al v. Yahoo! Inc, et al                                                                                    Doc. 60

Case 4:07-cv-02151-CW    Document 60    Filed 08/20/2007    Page 1 of 3

1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
   mkline@omm.com
3  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
4  Los Angeles, CA  90067-6035
   Telephone:    (310) 553-6700
5  Facsimile:    (310) 246-6779
   Attorneys for Defendant YAHOO!, INC and Special
6  Appearing Defendant YAHOO! HONG KONG,
   LTD.

7

8              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
9                  OAKLAND DIVISION

10 WANG XIAONING, YU LING, SHI          Case No.  C07-02151 CW
   TAO, and ADDITIONAL PRESENTLY
11 UNNAMED AND TO BE IDENTIFIED         **MOTION FOR ADMINISTRATIVE**
   INDIVIDUALS,                         **RELIEF AND JOINT STIPULATED**
12                                      **REQUEST FOR ADDITIONAL PAGES**
                                        **FOR BOTH YAHOO! INC.'S MOTION TO**
13              Plaintiffs,             **DISMISS AND FOR PLAINTIFFS'**
                                        **OPPOSITION**
14        v.
                                        Judge:  Hon. Claudia Wilken
15 YAHOO! INC., a Delaware Corporation,
   YAHOO! HONG KONG, LTD., a Foreign
16 Subsidiary of Yahoo!, AND OTHER
   PRESENTLY UNNAMED AND TO BE
17 IDENTIFIED INDIVIDUAL
   EMPLOYEES OF SAID
18 CORPORATIONS,

19              Defendants.

20        Pursuant to Civil Local Rule 7-11, defendant Yahoo!, Inc. ("Yahoo!") moves for an order

21 increasing the page limit for its motion to dismiss, due August 27, 2006, and for plaintiffs'

22 opposition to that motion, due September 26, from 25 pages to 50 pages.  Plaintiffs agree that a

23 limit of 50 pages is appropriate, and the parties have filed a joint stipulation in support of this

24 request, pursuant to Civil Local Rule 7-12.  Defendants' reasons for this request are as follows:[1]

25        1.  This is a complex case.  Plaintiffs assert 11 causes of action against two defendants on

26 behalf of three plaintiffs and invoke international, federal, and California law.  Plaintiffs raise

27 ─────────────────────
   [1] To be clear, plaintiffs stipulated to the 50-page limit proposed, but do not stipulate to
28 defendants' views concerning the pertinent legal issues at issue in this case, as expressed herein.
   C07-02151 CW
   MOT. FOR ADMINISTRATIVE RELIEF RE:
   ADDITIONAL PAGES

four different Alien Tort Statute claims (each of which must be addressed specifically) and rely on a secondary, aiding-and-abetting theory of liability against a non-state actor (Yahoo!), which further complicates the analysis under the ATS and other legal sources that plaintiffs invoke. Plaintiffs' case raises issues of Chinese law and the law of nations generally, which require some explication, and presents justiciability concerns not raised in the usual case.  This Court and others, in lengthy and scholarly opinions, *see, e.g.*, *Doe v. Qi*, 349 F. Supp. 2d 1258 (N.D. Cal. 2004), have devoted a large number of pages to addressing such issues in ATS cases.[2]

2.  Indeed, although 50 pages is twice the usual length for a motion to dismiss, it is fairly common for similar motions in ATS cases of this sort.  For example, plaintiffs' motion for a default judgment in *Qi* was 45 pages and was supported by well over 75 pages of affidavits on international law.  To take just a small sampling of other cases, defendants' memorandum in support of its motion to dismiss in *Mother Doe I ex rel. R.M. v. Al Maktoum*, 2007 WL 2209258 (S.D. Fla. 2007) (Brief at 2006 WL 4034319), was 51 pages; defendants' memorandum in support of its motion to dismiss in *Saleh v. Titan Corp.*, 361 F.Supp.2d 1152 (S.D. Cal. 2005), was 51 pages;[3] and plaintiffs' opposition to defendants' motion to dismiss in *Turedi v. Coca-Cola Company*, 460 F. Supp. 2d 507 (S.D.N.Y. 2006) (Brief at 2006 WL 2310785), was 55 pages.

3.  Considering the complex legal issues presented by this case, we submit that a brief of 50 pages is necessary, appropriate, and reasonable.  Among other issues, Yahoo!'s motion will address whether:

- plaintiffs' claims are justiciable under *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004), the act of state doctrine, principles of international comity, and the political question doctrine;

- plaintiffs' claims contravene federal, California, and international law—each of which shields defendants from civil liability for communicating with law enforcement

---

[2] For example, Magistrate Judge Chen's initial Report and Recommendation in *Qi* was 89 pages, and the final report was 95 pages.

[3] After the case was transferred and the case amended, defendants filed another motion to dismiss and supporting memorandum, this one 45 pages.  *See Saleh v. Titan Corp.*, 436 F.Supp.2d 55 (D.D.C. 2006) (brief at 2006 WL 1222774).

1    officials regarding investigations;

2    • plaintiffs have failed to state a claim under the Alien Tort Statute, the Torture Victim

3    Protection Act, the Electronic Communications Privacy Act, and the international and

4    California statutory and common law sources on which they rely; and

5    • whether plaintiffs' case must be dismissed because they failed, pursuant to Rule 19, to

6    join the People's Republic of China or the PRC officials as defendants.

7    Yahoo! intends to address these complicated issues succinctly and requested that plaintiffs

8    stipulate to 60 pages to brief these issues.  Plaintiffs agreed to 50 pages, which Yahoo! now

9    requests.

10    For the foregoing reasons:

11    (1) Defendant Yahoo! Inc. should be permitted 50 pages of briefing for their

12    memorandum in support of their upcoming motion to dismiss, due August 27, 2006; and

13    (2) Plaintiffs Wang Xiaoning, Lu Ying, and Shi Tao should be permitted 50 pages of

14    briefing for their opposition in response to Yahoo!'s motion.

15    Dated: August 20, 2007                    DANIEL M. PETROCELLI
                                                MATTHEW T. KLINE
16                                              O'MELVENY & MYERS LLP

17

18                                              By:_____

19                                                  Daniel M. Petrocelli
                                                Attorneys for Defendant
20                                              YAHOO!, INC and Special Appearing
                                                Defendant YAHOO! HONG KONG, LTD.

21

22    CC1:769284.1

23

24

25

26

27

28