Xiaoning et al v. Yahoo! Inc, et al

Case 4:07-cv-02151-CW    Document 65-9    Filed 08/27/2007    Page 1 of 45

Doc. 65 Att. 8

TAB 4

Dockets.Justia.com

## CRIMINAL PROCEDURE LAW (P.R.C.)

### Zhong hua ren min gong he guo xing shi su song fa

**Article 45:** The People's Courts, the People's Procuratorates and the public security organs shall have the authority to collect or obtain evidence from the units and individuals concerned. The units and individuals concerned shall provide truthful evidence.

Evidence involving State secrets shall be kept confidential.

Anyone that falsifies, conceals or destroys evidence, regardless of which side of a case he belongs to, must be investigated under law.

SOURCE: THE CONGRESSIONAL-EXECUTIVE COMMITTEE ON CHINA



# CONGRESSIONAL - EXECUT COMMISSION ON CHINA

**Home    Search    Printer Friendly**

Subscribe/Unsubscribe to
Commission Email & Newsletter

About the Commission ▶

Hearings & Roundtables ▶

Publications ▶

Press Releases

Virtual Academy

PRC E-Government Directory

CECC Prisoner Database

Selected PRC Legal Provisions ▶

International Human Rights Materials

CECC Employment Opportunities

Email Us

Subscribe/Unsubscribe to Commission Email List

## CRIMINAL PROCEDURE LAW OF THE PEOPLE'S REPUBLIC OF CHINA

### (Adopted on January 1, 1997)

PART ONE GENERAL PROVISIONS

CHAPTER I AIM AND BASIC PRINCIPLES

CHAPTER II JURISDICTION

CHAPTER III WITHDRAWAL

CHAPTER IV DEFENCE AND REPRESENTATION

CHAPTER V EVIDENCE CHAPTER VI COMPULSORY MEASURES

CHAPTER VII INCIDENTAL CIVIL ACTIONS

CHAPTER VIII TIME PERIODS AND SERVICE

CHAPTER IX OTHER PROVISIONS PART TWO FILING A CASE, INVESTIGATION, AND INITIATION OF PUBLIC PROSECUTION

CHAPTER I FILING A CASE

CHAPTER II INVESTIGATION

SECTION 1 GENERAL PROVISIONS

SECTION 2 INTERROGATION OF THE CRIMINAL SUSPECT

SECTION 3 QUESTIONING OF THE WITNESSES

SECTION 4 INQUEST AND EXAMINATION

SECTION 5 SEARCH

SECTION 6 SEIZURE OF MATERIAL EVIDENCE AND DOCUMENTARY EVIDENCE



intentionally conceals the facts shall be investigated.

Article 45 The People's Courts, the People's Procuratorates and the public security organs shall have the authority to collect or obtain evidence from the units and individuals concerned. The units and individuals concerned shall provide truthful evidence.

Evidence involving State secrets shall be kept confidential.

Anyone that falsifies, conceals or destroys evidence, regardless of which side of a case he belongs to, must be investigated under law.

Article 46 In the decision of all cases, stress shall be laid on evidence, investigation and study; credence shall not be readily given to oral statements. A defendant cannot be found guilty and sentenced to a criminal punishment if there is only his statement but no evidence; the defendant may be found guilty and sentenced to a criminal punishment if evidence is sufficient and reliable, even without his statement.

Article 47 The testimony of a witness may be used as a basis in deciding a case only after the witness has been questioned and cross-examined in the courtroom by both sides, that is, the public prosecutor and victim as well as the defendant and defenders, and after the testimonies of the witnesses on all sides have been heard and verified. If a court discovers through investigation that a witness has intentionally given false testimony or concealed criminal evidence, it shall handle the matter in accordance with law.

Article 48 All those who have information about a case shall have the duty to testify.

Physically or mentally handicapped persons or minors who cannot distinguish right from wrong or cannot properly express themselves shall not be qualified as witnesses.

Article 49 The People's Courts, the People's Procuratorates and the public security organs shall insure the safety of witnesses and their near relatives.

Anyone who intimidates, humiliates, beats or retaliates against a witness or his near relatives, if his act constitutes a crime, shall be investigated for criminal responsibility according to law; if the case is not serious enough for criminal punishment, he shall be punished for violation of public security in accordance with law.

Article 50 The People's Courts, the People's Procuratorates and the public security organs may, according to the circumstances of a case, issue a warrant to compel the appearance of the criminal suspect or defendant, order him to obtain a guarantor pending trial or subject him to residential surveillance.

Article 51 The People's Courts, the People's Procuratorates and the public security organs may allow criminal suspects or defendants under any of the following conditions to obtain a guarantor pending trial or subject them to residential surveillance:

(1) They may be sentenced to public surveillance, criminal detention or simply imposed with supplementary punishments; or

# TAB 5

## CIVIL PROCEDURE LAW 1991 (P.R.C.)

### Zhong hua ren min gong he guo min shi su song fa

**Article 59**: When a person entrusts another to act on his behalf in litigation, he must submit to the people's court a power of attorney bearing his signature or seal.

The power of attorney must specify the matter and limits of authority entrusted. An agent ad litem must possess special authorization from his principal to confirm, relinquish or modify the claim or to institute a compromise or file a counterclaim or an appeal.

A power of attorney mailed or delivered care of others by a citizen of the People's Republic of China residing abroad must be certified by the Chinese embassy or consulate in that country. If there is no Chinese embassy or consulate in that country, the power of attorney must be certified by an embassy or a consulate of a third state that has diplomatic relations with thePeople's Republic of China stationed in the country, and then transferred for verification to the embassy or consulate of the People's Republic of China stationed in that third state, or by a local patriotic overseas Chinese organization.

