Xiaoning et al v. Yahoo! Inc, et al    Doc. 67

Case 4:07-cv-02151-CW   Document 67   Filed 08/27/2007   Page 1 of 5

1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
   mkline@omm.com
3  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
4  Los Angeles, CA  90067-6035
   Telephone:    (310) 553-6700
5  Facsimile:    (310) 246-6779
   Attorneys for Defendant YAHOO!, INC and Special
6  Appearing Defendant YAHOO! HONG KONG,
   LTD.
7

8              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
9                   OAKLAND DIVISION

10 WANG XIAONING, YU LING, SHI         Case No.  C07-02151 CW
   TAO, and ADDITIONAL PRESENTLY
11 UNNAMED AND TO BE IDENTIFIED        DEFENDANT YAHOO!, INC.'S
   INDIVIDUALS,                        ALTERNATIVE MOTION FOR A MORE
12                                     DEFINITE STATEMENT; PROPOSED
               Plaintiffs,             ORDER
13
         v.                            Date:      November 1, 2007
14                                     Time:      2 p.m.
   YAHOO! INC., a Delaware Corporation, Location:  Courtroom 2
15 YAHOO! HONG KONG, LTD., a Foreign
   Subsidiary of Yahoo!, AND OTHER     Judge:     Hon. Claudia Wilken
16 PRESENTLY UNNAMED AND TO BE
   IDENTIFIED INDIVIDUAL
17 EMPLOYEES OF SAID
   CORPORATIONS,
18
               Defendants.
19

20 TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

21      PLEASE TAKE NOTICE THAT ON November 1, 2007, at 2 p.m., defendant Yahoo!,

22 Inc. ("Yahoo!") will and hereby does move, as an alternative to its concurrently filed motion to

23 dismiss, with prejudice, Plaintiffs' Second Amended Complaint for Tort Damages ("complaint"),

24 for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  This

25 motion is based on this notice of motion and motion, the following Memorandum of Points and

26 Authorities, the pleadings on file in this matter, the reply memorandum Yahoo! intends to file,

27 and any further argument the Court might allow.

28      Without waiving its objection to the exercise of personal jurisdiction in this case, specially

1 | appearing defendant Yahoo! Hong Kong, Ltd. ("YHKL") joins this motion.

Dated: August 27, 2007

DANIEL M. PETROCELLI
MATTHEW T. KLINE
O'MELVENY & MYERS LLP

By: _____
Daniel M. Petrocelli
Attorneys for Defendant Yahoo! Inc and for specially appearing defendant Yahoo! Hong Kong, Ltd.

## I. DEFENDANTS ARE ENTITLED TO A MORE DEFINITE STATEMENT

Defendants believe the entire complaint should be dismissed with prejudice pursuant to Rule 12(b). However, if the Court is not inclined to dismiss the complaint in its entirety, defendants ask, in this alternative motion, that it order a more definite statement pursuant to Rule 12(e). The pleading rules are liberal, but a "plaintiff must disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

### A. The Complaint Is Fatally Ambiguous As To What "Facts" Are Alleged.

The complaint's most serious defect is its failure to allege *anything*—even plaintiffs' own circumstances—as fact. The first sentence states: "Plaintiffs . . . allege upon personal knowledge *and belief* as to *their own circumstances*, and upon *information and belief* . . . as to *all other matters*, that substantial evidentiary support exists *or will exist* . . . in support of the following." Compl. 2:2-6. Every "fact" that "follow[s]" carries this qualifier.[1] This is inappropriate:

- "[T]he framers of the rules did not intend to permit a plaintiff to subject a defendant to the various processes of the court without first stating *definite facts* upon which a judgment might be based." *Fleming v. Dierks Lumber & Coal Co.*, 39 F. Supp. 237, 240 (W.D. Ark. 1941). "[I]f a pleader cannot allege definitely and in good faith the existence of an essential element of his claim, it is difficult to see why this basic deficiency should not be exposed at the point of minimum expenditure of time and money by the parties and the court." *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Haw. 1953).

- A plaintiff may base his allegations upon "belief," but only when the facts are "peculiarly within the knowledge of defendants." *Bertucelli v. Carreras*, 467 F.2d 214, 215 (9th Cir. 1972); 5 CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1224 (1990); 2-8 MOORE'S FEDERAL PRACTICE, CIVIL § 8.04(4) (2007).

- And a plaintiff must identify every allegation he makes that lacks evidentiary support. *See* FED. R. CIV. PROC. 11(b).

