| | |
|---|---|
| 1 | DANIEL PETROCELLI (S.B. #97802) |
| | dpetrocelli@omm.com |
| 2 | MATTHEW T. KLINE (S.B. #211640) |
| | mkline@omm.com |
| 3 | O'MELVENY & MYERS LLP |
| | 1999 Avenue Of The Stars |
| 4 | Los Angeles, California 90067-6035 |
| | Telephone: (310) 553-6700 |
| 5 | Facsimile: (310) 246-6779 |
| | Attorneys for Specially Appearing Defendant |
| 6 | YAHOO! HONG KONG LIMITED. |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | | |
|---|---|---|
| WANG XIAONING, YU LING, SHI TAO, and ADDITIONAL PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUALS, | | Case No. C07-02151 CW |
| | Plaintiff, | DECLARATION OF ALFRED PO TAK TSOI IN SUPPORT OF SPECIALLY APPEARING DEFENDANT YAHOO! HONG KONG LIMITED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |
| v. | | |
| YAHOO! INC., a Delaware Corporation, YAHOO! HONG KONG LIMITED, a Foreign Subsidiary of Yahoo! Inc., ALIBABA.COM, INC. a Delaware Corporation, AND OTHER PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUAL EMPLOYEES OF SAID CORPORATIONS, | | Date: November 1, 2007<br>Time: 2 p.m.<br>Location: Courtroom 2<br><br>Judge: Hon. Claudia Wilken |
| | Defendant. | |

C07-02151 CW
DECL. OF ALFRED TSOI

## DECLARATION OF ALFRED PO TAK TSOI

I, Alfred Po Tak Tsoi, declare:

1.  I am the General Manager of Yahoo! Hong Kong Limited ("YHKL"). The General Manager position is currently the most senior corporate officer at YHKL. As General Manager, I have been responsible for managing the business operations of YHKL in Hong Kong since the end of 1999, and I am generally familiar with YHKL's current daily operations. I submit this declaration in support of YHKL's motion to dismiss for lack of personal jurisdiction. Except where indicated otherwise, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.  YHKL is a limited liability company organized under the laws of Hong Kong. Yahoo! International Subsidiaries Holdings, Inc. ("YISH"), a California corporation, holds 99% of YHKL's outstanding shares. The remaining 1% is owned by Yahoo! Inc., and it is my understanding that Yahoo! Inc. owns 100% of the outstanding shares of YISH stock. True and correct copies of YHKL's Certificate of Change of Name, Articles of Association and share certificates are attached hereto as Exhibits A, B and C, respectively.

3.  YHKL operates a Traditional-Chinese language web portal serving Hong Kong residents. Through its website, which can be accessed at http://hk.yahoo.com ("YHKL's website"), YHKL offers a variety of internet-based services, including a search engine, email accounts, and a variety of news, entertainment, and other content of interest to Hong Kong residents. All of these services are aimed at and cater to Hong Kong residents.

4.  YHKL's offices and business operations are located at Hong Kong. YHKL currently has approximately 150 employees, all of whom live and work in Hong Kong. The local content on YHKL's site is selected by YHKL employees in Hong Kong. All of the management positions at YHKL, including the most senior position, the General Manager, are filled by people who live in Hong Kong. YHKL is licensed to do business

C07-02151 CW
DECL. OF ALFRED TSOI

in Hong Kong and pays taxes in Hong Kong. True and correct copies of YHKL's Hong Kong business license, its Notice of Insurance under Hong Kong's Employees' Compensation Ordinance, and its Participation Certificate under Hong Kong's Mandatory Provident Fund Schemes Ordinance are attached hereto as Exhibits D, E and F, respectively. A true and correct copy of YHKL's most recent "Annual Return," an annual filing all Hong Kong companies must make with the Hong Kong Companies Registry, is attached hereto as Exhibit G.

5.   YHKL has never been licensed to do business in California, has never paid taxes in California, and, until this lawsuit, YHKL has never filed or been named as a defendant in a lawsuit in California. YHKL has also never: (1) owned or leased any real property in California, (2) maintained an office or business center in California, (3) maintained an address, P.O. Box or telephone listing in California, or (4) maintained any other physical presence in California. YHKL does not employ individuals who reside in California. YHKL's employees live in Hong Kong and, other than trips for vacations or other personal matters, do not typically spend any significant amount of time in California. From time to time, a handful of YHKL employees will make work-related trips to California. Those trips typically last less than a week, and none of YHKL's employees work in California on a permanent basis or spend any significant amount of time in California in connection with their employment with YHKL.

