Xiaoning et al v. Yahoo! Inc, et al                                                                    Doc. 76

Case 4:07-cv-02151-CW    Document 76    Filed 08/27/2007    Page 1 of 13

1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
   mkline@omm.com
3  O'MELVENY & MYERS LLP
   1999 Avenue Of The Stars
4  Los Angeles, California 90067-6035
   Main Number: (310) 553-6700
5  Facsimile: (310) 246-6779

6  Attorneys for Defendant YAHOO!, INC.

7                  UNITED STATES DISTRICT COURT
8              NORTHERN DISTRICT OF CALIFORNIA
                     OAKLAND DIVISION
9

10  WANG XIAONING, YU LING, SHI TAO,         Case No. C07-02151 CW
    and ADDITIONAL PRESENTLY
    UNNAMED AND TO BE IDENTIFIED             DEFENDANT YAHOO!, INC.'S NOTICE
11  INDIVIDUALS,                             OF MOTION AND SPECIAL MOTION TO
                                             STRIKE PLAINTIFFS' STATE LAW
12                  Plaintiff,               CAUSES OF ACTION PURSUANT TO
                                             THE CALIFORNIA ANTI-SLAPP
13           v.                              STATUTE

14  YAHOO!, INC., a Delaware Corporation,    Date:      November 1, 2007
    YAHOO! HONG KONG LTD., a Foreign         Time:      2 p.m.
15  Subsidiary of Yahoo!, AND OTHER          Location:  Courtroom 2
    PRESENTLY UNNAMED AND TO BE
16  IDENTIFIED INDIVIDUAL EMPLOYEES          Judge:     Hon. Claudia Wilken
    OF SAID CORPORATIONS,
17
                    Defendant.
18

19

20  TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

21       PLEASE TAKE NOTICE THAT ON October 4, 2007, at 2 p.m. in Courtroom 2, 4th

22  Floor, United States Courthouse, 1301 Clay Street, Oakland, California, defendant Yahoo!, Inc.

23  ("Yahoo!") will and hereby does move to strike plaintiffs' six causes of action brought under

24  California law—*i.e.*, plaintiffs' Fifth through Tenth Claims for Relief in their Second Amended

25  Complaint ("complaint").  This special motion to strike is brought on the grounds that (1)

26  plaintiffs' California causes of action are subject to the California anti-SLAPP statute, California

27  Code of Civil Procedure § 425.16; and (2) are barred by California Civil Code § 47, which

28  privileges the communications at issue in this case.

C07-02151 CW
YAHOO!'S ANTI-SLAPP MOTION AND
[PROPOSED] ORDER

1    This motion is based on this notice of motion and motion, the following Memorandum of

2    Points and Authorities, Yahoo!'s concurrently filed Motion to Dismiss Plaintiffs' Second

3    Amended Complaint, the pleadings on file in this matter, the reply memorandum Yahoo! intends

4    to file, and any further argument the Court might allow.

5    Dated:  August 27, 2007                    DANIEL M. PETROCELLI
                                                  MATTHEW T. KLINE
6                                                 O'MELVENY & MYERS LLP

7

8                                                 By: _____

9                                                       Daniel M. Petrocelli
                                                  Attorneys for Defendant
10                                                YAHOO!, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2
                                                                      **Page**

3

4

I.      INTRODUCTION ................................................................................................ 1

5

II.    STATEMENT OF FACTS .................................................................................... 1

6

III.   PLAINTIFFS' CALIFORNIA LAW CLAIMS MUST BE STRICKEN BECAUSE

7

        YAHOO!'S ALLEGED COMMUNICATIONS WERE PRIVILEGED. .......................... 2

8

        A.      The Anti-SLAPP Statute Applies. .......................................................... 3

9

                1.     Plaintiffs' Claims Target Protected Acts of Communication. .................... 3

10

                2.     No Good Reason Exists to Exempt Plaintiffs' Claims from the

11

                      Statute ....................................................................................... 5

12

        B.      Plaintiffs Claims Are Barred by Civil Code Section 47(b). .................................. 10

13

IV.   CONCLUSION .................................................................................................. 10

14

15

CC1:766379.7
8/24/07

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **I.    INTRODUCTION**

2       Plaintiffs' six causes of action brought under California law—their Fifth through Tenth

3   Claims for Relief—each must be stricken pursuant to California's anti-SLAPP statute and

4   California Civil Code section 47, because the claims are based on alleged acts of communications

5   with Chinese law enforcement officials concerning, what is by definition, a matter of public

