Xiaoning et al v. Yahoo! Inc, et al                                                    Doc. 78

Case 4:07-cv-02151-CW    Document 78    Filed 08/27/2007    Page 1 of 19

1   Morton, H. Sklar, Executive Director
    msklar@humanrightsusa.org
2   World Organization for Human Rights USA
3   2029 P Street NW, Suite 301
    Washington, DC 20036
4   Telephone: (202) 296-5702
    Facsimile: (202) 296-5704
5   [Admitted *Pro Hac Vice*]

6
    Roger Myers (CA State Bar No. 146164)
7   roger.myers@hro.com
    HOLME ROBERTS & OWEN LLP
8   560 Mission Street, 25th Floor
    San Francisco, CA 94105-2994
9   Telephone: (415) 268-2000
10  Facsimile: (415) 268-1999

11  [Additional Attorneys Appear on Signature Page]

12  Attorneys for Plaintiffs

13              UNITED STATES DISTRICT COURT
14            NORTHERN DISTRICT OF CALIFORNIA
                 SAN FRANSISCO DIVISION
15

16  WANG XIAONING, YU LING, SHI TAO,        Case No. C07-02151 CW/JCS
    and ADDITIONAL PRESENTLY
17  UNNAMED AND TO BE IDENTIFIED            TORT DAMAGES CLAIM
    INDIVIDUALS,
18                      Plaintiffs,          PLAINTIFFS' OPPOSITION TO
                                             DEFENDANTS' MOTION FOR
19          v.                               PROTECTIVE ORDER GOVERNING
                                             CONFIDENTIAL INFORMATION, AND
20  YAHOO, INC., a Delaware Corporation,     [PROPOSED] INTERIM PROTECTIVE
    YAHOO! HONG KONG, LTD., a Foreign        ORDER
21  Subsidiary of Yahoo!, AND OTHER
    PRESENTLY UNNAMED AND TO BE              Magistrate Judge: Hon. Joseph C. Spero
22  IDENTIFIED CORPORATE
    DEFENDANTS AND UNNAMED AND
23  TO BE IDENTIFIED INDIVIDUAL
    EMPLOYEES OF SAID
24  CORPORATIONS,
25                      Defendants.

26

27

28

1

**TABLE OF CONTENTS**

2

I.      INTRODUCTION..................................................................................... 1

II.     THE DEFENDANTS' PROPOSED PROTECTIVE ORDER IS
        SUBSTANTIALLY DIFFERENT FROM THE DRAFT PROTECTIVE
        ORDER INITIALLY SENT TO PLAINTIFFS. ........................................ 3

III.    DEFENDANTS' PROPOSED PROTECTIVE ORDER IS PREMATURE AND
        OVERBROAD, AND SHOULD NOT BE ADOPTED................................. 5

   A.   Defendants' Proposed Protective Order is Over-Inclusive and Therefore
        Inappropriate. ....................................................................................... 5

   B.   Defendants' Proposed Order Would Not Provide Sufficiently Clear Standards
        On What Documents and Items Of Information Are Covered, Placing Too Much
        Emphasis On the Challenge Process to Secure Compliance........................ 8

   C.   Plaintiffs Have Incorporated Some of Defendants' Language Explaining the
        Justification for Designation Into Their Proposed Interim Protective Order............. 9

   D.   The Protective Order Should Not Apply to Information That Is In the Public
        Domain. ............................................................................................... 10

   E.   A General Protective Order Is Not Necessary or Appropriate at This Point............. 11

IV.     PLAINTIFFS' MODIFICATIONS TO THE PROTECTIVE ORDER ARE
        NECESSARY AND APPROPRIATE. ...................................................... 12

V.      CONCLUSION..................................................................................... 13

1

## TABLE OF AUTHORITIES

2

3

### CASES

*Deford v. Schmid Products Co.*, 120 F.R.D. 648, 653(D. Md., 1987)..........................................8

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003). ...................5, 8

*Humboldt Baykeeper v. Union Pacific R. Co.*, 2007 WL 2219287, *1, *6 (N.D. Cal.)..........................................................................................................................................passim

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir.1994)........................................6

*Proctor & Gamble v. Bankers Trust*, 78 F.3d 219, 225 (6th Cir. 1996) ......................................11

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (U.S. 1984).................................................7, 10

*Wood v. Vista Manor Nursing Center*, 2007 WL 832933 (N.D.Cal.), *1 at *2...........................7

