Morton, H. Sklar, Executive Director
msklar@humanrightsusa.org
World Organization for Human Rights USA
2029 P Street NW, Suite 301
Washington, DC 20036
Telephone: (202) 296-5702
Facsimile:  (202) 296-5704
[Admitted *Pro Hac Vice*]

Roger Myers (CA State Bar No. 146164)
roger.myers@hro.com
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone:     (415) 268-2000
Facsimile:      (415) 268-1999

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WANG XIAONING, YU LING, SHI TAO, and ADDITIONAL PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUALS,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO, INC., a Delaware Corporation, YAHOO! HONG KONG LTD., a Foreign Subsidiary of Yahoo!, AND OTHER PRESENTLY UNNAMED AND TO BE IDENTIFIED CORPORATE DEFENDANTS AND UNNAMED AND TO BE IDENTIFIED INDIVIDUAL EMPLOYEES OF SAID CORPORATIONS,<br><br>Defendants. | Case No. C07-02151 CW/JCS<br><br>**TORT DAMAGES CLAIM**<br><br>**DECLARATION OF MORTON SKLAR IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**<br><br>Magistrate Judge: Hon. Joseph C. Spero |

I, MORTON SKLAR, declare:

1. I am the Executive Director of the World Organization for Human Rights USA,

attorney of record and lead counsel for the Plaintiffs in the above-captioned case, and

a former Judge (for nine years) with one of the two international courts operated by

the Organization of American States.  This declaration is being submitted pursuant to

Civil Local Rule 7-5 in support of Plaintiffs' Opposition to Defendants' Motion for Protective Order Governing Confidential Information. Except where otherwise indicated, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2. Over the past few weeks, I have discussed with Defendants' Counsel their concerns regarding a Stipulated Protective Order. I have been primarily responsible for communicating and exchanging information with the Attorneys for the Defendants in connection with their Proposed Protective Order Submission.

3. We first received a draft of the Defendants' Proposed Protective Order at 5:33 PM on July 26, 2007. At that time the Parties were in the midst of dealing with a number of other complicated and time consuming issues and court pleadings, including submission of a Joint Stipulation and related material on the Plaintiffs' Second Amended Complaint and accompanying revised case management time schedule (completed on or about July 27) and the dropping of Alibaba, Inc. as a named Defendant, as well as the negotiations and an exchange of briefs between the parties in connection with the issue of requesting the views of the U.S. Department of State on the potential foreign policy impacts of the case. The Defendants also had asked us to extend the page limit from 25 to 65 pages for their Motion to Dismiss, and we were discussing that proposal as well. Much of this activity was taking place at around the same time that the Defendants presented to us for our views their Proposed Protective Order.

4. On August 2, I sent an email to the Defendants with the primary purpose of setting up a "meet and confer" discussion on the State Department Statement of Interest issues. In that email communication I indicated that we had "been a bit slow getting back with

Decl. of Morton Sklar ISO Opposition to
Defendants' Motion for Protective Order                - 2 -                Case No. C07-02151 CW/JCS
Governing Confidential Information

you on the other items" under review at the time, including the Proposed Protective Order, "since there have been so many matters to review." I specified in that email that "we have several matters to discuss regarding the Draft Protective Order that you proposed."

5. On August 10, I sent an email devoted exclusively to the Protective Order issues, listing and explaining our specific concerns/objections to the Proposed Order, based upon an analysis we had made of the Defendants' proposals and some preliminary legal research we had done on the issues posed by the Defendants' Proposed Order. That analysis indicated that, contrary to the assurance they gave us in their email on July 26 sending us the draft that the draft "tracks the Northern District of California form order," in fact the proposed order departed from the model form in a number of significant ways, notably the deletion of the provision prohibiting the "mass, indiscriminate or routinized" overuse of protective designations, and the addition of other provisions limiting liability for improper designations. In addition Defendants adamantly refused to accept a provision that would preserve free accessibility and use of information in the public domain.

6. Based in large part on these discrepancies we rejected the proffered joint stipulation on the Defendants' proposed order.

7. Attached as Exhibit A is a true and correct copy of the draft Joint Stipulated Protective Order that Defendants' Counsel sent to me via email as the basis of our negotiations.

8. Attached as Exhibit B is a true and correct copy of the Form Stipulated Protective Order for the Northern District of California, available at http://www.cand.uscourts.gov/cand/form.nsf/7813fd3053452aef88256d4a0058fb31?OpenView (last visited Aug. 23, 2007).

Decl. of Morton Sklar ISO Opposition to
Defendants' Motion for Protective Order                - 3 -                Case No. C07-02151 CW/JCS
Governing Confidential Information

9. A comparison of these documents demonstrates very precisely some of the reasons why we rejected the Defendants' Proposed Order, and decided to support adoption of an alternative order incorporating provisions more in line with prevailing court approved standards aimed at preventing overuse of the protective designation process.

10. We note that the Defendants changed the Proposed Order they submitted to us in several material ways when they submitted their proposal to the Court for approval, including adding the previously deleted prohibition on "mass and indiscriminate" overuse of the system. But they did not agree to inclusion of provisions we had proposed, consistent with case law precedent, aimed at protecting against over-designations, and prohibiting coverage of information in the public domain.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Washington, D.C. on this 27th day of August 2007.

/s/ Morton Sklar
Morton Sklar
Executive Director
World Organization for Human Rights USA