Xiaoning et al v. Yahoo! Inc, et al | Doc. 89

Case 4:07-cv-02151-CW   Document 89   Filed 09/10/2007   Page 1 of 5

Morton, H. Sklar, Executive Director
msklar@humanrightsusa.org
World Organization for Human Rights USA
2029 P Street NW, Suite 301
Washington, DC 20036
Telephone: (202) 296-5702
Facsimile: (202) 296-5704
[Admitted *Pro Hac Vice*]

Roger Myers (CA State Bar No. 146164)
roger.myers@hro.com
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WANG XIAONING, YU LING, SHI TAO, and ADDITIONAL PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUALS,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO, INC., a Delaware Corporation, YAHOO! HONG KONG LTD., a Foreign Subsidiary of Yahoo!, AND OTHER PRESENTLY UNNAMED AND TO BE IDENTIFIED CORPORATE DEFENDANTS AND UNNAMED AND TO BE IDENTIFIED INDIVIDUAL EMPLOYEES OF SAID CORPORATIONS,<br><br>Defendants. | Case No. C07-02151 CW<br><br>**TORT DAMAGES CLAIM**<br><br>**DECLARATION OF MORTON SKLAR REGARDING PLAINTIFFS' CERTIFICATION OF DISCUSSION OF ALTERNATIVE DISPUTE RESOLUTION OPTIONS**<br><br>Judge: Hon. Claudia Wilken |

I, MORTON SKLAR, declare:

1. This Alternative Dispute Resolution Certification should be considered in conjunction with the similar Certification filed in this case by the Defendants on September 7, 2007.

2. I am the Executive Director of the World Organization for Human Rights USA,

attorney of record and lead counsel for the Plaintiffs in the above-captioned case. This declaration is being submitted regarding ADR Certification of Discussion of ADR Options in this case. Except where otherwise indicated, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto. I have been primarily responsible for communicating and exchanging information with the Attorneys for the Defendants in connection with pretrial case management.

3. On Friday, September 7, 2007, at 2:30 PM, I and other members of my staff discussed a variety of case management issues with several members of Defendants' Counsel team. Alternative Dispute Resolution options were discussed, as required by ADR Local Rule 3-5a.

4. During the September 7 conference call, particular mention was made of the ADR Certification form required by ADR Local Rule 3-5b, and the fact that the form was due to the Court and the ADR staff on the same day as our call, September 7. We further discussed whether all Parties could stipulate to an ADR process, and whether the Parties wished to notify the Court of the need for an ADR telephone conference. All Attorneys agreed to the need for an ADR telephone conference call with ADR staff.

5. It was our understanding that Defense Counsel would file the necessary ADR form jointly, certify our ADR discussions, and express our joint preference for the telephone conference, before the end of the day. One of the Defendants' counsel team asked how we would sign the form, and I confirmed that my signature should be added electronically to this joint submission.

6. It was on the basis of this understanding that a joint certification would be made that

1  we did not take any further action to separately file the required ADR certification on behalf of the Plaintiffs.

7. Defendants' legal team filed a joint request for an ADR conference call with ADR staff, but filed the ADR certification individually, not jointly, though it was our intention and expectation that both be filed jointly as a result of our September 7 discussions. We do not believe, imply, or mean to suggest in any way that the Defendants acted improperly or in bad faith in not including our names on the ADR certification they submitted on September 7 as we had anticipated they would. We believe that they simply did not share our understanding of our discussions in this regard and believed that they were filing only the ADR telephone conference request, not the ADR certification, on a joint basis. We describe these discussions and our differing understandings solely to indicate the reason why the Plaintiffs' ADR certification was not filed on the due date of September 7, and why it is being filed one business day late, on September 10.

8. When I arrived at work today (Monday, September 10, 2007), I saw for the first time the ADR certification forms and submission filed by Defense Counsel after I left my office on Friday, September 7. Upon review, I realized that my electronic signature was not included on the certification form and a joint filing regarding the ADR had not taken place. I am seeking to overcome this oversight by immediately filing our own ADR certification form.

9. I have discussed the Court's ADR options and other settlement possibilities with our Plaintiffs and/or their authorized legal representatives. As certified by my signature on the form filed today, all three plaintiffs understand that a Court-sponsored ADR process is available to them in connection with the lawsuit they have filed. Given the

Plaintiffs' and their legal representatives' limited English abilities, it would not be accurate for them to attest that they have "read" the handbook, as stated in the Court's standard form, because they can not read English. The certification filed today states that we have discussed the nature and contents of the handbook with them, and that they understand the ADR options.

10. Because the Plaintiffs reside in China, and since two of the named Plaintiffs are being held in detention in China under circumstances that greatly restrict their access to visitors and to free communications, we have not yet obtained their personal signatures on the ADR form, as required, but we are in the process of attempting to do so.

11. Plaintiffs regret the one day lateness in their filing of this certification based on the reasons indicated in this declaration, and any inconvenience this delay may have caused the Court, its staff, or Defense Counsel. The Plaintiffs stand ready to fully comply with all of the Court's ADR processes, including the ADR telephone conference that has been jointly agreed to with the Defendants.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

1  Executed in Washington, D.C. on this 10th day of September 2007.

2

3

4                                                    */s/ Morton Sklar*

                                                    Morton Sklar
5                                                     Executive Director

                                                    World Organization for Human Rights
6                                                     USA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Morton Sklar Regarding Plaintiffs'                                               
Certification Of Discussion Of Alternative                    - 5 -                        Case No. C07-02151 CW
Dispute Resolution Options