SOURCE: CHINALAWINFO CO., LTD

Source: http://www.lawinfochina.com/law/display.asp?db=1&id=19&keyword

Civil Procedure Law of the People's Republic of China

Promulgation date: 04-09-1991 Department: National People's Congress
Effective date: 04-09-1991 Subject: Civil Litigation

-------------------------------------------------------------------------------

(Adopted on April 9, 1991 at the Fourth Session of the Seventh National People's Congress)

CONTENTS

PART ONE GENERAL PROVISIONS

CHAPTER I THE AIM, SCOPE OF APPLICATION AND BASIC PRINCIPLES

CHAPTER II JURISDICTION

SECTION 1 JURISDICTION BY LEVEL

SECTION 2 TERRITORIAL JURISDICTION

SECTION 3 REFERRAL AND DESIGNATION OF JURISDICTION

CHAPTER III TRIAL ORGANIZATION

CHAPTER IV WITHDRAWAL

CHAPTER V PARTICIPANTS IN PROCEEDINGS

SECTION 1 PARTIES

SECTION 2 AGENTS AD LITEM

CHAPTER VI EVIDENCE

CHAPTER VII TIME PERIODS AND SERVICE

SECTION 1 TIME PERIODS

SECTION 2 SERVICE

CHAPTER VIII CONCILIATION

the other party or institution of a compromise by the representatives shall be subject to the approval of the party they represent.

The judgments or orders rendered by the people's court shall be effective for all the claimants who have filed at the court. The same judgments or orders shall be binding on the claimants who have not filed at the court but instituted legal proceedings during the limitation of action.

Article 56. If a third party considers that it has an independent claim to the object of action of both parties, it shall have the right to bring an action.

If a third party has no independent claim to the object of action of both parties, however, the outcome of the case will affect its interest legally, it may file a request to participate in the proceedings or the people's court shall notify it to participate. A third party that is to bear civil liability as judged by the people's court shall have the litigation rights of a party.

SECTION 2 AGENTS AD LITEM

Article 57. Any person with no capacity to engage in litigation shall have his guardians as agents ad litem to represent him in a lawsuit. If the agents ad litem try to shift their responsibilities as agents ad litem onto one another, the people's court shall appoint one of them to represent the principal in litigation.

Article 58. Each party or legal representative may appoint one or two persons to act as his agents at litem.

A party's near relative, a lawyer, a person recommended by a relevant public organization or the unit to which a party belongs or any other citizen approved by the people's court may be entrusted as the party's agent ad litem.

Article 59. When a person entrusts another to act on his behalf in litigation, he must submit to the people's court a power of attorney bearing his signature or seal.

The power of attorney must specify the matter and limits of authority entrusted. An agent ad litem must possess special authorization from his principal to confirm, relinquish or modify the claim or to institute a compromise or file a counterclaim or an appeal.

A power of attorney mailed or delivered care of others by a citizen of the People's Republic of China residing abroad must be certified by the Chinese embassy or consulate in that country. If there is no Chinese embassy or consulate in that country, the power of attorney must be certified by an embassy or a consulate of a third state that has diplomatic relations with thePeople's Republic of China stationed in the country, and then transferred for verification to the embassy or consulate of the People's Republic of China stationed in that third state, or by a local patriotic overseas Chinese organization.

TAB 6

## LAW ON PROTECTING STATE SECRETS (P.R.C.)

### Zhong hua ren min gong he guo bao shou guo jia mi mi fa

**Article 24.** No state secrets shall be divulged in private contacts or correspondence.

When carrying documents and other material and objects classified as state secrets on official tours, no one shall go against the relevant security regulations.

No state secrets shall be discussed in public places.


SOURCE: THE CONGRESSIONAL-EXECUTIVE COMMITTEE ON CHINA



# CONGRESSIONAL - EXECUT
# COMMISSION ON CHINA

**Home   Search   Printer Friendly**

Subscribe/Unsubscribe to
Commission Email & Newsletter

**About the Commission** ▶

**Hearings & Roundtables** ▶

**Publications** ▶

**Press Releases**

**Virtual Academy**

**PRC E-Government Directory**

**CECC Prisoner Database**

**Selected PRC Legal Provisions** ▶

**International Human Rights Materials**

**CECC Employment Opportunities**

**Email Us**

**Subscribe/Unsubscribe to Commission Email List**

## Law of the People's Republic of China on Guarding State Secrets

CONTENTS

CHAPTER I GENERAL PROVISIONS

CHAPTER II SCOPES AND CATEGORIES OF STATE SECRETS

CHAPTER III SECURITY RULES

CHAPTER IV LEGAL RESPONSIBILITY

CHAPTER V SUPPLEMENTARY PROVISIONS

CHAPTER I GENERAL PROVISIONS

Article 1. This Law is formulated for the purpose of guarding state secrets, safeguarding state security and national interests and ensuring the smooth progress of reform, of opening to the outside world, and of socialist construction.

Article 2. State secrets shall be matters that have a vital bearing on state security and national interests and, as specified by legal procedure, are entrusted to a limited number of people for a given period of time.

Article 3. All state organs, armed forces, political parties, public organizations, enterprises, institutions and citizens shall have the obligation to guard state secrets.

Article 4. The work of guarding state secrets shall be carried out in line with the principle of actively preventing their leak and laying emphasis on priorities so that state secrets are kept while work in all other fields is facilitated.

Article 5. The state secret-guarding department shall be responsible for the guarding of state secrets throughout the country.

The local secret-guarding departments at or above the county level shall, within the scope of their functions and powers, be responsible for the guarding of state secrets in the administrative areas under their jurisdiction.

The central state organs shall, within the scope of their functions and powers, be responsible for and guide the work of guarding state secrets in their own



material and objects that are state secrets.

Measures for storing, drawing, processing and transmitting state secrets by electronic information and other technical means shall be formulated by the state secret-guarding department together with the central organs concerned.

Article 18. Documents and other material and objects that are classified as " most confidential " state secrets must be guarded by the following security measures:

(1) They shall not be copied or extracted without approval by the state organ or unit that determined their categories or by superior departments;

(2) People shall be specially designated and necessary security measures taken for their dispatch, reception, delivery and carrying; and

(3) They shall be kept in perfectly equipped safes.

Security measures shall be taken in accordance with the provisions of the preceding paragraphs, for approved copies or extracts of documents and other material and objects classified as " most confidential " state secrets.

Article 19. Security measures shall be formulated by the state secret-guarding department, together with the central organs concerned, for the trial manufacture, production, transportation, use, preservation, maintenance and destruction of equipment or goods classified as state secrets.

Article 20. In the publication and distribution of newspapers, journals, books, maps, material with illustrations and captions, and audio and video products and in the production and broadcast of radio and television programmes and films, the relevant security regulations shall be complied with and no state secrets shall be divulged.