---

[1] Although plaintiffs do, in their most recent amendment, identify some allegations that lack "evidentiary support," Compl. ¶ 143, they never disclaim their initial statement.

C07-02151 CW
YAHOO!'S ALTERNATIVE MOTION FOR
A MORE DEFINITE STATEMENT

1 | The complaint violates all these basic rules.

### B. The Complaint Fails Adequately to Allege Plaintiffs' Injuries.

Plaintiffs' ATS and TVPA claims are vague and conclusory. For example, even if plaintiffs could bring torture claims against defendants—and defendants vigorously dispute this—it is not enough for plaintiffs merely to say they were "tortured." Whether conduct amounts to "torture" is a fact-intensive inquiry. *See Qi*, 349 F. Supp. 2d at 1278, 1316.

Shi alleges no specific facts—only the bare conclusions that he was tortured, forced to labor, and held at a prison notorious for abuse. *See* Compl. ¶¶ 12, 59, 66. Although Wang alleges he has been kept indoors, malnourished, subjected to "psychological tactics," and was "repeatedly" "beaten" and "kicked" in the early part of his detention, *see* Compl. ¶ 10, 39, 45, substantially identical allegations were held to be too indefinite in *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 93 (D.C. Cir. 2002). This Court, in *Qi*, 349 F. Supp. 2d at 1316, relied on *Price* to assess several torture claims.

In *Price*, 294 F. 3d at 86, plaintiffs alleged they were kept in a "political prison" during trial; held in a "cramped cell with substandard plumbing that they were forced to share with seven other inmates"; endured "a lack of medical care, and inadequate food"; were "kicked, clubbed and beaten"; and "interrogated and subjected to physical, mental and verbal abuse." Because there was no information about the "frequency, duration and parts of the body at which the beatings were aimed [nor] information about weapons used to carry them out," *Price* held there was "no way to discern . . . whether plaintiffs' complaint merely alleges police brutality that falls short of torture." *Id.* at 93-94. As in *Price*, plaintiffs' TVPA and ATS claims are "insufficient to survive [a] motion to dismiss." *Id.* At the very least, a more definite statement is required.

### C. The Complaint Fails to Identify Which Defendants Did What.

Rule 8 requires plaintiffs to clearly identify the basis for their claims against *"each defendant." Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090, 1098-99 (S.D. Cal. 2006) ("[E]very complaint must, at a minimum, give fair notice and state the elements *of each claim against each defendant* plainly and succinctly."). Plaintiffs' complaint indiscriminately lumps "defendants" together and fails to "allege, with at least some degree of particularity, overt

actions taken by each defendant which support [their] claims." *Id.* at 1099. Plaintiffs must plead more specifically.

### D. The Complaint Fails to Allege *How* Defendants Allegedly Injured Plaintiffs.

The complaint also fails to allege how defendants' alleged disclosures could have caused plaintiffs' injuries. First, the complaint makes no specific allegation that Yahoo! Inc. disclosed any information regarding the named plaintiffs. Only YHKL (a party over which this Court has no personal jurisdiction) is alleged to have disclosed any information regarding Wang Xiaoning or Shi Tao. Second, while there is a generic allegation that the disclosures "served as a basis for [their] acts of persecution and torture," (Compl., ¶ 2), the complaint is silent about the causal connection, if any, between the disclosures and plaintiffs' arrests, convictions, imprisonment, and alleged torture by Chinese authorities.[2] But in order "to give each defendant 'fair notice' of what they are being accused of," plaintiffs must "allege, with at least some degree of particularity, overt actions taken by each defendant which support his claims." *Rasidescu*, 435 F. Supp. 2d at 1099. The complaint does not do so.

## II. CONCLUSION

If the Court allows any claim to proceed—and we submit it should not—plaintiffs should be required to file a more definite statement pursuant to Rule 12(e).

Dated: August 27, 2007

DANIEL M. PETROCELLI
MATTHEW T. KLINE
O'MELVENY & MYERS LLP

By: _____
Daniel M. Petrocelli
Attorneys for Defendant Yahoo! Inc and for specially appearing defendant Yahoo! Hong Kong, Ltd.

---

[2] Moreover, the documents cited in the complaint strongly suggest no causal connection. Each judgment, attached to defendants' Mot. to Dismiss as Appx. A, Exs. B and C, respectively, shows that the information provided by Yahoo! was one of many pieces of evidence against plaintiffs.

C07-02151 CW
YAHOO!'S ALTERNATIVE MOTION FOR         - 3 -
A MORE DEFINITE STATEMENT