6.   Almost all of the content on YHKL's website has been in Traditional-Chinese. YHKL has never engaged in any advertising or other marketing efforts to attract traffic from California residents to YHKL's website. Instead, YHKL's main focus has always been on the local Hong Kong market (and never on California). In addition, YHKL's terms of service (or "TOS") agreement includes clauses in which users agree to submit disputes to the jurisdiction of the Hong Kong courts and that disputes will be governed by Hong Kong law. Every user that registers an account with YHKL's website must agree to the terms of the TOS. The current version of the TOS can be found at http://hk.yahoo.com/info/utos.html. A true and correct copy of an English version of

C07-02151 CW
DECL. OF ALFRED TSOI                          - 2 -

1  YHKL's TOS agreement is attached hereto as Exhibit H.

2  7.   YHKL's primary source of revenue is advertising. YHKL offers several types of advertising options to its customers, including banner ads and search related advertising such as Yahoo! Search Marketing. An overwhelming majority of YHKL's income comes from third-party advertisers who purchase advertisements on YHKL's website to promote their goods and services to residents of Hong Kong. Almost all of those advertisements are written in Traditional-Chinese. The vast majority of YHKL's advertising customers are either local Hong Kong companies or local Hong Kong affiliates of larger corporations.

8.   Although much of the content on YHKL's website is free, YHKL does offer premium services that require users to pay a fee. For example, YHKL users can pay a fee to place online personals ads or to receive an astrology reading. All of YHKL's premium services are designed to cater to local Hong Kong residents. YHKL only markets those services to local Hong Kong residents and all of the content associated with those services is in Traditional-Chinese. Fees from premium services make up only a small percentage of YHKL's overall revenue.

9.   YHKL does not derive any significant revenue from California or from California residents. It is our best estimate that at most 1% of YHKL's revenue comes from California residents.

10.  Very few of the visitors to YHKL's website access the site from computers located in California. It is my understanding that, based on the available data, we estimate that approximately 1% of users that visited YHKL's site during three months preceding the filing of the complaint in this case (March, April and May of 2007) connected to the site from computers in California. Since YHKL has never marketed its website or its services to California (or U.S.) residents, that data is consistent with YHKL's overall marketing efforts, business plan, and general business practices. Moreover, the fraction of the users who accessed the site from California who are also California residents is not clear. Many of those users, or even most of them, could be non-California residents.

C07-02151 CW
DECL. OF ALFRED TSOI                    - 3 -

11. YHKL is a legal entity and operational business that is separate from Yahoo! Inc. Yahoo! Inc. does not control the daily business operations of YHKL. YHKL complies with local corporate formalities that are distinct from those of Yahoo! Inc. YHKL holds separate corporate formation documents from Yahoo! Inc., maintains its own corporate governance records, has its own managers and Board of Directors, is responsible for its own local regulatory filings, has its own finance organization, negotiates most contracts in its own name, and has its own relationships with local contractors, clients, vendors, and suppliers. YHKL has its own Hong-Kong qualified in-house attorneys and hires its own outside counsel and other advisors in Hong Kong. YHKL maintains its own bank accounts separate from Yahoo! Inc. with banks in Hong Kong. YHKL and Yahoo! Inc. do not share any bank accounts or commingle their financial assets in any other way. YHKL generates its own income from its own operations and makes its own day-to-day business decisions. YHKL has its own human resources department, and, with the exception of the support departments (for example, those noted below) and senior executives, hires its own employees without input from Yahoo! Inc. All of the operational employees of YHKL report through their management chains to me as YHKL's General Manager, although employees in some support departments of YHKL (such as members of YHKL's legal, finance, and engineering departments) report to Yahoo! Inc. All of YHKL's interactions with Yahoo! Inc. are, in my experience, typical of a normal parent-subsidiary relationship.

12. YHKL is financially sound and is adequately capitalized, with significant revenues and assets of its own. Our finance department estimates that YHKL currently has an approximate net worth in excess of $100 million.

///

///

///

C07-02151 CW
DECL. OF ALFRED TSOI

- 4 -

13.     On March 14, 2007, the Hong Kong Privacy Commissioner issued a report concerning a complaint that I am informed and believe was submitted to the Commissioner by alleged legal representatives of one of the plaintiffs in this case, Shi Tao, pursuant to Hong Kong's Personal Data (Privacy) Ordinance. A true and correct copy of the Commissioner's report is attached hereto as Exhibit I. I am also informed and believe that plaintiff Shi Tao has appealed the Hong Kong Privacy Commissioner's ruling to the Hong Kong Administrative Appeals Board and that his appeal is currently pending.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed in Hong Kong on this 28th day of August 2007.

_____
Alfred Po Tak Tsoi

C07-02151 CW
DECL. OF ALFRED TSOI                    - 5 -