6   concern—*i.e.*, alleged criminal activity. The anti-SLAPP statute, which is designed to protect

7   participation in matters of public concern, allows defendants an expedited means to challenge

8   lawsuits arising out of such communications. *See* CAL. CODE CIV. PROC. § 425.16. The anti-

9   SLAPP statute applies to supplemental state law claims brought in federal court, *see Globetrotter*

10  *Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d 1127, 1129-30 (N.D. Cal. 1999), and

11  affords Yahoo! substantive and procedural protections, including the right to file this special

12  motion to strike. Civil Code section 47(b) is similar to the SLAPP statute and privileges

13  communications with law enforcement officials—even those that occur abroad—and shields

14  Yahoo! from liability arising out of such acts. Plaintiffs' claims in this case challenge

15  quintessential acts of communication protected by California law. Plaintiffs' Fifth through Tenth

16  Claims for Relief must be stricken.

17  **II.    STATEMENT OF FACTS**

18      Plaintiffs allege they published pro-democracy literature in China, using Yahoo! China

19  email accounts and group lists. *See* Compl., ¶¶ 10, 12, 33-35, 53-54, 56. They allege the Chinese

20  government sought to prosecute plaintiffs under Chinese laws prohibiting such speech; and

21  Yahoo!, defendant Yahoo! Hong Kong, Ltd., and/or Yahoo! China (plaintiffs' allegations are

22  unclear) "provided Chinese officials with access to [plaintiffs'] private e-mail records, copies of

23  email messages, e-mail addresses, user ID numbers, and other identifying information . . . ."

24  *Id.* ¶¶ 2, 42, 62. Plaintiffs assert that "[t]hese disclosures served . . . as the basis" for their

25  prosecution and detention and that, once incarcerated, government officials abused them and

26  engaged in "acts of persecution." *Id.* ¶ 2. Plaintiffs are deliberately vague as to whether

27  defendants provided information to the Chinese government on their own accord or in response to

28  an official request from the Chinese government. All the complaint says is that defendants acted

C07-02151 CW
YAHOO!'S ANTI-SLAPP MOTION AND
[PROPOSED] ORDER

1  "voluntarily." *Id.* ¶ 2.

2       Plaintiffs contend that defendants' disclosure of information aided and abetted the

3  misconduct of the Chinese government and violated federal, international, and California law.  In

4  paragraph 4 of their complaint, plaintiffs describe their California claims.  They say defendants

5  "violate[d] California state laws, including prohibitions against battery, false imprisonment,

6  assault, intentional infliction of emotional distress, negligence, negligent supervision, and the

7  California Business & Professions Code § 17200." Compl. ¶ 4.  Plaintiffs elaborate on their

8  California law claims in the "Causes of Action" section of their complaint and their Fifth through

9  Tenth Claims for Relief. *See id.* ¶¶ 69, 97-127.[1]

10       For purposes of this motion, Yahoo! assumes the facts alleged in the complaint are true

11  and should be read most favorably to plaintiffs—*i.e.*, that Yahoo! played some role in the

12  transmittal of information regarding plaintiffs to the Chinese authorities.  Even on these assumed

13  facts, the veracity of which Yahoo! does not concede, plaintiffs have failed to state a claim.

14  **III.   PLAINTIFFS' CALIFORNIA LAW CLAIMS MUST BE STRICKEN BECAUSE**

15       **YAHOO!'S ALLEGED COMMUNICATIONS WERE PRIVILEGED.**

16       Plaintiffs' complaint could not more directly challenge Yahoo!'s right to engage in

17  communicative acts protected by California law.  As both California state and federal courts have

18  recognized, California Civil Code § 47(b) privileges communications made to both domestic and

19  foreign law enforcement officials. *See Beroiz v. Wahl*, 84 Cal. App. 4th 485, 494-95 (Cal. Ct.