4

5

6

7

8

9

10

### OTHER AUTHORITIES

11

Proposed Protective Order, *Therasense, Inc. v. Becton, Dickinson and Co.*, 2005 U.S. Dist. Ct. Pleadings LEXIS 4652, *1 at *2-*3. ................................................................. 6

Stipulated Protective Order, *Genesis Microchip (Delaware) Inc., v. Media Reality Technologies, Inc.,* 2002 U.S. Dist. Ct. Pleadings 1300, *1, *2 (N.D. Cal.) ........................11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **I.    INTRODUCTION**

2         Plaintiffs oppose Defendants' Motion for a Protective Order Governing Confidential

3    Information submitted on August 15, 2007, on a number of grounds, including the premature

4    timing of this request, its failure to include key elements suitable and necessary to the present

5    case, its departure from caselaw applying protective order standards in concrete situations similar

6    to the case at hand, and the lack of sufficient time or information necessary to deal with these

7    important issues on a properly informed and considered basis.  Defendants seek a Protective

8    Order that will cover all document submissions throughout the entire case (pleading, discovery

9    and trial), while only providing justification for two discrete types of documents related to just

10   one of the Defendants' pre-trial motions (their Motion to Dismiss).  No Protective Order should

11   be issued in this case that does not incorporate provisions establishing and confirming clear and

12   well-accepted limits on the use and coverage of protective designations consistent with prevailing

13   case precedent.

14        Plaintiffs understand that Defendants had hoped to include information that they wish to

15   be deemed confidential in their response to the Second Amended Complaint, due on August 27,

16   2007, and that they sought this Protective Order in order to cover these submissions.  However,

17   especially since the Defendants now are submitting their Answer without the supporting

18   documentation they hoped to designate as confidential, Plaintiffs do not see the need for the Court

19   to immediately approve a blanket protective order that would govern confidentiality designations

20   for the discovery process and for the remainder of the case when the parties have such significant

21   unresolved differences, and very little information has been provided by the Defendants regarding

22   the nature and scope of the documents to be covered by the order, and of the confidentiality

23   designations likely to be used during discovery.

24        Specifically, Plaintiffs object to Defendants' refusal to indicate in the terms of the

25   Protective Order itself a more detailed description of the nature of the documents intended to be

26   covered by the proposed Protective Order.  This omission is contrary to protective orders in other

27   cases and is inconsistent with precedent from the Supreme Court and from the Ninth Circuit.

28   Plaintiffs also object to Defendants' refusal to indicate the specific legal basis for each of the

1    confidentiality designations they make pursuant to the Order, especially because Defendants have

2    given every indication that they anticipate claiming confidentiality protections on a very broad –

3    perhaps overbroad – basis.  Plaintiffs also object to Defendants' refusal to acknowledge the

4    accepted standard that documents in the public domain should not be subject to protection.

5         Plaintiffs also urge the Court in considering the appropriateness of the Defendants'

6    Proposed Protective Order to take cognizance of the factual circumstances surrounding the

7    Defendants' effort to secure acceptance of their proposal from the Plaintiffs.  These facts and

8    circumstances provide important indicators of how the Defendants are likely to misuse the

9    Protective Order if it were accepted by the Court in the form proposed. It would extend secrecy

10   coverage in a very broad, unjustified and poorly regulated way not called for by this case or the

11   present circumstances.

12        If the court nevertheless believes there is a need for a Protective Order at this point in the

13   litigation, Plaintiffs suggest an alternative approach: an interim arrangement providing for the

14   confidentiality protections that Defendants seek until a Permanent Protective Order can be

15   adopted.  This alternative would avoid the necessity of adopting a permanent Protective Order on

16   a precipitous basis, and would also address Defendants' expressed need to provide for the

17   confidentiality of certain documents to be added to their pleadings associated with their response

18   to the Second Amended Complaint. It is Plaintiffs' view that the Interim Protective Order

19   proposed by Plaintiffs can be adopted and applied immediately as a temporary solution that will

20   protect both parties, and will not force the Court to make a decision that will have long-term

21   effects with inadequate information.

22        If, despite these objections, the Court finds that it is nevertheless necessary to proceed

23   with adopting a more general Protective Order at this time rather than the Interim Order the

24   Plaintiffs have proposed, Plaintiffs request that any such Order, at a minimum, contain the three

25   additional provisions not included in Defendants' request, namely that:

26   1.   the Designating Party be required to give notice and descriptions (in the text of the

27        Protective Order itself or in a later Stipulation or Order if necessary) of the general

28        categories of documents to be designated and covered by the Order and the justification

1    for their inclusion;

2    2.   the Designating Party indicate the legal basis for each claim of confidentiality as part of

3          the designation label; and

4    3.   documents and information in the public domain prior to disclosure or production, or that

5          subsequently become part of the public domain through no involvement of Plaintiffs or

6          their counsel, be ineligible for coverage by the Protective Order.