Article 21. When state secrets have to be furnished for the benefits of contacts and co-operation with foreign countries, approval must be obtained beforehand in line with the prescribed procedures.

Article 22. With regard to meetings and other activities that involve state secrets, the sponsor units shall take security measures, explain to the participants the need to guard secrets and set specific requirements for the purpose.

Article 23. Military forbidden zones and places and locations that are state secrets not open to the public shall be protected by security measures; no one may decide to open them to the public or enlarge the area that is open to the public without approval obtained in accordance with the relevant state regulations.

Article 24. No state secrets shall be divulged in private contacts or correspondence.

When carrying documents and other material and objects classified as state secrets on official tours, no one shall go against the relevant security regulations.

No state secrets shall be discussed in public places.

# TAB 7

## REGULATION ON TELECOMMUNICATIONS (P.R.C.)

### Zhong hua ren min gong he guo dian xin tiao li

**Article 57.** Any organisation or individual shall not use telecommunications networks to produce, copy, publish and transmit information having the following contents:

( 1 ) against the Cardinal Principles set forth in the Constitution;

( 2 ) detrimental to State security, State secrecy, State power and national unification;

( 3 ) detrimental to State honour and interests;

( 4 ) instigating ethnic hatred or discrimination and detrimental to national unity;

( 5 ) detrimental to State religious policy, propagating heretical or superstitious ideas;

( 6 ) disseminating rumours, disrupting social order and stability;

( 7 ) disseminating obscenity, pornography, force, brutality and terror or crime-abetting;

( 8 ) humiliating slandering others, trespassing the lawful rights and interests of others;

( 9 ) other contents forbidden by laws and regulations.

SOURCE: CHINALAWINFO CO., LTD

【Print】

--------------------------------------------------------------------------------
Regulation on Telecommunications of the People's Republic of China

Promulgation date: 0925-20-00
Effective date: 0925-20-00
Department: State Council
Subject: Post and Telecommunications

--------------------------------------------------------------------------------
Decree of the State Council of the People's Republic of China (No. 291)

The Regulation on Telecommunications of the People's Republic of China has been adopted at the 31st regular meeting of the State Council on September 20, 2000 and is hereby published.

ZHU Rongji(Premier)

September 25, 2000

Regulation on Telecommunications of the People's Republic of China

Section 1. General principles

Article 1. This Regulation is formulated to regulate the order of the telecommunications market, to protect the lawful rights and interests of telecommunications users and service providers and to ensure the safety of telecommunications network and information so as to promote the healthy development of telecommunications.

Article 2. Anyone engaged in telecommunications activities or activities in connection with telecommunications within the territory of the People's Republic of China shall abide by this Regulation.

Telecommunications in this Regulation refer to the use of wired or wireless electromagnetic systems, or photoelectric systems, to transmit, emit or receive speech, text, data, graphics or any other form of information.

Article 3. The Ministry of Information Industries (MII) under the State Council is responsible for the nation-wide supervision and administration of telecommunications in accordance with this Regulation.

The telecommunications administrative authorities of all provinces, autonomous regions and cities under the direct control of the Central Government are responsible, under the guidance of MII, for the supervision and administration of telecommunications in their regions in accordance with this Regulation.

Telecommunications terminal equipment, radio communications equipment and equipment related to network link-ups connected to public telecommunications networks must conform to the State standard and obtain a license for network connection.

The Catalogue for Telecommunications Equipment under the Network Connection Licensing System shall be formulated by MII together with the State Administration of Quality Control (SAQC).

Article 55. To obtain a licence for network connection of telecommunications equipment, an application shall be filed to MII together with a verification report granted by a telecommunications equipment verification agency recognised by SAQC or a Product Quality Certificate issued by a quality certification agency.

MII shall examine the application and the report or certification within 60 days after receiving the application. If the application passes the examination, a license will be granted; otherwise, a written reply explaining the reason for rejection will be given.

Article 56. A producer of telecommunications equipment shall guarantee the quality of its products which obtain a license for network connection.

A producer of telecommunications equipment shall put network connection licensing signs on the products they produce.

SAQC and MII shall jointly organise quality supervision and control checks for telecommunications equipment licensed for network connection and publish their reports.

Section 5. Telecommunications security

Article 57. Any organisation or individual shall not use telecommunications networks to produce, copy, publish and transmit information having the following contents:

( 1 ) against the Cardinal Principles set forth in the Constitution;

( 2 ) detrimental to State security, State secrecy, State power and national unification;

( 3 ) detrimental to State honour and interests;

( 4 ) instigating ethnic hatred or discrimination and detrimental to national unity;

( 5 ) detrimental to State religious policy, propagating heretical or superstitious ideas;

( 6 ) disseminating rumours, disrupting social order and stability;

( 7 ) disseminating obscenity, pornography, force, brutality and terror or crime-abetting;

( 8 ) humiliating slandering others, trespassing the lawful rights and interests of others;

( 9 ) other contents forbidden by laws and regulations.

Article 58. Any organisation or individual shall not conduct the following activities detrimental to telecommunications network security and information security:

( 1 ) Deleting or modifying the functions of telecommunications networks and the data stored, processed and transported and the application programmes thereof;

( 2 ) Using telecommunications networks to steal or destroy the information of others, or to conduct activities detrimental to the lawful rights and interests of others;

( 3 ) Producing, copying and transmitting on purpose computer viruses or attacking through other ways telecommunications networks and facilities of others;

( 4 ) Conducting other activities detrimental to telecommunications network security and information security.

Article 59. Any organisation or individual shall not conduct the following activities disrupting the order of the telecommunications market:

( 1 ) Operating, through renting international dedicated telecommunications lines or establishing relaying facilities without permission or other means, telecommunications connections with other countries, Hong Kong Macao and Taiwan;

( 2 ) Connecting unlawfully to telecommunications lines of other and coping the telecommunications codes of others, or use knowingly such facilities or codes;

( 3 ) forging or altering telephone cards and other valued certificates of telecommunications services;

( 4 ) EDI;

( 5 ) On-line data processing and trading processing;

( 6 ) Value-added fax;

( 7 ) Internet connection service;

( 8 ) Internet information service;

( 9 ) Audio-visual telephone conference service.