20  App. 2000)  (§ 47(b) privilege applies to communications made to Mexican law enforcement); *E.*

21  

22  [1] At times, plaintiffs suggest that their tort claims (*e.g.*, for battery) are brought under both "the laws of California *and the United States.*" *Id.* ¶¶ 98-100 (emphasis added); *see also id.* ¶¶ 112,
23  116.  Of course, "[t]here is no federal general common law" and, as the Supreme Court explained 70 years ago, "[e]xcept in matters governed by the Federal Constitution or Acts of Congress, the
24  law to be applied in any case *is the law of the State.*" *Erie Railroad Co v. Tompkins*, 304 U.S. 64, 78 (1938) (emphasis added).  Because plaintiffs' complaint directly invokes the law of the State
25  of California, Yahoo! assumes, for purposes of bringing this motion, that California law applies. However, Yahoo! reserves the right to assert that California law does not apply to this case.
26  *Cf. Radiation Sterilizers, Inc. v. U.S.*, 867 F. Supp. 1465, 1476 (E.D. Wash. 1994) (in ruling on motions to dismiss, court did not decide whether Washington or Georgia law applied, but merely
27  determined whether plaintiffs' causes of action, brought under Washington law, stated cognizable claims under Washington law); *Panama Processes, S.A. v. Cities Services Co.*, 650 F.2d 408, 413
28  n.6 (2d Cir. 1981) (party reserved right to argue that Brazilian law applied, though it presently argued under New York law).

C07-02151 CW
YAHOO!'S ANTI-SLAPP MOTION AND            - 2 -
[PROPOSED] ORDER

1  & *J. Gallo Winery v. Andina Licores, S.A.*, Case No. CV F 05-0101, 2006 U.S. DIST. LEXIS

2  47206, at *24 (E.D. Cal. June 30, 2006) (privilege applies to communications made in Ecuador);

3  *Johnson v. Symantec Corp.*, 58 F. Supp. 2d 1107, 1110 (N.D. Cal. 1999) ("undisputed" that

4  privilege applies to communications "made in the context of ongoing governmental

5  investigations"). Given this rule, plaintiffs' California law claims should either be dismissed

6  pursuant to Yahoo!'s concurrently filed motion to dismiss, or stricken pursuant to the anti-SLAPP

7  statute.

8        Adjudicating a SLAPP motion is a two-step process. First, the Court must determine

9  whether the defendant has met its burden of demonstrating that the anti-SLAPP statute applies.

10  *See Navellier v. Sletten*, 29 Cal. 4th 82, 88 (Cal. 2002). Second, if defendant meets that burden,

11  the plaintiffs must demonstrate they have stated a legally cognizable claim. *See id.*

12        In federal court, a plaintiff's burden in response to an anti-SLAPP motion depends on the

13  nature of defendant's challenge. If the challenge is based on legal defects on the face of the

14  pleadings, then plaintiffs' burden is "analogous to [that of] a Rule 12(b)(6) motion to dismiss."

15  *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999). If, instead, a

16  defendant's challenge is based on a lack of evidence to substantiate plaintiff's claims, then the

17  plaintiff's burden is analogous to a motion for summary judgment pursuant to Rule 56. *See id.* at

18  982-83. Here, Yahoo! challenges deficiencies on the face of the pleadings. Thus, plaintiffs'

19  allegations should be assumed true and their California law claims stricken only if they failed to

20  plead a "cognizable legal theory" or pled insufficient facts "under a cognizable legal theory."

21  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (applying Rule 12(b)(6)).

22  Yahoo! contends plaintiffs' claims are barred by California privilege law.

23        **A.**     **The Anti-SLAPP Statute Applies.**

24             **1.**     **Plaintiffs' Claims Target Protected Acts of Communication.**

25        The SLAPP statute applies to any "cause of action against a person arising from any act of

26  that person in furtherance of that person's right of petition or free speech under the United States

27  or California Constitution in connection with a public issue," CAL. CODE CIV. PROC.

28  § 425.16(b)(1), including "any written or oral statement or writing made before a legislative,

1  executive, or judicial proceeding, or any other official proceeding authorized by law" and "any

2  written or oral statement or writing made in connection with an issue under consideration or

3  review by a legislative, executive, or judicial body, or any other official proceeding authorized by

4  law," *id.* §§ 425.16(e)(1)-(2). Plaintiffs' California claims fall within the scope of the SLAPP

5  statute because they arise from communications with government officials concerning an official

6  investigation.