7          Moreover, in terms of timing for the adoption of a permanent Protective Order, a hearing

8    on these proposals should take place before the Magistrate Judge in connection with (and possibly

9    the day following) the Case Management Conference, currently scheduled for October 9, so that

10   the Court can address the timing, scope and protection of materials to be included in the discovery

11   process concurrently with the case management hearing.

12   **II.    THE DEFENDANTS' PROPOSED PROTECTIVE ORDER IS SUBSTANTIALLY**

13   **DIFFERENT FROM THE DRAFT PROTECTIVE ORDER INITIALLY SENT TO**
     **PLAINTIFFS.**

14         It is important to note at the outset that the Proposed Protective Order is substantially

15   different than the draft initially sent to Plaintiffs. This earlier draft, and the fact that Defendants

16   made substantial changes in the draft before submitting it to the Court, provide important

17   indicators of Defendants' intention to apply confidentiality protection in an overbroad and

18   unjustified manner, and of why the additional provisions suggested by the Plaintiffs are necessary

19   and appropriate. *Compare* Defs.' Proposed Protective Order ("Defs.' Proposed Order) *with*

20   Defs.' Draft Protective Order, ("Defs.' Draft Order) filed herewith as Ex. A to Decl. of Morton

21   Sklar in Supp. Of Pls.' Opp'n to Defs.' Mot. for Protective Order Governing Confidential Info.

22   ("Sklar Decl."). Notably in the initial draft, Defendants expressly omitted language from the

23   Model Form stating that "[m]ass, indiscriminate, or routinized designations are prohibited" from

24   their Draft Protective Order. *Compare* Form Stipulated Protective Order for the N.D. Cal. "Form

25   Stipulated Order"), filed herewith as Ex. B to Sklar Decl., p. 4, line 3 *with* Defs.' Draft Order, p.

26   4, line 11. Tellingly, Defendants re-inserted this phrase into the Proposed Protective Order filed

27   with the Court. *See* Defs.' Proposed Order, p. 4, line 4. This omission is significant given that

28

1  the Defendants incorporated most other aspects of the sample order verbatim, except for the

2  provision stating that mass, indiscriminate designations are prohibited.

3       Along similar lines, Defendants added language to the Draft Protective Order originally

4  proposed to the Plaintiffs that was not in the Form Stipulated Order indicating that they would not

5  bear liability for improper designations. This language was removed from the version filed with

6  the Court. Section 12.6 of Defendants' Draft Order originally sent to the Plaintiffs stated that

7  producing material marked as "Confidential" or "Highly Confidential" "shall not operate as an

8  admission by any party that any Protected Material contains or reflects trade secrets or any other

9  type of confidential or proprietary information entitled to protection under applicable law."

10  Defs.' Draft Order, p. 13, lines 11-14. This language implies that Defendants would not be held

11  responsible for improper designations, and that Defendants could designate materials as

12  "Confidential" – even if the material did not constitute a trade secret or confidential business

13  information, or was otherwise subject to confidentiality protections under any law – merely

14  because Defendants did not want information harmful to its reputation in the public domain. In a

15  case decided just this month, this court held that fear of public scrutiny was not a valid reason for

16  entering a protective order. *See Humboldt Baykeeper v. Union Pacific R. Co.*, 2007 WL 2219287,

17  *1, *6 (N.D. Cal.)

18       Plaintiffs stress that the modifications made to Defendants' Proposed Protective Order

19  submitted to the Court that eliminate these objectionable variations from the Model Order Form

20  do *not* resolve Plaintiffs' concerns regarding a Protective Order. Plaintiffs are noting these

21  variations in order to demonstrate the need for special caution in dealing with the Defendants'

22  proposals, and most especially the need to include the three provisions Plaintiffs propose to add to

23  the Order, covering the need for the text of the Order itself to describe the types of documents to

24  be covered in general, and to require that the legal basis for claiming protective status be provided

25  as part of each individual designation, so that the Plaintiffs (and the Court if necessary) can

26  properly assess the validity of the proposed claim for protection. Plaintiffs also stress the urgency

27  of excluding coverage by the Order of information or items in the public domain. These three

28  additional provisions are vitally necessary to prevent overuse of the confidentiality protections,

1   rather than relying upon post-designation challenges as the only means to prevent abuse of the

2   system. Plaintiffs believe that this type of proactive and preventative approach, where the parties

3   can understand and resolve any disagreements about the legal basis for designations prior to

4   production or disclosure, is the best means for preventing overuse of designations and for

5   preventing costly and time-consuming individual challenges that the Court must resolve. These

6   preventative measures are especially important given the Defendants' demonstrated inclination to

7   apply the protective designation process on an overly broad basis, as evidenced by the changes in

8   the Model Order Form that they attempted to secure from the Plaintiffs, and their refusal to accept

9   provisions aimed at preventing misuse of the system.