---------------------------------------------------------------------------

©Copyright Chinalawinfo Co.,Ltd
database@chinalawinfo.com

# TAB 8

## OPINIONS OF THE SUPREME PEOPLE'S COURT ON CERTAIN ISSUES CONCERNING APPLICATION OF PRC CIVIL PROCEDURE LAW 2002

### Zui gao ren min fa yuan guan yu shi yong <zong hua ren min gong he guo min shi su song fa> ruo gan went i de yi jian

**Article 69.**  Any authorizations that involved parties want to submit to the People's Court shall be delivered to People's Court before the trial. For those authorizations which only have "plenipotentiary representation" written on them and do not have specific authorizations, the representative of the legal proceeding has no right to represent the parties in admitting, discarding or modifying a request for a legal proceeding, conducting mediation, or raising a counterclaim or an appeal.

SOURCE: CHINALAWINFO CO., LTD, CHINESE
TRANSLATED BY NETWORK OMNI  TRANSLATION SERVICES

Source: http://www.law-lib.com/law/law_view.asp?id=54915

Opinions of the Supreme People's Court on Certain Issues Concerning the Application of the "Civil Procedure Law of the People's Republic of China"

(Discussed and passed at the 528th Meeting of the Supreme People's Court Tribunal Committee on July 14th, 1992, Law Document No. 22 (92))

[Page 5]

69.   Any authorizations that involved parties want to submit to the People's Court shall be delivered to People's Court before the trial. For those authorizations which only have "plenipotentiary representation" written on them and do not have specific authorizations, the representative of the legal proceeding has no right to represent the parties in admitting, discarding or modifying a request for a legal proceeding, conducting mediation, or raising a counterclaim or an appeal.

Source: http://www.law-lib.com/law/law_view.asp?id=54915

Opinions of the Supreme People's Court on Certain Issues Concerning Application of PRC Civil Procedure Law

最高人民法院关于适用《中华人民共和国民事诉讼法》若干问题的意见

（１９９２年７月１４日 最高人民法院审判委员会第５２８次会议讨论通过，法发（９２）２２号）

为了正确适用《中华人民共和国民事诉讼法》(以下简称民事诉讼法)，根据民事诉讼法的规定和审判实践经验，我们提出以下意见，供各级人民法院在审判工作中执行。

一、管辖

１、民事诉讼法第十九条第(一)项规定的重大涉外案件，是指争议标的额大，或者案情复杂，或者居住在国外的当事人人数众多的涉外案件。

２、专利纠纷案件由最高人民法院确定的中级人民法院管辖。

海事、海商案件由海事法院管辖。

３、各省、自治区、直辖市高级人民法院可以依照民事诉讼法第十九条第(二)项、第二十条的规定，从本地实际情况出发，根据案情繁简、诉讼标的金额大小、在当地的影响等情况，对本辖区内一审案件的级别管辖提出意见，报最高人民法院批准。

４、公民的住所地是指公民的户籍所在地，法人的住所地是指法人的主要营业地或者主要办事机构所在地。

５、公民的经常居住地是指公民离开住所地至起诉时已连续居住一年以上的地方。但公民住院就医的地方除外。

６、被告一方被注销城镇户口的，依照民事诉讼法第二十三条规定确定管辖；双方均被注销城镇户口的，由被告居住地的人民法院管辖。

６８、除律师、当事人的近亲属、有关的社会团体或者当事人所在单位推荐的人之外，当事人还可以委托其他公民为诉讼代理人。但无民事行为能力人、限制民事行为能力人或者可能损害被代理人利益的人以及人民法院认为不宜作诉讼代理人的人，不能作为诉讼代理人。

６９、当事人向人民法院提交的授权委托书，应在开庭审理前送交人民法院。授权委托书仅写"全权代理"而无具体授权的，诉讼代理人无权代为承认、放弃、变更诉讼请求，进行和解，提起反诉或者上诉。

三、证据

７０、人民法院收集调查证据，应由两人以上共同进行。调查材料要由调查人、被调查人、记录人签名或盖章。

７１、对当事人提供的证据，人民法院应当出具收据，注明证据的名称、收到的时间、份数和页数，由审判员或书记员签名或盖章。

７２、证据应当在法庭上出示，并经过庭审辩论、质证。依法应当保密的证据，人民法院可视具体情况决定是否在开庭时出示，需要出示的，也不得在公开开庭时出示。

７３、依照民事诉讼法第六十四条第二款规定，由人民法院负责调查收集的证据包括：

（１）当事人及其诉讼代理人因客观原因不能自行收集的；

（２）人民法院认为需要鉴定、勘验的；

（３）当事人提供的证据互相有矛盾、无法认定的；

（４）人民法院认为应当由自己收集的其他证据。

７４、在诉讼中，当事人对自己提出的主张，有责任提供证据。但在下列侵权诉讼中，对原告提出的侵权事实，被告否认的，由被告负责举证：

（１）因产品制造方法发明专利引起的专利侵权诉讼；

（２）高度危险作业致人损害的侵权诉讼；

（３）因环境污染引起的损害赔偿诉讼；



los angeles

portland

miami

toronto

lima

zürich

london

santo domingo

**NetworkOmni**®
*Multilingual Communications*

## Translation Certificate of Accuracy

58556
O'Melveny & Myers LLP
China case.doc
Opinions of the Supreme Peoples Court on Certain Issues Concerning Application of PRC Civil Procedure Law (2).doc
People's Supreme Court's Judicial Interpretations on the People's Republic of China Administrative Procedure Law (2).doc

The above referenced document has been translated accurately, completely and reliably, and reviewed for cultural appropriateness by two qualified translators—one to translate and one to edit. No additions or deletions have occurred that would change the context of the source language message; content has not been altered or misrepresented; specific industry terminology has been used throughout; the reading level (linguistic register) of the original document has been maintained; and if adaptation of the reading level has been requested, target text has been adapted following Client's instructions.

The translators translating the materials have professional translation experience, full fluency in the target language of the materials, the ability to read and understand the source language, knowledge and experience with the culture(s) of the intended audience, and adequate knowledge of the subject matter.