7      California courts have uniformly held that such communications are protected:

8      • In *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (Cal.

9          1999), the California Supreme Court held that statements made to investigators for the

10          Department of Housing and Urban Development fell within the ambit of the statute.

11      • In *Dickens v. Provident Life & Accident Ins. Co.*, 117 Cal. App. 4th 705, 713-717

12          (Cal. Ct. App. 2004), the California court of appeal held that the statute protected

13          statements made to federal prosecutors that resulted in plaintiffs' prosecution.

14      • In *Siam v. Kizilbash*, 130 Cal. App. 4th 1563, 1569-1570 (Cal. Ct. App. 2005), the

15          Court of Appeal held that defendant's reports of child abuse to police qualified.

16      • And in *Computerxpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1009-10 (Cal. Ct. App.

17          2001), the court held that SLAPP applied to complaints filed with the SEC.

18  None of these results is surprising. As the California Supreme Court has recognized: "it [is] the

19  duty of every citizen to cooperate with the police in their investigation of crime and to provide

20  information to investigating officers," and defendants cannot be held liable for "fulfill[ing] this

21  duty." *Hagberg v. Calif. Fed. Bank FSB*, 32 Cal. 4th 350, 373 (Cal. 2004).

22      Under any reading of the complaint, defendants' alleged communications are protected.

23  Even assuming Yahoo! *volunteered* information to the PRC—which it did not—its actions, like

24  those in *Briggs*, *Dickens*, *Siam*, and *Computer Express*, are fully protected. *See Dickens*, 117 Cal.

25  App. 4th 705 at 707-08 (lawsuit is subject to SLAPP because "Dickens's cause of action . . .

26  challenges the actions of [defendants] in allegedly playing an instrumental role in procuring the

27  criminal prosecution against him.")

28

1    If Yahoo!'s communications were made in response to a formal legal request, then those

2    communications deserve even greater protection.  Testimony given before public bodies,

3    evidence produced in response to subpoenas or legal process, and reports made in response to

4    official requests for information are all "protected activities" under the SLAPP statute.  *Greka*

5    *Integrated, Inc. v. Lowrey*, 133 Cal. App. 4th 1572, 1580 (Cal. Ct. App. 2005) ("Lowrey

6    disclosed information about Greka to his counsel, to authorities and in deposition and trial

7    testimony *in response to subpoenas.  These are all protected activities*.  Accordingly, Lowrey met

8    his burden to show the complaint arose from protected speech.") (citing CAL. CODE CIV. PROC. §

9    425.16(e)(1) (statements made "before a legislative, executive, or judicial proceeding, or any

10   other official proceeding authorized by law" are protected activity)) (emphasis added); *Gallanis-*

11   *Politis v. Medina*, 152 Cal. App. 4th 600, 611 (Cal. Ct. App. 2007) (holding that "investigation

12   and report . . . conducted and written in response to a request for information from" County

13   official were "acts in furtherance of [defendants'] right of petition or free speech," and, thus,

14   protected by the SLAPP statute).

15              2.    **No Good Reason Exists to Exempt Plaintiffs' Claims from the Statute.**

16   Plaintiffs have not indicated whether they believe the SLAPP statute applies in this case.

17   If they argue against its application, such arguments should be rejected.

18   First, plaintiffs may argue that because they filed this lawsuit to protect their free speech

19   rights—and not to interfere with defendants' rights and duties to speak—the SLAPP statute

20   should not apply.  Such an argument would be misguided.  The SLAPP statute applies even when

21   plaintiff's lawsuit is not motivated by a desire to chill defendant's speech.  *See Dickens*, 117 Cal.

22   App. 4th 705 at 716-17.  Even if that were not the rule, plaintiffs clearly intend to silence

23   defendants:  they seek "injunctive relief to stop any further disclosures of user information" to the

24   PRC.  Compl. at 34.

25   Second, plaintiffs might argue that SLAPP should not apply to communications with

26   foreign law enforcement officials.  However, plaintiffs assert claims based on *California* law

27   against a *California* defendant and are, therefore, subject to *California* defenses.  Moreover,

28

1    identical language in California's related litigation privilege statute, *see* CAL. CIV. CODE § 47(b),

2    has been held to apply to communications with foreign law enforcement officials.