10

11  **III.    DEFENDANTS' PROPOSED PROTECTIVE ORDER IS PREMATURE AND
            OVERBROAD, AND SHOULD NOT BE ADOPTED.**

12          Defendants are asking the Court to adopt a Protective Order on a premature basis that is

13  vague and overbroad, and that would improperly place the emphasis on post-designation

14  challenges, rather than providing clearer standards for the making of protective designations in

15  the first instance. Moreover, Defendants' Proposed Order is inconsistent with caselaw applying

16  protective order standards in a number of key respects. All of these deficiencies suggest that the

17  Court does not have sufficient information at this point to be able to properly assess or adopt a

18  permanent Protective Order along the lines proposed by the Defendants, and therefore should

19  withhold issuing a permanent Protective Order until the Case Management Conference and/or the

20  initiation of the discovery process.

21                  **A. Defendants' Proposed Protective Order is Over-Inclusive and Therefore
                        Inappropriate.**

22

23          Defendants inappropriately seek adoption of a blanket protective order, which "is by

24  nature overinclusive." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir.

25  2003). There is a presumption in favor of "freedom to use discovered information in any lawful

26  manner" and "this presumption *pre-weights the scales against restricting* a party's lawful use or

27  dissemination of discovered information." *Humboldt Baykeeper*, 2007 WL 2219287 at *2, *3

28  (emphasis in original); *see also Foltz*, 331 F.3d at 1135 (9th Cir. 2003). In order to overcome this

1   presumption, Defendants must show "good cause" for protection, or in other words, the

2   likelihood that a specific, well-defined potential harm would result from disclosure. *See* FED. R.

3   CIV. P. 26(c) (2007); *Humboldt Baykeeper*, 2007 WL 2219287 at *3 (citing *Pansy v. Borough of*

4   *Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir.1994)) (stating that "'broad allegations of harm,

5   unsupported by specific examples or articulated reasoning,' do not support a good cause

6   showing.") Defendants have not met this burden with respect to the vast majority of documents

7   that they would seek to protect because they have not even described the types of documents to be

8   covered or the reasons why protection is required. Defendants, in their latest submission, did

9   describe the two specific types of information they seek to cover in connection with their Motion

10  to Dismiss, due on August 27, but the language of the Proposed Order itself does not reflect that

11  information nor provide any other description of the material to be covered, or the justification for

12  the need for the Order. Instead, Defendants' Proposed Order authorizes Defendants to assign

13  protected status for any reason whatsoever without explaining the need for coverage. *See* Defs.'

14  Proposed Order, p. 2, lines 11-17. Defendants have given no indication of documentation they

15  wish to designate as confidential during the broader discovery process. Thus, Defendants are

16  asking the Court to approve a broad Protective Order, governing unspecified documents for all of

17  discovery and trial, while only providing the Court with information relating to a relatively small

18  number of documents to be included in just one small portion of the litigation, their Motion to

19  Dismiss. This lack of specificity is inconsistent with other protective orders approved by this

20  court. For example, the Protective Order entered in *Therasense, Inc. v. Becton, Dickinson and*

21  *Co.* specifically described the items to be covered by a "Confidential Information" designation as

22  "any party's technical information relating to blood glucose test strips and monitoring devices,

23  and methods of producing the same." Proposed Protective Order, *Therasense, Inc. v. Becton,*

24  *Dickinson and Co.*, 2005 U.S. Dist. Ct. Pleadings LEXIS 4652, *1 at *2-*3.

25         Defendants cite *Wood v. Vista Manor Nursing Center* to attempt to support their blanket

26  Proposed Protective Order, but *Wood* offers no support for an overbroad Protective Order. In

27  *Wood*, the Parties modified section five of the stipulated protective order, dealing with the

28  designation process, and agreed that the Producing Party would provide an undesignated copy to

1 the Receiving Party for inspection prior to designation. *Wood v. Vista Manor Nursing Center*,

2 2007 WL 832933 (N.D.Cal.), *1 at *2. The court was concerned that duplicate, unmarked copies

3 could create confusion and increase the risk of inadvertent disclosure, and denied the

4 modification. *Id.* The court did *not* indicate any support for blanket protective orders that did not

5 include descriptions of the type of documents to be covered or the justification for their inclusion.