This Certificate of Accuracy is hereby issued within the limits set forth by NetworkOmni's Terms and Conditions. The signing representative acknowledges that the information related to the above referenced document is privileged and confidential communication, and that reproduction of said materials is strictly prohibited without written authorization.

Mari Jo Sather
_____
Printed Name of Certifying Representative

Assistant Production Manager
_____
Title

_____
Signature

August 27, 2007
_____
Date

State of California
County of Los Angeles

On August 27, 2007, before me, Janice Parvin, Notary Public, personally appeared Mari Jo Sather, personally known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____
Notary Public

JANICE S. PARVIN
Commission # 1742963
Notary Public - California
Ventura County
My Comm. Expires May 27, 2011

# TAB 9

**PEOPLE'S SUPREME COURT'S JUDICIAL INTERPRETATIONS ON THE PEOPLE'S REPUBLIC OF CHINA ADMINISTRATIVE PROCEDURE LAW**

**Zui gao ren min fa yuan guan yu zhi xing <zhong hua ren min gong he guo xing zheng su song fa> ruo gan wen ti de jie shi**

**Article 2.** Acts of the State as regulated in Paragraph 1 of Article 12 of the "Administrative Procedure Law" refer to acts concerning national defense and foreign affairs implemented in the name of the state by the State Council, Central Military Commission, Ministry of National Defense, and Ministry of Foreign Affairs as authorized by the constitution and law, as well as acts of state organs authorized by the constitution and law, such as declaring state emergencies, implementing martial law, and launching mass mobilizations.

SOURCE: CHINALAWINFO CO., LTD, CHINESE
TRANSLATED BY NETWORK OMNI TRANSLATION SERVICES

Source: http://www.law-lib.com/law/law_view1.asp?id=33

Explanations of the Supreme People's Court on Certain Issues Concerning Implementations of the "Administrative Procedure Law of the People's Republic of China (PRC)"

March 10th, 2000

 (Passed at the 1088th Meeting of the Supreme People's Court Tribunal Committee on November 24th, 1999)

 〔2000〕 Law Comment No. 8

Announcement of The Supreme People's Court of the PRC


[Page 2]
    Article 2    Acts of the State as regulated in Paragraph 1 of Article 12 of the "Administrative Procedure Law" refer to acts concerning national defense and foreign affairs implemented in the name of the state by the State Council, Central Military Commission, Ministry of National Defense, and Ministry of Foreign Affairs as authorized by the constitution and law, as well as acts of state organs authorized by the constitution and law, such as declaring state emergencies, implementing martial law, and launching mass mobilizations.

Source: http://www.law-lib.com/law/law_view1.asp?id=33

最高人民法院关于执行《中华人民共和国行政诉讼法》若干问题的解释

2000 年 03 月 10 日

(1999 年 11 月 24 日最高人民法院审判委员会第 1088 次会议通过)

法释〔2000〕8 号

中华人民共和国最高人民法院公告

　　《最高人民法院关于执行〈中华人民共和国行政诉讼法〉若干问题的解释》已于 1999 年 11 月 24 日由最高人民法院审判委员会第 1088 次会议通过。现予公布，自 2000 年 3 月 10 日起施行。

2000 年 3 月 8 日

　　为正确理解和适用《中华人民共和国行政诉讼法》(以下简称行政诉讼法)，现结合行政审判工作实际，对执行行政诉讼法的若干问题作出如下解释：

　　一、受案范围

　　第一条　公民、法人或者其他组织对具有国家行政职权的机关和组织及其工作人员的行政行为不服，依法提起诉讼的，属于人民法院行政诉讼的受案范围。

公民、法人或者其他组织对下列行为不服提起诉讼的，不属于人民法院行政诉讼的受案范围：

（一）行政诉讼法第十二条规定的行为；

（二）公安、国家安全等机关依照刑事诉讼法的明确授权实施的行为；

(三)调解行为以及法律规定的仲裁行为；

(四)不具有强制力的行政指导行为；

(五)驳回当事人对行政行为提起申诉的重复处理行为；

(六)对公民、法人或者其他组织权利义务不产生实际影响的行为。

第二条　行政诉讼法第十二条第(一)项规定的国家行为，是指国务院、中央军事委员会、国防部、外交部等根据宪法和法律的授权，以国家的名义实施的有关国防和外交事务的行为，以及经宪法和法律授权的国家机关宣布紧急状态、实施戒严和总动员等行为。

第三条　行政诉讼法第十二条第（二）项规定的"具有普遍约束力的决定、命令"，是指行政机关针对不特定对象发布的能反复适用的行政规范性文件。

第四条　行政诉讼法第十二条第（三）项规定的"对行政机关工作人员的奖惩、任免等决定"，是指行政机关作出的涉及该行政机关公务员权利义务的决定。

第五条　行政诉讼法第十二条第(四)项规定的"法律规定由行政机关最终裁决的具体行政行为"中的"法律"，是指全国人民代表大会及其常务委员会制定、通过的规范性文件。



**NetworkOmni®**
*Multilingual Communications*

los angeles

portland

miami

toronto

lima

zürich

london

santo domingo

## Translation Certificate of Accuracy

58556
O'Melveny & Myers LLP
China case.doc
Opinions of the Supreme Peoples Court on Certain Issues Concerning Application of PRC Civil Procedure Law (2).doc
People's Supreme Court's Judicial Interpretations on the People's Republic of China Administrative Procedure Law (2).doc

The above referenced document has been translated accurately, completely and reliably, and reviewed for cultural appropriateness by two qualified translators—one to translate and one to edit. No additions or deletions have occurred that would change the context of the source language message; content has not been altered or misrepresented; specific industry terminology has been used throughout; the reading level (linguistic register) of the original document has been maintained; and if adaptation of the reading level has been requested, target text has been adapted following Client's instructions.

The translators translating the materials have professional translation experience, full fluency in the target language of the materials, the ability to read and understand the source language, knowledge and experience with the culture(s) of the intended audience, and adequate knowledge of the subject matter.

This Certificate of Accuracy is hereby issued within the limits set forth by NetworkOmni's Terms and Conditions. The signing representative acknowledges that the information related to the above referenced document is privileged and confidential communication, and that reproduction of said materials is strictly prohibited without written authorization.