3         The Ninth Circuit has held that the anti-SLAPP statute furthers "important, substantive

4    state interests," and should be applied to California claims absent a direct conflict with other laws.

5    *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir.

6    1999) (extending SLAPP statute's protection to California claims in federal diversity actions).

7    Although a court in this district has recently concluded that the SLAPP statute may not apply to

8    claims *filed* in another jurisdiction and *governed by the substantive law* of that jurisdiction, it

9    recognized that the SLAPP statute does govern "cases where California substantive law was

10   being applied." *Schering Corp. v. First DataBank*, Inc., 2007 U.S. Dist. LEXIS 50164 at *8

11   (N.D. Cal. Apr 20, 2007). "California has a great interest in determining how much protection to

12   give California speakers" who are sued for California torts. *Id.* at *17. Plaintiffs cannot claim the

13   protections of California law but avoid its burdens.[2]

14        Moreover, in determining the scope of the SLAPP statute's protections, California courts

15   have often looked to California Civil Code section 47(b), which contains identical language.

16   Though the conduct protected by the two statutes is not identical, courts often examine "the scope

17   of the litigation privilege to determine whether a given communication falls within the ambit of

18   subdivision (e)(1) and (2) [of the SLAPP statute]." *Flatley v. Mauro*, 39 Cal. 4th 299, 322 (Cal.

19   2006); *see also Dickens*, 117 Cal. App. 4th at 715 ("because the defendants' conduct would have

20   been privileged under Civil Code section 47 subsection (b), *it would have necessarily been*

21   *protected activity under section 425.16*") (emphasis added); *Sylmar Air Conditioning v. Pueblo*

22   *Contracting Servs.*, 122 Cal. App. 4th 1049, 1058 (Cal Ct. App. 2004) ("Communications within

23

24   _____
     [2] Indeed, one Illinois federal court held that, "because California has a great interest in
25   determining how much protection to give California speakers," the SLAPP statute may apply to
     protect California defendants even where another state's substantive law does govern the
26   underlying action. *See Global Relief Found. v. New York Times Co.*, 2002 U.S. Dist. LEXIS
     17081 at *32-33 (N.D. Ill 2002) (holding that California defenses to defamation, including
27   SLAPP, applied even though defamation claim was otherwise governed by Illinois law) (citing
     RESTATEMENT (SECOND) OF CONFLICTS § 145, cmt. d (1971) ("[T]he local law of the state where
28   the parties are domiciled, rather than the local law of the state of conflict and injury, may be
     applied to determine whether one party is immune from tort liability to the other.")).

1   the protection of the litigation privilege of Civil Code section 47, subdivision (b) are equally

2   entitled to the benefits of section 425.16."); *Contemporary Services Corp. v. Staff Pro Inc.*, 152

3   Cal. App. 4th 1043, 1055 (Cal. App. 2007) ("Both section 425.16 and Civil Code section 47 are

4   construed broadly, to protect the right of litigants to the utmost freedom of access to the courts

5   without [the] fear of being harassed subsequently by derivative tort actions.  Thus, it has been

6   established for well over a century that a communication is absolutely immune from any tort

7   liability if it has 'some relation' to judicial proceedings."); *but see Flatley*, 39 Cal. 4th at 322-23

8   (finding an instance where the protections did not overlap because the purpose of the SLAPP

9   statute was not served by protecting activities conclusively established to be crimes).

10          Section 47(b) has been held to apply to communications abroad.  *See Beroiz v. Wahl*, 84

11  Cal. App. 4th 485 494-95 (Cal. Ct. App. 2000), *E. & J. Gallo Winery v. Andina Licores, S.A.*,

12  Case No. CV F 05-0101, 2006 U.S. DIST. LEXIS 47206, at *24 (E.D. Cal. June 30, 2006).  In

13  *Beroiz*, 84 Ca. App. 4th at 490-91, for example, the defendant was an American citizen living in

14  Mexico who filed criminal charges against American members of a Mexican homeowners'

15  association.  The members of the homeowners' association sued the defendant in California court

16  for defamation based on statements made to a Mexican district attorney.  *See id.*  In ruling that

17  section 47(b) applied, the court noted that the question was an issue of first impression in

18  California, but both out-of-state precedents and the public policy rationales supporting

19  section 47(b) argued strongly in favor of applying it broadly to shield defendants from suit.  *See*

20  *id.* at 909-12.