6 Given the logic of the opinion, it is likely that the court would require the protective order to

7 provide a better indication of the nature and scope of future designations that were covered by the

8 Order, while still protecting the Disclosing Party from improper disclosure.

9        Defendants' Proposed Protective Order also is inconsistent with case precedent in the

10 Supreme Court and in the Ninth Circuit in several other important respects. In *Seattle Times Co.*

11 *v. Rhinehart,* the Supreme Court noted that "[i]n addressing that question [of appropriateness of a

12 protective order] it is necessary to consider whether the 'practice in question [furthers] an

13 important or substantial governmental interest unrelated to the suppression of expression' and

14 whether 'the limitation of First Amendment freedoms [is] no greater than is necessary or essential

15 to the protection of the particular governmental interest involved.'" *Seattle Times Co. v.*

16 *Rhinehart,* 467 U.S. 20, 32 (U.S. 1984) (citations omitted). In a decision issued this month, this

17 court applied this principle in denying a proposed protective order, noting that "in at least some

18 instances a protective order could be vulnerable to constitutional attack on the ground that the

19 prohibitions it imposes reach appreciably farther than would be necessary to secure the important

20 public ends that are proffered in support of issuance of the order." *Humboldt Baykeeper*, 2007

21 WL 2219287 at *2 (referring to the second prong of the reasoning in *Seattle Times*). The human

22 rights and corporate accountability aspects of the present case would seem to meet this "important

23 public ends" objective.

24        The type of blanket and overbroad protective order that the Defendants propose is

25 inappropriate because the case at hand requires as much transparency as possible without

26 compromising Defendants' protectable interests. This court has stated that "[a] presumptive

27 prohibition against any use of discovered information outside the litigation might impair the

28 ability of the public…to identify the sources and scope of invasions of important rights [] thus

1    compromising society's ability to take appropriate prophylactic or corrective action…[and] would

2    seem to run counter to the spirit that animates sunshine laws in many states." *Humboldt*

3    *Baykeeper*, 2007 WL 2219287 at *8 n.2. Entering a blanket protective order in a human rights

4    case would create just such an unjustified and unexplained presumption. As in *Humboldt*

5    *Baykeeper*, this litigation has significant public importance, and the protective order should be

6    carefully crafted in order to protect Defendants' legitimate business interests while allowing

7    transparency and public access to the information to the greatest extent possible.

8    
9    **B. Defendants' Proposed Order Would Not Provide Sufficiently Clear Standards On What Documents and Items Of Information Are Covered, Placing Too Much Emphasis On the Challenge Process to Secure Compliance.**

10    Defendants' Proposed Protective Order is not consistent with prevailing caselaw that

11    places the burden of demonstrating possible harm on the party seeking the confidentiality

12    designation. Specifically, the Proposed Order, by permitting overly broad use of protective

13    designations without explanation of their relevance, or a description of the legal basis for their

14    claim, would improperly place too great an emphasis on post-designation challenges, and would

15    place too heavy a burden on the Receiving Party and the Court to deal with these challenges. The

16    Ninth Circuit has stated that "The burden is on the party requesting a protective order to

17    demonstrate that (1) the material in question is a trade secret or other confidential information

18    within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm."

19    *Foltz*, 331 F.3d at 1131 (quoting *Deford v. Schmid Products Co.*, 120 F.R.D. 648, 653(D. Md.,

20    1987)). The Defendants have not provided any information that would support this burden.

21    By seeking a blanket Protective Order with no preliminary enforcement mechanism or

22    method for explaining the basis for proposed designations, Defendants are attempting to shift the

23    burden and costs of compliance to the Plaintiffs and the formal challenge process, without

24    providing an adequate basis upon which the Receiving Party or the court can judge the

25    appropriateness of the designation. Defendants' Proposed Order would give them virtually

26    boundless discretion without requiring a showing of the basis for a protective designation, and

27    would force the Plaintiffs to individually challenge each potentially improper designation without

28

1   being provided the information on the legal basis for the claim, or the justification for its being

2   needed, that would make a reasonable assessment of the legitimacy of the claim possible. In

3   other words, as proposed by the Defendants, the Protective Order would encourage and facilitate

4   vastly overbroad and unjustified use of designations, forcing the Plaintiffs and the Court to

5   expend considerable time and effort on numerous individual challenges.