Mari Jo Sather
_____
Printed Name of Certifying Representative

Assistant Production Manager
_____
Title

Signature
_____

August 27, 2007
_____
Date

State of California
County of Los Angeles

On August 27, 2007, before me, Janice Parvin, Notary Public, personally appeared Mari Jo Sather, personally known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public



# TAB 10

## <u>MEASURES FOR THE ADMINISTRATION OF INTERNET E-MAIL SERVICES (P.R.C.)</u>

### <u>Hu lian wang dian zi you jian fu wu guan li ban fa</u>

**Article 18** An Internet e-mail service provider, or a telecommunication service provider that provides access services to Internet e-mail services shall actively cooperate with the relevant state organs and the Internet E-mail Revealment Acceptance Center in making investigations.

SOURCE: CHINALAWINFO CO., LTD

【Print】

--------------------------------------------------------------------------------
Measures for the Administration of Internet E-mail Services

Promulgation date: 0220-20-06
Effective date: 0330-20-06
Department: Ministry of Information Industry (incl. Ministry of Post and Telecommunications)
Subject: Post and Telecommunications

--------------------------------------------------------------------------------
Order of the Ministry of Information Industry

(No. 38)

The "Measures for the Administration of Internet E-mail Services", which were deliberated and
adopted at the 15th executive meeting of the Ministry of Information Industry of the People's
Republic of China on November 7, 2005, are hereby promulgated, and shall come into force on
March 30, 2006.

Minister Wang Xudong

February 20, 2006

Measures for the Administration of Internet E-mail Services

Article 1 The present Measures are formulated in accordance with the "Telecommunication
Regulation of the People's Republic of China", the "Measures for the Administration of Internet
Information Services", as well as other laws and administrative regulations for the purpose of
regulating Internet e-mail services and safeguarding the lawful rights of Internet e-mail service
users.

Article 2 The present Measures shall apply to the provision of Internet e-mail services within the
territory of the People's Republic of China as well as the provision of access services to Internet
e-mail services and the transmission of Internet e-mails.

The term "Internet e-mail services" as mentioned in the present Measures shall refer to the
activities of establishing Internet e-mail servers to provide conditions for Internet users to send
and receive Internet e-mails.

Article 3 Citizens' privacy of correspondence in using Internet e-mail services shall be protected
by law. Unless the public security organ or procuratorial organ makes an inspection on the
contents of correspondence pursuant to the procedures prescribed in law when required by
national security or investigation of crimes, no organization or individual shall infringe upon any
citizen's privacy of correspondence on any pretext.

Article 16 An Internet e-mail service provider, or a telecommunication service provider that provides access services to Internet e-mail services shall deal with the users' revealment in light of the following requirements:

(1) It shall timely report to the relevant state organ when finding that a revealed Internet e-mail obviously contains any content prohibited by Paragraph 1 of Article 11 of the present Measures;

(2) For other revealed Internet e-mails not prescribed in Item (1) of the present Article, it shall report them to the Internet E-mail Revealment Acceptance Center established by the Internet Society of China upon entrustment of the Ministry of Information Industry (hereinafter referred to as "Internet E-mail Revealment Acceptance Center");

(3) If it is involved in any revealed Internet e-mail, it shall immediately make an investigation, take reasonable and effective prevention or settlement measures, and timely report the relevant information and the investigation result to the relevant state organ or the Internet E-mail Revealment Acceptance Center.

Article 17 Internet E-mail Revealment Acceptance Center shall carry out the following work according to the working rules and flows made by the Ministry of Information Industry:

(1) Accepting the relevant revealment on Internet e-mails;

(2) Assisting the Ministry of Information Industry or the communication administrative bureau in ascertaining whether the revealed Internet e-mails violate the relevant clauses in the present Measures, and assisting in investigating the relevant persons held liable; and

(3) Assisting the relevant state organ in investigating the relevant persons held liable due to violation of Article 11 of the present Measures.

Article 18 An Internet e-mail service provider, or a telecommunication service provider that provides access services to Internet e-mail services shall actively cooperate with the relevant state organs and the Internet E-mail Revealment Acceptance Center in making investigations.

Article 19 Whoever violates Article 4 of the present Measures by providing Internet e-mail services without obtaining the permit for operation of value-added telecommunication services or without performing the procedures for archival filing of non-operational Internet information services shall be penalized in accordance with Article 19 of the "Measures for the Administration of Internet Information Services".

Article 20 Whoever violates Article 5 of the present Measures shall be ordered by the Ministry of Information Industry or the communication administrative bureau upon its powers to make a correction, and be fined up to 10,000 Yuan, in addition.

Article 21 Whoever fails to perform the obligations prescribed in Article 6, 7, 8 or 10 of the present Measures shall be ordered by the Ministry of Information Industry or the communication

administrative bureau upon its powers to make a correction, and shall be fined 5,000 Yuan up to 10,000 Yuan, in addition.

Article 22 Whoever violates Article 9 of the present Measures shall be ordered by the Ministry of Information Industry or the communication administrative bureau upon its powers to make a correction, and be fined up to 10,000 Yuan, in addition; if there is any illegal proceeds, it shall be fined up to 30,000 Yuan, in addition.

Article 23 Whoever violates Article 11 of the present Measures shall be punished under Article 67 of the "Telecommunication Regulation of the People's Republic of China".

Where an Internet e-mail service provider or any other telecommunication service provider has any act prohibited by Article 11 of the present Measures, it shall be penalized by the Ministry of Information Industry or the communication administrative bureau in accordance with Article 78 of the "Telecommunication Regulation of the People's Republic of China" and Article 20 of the "Measures for the Administration of Internet Information Services".

Article 24 Whoever violates Article 12, 13 or 14 of the present Measures shall be ordered by the Ministry of Information Industry or the communication administrative bureau upon its powers to make a correction, and be fined up to 10,000 Yuan, in addition; if there is any illegal proceeds, it shall be fined up to 30,000 Yuan, in addition.

Article 25 Whoever violates Article 15, 16 or 18 of the present Measures shall be admonished by the Ministry of Information Industry or the communication administrative bureau upon its powers, and be fined 5,000 Yuan up to 10,000 Yuan, in addition.

Article 26 The term Internet e-mail address as mentioned in the present Measures shall refer to the globally unique endpoint identifier which is composed of a user's name and an Internet domain name, and on the basis of which e-mails may be sent to Internet e-mail users.