21          Similarly, in *E. & J. Gallo*, Andina sued Gallo in Ecuador for breach of contract.  *See*

22  2006 U.S. Dist. LEXIS at *1-9.  Gallo then sued Andina in California for declaratory relief,

23  breach of contract, unfair competition, and abuse of process.  *See id.*  Relying on *Beroiz*,

24  *E. & J. Gallo* held that statements made in connection with foreign legal proceedings were

25  protected under section 47(b).  *See id.* at *26-28.[3]

_____

26  [3] Both courts said that if the foreign legal system was "devoid of adequate procedural
    safeguards," and defendants used the foreign legal process as a means and with the intent to harm
27  plaintiffs, then the absolute privilege afforded by § 47(b) might not apply.  *See id.*; *see Beroiz*, 84
    Cal. App. 4th at 494-96.  But where, as here, there is no claim that defendants acted with malice,
28  the privilege applies to communications outside the state.

ategcategategory8

l778768

Indeed, American courts generally have refused to allow plaintiffs to hold defendants liable for engaging in conduct abroad that would be protected speech here. *See, e.g., Bachchan v. India Abroad Publ'ns, Inc.*, 585 N.Y.S. 2d 661, 664-65 (N.Y. Sup. Ct. 1992) (where plaintiff filed suit in U.S. to enforce foreign libel judgment, court refused to enforce judgment because foreign tribunal had not provided defendant with various substantive and procedural free speech defenses).[4]  And courts in numerous countries[5] and virtually every state[6] privilege

---

[4] *See also Beroiz*, 84 Cal. App. 4th at 494:

In *Vanderkam v. Clarke* (S.D.Tex. 1998) 993 F. Supp. 1031, 1031-1032, the executive director of a scandal-ridden Irish corporation brought an action against a lawyer appointed by the High Court of Ireland to investigate the corporation, alleging that the lawyer's communication of his official findings had defamed the director. The district court in Vanderkam held that the lawyer's conduct was absolutely privileged, reasoning that the lawyer had published his findings as ordered by the Irish court, and that under Texas law, lawyers are privileged to publish otherwise defamatory material in connection with a judicial proceeding. (*Id.* at p. 1032.)

Similarly, in *Sorge v. City of New York* (1968) 56 Misc.2d 414, 415 [288 N.Y.S.2d 787, 790-791], two police officers in New York City testified, at the request of the State Department of the United States, at a hearing before an Italian judge regarding criminal activity in Italy. When the officers were sued for defamation, the court in Sorge held that their testimony during the Italian judicial proceeding was absolutely privileged under New York law. (288 N.Y.S.2d at pp. 798-799.)

Finally, in *Bakhshandeh v. American Cyanamid Company* (S.D.N.Y. 1962) 211 F. Supp. 803, 804, an Iranian citizen sued an American corporation for defamation, alleging, inter alia, that the corporation's employees had made defamatory remarks to an Iranian governmental official in Tehran. Citing primarily New York law, the district court in Bakhshandeh determined that these remarks to the Iranian official were subject to a qualified privilege, and thus they were not actionable absent proof of malice. ( *Id.* at pp. 808-809.).

[5] *See, e.g., Mann v. O'Neill* (1997) 191 C.L.R. 204 at 216 (Austl.) ("Complaints to prosecuting authorities—'statements in aid of justice', as they are sometimes called— enjoy qualified privilege.")); *Pleau v. Simpsons-Sears Ltd.*, (1976) 15 O.R. 2d 436 (Ont. C.A.) at ¶16 (Qualified privilege applied to defendant's publication of a notice to employees regarding possible forged checks bearing plaintiff's name; reasoning that published statement was privileged because defendant "acted at the request of the local police"); *Lupee v. Hogan*, (1920) 47 N.B.R. 492 (N.B. C.A.) at ¶9 ("universally recognized" rule that "all material statements made by persons interested in the detection of a crime during their investigations, and material thereto, are privileged"); *Padmore v. Lawrence*, 11 Ad. & El. 380, 382 (K.B. 1840) (Coleridge, J.) (Great Britain: "For the sake of public justice, charges and communications, which would otherwise be slanderous, are protected if bona fide made in the prosecution of inquiry into suspected crime."); *Martin v. Watson*, [1994] Q.B. 425 at p. 437 (Great Britain: "[Q]ualified privilege . . . applies to a statement made to a police officer by way of reporting a complaint."); Susanna Frederick Fischer, *Rethinking* Sullivan, 34 Geo. Wash Int'l L. Rev. 101, 118-26 (2002) (English law privileges "statement[s] made to the police concerning the commission of a crime"; noting that the laws of Australia, New Zealand, and England are similar; showing that statutory developments in all three countries have not changed the common law privilege for communications to police); *Hardaker v. Phillips*, 2005 (4) SA 515 (S. Afr.) (discussing qualified privilege that attaches to witness statements in ongoing prosecutorial proceedings).