6        This problem is magnified because the Proposed Protective Order is written to apply to

7   the entire discovery and litigation process, whereas Defendants have only provided a description

8   for their proposed designations to the very limited number of documents they want to disclose in

9   connection with their Motions to Dismiss. At a minimum, whether in permanent form, or on the

10  interim basis the plaintiffs have proposed, any Protective Order must include within its text

11  provisions describing in general terms the types of documents and items of information to be

12  covered, and the reasons for their coverage, must require each designation to indicate the legal

13  basis for the protection claimed in its confidentiality marking, and must indicate that information

14  in the public record is not covered by the Protective Order.

15  
16        **C. Plaintiffs Have Incorporated Some of Defendants' Language Explaining the
         Justification for Designation Into Their Proposed Interim Protective Order.**

17        Plaintiffs have incorporated part of Defendants' descriptions of potentially protected

18  documents relating to their Motions to Dismiss into Plaintiffs' Proposed Interim Protective Order,

19  in an effort to help correct the overbroad nature of Defendants' Proposed Order as it applies to

20  these limited submissions. This language relates to the methodology used to track user traffic on

21  Defendants' websites, which may very well be proprietary information. *See* Pls.' Proposed

22  Interim Protective Order ("Pls.' Interim Order"), p. 2, § 2.3(a); Defs.' Mot. for Protective Order

23  Governing Confidential Information ("Defs.' Mot."), page 2, lines 21-28. This description of

24  documents to be submitted with their Motion to Dismiss that they hoped to have covered by the

25  Proposed Protective Order was the only indication provided by the Defendants as to the type of

26  documents Defendants seek to protect under their proposed Order.

27        This situation demonstrates precisely why a blanket order in the form proposed by

28  Defendants should not be adopted, and why the three additional provisions proposed by the

1  Plaintiffs provide the minimum standards that are necessary to present overbroad coverage in

2  conformity with prevailing case precedent.

3      **D. The Protective Order Should Not Apply to Information That Is In the Public**
       **Domain.**

4

5      Information that is in the public domain is recognized as being ineligible for protected

6  status, but would be covered by Defendants' Proposed Order. In our negotiations, Defendants

7  refused to consider adding language exempting such information, stating that Plaintiffs were

8  seeking to "dilute" the protections available to Defendants. Plaintiffs wish to stress that they are

9  not seeking to interfere with any valid rights to keep information or documents confidential, but

10 are merely seeking to ensure that the Protective Order that is issued is appropriate in scope. It is

11 widely recognized that documents that are part of the public domain prior to designation, or that

12 become part of the public domain after designation – without the involvement of the Plaintiffs or

13 their attorneys – are not covered by protective status. Forcing Plaintiffs to observe confidentiality

14 provisions for documents and information that have been publicly disseminated through actions

15 unrelated to this pending litigation would restrict the Plaintiffs' and the public's right to free

16 speech and access to information without providing Defendants with any added protection. The

17 Supreme Court noted that "a protective order prevents a party from disseminating only that

18 information obtained through use of the discovery process. Thus, the party may disseminate the

19 identical information covered by the protective order as long as the information is gained through

20 means independent of the court's processes." *Seattle Times*, 467 U.S. at 34; *see also Humboldt*

21 *Baykeeper*, 2007 WL 2219287 at *1 (noting that "the [Supreme] Court [in *Seattle Times*] squarely

22 acknowledged that the First Amendment imposes some restraints on issuance of protective

23 orders."). Thus, a protective order may not impose restrictions on expression for documents that

24 could be accessed outside of the litigation. Plaintiffs' proposed provision to that effect is firmly

25 supported by this Supreme Court precedent.

26     Plaintiffs' proposed language indicating that documents in the public domain are not

27 eligible for protected status is very similar to the provision to that effect included in another

28 Protective Order issued in the Northern District of California. *Compare* Pls.' Interim Order, page

Opposition to Defendants' Motion for a          - 10 -          Case No. C07-02151 CW/JCS
Protective Order

1    5, § 5.2 *with* Stipulated Protective Order, *Genesis Microchip (Delaware) Inc., v. Media Reality*

2    *Technologies, Inc.,* 2002 U.S. Dist. Ct. Pleadings 1300, *1, *2 (N.D. Cal.). This provision is

3    designed to prevent a situation in which the Plaintiffs or their counsel are silenced on a particular

4    issue, even though it has been widely reported in the media, simply because Defendants chose to

5    designate this public information as protected material.