The term Internet e-mail envelope information as mentioned in the present Measures shall refer to the information attached to an Internet e-mail and used to mark the Internet e-mail source, endpoint and transmission process including the Internet e-mail senders, recipients and transmission routing.

The term Internet e-mail title information as mentioned in the present Measures shall refer to the information attached to an Internet e-mail and used to mark the title of Internet e-mail contents.

Article 27 The present Measures shall come into force on March 30, 2006.

---

©Copyright Chinalawinfo Co.,Ltd
database@chinalawinfo.com

# TAB 11

# MANAGEMENT PROVISIONS ON ELECTRONIC BULLETIN SERVICES IN INTERNET (P.R.C.)

## Hu lian wang dian zi gong gao fu wu guan li gui ding

**Article 9:**  It is prohibited to release the following contents in e-b service system:
1)violating the fundamental principles of the Constitution;
2)jeopardizing State security, betraying State secrets, subverting the government, and undermining the State unity;
3)damaging the honor and interest of the State;
4)inciting racial hatred or discrimination, undermining the unity of nationalities;
5)undermining the national policy on religion, advocating cult and superstition;
6)spreading rumors, disrupting social order ,and harming social stability;
7)disseminating the information of obscenity, erotic, gambling, violence, homicide, horror, or abetting in crime;
8)insulting or defaming the others, and infringing others' legal rights and interests;
9)containing the contents which are prohibited by laws and administrative regulations.

**Article 13:** Once the provider find that there are information belonging to the contents listed in Art. 9 in his/her e-b service system, he/she shall delete them immediately, keep relevant record, and report to competent authorities.

**Article 14:** The provider shall record the contents of the information released in his/her e-b service system, time of release, website or field name. Copies of the record shall be kept for 60 days. Requested by State organs, the record shall be provided.

**Article 15**: The provider shall record the time of accession to Internet, users' account, website or field name, dialing telephone number and other information of the users'. Copies of the record shall be kept for 60 days. Requested by State organs, the record shall be provided.

SOURCE: CHINALAWINFO CO., LTD

【Print】

---------------------------------------------------------------------------------
Management Provisions on Electronic Bulletin Services in Internet

Promulgation date: 1106-20-00
Effective date: 1106-20-00
Department: Ministry of Information Industry (incl. Ministry of Post and Telecommunications)
Subject: Post and Telecommunications

---------------------------------------------------------------------------------
Decree of the Ministry of Information Industry of the People's Republic of China ( No. 3 )

"Management Provisions on Electronic Bulletin Service in Internet"was passed at the 4th
Ministerial meeting on October 8th, 2000. It is hereby promulgated and shall be implemented
from the date of promulgation.

Minister of Information Industry: Wu jichuan

November 6th, 2000

Management Provisions on Electronic Bulletin Services in Internet

Art. 1 For the purpose of enhancing the management of electronic bulletin service in Internet
(hereinafter referred to as e-b service), standardizing information release on e-b , safeguarding
national security and social stability, protecting legal rights and interests of the citizen, legal
person and other entities, these Provisions are stipulated pursuant to the provisions of
"Management Methods of Information Service in Internet" (hereinafter referred to as
"Management Methods".

Art. 2 These Provisions shall be applicable to e-b services and information release on e-b within
the territory of the People's Republic of China.

E-b service of these Provisions is referred to the activities of providing users of Internet with
information release conditions by interactive modes of e-b board, e-plain board, e-forum,
network chatting room, message leaving board, etc.

Art. 3 When carrying on the service, e-b service provider (hereinafter referred to as "provider")
shall abide by laws and regulations, enhance self-discipline of industry, and accept the legal
supervision and examination by the Ministry of Information Industry (hereinafter referred to as
"MII"), telecommunication authorities and other competent authorities of each province,
autonomous regions and municipalities directly under the central government (hereinafter
referred to as "provincial authorities").

Art. 4 Internet users shall abide by laws and regulations when using e-b service system. They shall be responsible for the information released by them.

Art. 5 When provider wants to carry on e-b service, he/she shall apply for commercial Internet information service license to the provincial authorities or MII, or make specific application or accreditation for non-commercial Internet information service to the organs mentioned above.

After the check and examination, if the applicant is qualified, the provincial authorities or MII shall approve or make accreditation on e-b service together with Internet information service within fixed time limit, and make special notes in the license or accreditation document; if the applicant is disqualified, the competent authorities mentioned above shall not approve or make accreditation. They shall inform the applicant the result and illustrate the reasons in written form.

Art. 6 To carry on e-b service, the applicant shall tally with the provisions of Management Methods and possess the following conditions:

1)having specific e-b service categories and columns;

2)having perfect e-b service rules;

3)having safeguarding measures to protect e-b service security, including procedure of registering Internet users, management systems on the safety of users' information, technical security measures;

4)having corresponding special managerial and technical staff capable of managing e-b service effectively.

Art. 7 Where provider who having got operation license or undertaken the formality of accreditation wants to carry on e-b service, he/she shall initiate the specific application or accreditation to the original competent authorities.

The provincial authorities or MII shall finish its check and examination within 60 days after the acceptance of the materials of specific application or accreditation. If the applicant is qualified, the provincial authorities or MII shall approve or make accreditation within fixed time limit, and make special notes in the operation license or accreditation document. If the applicant is disqualified, the competent authorities mentioned above shall not approve or make accreditation. They shall inform the applicant the result and illustrate the reasons in written form.

Art. 8 Neither units nor individuals may carry on e-b service without specific approval or accreditation.

Art. 9 It is prohibited to release the following contents in e-b service system:

1)violating the fundamental principles of the Constitution;

2)jeopardizing State security, betraying State secrets, subverting the government, and undermining the State unity;

3)damaging the honor and interest of the State;

4)inciting racial hatred or discrimination, undermining the unity of nationalities;

5)undermining the national policy on religion, advocating cult and superstition;

6)spreading rumors, disrupting social order ,and harming social stability;

7)disseminating the information of obscenity, erotic, gambling, violence, homicide, horror, or abetting in crime;

8)insulting or defaming the others, and infringing others' legal rights and interests;

9)containing the contents which are prohibited by laws and administrative regulations.