1    communications to law enforcement.  In short, the SLAPP statute—like section 47(b)—should be

2    read broadly to apply in this case.

3         3. Finally, plaintiffs may not argue that their claims under Business & Profession

4    Code section 17204 are exempt from the SLAPP statute.  California Code of Civil Procedure

5    section 425.17 exempts claims "brought *solely* in the public interest" when the "plaintiff does *not*

6    seek any relief greater than or different from the relief sought for the general public."  CAL. CODE

7    CIV. PROC. § 425.17(b), (b)(1) (emphasis added.)  Although plaintiffs advert to the "public

8    interest" in describing their section 17204 claims, Compl. ¶ 119, they concede that they "bring

9    this cause of action on behalf of *themselves*" and "seek compensation for the loss of *their*

10   *property and the personal financial impacts they have suffered*," *id*. (emphasis added).  As a

11   result, section 425.17 does not exempt their claims.  *See, e.g., Ingels v. Westwood One Broad.*

12   *Servs., Inc.*, 129 Cal. App. 4th 1050, 1067 (Cal. Ct. App. 2005) ("[b]ecause appellant alleges and

13   seeks recovery of damages personal to himself, his claim fails to meet the first requirement set out

14

15   [6] *See General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1125-27 (6th Cir. 1990) (Kentucky);
     *Borg v. Boas*, 231 F.2d 788, 794 (9th Cir. 1956) (Idaho); *Kahermanes v. Marchese*, 361 F. Supp.
16   168, 172 (E.D. Pa. 1973); *Marsh v. Commercial & Sav. Bank of Winchester, Va.*, 265 F. Supp.
     614, 621 (W.D. Va. 1967); *Cutts v. Am.United Life Ins. Co.*, 505 So. 2d 1211, 1215 (Ala. 1987);
17   *Miller v. Nuckolls*, 91 S.W. 759, 761, 762 (Ark. 1905); *Kress v. Self*, 526 P.2d 754, 756 (Ariz. Ct.
     Appl. 1974); *Burke v. Greene*, 963 P.2d 1119, 1122 (Colo. 1998); *Flanagan v. McLane*, 87 Conn.
18   220, 87 A. 727, 728 (1913); *Newark Trust Co. v. Bruwer*, 141 A.2d 615, 617 (Del. 1958);
     *Fridovich v. Fridovich*, 598 So. 2d 65, 67, 68 (Fla. 1992); *Hardaway v. Sherman Enters., Inc.*,
19   210 S.E.2d 363, 364 (Ga. 1974); *Starnes v. Int'l Harvester Co.*, 539 N.E.2d 1372-75 (Ill. 4th Dist.
     1989); *Indiana Nat. Bank v. Chapman*, 482 N.E.2d 474, 479 (Ind. Ct. App. 4th Dist. 1985);
20   *Winckel v. Von Maur Inc.*, 652 N.W.2d 453 (Iowa 2002); *Faber v. Byrle*, 229 P.2d 718 (Kan.
     1951); *Cormier v. Blake*, 198 So. 2d 139, 144 (La. Ct. App. 3d Cir. 1967); *Robinson v. Van
21   Auken*, 76 N.E. 601, 602 (Mass. 1906); *Packard v. Central Maine Power Co.*, 477 A.2d 264, 268
     (Me. 1984); *Kefgen v. Davidson*, 617 N.W.2d 351 (Mich. Ct. App. 2000); *Smits v. Wal-Mart
22   Stores*, Inc., 525 N.W.2d 554, 557 (Minn. Ct. App. 1994); *Arnold v. Quillian*, 262 So. 2d 414,
     415 (Miss. 1972); *Hancock v. Blackwell*, 41 S.W. 205, 207 (Mo. 1897); *Pierce v. Oard*, 37 N.W.
23   677, 679 (Neb. 1888); *Hampe v. Foote*, 47 P.3d 438, 440 (Nev. 2002); *Dijkstra v. Westerink*, 401
     A.2d 1118-21 (N.J. App. Div. 1979); *Grossman v. Fieland*, 483 N.Y.S.2d 735, 736 (2d Dep't
24   1985); *Averitt v. Rozier*, 458 S.E.2d 26 (N.C. 1995); *Richmond v. Nodland*, 552 N.W.2d 586
     (N.D. 1996); *Paramount Supply Co. v. Sherlin Corp.*, 16 Ohio App. 3d 176 (8th Dist. Cuyahoga
25   County 1984); *Magness v. Pledger*, 334 P.2d 792, 795 (Okla. 1959); *Ducosin v. Mott*, 642 P.2d
     1168, 1169-70 (Or. 1982); *Sylvester v. D'Ambra*, 54 A.2d 418, 420 (R.I. 1947); *Moore v. Bailey*,
26   628 S.W.2d 431, 436 (Tenn. Ct. App. 1981); *Hott v. Yarbrough*, 245 S.W. 676, 678, 679 (Tex.
     Comm'n App. 1922); *Schnupp v. Smith*, 457 S.E.2d 42 (Vt. 1995); *Story v. Shelter Bay Co.*, 760
27   P.2d 368, 372-73 (Wash App. Div. 1 1988); *Otten v. Schutt*, 113 N.W.2d 152, 156 (Wis. 1962);
     *Lever v. Cmty. First Banestates*, 989 P.2d 634 (Wyo. 1999); *Columbia First Bank v. Ferguson*,
28   665 A.2d 650 (D.C. 1995).