6                    **E.  A General Protective Order Is Not Necessary or Appropriate at This Point.**

7                    Adopting a general Protective Order at this point in the proceedings would be premature

8    and unnecessary. Defendants seek a Protective Order that will cover all Defendants'

9    documentary submissions throughout the entire case (pleading, discovery and trial), while only

10   providing justification for coverage of two discrete types of documents relating to the

11   Defendants' Motion to Dismiss. Defendants' Motion for a Protective Order Governing

12   Confidential Information explains its reasoning and justification for seeking protective

13   designations in connection to Defendant YHKL's Motion to Dismiss, but does not even address

14   the bases for confidentiality designations beyond that very limited submission. Plaintiffs urge the

15   Court to defer entering a general Protective Order governing the discovery process and other

16   aspects of the case until more information is known about the types of information to be covered

17   by that process, and whether they are likely to be subject to valid legal claims of confidentiality.

18   It would be more logical to address protective treatment of discovery material in the context of

19   broader consideration of the discovery issues, perhaps concurrently with the Case Management

20   Conference presently scheduled for October 9.

21                   In addition, third parties may wish to comment on the appropriateness of protective

22   designations, and should be allowed a chance to present their views during that process. Because

23   this case involves significant media and public attention, it may well be appropriate to obtain the

24   views of the media on important elements of the protective order, including the breadth of

25   designations allowed and the inclusion of a public information exception. *See, e.g., Proctor &*

26   *Gamble v. Bankers Trust*, 78 F.3d 219, 225 (6th Cir. 1996).

27                   If the Court feels obligated to deal with all Protective Order issues at this time, rather than

28   awaiting the case management conference, then the Interim Protective Order, as proposed by

1   Plaintiffs should be adopted.  It will resolve the current need for confidentiality protection in the

2   context of the Motions to Dismiss submissions without forcing the Court to adopt a more general

3   order covering discovery and other litigation issues for which it has no information.

4   **IV.    PLAINTIFFS' MODIFICATIONS TO THE PROTECTIVE ORDER ARE**
5   **          NECESSARY AND APPROPRIATE.**

6           No Protective Order should be issued in this case that does not incorporate provisions

7   establishing and confirming clear and well-accepted limits on the use and coverage of protective

8   designations consistent with prevailing case precedent.  These include the necessity to (1) provide

9   a description in the Protective Order itself of the types of documents and information to be

10  covered and the justification for their inclusion, (2) explain the legal basis for a claim of

11  protection as part of each individual designation,[1] and (3) exclude documents and information

12  from coverage under the Order that are part of the public domain.  Such provisions should be

13  included in a permanent Protective Order if and when it is issued, or in an Interim Order covering

14  only the upcoming Motion to Dismiss pleadings, if an interim order along these lines is deemed

15  necessary.

16          Should the Court feel it necessary to issue a Protective Order at this point, Plaintiffs urge

17  the Court to adopt Plaintiffs' Proposed Interim Protective Order.  Plaintiffs started with the Model

18  Stipulated Protective Order from the Northern District of California website, and then added

19  language that addresses the specific facts of this case, accepting some of Defendants'

20  modifications as reflected in their Proposed Protective Order, and incorporating information from

21  Defendants' Motion indicating the types of material eligible for designation.  Plaintiffs

22  acknowledge that there could well be other categories of information that should appropriately be

23  protected, and acknowledged as much in Sections 2.3(b) and 2.4(a).  Plaintiffs included this

24  language to allow Defendants to seek protection of additional categories of items through later

25  stipulations or court orders, without relying on an improper blanket protective order.  The

26  ----
    [1] For example, information pertaining to the methods by which Defendants track website traffic should be labeled
27  "Confidential: Proprietary Methodology Used for Tracking Website Visitors." Pls.' Prelim Order, p. 2, line 19.
    Contrary to Defendants' assertion, this would not be overly burdensome or equivalent to the amount of work
28  involved in a privilege log.  This label would provide Plaintiffs with necessary information in order to understand the
    basis for designation.

1   confidentiality designation should indicate the degree of confidentiality attached, reference the

2   general category of protected information under which the document falls, and describe the legal

3   basis for the confidentiality claim. *See* Pls.' Interim Order, §§ 2.3(a)-(b), p. 2, lines 16-22; *Id.* §

4   2.4(a), p. 3, lines 3-5; *Id.* § 5.1, p. 4, line 25-27.