Art. 10 The provider shall publish his/her operation license number or accreditation number , e-b service rules at the striking place of e-b service system. He/She shall also remind Internet users of being responsible for the information released by them.

Art. 11 The provider shall provide service in accordance with the categories and columns in the approval or accreditation. He/She is not allowed to provide service out of his/her approved categories or columns.

Art. 12 The provider shall keep the personal information of Internet users secret. Personal information cannot be released to others without the consent by Internet users, except that laws stipulate otherwise.

Art. 13 Once the provider find that there are information belonging to the contents listed in Art. 9 in his/her e-b service system, he/she shall delete them immediately, keep relevant record, and report to competent authorities.

Art. 14 The provider shall record the contents of the information released in his/her e-b service system, time of release, website or field name. Copies of the record shall be kept for 60 days. Requested by State organs, the record shall be provided.

Art. 15 The provider shall record the time of accession to Internet, users' account, website or field name, dialing telephone number and other information of the users'. Copies of the record shall be kept for 60 days. Requested by State organs, the record shall be provided.

Art. 16 Anyone who carrying on e-b service without approval or out of the approved categories or columns with violating Art 8 and Art 11 of these Provisions shall be punished in accordance with Art. 19 of Management Methods.

Art. 17 Where there are contents listed in Art. 9 of these Provisions in the e-b service system, penalty shall be given in accordance with Art. 20 of Management Methods.

Art. 18 Anyone who violating Art 10 of these Provisions and having not published his/her operation license number ,accreditation number or e-b service rules, or having not reminding the users of being responsible for the information released by them, shall be punished in accordance with Art. 22 of Management Methods.

Art. 19 Where the provider violating Art. 12 of these Provisions and having released users' personal information to others without users' consent, provincial authorities shall order to correct; where the provider has caused damages or losses to the users, he/she shall bear legal liability with law.

Art. 20 Where the duties fixed in Art. 13, 14 and 15 of these Provisions have not been performed, penalty shall be given in accordance with Art. 21 and 23 of Management Methods.

Art. 21 For those who having carried on e-b service before the implementation of these Provisions, within 60 days after the implementation of these Provisions, the formality of specific application or accreditation shall be handled with in accordance with these Provisions.

Art. 22 These Provisions shall be implemented from the date of promulgation.

-------------------------------------------------------------------------------

©Copyright Chinalawinfo Co.,Ltd
database@chinalawinfo.com

# TAB 12

# PROVISIONS ON THE PROCEDURES FOR THE HANDLING OF ADMINISTRATIVE REVIEW CASES BY PUBLIC SECURITY BODIES

## Gong an ji guan ban li xing zheng fu yi an jian cheng xu gui ding

**Article 28:** The following situations don't fall with the scope of public security administrative review:

1) Objections to the criminal judicial actions, such as criminal enforcement measures, criminal investigation measures, conducted in the handling of criminal cases;

2) Objections to the mediation conducted by public security bodies pursuant to law;

3) Objections to the appraisal conclusions made in the handling of fire accidents, traffic accidents and other administrative cases;

4) Objections to the rejection of appeal;

5) Other applications for administrative review that shall not be accepted pursuant to law.

Where the applicant regards that the public security body's criminal judicial action interferes with economic dispute by abusing or exceeding its power, the public security administrative review body shall, before making the decision of rejection, report to the public security administrative review body at the next higher level

SOURCE: CHINALAWINFO CO., LTD

Source:
http://www.lawinfochina.com/law/display.asp?db=1&id=2581&keyword=Public,Security

Provisions on the Procedures for the Handling of Administrative Review Cases by Public Security Bodies

Promulgation date: 11-02-2002 Department: Ministry of Public Security
Effective date: 01-01-2003 Subject: Public Security

-------------------------------------------------------------------------------

Order of the Ministry of Public Security of the People's Republic of China (No.65)

The Provisions on the Procedures for the Handling of Administrative Review Cases by Public Security Bodies were adopted by the minister executive meeting of the Ministry of Public Security on October 10, 2002, they were hereby promulgated and shall come into force on January 1, 2003.

Jia Chunwang, Minister of Public Security

November 2, 2002

Provisions on the Procedures for the Handling of Administrative Review Cases by Public Security Bodies

Contents

Chapter 1 General Provisions

Chapter 2 Review Bodies

Chapter 3 Application

Chapter 4 Acceptance

Chapter 5 Examination

Chapter 6 Decision

Chapter 7 Supplementary Provisions

Chapter 1 General Provisions

Article 28 The following situations don't fall with the scope of public security administrative review:

1) Objections to the criminal judicial actions, such as criminal enforcement measures, criminal investigation measures, conducted in the handling of criminal cases;

2) Objections to the mediation conducted by public security bodies pursuant to law;

3) Objections to the appraisal conclusions made in the handling of fire accidents, traffic accidents and other administrative cases;

4) Objections to the rejection of appeal;

5) Other applications for administrative review that shall not be accepted pursuant to law.

Where the applicant regards that the public security body's criminal judicial action interferes with economic dispute by abusing or exceeding its power, the public security administrative review body shall, before making the decision of rejection, report to the public security administrative review body at the next higher level.

Article 29 In the examination of an application for administrative review, the public security administrative review agency may inform the citizens, legal persons or other organizations that have interest relations with the specific administrative action, against which the administrative review is applied for, to participate in the administrative review as a third party.

Article 30 The citizens, legal persons or other organizations that regard themselves as having interest relations with the specific administrative action, against which the administrative review is applied for, may apply to the public security administrative review body for participating in the administrative review as a third party.

Article 31 If the citizens, legal persons or other organizations that have interest relations with the specific administrative action, against which administrative review is applied for, are told to participate in the administrative review or their applications for participation are permitted, their failure to participate without justified reasons will not affect the administrative review process.

Article 32 If the applicant or third party entrusts an agent to participate in the administrative review, the power of attorney bearing the signature or stamp of the trustor shall be submitted to the pubic security administrative review agency, and the power of attorney shall include the trust matters and specific limits of authority.

If the applicant or third party cancels or alters the entrustment, the public security administrative review agency shall be notified in written form.

Article 33 Where there is any dispute arising among public security administrative review bodies for acceptance of application for administrative review, the twp parties to the dispute shall settle