1  in section 425.17, subdivision (b)").

2  **B.    Plaintiffs Claims Are Barred by Civil Code Section 47(b).**

3  Because Yahoo! has shown the SLAPP statute applies, plaintiffs bear the burden to show

4  each of their six California claims is cognizable. *See Navellier*, 29 Cal. 4th at 88. Plaintiffs'

5  California claims fail as a matter of law, as fully addressed in Yahoo!'s concurrently filed motion

6  to dismiss. *See* Mot. at 27-31, 35-36.

7  One infirmity that pervades each of plaintiffs' California claims—and the one most

8  closely tied to the anti-SLAPP statute—is the privilege afforded by Civil Code section 47(b). *See*

9  *id.* at 18-19. The privilege, as noted above, is read broadly by Californian courts to shield

10  defendants from liability for communicating with law enforcement officials. *See Johnson*, 58 F.

11  Supp. 2d at 1110. That privilege applies to communications in the United States and abroad. *See*

12  *Beroiz*, 84 Cal. App. at 494-95; *E. & J. Gallo Winery*, 2006 U.S. DIST. LEXIS 47206, at *24.

13  And that privilege is an absolute bar to plaintiffs' six California claims. *See Moore v. Conliffe*, 7

14  Cal. 4th 634, 638 n.1 (Cal. 1994) ("Although the protection afforded by the statute is commonly

15  denominated a 'privilege,' which creates a 'privileged communication,' section 47(b) does not

16  create an evidentiary privilege that protects a communication from compelled disclosure. Instead,

17  the section 47(b) privilege operates as a limitation on liability, precluding use of the protected

18  communications and statements as the basis for a tort action other than for malicious prosecution.

19  Thus, section 47(b) creates what in many other contexts is termed an 'immunity' from suit.").

20  **IV.    CONCLUSION**

21  For the foregoing reasons, Yahoo!'s anti-SLAPP motion should be granted and plaintiffs'

22  six causes of action brought under California law—their Fifth through Tenth Claims for Relief—

23  should be immediately stricken from plaintiffs' Second Amended Complaint.

Dated: July 27, 2007          DANIEL M. PETROCELLI
24                             MATTHEW T. KLINE
                               O'MELVENY & MYERS LLP
25

26  By:_____
                               Daniel M. Petrocelli
27                             Attorneys for Defendant
                               YAHOO!, INC.
28