5        Plaintiffs also have incorporated several minor changes in language to the Model

6   Protective Order Form reflecting how the Order would apply to Plaintiffs and their counsel, rather

7   than to corporate parties with traditional in-house and outside counsel legal arrangements, since

8   the model order refers primarily to cases where both Plaintiffs and Defendants are corporate

9   entities.  Along these lines, Plaintiffs have modified section 7.2(b) to address both individual and

10  corporate parties, and sections 2.9, 2.11 and 7.2(a) to better reflect Plaintiffs' legal arrangement.

11  *See* Pls.' Interim Mot., § 7.2(b), p. 9, lines 8-11; *id.* § 2.9, p. 3, lines 15-16; *id.* § 2.11, p. 3, line

12  19; *id.* § 7.2(a), p. 9, line 5.

13  **V.    CONCLUSION**

14       Defendants' Proposed Protective Order is inappropriate and unnecessary at this point in

15  the proceedings.  Defendants' Proposed Protective Order is over-inclusive and inconsistent with

16  the standards set out in Supreme Court and Ninth Circuit decisions, as well as precedent within

17  the Northern District of California.  Defendants seek to improperly shift the burden of

18  establishing coverage by forcing the Plaintiffs to file numerous challenges to improper

19  designations after the documents have been provided, rather than incorporating the standards in

20  the Order that would discourage and prevent overuse of the process.  Under no circumstances

21  should material in the public domain be covered by the Protective Order.  Nor should a general

22  Protective Order be considered necessary or appropriate at this point, given that Defendants have

23  only provided reasons for protection of documents relating to the Motion to Dismiss, not to the

24  general discovery process.

25       If the Court feels obliged to issue a Protective Order at this point, it should adopt the

26  Plaintiffs' Proposed Interim Protective Order to protect information immediately forthcoming in

27  the Motion to Dismiss briefing process, and should address the issue of a Protective Order

28  governing production of documents more generally in the broader context of discovery

Opposition to Defendants' Motion for a
Protective Order                           - 13 -          Case No. C07-02151 CW/JCS

1    concurrently with the Case Management Conference.  This proposed course of action would

2    immediately provide protection for documents relating to Defendants' Motion to Dismiss without

3    forcing the Court to issue an order relating to discovery and other aspects of the litigation, about

4    which it presently has little or no information at this point in the proceedings.  Rather, the parties

5    should use the meet and confer process and a hearing on these issues concurrent with the Case

6    Management Conference to further develop the issues relating to protective designations in the

7    context of discovery, either resolving the issues between themselves, or presenting the Court with

8    the issues the Parties cannot resolve.

9            If and when the Court does consider adoption of a permanent Protective Order, the Court

10    should incorporate Plaintiffs' modifications, requiring that the Order describe the categories of

11    protected information to be covered and the reasons for their inclusion, requiring each designation

12    to indicate the legal basis under which the claim of protection is being made, and excluding

13    public information from coverage by the Order.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Respectfully submitted this 27th day of August, 2007, by

2

3                                        MORTON SKLAR
                                         THERESA HARRIS
4                                        WORLD ORGANIZATION FOR HUMAN
                                         RIGHTS USA
5                                        By: */s/ Morton Sklar*
                                              Morton Sklar
6

7                                        ROGER MYERS
8                                        HOLME ROBERTS & OWEN LLP
                                         By: */s/ Roger Myers*
9                                             Roger Myers

10                                       Attorneys for Plaintiffs

11
                                         Karen Parker
12                                       (CA State Bar No. 112486)
                                         Association of Humanitarian Lawyers
13                                       154 5th Avenue
                                         San Francisco, CA 94118
14                                       Telephone: (415) 668-2752
                                         E-mail: ied@agc.org
15

16                                       *With the assistance of:*
                                         Albert Ho Chun-Yan
17                                       Legal Representative for Shi Tao
                                         Hong Kong
18

19                                       Shannon Barrows, University of Chicago Law
                                              School
20                                       Jessica Anna Cabot, American University
                                              Washington College of Law
21                                       *Legal Interns*

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF COMPLIANCE**

This reply on behalf of Plaintiffs Wang Xiaoning, Yu Ling, Shi Tao and Additional Presently Unnamed and To Be Identified Individuals complies with all Federal and Local Rule requirements including the page limit of 25 narrative pages.

Signed and Certified to this 27th day of August, 2007.

By: */s/ Morton Sklar*
        Morton Sklar
        Executive Director
        World Organization for Human Rights USA
        2029 P Street NW, Suite 301
        Washington, DC 20036