Xiaoning et al v. Yahoo! Inc, et al                                                                    Doc. 90

Case 4:07-cv-02151-CW    Document 90    Filed 09/14/2007    Page 1 of 23

1  Morton, H. Sklar, Executive Director
2  msklar@humanrightsusa.org
   World Organization for Human Rights USA
3  2029 P Street NW, Suite 301
   Washington, DC 20036
4  Telephone: (202) 296-5702
   Facsimile: (202) 296-5704
5  [Admitted *Pro Hac Vice*]

6
   Roger Myers (CA State Bar No. 146164)
7  roger.myers@hro.com
   HOLME ROBERTS & OWEN LLP
8  560 Mission Street, 25th Floor
   San Francisco, CA 94105-2994
9  Telephone: (415) 268-2000
   Facsimile: (415) 268-1999
10

11 [Additional Attorneys Appear on Signature Page]

12 Attorneys for Plaintiffs

13                 UNITED STATES DISTRICT COURT
14               NORTHERN DISTRICT OF CALIFORNIA
                        OAKLAND DIVISION
15

16 WANG XIAONING, YU LING, SHI TAO,        Case No. C07-02151 CW/JCS
   and ADDITIONAL PRESENTLY
17 UNNAMED AND TO BE IDENTIFIED            **TORT DAMAGES CLAIM**
   INDIVIDUALS,
18                    Plaintiffs,           **PLAINTIFFS' MOTION TO INITIATE
                                            INITIAL AND JURISDICTIONAL
19         v.                               DISCOVERY**

20 YAHOO, INC., a Delaware Corporation,
   YAHOO! HOLDINGS (HONG KONG),
21 LTD., a Foreign Subsidiary of Yahoo!, AND  Date: November 1, 2007
   OTHER PRESENTLY UNNAMED AND            Time: 2 P.M.
22 TO BE IDENTIFIED CORPORATE             Location: Courtroom 2
   DEFENDANTS AND UNNAMED AND
23 TO BE IDENTIFIED INDIVIDUAL            Judge: Hon. Claudia Wilken
   EMPLOYEES OF SAID
24 CORPORATIONS,
                      Defendants.
25
26 TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

27       PLEASE TAKE NOTICE THAT ON November 1, 2007, at 2:00 p.m., Plaintiffs Wang

28 Xiaoning, Yu Ling, and Shi Tao will and hereby do move to initiate limited initial and

1   jurisdictional discovery in order to respond to Defendants' Motions to Dismiss, Motion for a

2   More Definite Statement, and Motion to Strike, which Defendants filed on August 27, 2007.

3   Plaintiffs bring this motion pursuant to Rules 12(b)(1), (6), and (7) of the Federal Rules of Civil

4   Procedure.  This motion is based on this notice of motion and motion, the following

5   Memorandum of Points and Authorities, the pleadings on file in this matter, and any further

6   argument the Court might allow.

7

8           Dated:  September 14, 2007                    MORTON H. SKLAR
                                                          WORLD ORGANIZATION FOR HUMAN
9                                                         RIGHTS USA

10                                                        By:  _/s/_ Morton H. Sklar_____
11                                                              Morton H. Sklar
                                                                Attorney for Wang Xiaoning, Yu
12                                                              Ling, and Shi Tao

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

3    I.  INTRODUCTION…………………………………………………………………....1

4    II. NUMEROUS ELEMENTS OF THE DEFENDANTS' MOTIONS
        TO DISMISS REQUIRE AND JUSTIFY ADDITIONAL FACT- GATHERING
5        THROUGH INITIAL AND JURISDICTIONAL DISCOVERY…………………………..3

6            A. Jurisdictional Discovery on the Basis of the
               Defendants' 12(b)(2) Motion is Necessary……………………………….............4
7

8            B. Conversion Of The Defendants' 12(b)(6)
               Motion to a Motion for Summary Judgment is Necessary………………………..7
9

10               1. Defendants' Inclusion of Chinese Laws And
                    Administrative Regulations Convert Their
                    12(b)(6) Claim Into A Motion For Summary
11                  Judgment Even Though Some (But Not All)
                    Of These Materials May Be Public Documents………………...............8
12

13           C. Jurisdictional and Limited Initial Discovery on the
               Basis of the Defendants' 12(b)(1) and 12(b)(7)
14             Motions is Necessary………………………………………………….........11

15               1. The Defendants Make Factual Claims the
                    Veracity of which can only be Determined by
16                  Documents in the Exclusive control of the
                    Defendants therefore Entitling the Plaintiffs to
17                  Jurisdictional Discovery………………………………….....................12

18               2. The Defendants Attempt to Use the Statements of
                    Interest of the U.S. Government in Other Cases
19                  In Support Of Their 12(b)(1) Motion Requires Discovery……...........12

20               3. Discovery is Needed to Counter Defendants' 12(b)(7)
21                  Indispensable Party Claims………………………………………….13

22           D. Limited Discovery Based on the Defendants' Anti-SLAPP
               Motion to Strike is Necessary…………………………………………….........14
23

24   III. PROPOSED DISCOVERY PLAN……………………………………………….15

25   IV. CONCLUSION………………………………………………………….............16

26

27

28

1

# TABLE OF AUTHORITIES

2

## CASES

3

4

5

*Berkovitz v. United States*, 486 U.S. 531 (1988)……………………………………….........7

*Beroiz v. Wahl*, 84 Cal. App. 4th 485 (2000)……………………………………………..15

6

*Butcher's Union Local No. 498 v. SDC Investment, Inc.,* 788 F.2d 535 (9th Cir. 1986)…... 4, 11

7

*Carter v. Stanton*, 405 US 669 (1972)………………………………………………........ 7

8

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)…………………………………..…..7, 10

9

*Cervantes v. United States*, 330 F.3d 1186 2003)……………………………………………7

10

*Data Disc, Inc. v. Systems Tech Assocs., Inc.*, 557 F. 2d 1280 (9th Cir. 1977)……………...5,11

11

*Flatley v. Mauro*, 39 Cal. 4th 299 (2006)……………………………………………………...14

12

*Garaux v. Pulley*, 739 F.2d 437 (9th Cir.1984) …………………………………………...7

13

*Manguso v. Oceanside Unified School Dist.*, 153 Cal App. 3d 574 (1984)…………………..15

14

*Mass. School of Law v. ABA*, 107 F. 3d 1026 (3rd Cir. 1997)…………………………………5

15

*Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340 (1978)…………………………………..4

16

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998)………………………………………7

17

*U.S. v. Emmanuel*, case 06-20758-CR-ALTONAGA, U.S. Dist. Crt. S.D. Fla………………15

18

*U.S. v. Swiss American Bank*, 274 F. 3d 610 (1st Cir. 2001)…………………………………...5

19

*Wells Fargo & Co. V. Wells Fargo Express Co.,* 556 F.2d 406 (9th Cir. 1977)……………4,11

20

## STATUTES

21

California Civil Code § 47 (Anti-SLAPP Statute) ...................................................................15

22

## COURT RULES

23

Federal Rule of Civil Procedure Rule 12………………………………………………4,16

24

12(b)…………………………………………………………………………………………3

12(b)(1)………………………………………………………………………11,12,13

25

12(b)(2)……………………………………………………………………………4,16

12(b)(6)………………………………………………………2,3,7,8,10,12,13

26

12(b)(7)………………………………………………………………………11,12,13

12(g)……………………………………………………………………………2

27

28

1

Federal Rule of Civil Procedure Rule 19……………………………………………….. .13

2

Federal Rules of Civil Procedure Rule 56……………………………………………2,3,7,8

3

Federal Rule of Evidence……………………………………………………………..8

4

**OTHER AUTHORITIES**

5

U.S. Department of State Country Reports on Human Rights ………………………….8,9

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **I.    INTRODUCTION**

2        Plaintiffs, separate and apart from submitting their response to the Defendants' Motions to

3   Dismiss and associated motions filed on August 27, 2007, and without prejudice to their

4   submitting their Responses to those motions at a subsequent time pursuant to the associated

5   motion to expand time being submitted with the Motion, hereby submit this Motion to Initiate

6   Initial and Jurisdictional Discovery. This Motion is made necessary by the extensive number,

7   scope, and content of the allegations contained in the Defendants' motions, that make it necessary

8   to obtain additional information from the Defendants in order for a fair and reasonable response

9   to be provided by the Plaintiffs.

10        In no way should this request for limited discovery be taken as an admission of any of the

11  Defendants' allegations or arguments presented in their Motions to Dismiss and associated

12  motions, nor should the Plaintiffs' discovery motions be taken as a waiver of Plaintiff's right and

13  intention to respond on the merits to the Defendants' Motions.

14        In their motions, Defendants have raised a wide variety of complex and detailed

15  arguments as to why this court should not exercise jurisdiction over these proceedings, and have

16  supplemented their motions with an especially large number of factual presentations and

17  documents.  Both the allegations and the supporting documentation go well beyond challenging

18  the legal sufficiency of the claims and legal theories set out by the Plaintiffs in their complaint, in

19  that they challenge the factual accuracy of the Plaintiffs' claims, raise additional facts and legal

20  arguments, and offer extraneous evidence in support of the Defendants' positions.  In these

21  circumstances, the Federal Rules of Civil Procedure and court decisions applying and interpreting

22  these Rules recognize the right of the non-moving party to obtain the facts that they need to

23  properly and fairly counter the moving party's claims through initial or jurisdictional discovery,

24  and to place in abeyance the court's consideration and resolution of the Defendants' motions,

25  including submission of the non-moving party's substantive response to the Motions to Dismiss,

26  until the initial and jurisdictional discovery process is completed.  This Motion to Initiate Initial

27  and Jurisdictional Discovery, and the accompanying Motion to Expand the Time for the

28  Plaintiffs' Response, would accomplish that purpose, and provide the means recognized in the

1  Federal Rules and by the courts to provide the Plaintiffs with the facts and information they need

2  to respond to the Defendants' Motions on a fair and effective basis.

3      This proposed initial and jurisdictional discovery approach is particularly necessary and

4  appropriate given the fact that the Defendants have supplemented their various Motions to

5  Dismiss and associated motions, and arguments in support of dismissal, with a substantial body of

6  supporting documentation that, pursuant to Rule 12(b)(6) standards, effectively requires the

7  conversion of their Motion to Dismiss for Failure to State a Claim into a Rule 56 Motion for

8  Summary Judgment (see section II(B) below beginning on page 7).

9      Several very practical reasons also point in favor of the initial and jurisdictional discovery

10 approach the Plaintiffs are proposing, relating to serious deficiencies and irregularities in the way

11 the Defendants have chosen to present their several Motions.  By submitting three separate Rule

12 12 motions dealing with individual grounds for dismissal, along with other associated motions,

13 Defendants may well have violated not only the spirit and letter of the "consolidation of defenses"

14 requirement of Rule 12(g), but the terms of the Court's August 23rd Order that placed a forty-

15 page limit on their Motion to Dismiss submission.  Indeed, it may well be the case that the

16 separate motions approach was taken specifically because the court rejected the Defendants'

17 request for an expanded page limit for their submission beyond the 40-page limit that was

18 eventually provided. Breaking down the motion into its separate parts and submitting them as

19 individual motions may have been seen by the Defendants as the only way for them to get all of

20 their challenges before the court in the comprehensive form that they sought.

21     Plaintiffs will address these deficiencies and Rule violations in the way that the

22 Defendants' Motions have been submitted to the court in their upcoming Response to these

23 motions. At a minimum the Defendants' practices add further weight to the need and importance

24 of initiating initial and jurisdictional discovery, as one means that would help even the playing

25 field and make it possible for the Plaintiffs to respond to the numerous motions and documentary

26 materials that the Defendants have filed on a fairer and more realistic basis.  These problems with

27 the Defendants' Motions also speak in support of the accompanying Motion to Expand Time for

28 the filing of Plaintiffs' response to the Defendants' Motions. Even if the court chooses to deny the

1   Plaintiffs' request to hold the Motions to Dismiss proceedings in abeyance until initial and

2   jurisdictional discovery can be completed, additional time will be needed to properly respond to

3   the Defendants' numerous and extensive motions.

4       Plaintiffs are referring their present Motions to Judge Wilken in recognition that, while

5   they deal with a combination of motion to dismiss, case management, and discovery-related

6   issues, the core decisions that will be required here focus on management of the pending Motion

7   to Dismiss proceedings which come under Judge Wilken's jurisdiction.  If, as Plaintiffs request,

8   the Defendants' Motions to Dismiss are placed on hold pending completion of a jurisdictional

9   discovery process, it is Plaintiffs' understanding that, pursuant to Judge Wilken's August 17,

10  2007 order, the initial and jurisdictional discovery process will then come under Magistrate Judge

11  Spero's authority.  Plaintiffs' obtained advice from both Judge Wilken's and Judge Spero's

12  chambers that this Motion was appropriately within Judge Wilken's jurisdiction.

13      In terms of the timing of the hearing on the Plaintiffs' Motions relating to initial and

14  jurisdictional discovery, Plaintiffs propose that a joint hearing on these matters be held

15  concurrently with an initial case management conference. The Court previously indicated that this

16  approach should be taken in its July 31 Order.  The date being proposed for this consolidated

17  hearing is November 1, 2007, to coincide with the date proposed by the Defendants for

18  consideration of their motions.

19  **II.    NUMEROUS ELEMENTS OF THE DEFENDANTS' MOTIONS TO DISMISS
20          REQUIRE AND JUSTIFY ADDITIONAL FACT-GATHERING THROUGH
            INITIAL AND JURISDICTIONAL DISCOVERY.**

21      There are several elements of the Defendants' Motions to Dismiss and accompanying

22  documentation that go beyond challenging on their face the legal sufficiency of the Plaintiffs'

23  allegations, and raise factual issues that require initial and jurisdictional discovery to rebut,

24  whether simply as a matter of fair play in responding to the motions under the jurisdictional

25  discovery standards applied under each of the Rule 12 (b) subsections, or through the more

26  formal conversion of the Rule 12 (b)(6) Motion for Failure to State a Claim into the more

27  factually-oriented Rule 56 Motion for Summary Judgment.  Substantial case precedent supports

28

the necessity of initiating initial and jurisdictional discovery where access to additional facts and documentation are required in order to make a fair and reasoned response to the type of motions to dismiss that have been filed by Defendants and to the types of allegations and factual materials contained in these motions. Prevailing case law applying Rule 12 supports the position that, in general, challenges to jurisdiction justify the initiation of initial or jurisdictional discovery. The Supreme Court has held that "[i]t is now clear that federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

### A. Jurisdictional Discovery on the Basis of the Defendants' 12(b)(2) Motion is Necessary.

When a case presents questions of the appropriateness of jurisdiction or venue, early discovery is available to ascertain facts on those questions. *See, Oppenheimer*, 437 U.S. at 351 n.13. This case presents a clear situation where jurisdictional discovery would be appropriate. The Ninth Circuit has held that "[d]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Investment, Inc*., 788 F.2d 535, 540 (9th Cir. 1986); *see also*, *Wells Fargo & Co. V. Wells Fargo Express Co*., 556 F.2d 406, 431 n. 24 (9th Cir. 1977). Here, Yahoo! Hong Kong's Motion to Dismiss raises and asserts a number of facts that the Plaintiffs need to contest, and that are uniquely within the Defendants' custody, and as such, initial jurisdictional discovery should be allowed.

Yahoo! Hong Kong's Motion to Dismiss for Lack of Personal Jurisdiction and its accompanying Memorandum in Support raise a number of factual allegations regarding Yahoo! Hong Kong, its organizational relationships with Yahoo! Inc. and its business activities as they relate to the U.S. and California. These allegations were supported by several documents, including a detailed Declaration by Yahoo! Hong Kong's current General Manager discussing several matters including the nature of Yahoo! Hong Kong's connections with California, its advertising revenue sources, the services it provides, the sources of its income, and its methods of operation. Many of the points set out in the Motion and in the accompanying Memorandum and

1   attached documentary evidence involve a factual challenge to the Plaintiffs' allegations in the

2   complaint, making jurisdictional discovery, and deferral of consideration of the Defendants'

3   Motion until a more complete factual inquiry can be conducted, a necessity.  To rule on these

4   jurisdictional issues based only upon the Defendants' claims and factual offerings would amount

5   to a ruling on the merits without providing the non-moving party with the means to respond to the

6   moving parties' claims and proffered evidence.  *See, e.g.*, *Data Disc, Inc. v. Systems Tech*

7   *Assocs., Inc.*, 557 F. 2d 1280 (9th Cir. 1977).  For this reason, courts normally grant limited

8   jurisdictional discovery before ruling on a Rule 12(b)(2) motion to dismiss.  *See U.S. v. Swiss*

9   *American Bank*, 274 F. 3d 610, 625 (1st Cir. 2001).  This is especially true where, as in this case,

10  one of the issues in question is whether a corporate defendant is adequately "doing business"

11  within the court's jurisdiction, and the evidence regarding these issues is completely within the

12  control of the defendant.  *See, e.g., Mass. School of Law v. ABA*, 107 F. 3d 1026, 1042 (3rd Cir.

13  1997), *cert. denied*, 522 U.S. 907, 118 S.Ct. 264, 139 L. Ed 2d 191 (1997).  To rule solely on the

14  very limited, self-serving and highly selective material provided by the Defendants on these

15  matters would not serve the interests of justice or meet due process standards.

16      For example, Yahoo! Hong Kong's General Manager attests to the fact that 1% of Yahoo!

17  Hong Kong's revenue and customers derive from California residents, but maintains that these

18  contacts are not sufficient to establish "doing business" in California.  These and other critical

19  matters require jurisdictional discovery because the full range of facts associated with these issues

20  are uniquely within the knowledge and control of the Defendants, and only selected portions of

21  the facts most favorable to the Defendants have been offered by the Defendants in their Motions

22  and supporting documentation.  More information is needed, for example, on the nature and

23  sources of Yahoo! Hong Kong's revenue and income and the nature of their corporate ties and

24  relationships, not only at the present time, but during earlier periods when the arrests of the

25  named plaintiffs took place, and before changes were made in Yahoo!'s corporate structure to try

26  to insulate them from responsibility for what occurred in China. These matters are not fully and

27  fairly reflected in the General Manager's highly limited and self-serving conclusions.

28

1    There are many other factual matters in the Defendants' possession that are not reflected

2    in the Defendant's highly selective and self-serving presentation of the facts.  This includes the

3    specifics of the operational control Yahoo! Inc. exercises over Yahoo! Hong Kong and other

4    Yahoo! Chinese affiliates not just at the present time, but during the 2001-2004 period when

5    many of the abuses alleged in the Complaint took place. For example, the Yahoo! Hong Kong

6    General Manager claims that while most of Yahoo! Hong Kong is subject to his supervision and

7    control, he concedes that employees in some departments such as "legal, finance, and engineering

8    report to Yahoo! Inc." (General Manager Declaration page 4.)  This is significant, as it indicates

9    control by Yahoo! Inc. over Yahoo! Hong Kong operations, although the full nature and extent of

10   that control remains to be determined. Only jurisdictional discovery can obtain the full facts on

11   these relationships and the extent of control actually exercised by Yahoo! Inc. over Yahoo! Hong

12   Kong operations, since these matters are exclusively within the Defendants' knowledge and

13   control. Contractual relationships between Yahoo! Inc. and its China and Hong Kong affiliates

14   also need to be examined in this regard, as well as contracts and relations with other companies

15   that may affect Yahoo! Inc.'s and Yahoo! Hong Kong's operations and responsibilities. Moreover

16   there are indications that the corporate controls exercised by Yahoo! Inc over China operations

17   were substantially greater in past years before recent restructuring took place. Information on

18   these past arrangements must be obtained in order for the plaintiffs to be able to respond

19   accurately and on an informed basis to the Defendants' allegations in these matters.

20   The Plaintiffs' jurisdictional discovery requests related to the 12(b)(2) motion are

21   narrowly tailored to determine whether the court has personal jurisdiction over Yahoo! Hong

22   Kong. They are narrowly tailored to determine the extent of Yahoo! Hong Kong's contacts with

23   California, their relations with Yahoo! Inc., and their mutual powers and responsibilities.   We

24   also seek information about Yahoo! Hong Kong's corporate structure for the period of its entire

25   existence to be better able to determine the extent of its contacts with California and its business

26   relationship with the U.S. office during those earlier periods of time.  The Proposed Discovery

27   Plan also seeks information regarding Yahoo! Inc's decision to establish a Hong Kong subsidiary.

28   Plaintiffs also seek information regarding how legal decisions were made and what discussions

1    and communications took place between Yahoo! Hong Kong and Yahoo! Inc. regarding the

2    internet user information requests of the Chinese Government.  This information is vital in

3    establishing the Plaintiffs' theory that Yahoo! Inc. exercised, and continues to exercise,

4    substantial direct control over Yahoo! Hong Kong on these matters.  Information also is needed

5    on Yahoo's motivation for establishing more recent corporate structures involving its China and

6    Hong Kong affiliates, to determine whether a corporate veil was established in bad faith in an

7    attempt to protect them from repercussions of doing business with a totalitarian government.

8    Documentary material including licensing agreements, contracts and other operational standards

9    and understandings between and among Yahoo! Inc. and its China and Hong Kong affiliates are

10   required to obtain a full and complete picture of the nature and extent of these relationships and

11   how they relate to the court's exercise of jurisdiction over the Defendants.

### B.   Conversion Of The Defendants' 12(b)(6) Motion to a Motion for Summary Judgment is Necessary.

14        When a claim is challenged under Fed. R. Civ. Proc. 12(b)(6), pursuant to a motion to

15   dismiss for failure to state a claim, the court takes all factual allegations in the complaint to be

16   true and construes them in the light most favorable to the pleader. *Berkovitz v. United States*, 486

17   U.S. 531, 540 (1988); *Cervantes v. United States*, 330 F.3d 1186, 1187 (2003). Should the

18   moving party introduce matters outside the complaint in the 12(b)(6) motion, and should the court

19   not exclude them, then the motion to dismiss will automatically convert to a motion for summary

20   judgment pursuant to the requirements of Rule 56. Fed. R. Civ. Proc. 12(b)(6). *Carter v. Stanton*,

21   405 US 669, 671 (1972); *Garaux v. Pulley*, 739 F.2d 437, 438 (9th Cir. 1984). Once the 12(b)(6)

22   motion is converted into a motion for summary judgment, then the court must authorize initial

23   discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). See also *Parrino v. FHP, Inc.*, 146

24   F.3d 699, 706 (9th Cir. 1998)("[I]f a district court considers evidence outside the pleadings, it

25   must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it

26   must give the nonmoving party an opportunity to respond.").

27        Plaintiffs recognize and understand that not all material outside of the complaint will

28   automatically convert a 12(b)(6) motion into a motion for summary judgment, since courts have

1   developed exceptions to the conversion rule based on Federal Rule of Evidence 201 referring to

2   judicially-noticed facts "generally known within the territorial jurisdiction of the trial court or

3   capable of accurate and ready determination by resort to sources whose accuracy cannot

4   reasonably be questioned." There also is a public records exception to the conversion rule. But

5   those exceptions do not apply to many of the extraneous and additional documents included by

6   the Defendants in their Motions.

7        Moreover, even where materials fit within the exceptions to the conversion requirement, it

8   is important to keep in mind that it is not just the nature of the document, but how it is used in the

9   motion to dismiss that can render it inappropriate for a 12(b)(6) motion, and justify conversion of

10  the motion to a Rule 56 summary judgment motion, making initial discovery necessary before

11  resolving the issues raised by the motion. Material that is used to develop or support the

12  Defendants' defenses, and to challenge the factual and legal elements of the Plaintiffs' Complaint,

13  rather than being restricted to addressing the legal sufficiency of the allegations made in the

14  complaint, cannot be properly considered as being limited to a Rule 12(b)(6) claim and justifying

15  its conversion to a Rule 56 motion.

16       **1.  *Defendants' Inclusion of Chinese Laws And Administrative Regulations***
17       ***Convert Their 12(b)(6) Claim Into A Motion For Summary Judgment***
         ***Even Though Some (But Not All) Of These Materials May Be Public***
18       ***Documents.***

19       Defendants have attached to their Motions a wide variety of Chinese laws and

20  administrative standards in an effort to bolster their argument that Yahoo! was following legal

21  requirements when it delivered internet user identifying information to Chinese authorities.

22  These documents convey only a very small part of the story. It is well known that the laws of

23  China, and the way these laws are interpreted and applied, are often vastly different in practice

24  then their text indicates under the Communist system. The U.S. Department of State has

25  frequently noted this fact in its annual Country Reports on Human Rights, indicating that the legal

26  standards as written often are not observed, and that it is necessary to look beyond the texts of the

27  law to examine how they are applied in practice to understand what official policy is.[1] When

28  _____

[1] *See* Country Reports on Human Rights Practices - 2006. Released by the Bureau of Democracy, Human Rights, and

1   referring to freedom of speech, for example, the State Department reported specifically, "The law

2   provides for freedom of speech and of the press, although the government generally did not

3   respect these rights in practice." In a section on the denial of fair public trials, the State

4   Department remarks that though "the law states that the courts shall exercise judicial power

5   independently, without interference from administrative organs, social organizations, and

6   individuals[,] in practice the judiciary [i]s not independent."[2]

7       Given this reality, a realistic understanding of the actual legal standards that are applied in

8   China, and that were applied in this case to Yahoo!, and to the Plaintiffs, cannot be obtained only

9   by looking at the texts of the statutes or regulations themselves, as referenced in Defs' Mot. To

10  Dismiss, Appendix B.  In order to ascertain what legal standards actually were applied to the

11  Plaintiffs and to the Defendants in the present case it is necessary to go beyond the documents

12  that the Defendants have provided, and to obtain more information from the Defendants on how

13  these laws were applied to Yahoo! and the Plaintiffs.

14      The Defendants assert that their disclosure of information to the Chinese Government was

15  compelled. Mot. Dis. page 34. To prove this point, they cite to numerous Chinese statutes and

16  regulations, provisions from Criminal Procedure Law, Criminal Law, State Security Law, PRC

17  Regulations of Telecommunications, Measures for the Administration of Internet E-mail

18  Services, and Administrative Measures on Internet Bulletin Services. *Id*. at n.39. However, in

19  order to truly determine whether these laws compelled the disclosure of the information, and

20  whether Yahoo!'s claim that they would be subject to legal sanctions if the requests were denied

21  is accurate, in light of the special nature of the Chinese legal system that the U.S. Dept. of State in

22  its Country Reports on Human Rights has recognized, more specific facts are needed relating to

23  the communications between the Defendants and the Chinese Government. These documents and

24  this information are exclusively in the control of the Defendants.  They include copies of the

25  actual requests for Internet user identifying information that Yahoo! received from Chinese

26  officials, the responses they made, and all accompanying communications that may help to

27

28  Labor, March 6, 2007, http://www.state.gov/g/drl/rls/hrrpt/2006/78771.htm, found on 09/11/07.
    [2] *Id*.

1   indicate why these requests were being made, how they were being used, who were the targets of

2   these requests and responses, and what specific sanctions Yahoo! was threatened with if they

3   failed to comply.  Only the Defendants (and the Chinese Government) have access to this

4   information and these documents.

5          For example, by including a long list of Chinese statutes and regulations with their

6   Motions, Defendants have introduced factual matters and claims that go beyond the material set

7   out in Plaintiffs' Complaint, and address factual and legal defenses that do a great deal more than

8   simply allege a failure to state a claim under Rule 12(b)(6).  They seek to establish and support

9   Defendants' defenses, going to the merits of the Complaint, and therefore convert the Defendants'

10  12(b)(6) motion into a motion for summary judgment, pursuant to the Federal Rules and the

11  standards set out in *Celotex,* 477 U.S.  at 322, mandating initiation of initial discovery to provide

12  the Plaintiffs with a reasonable and fair opportunity to respond to these merits claimed.

13         When the Defendants claim that their disclosure of information to the Chinese

14  Government was compelled, *see* Mot. Dis. page 34, they are asserting a factual defense rather

15  than questioning the legal sufficiency of the complaint itself. A factual defense has no place in a

16  Rule 12(b)(6) motion to dismiss. The way that the Defendants are using the Report of the Hong

17  Kong Privacy Commission and some of the statutes and administrative regulations of China

18  attached to its Motions, *see* Mot. Dis. page 34 and note 39, challenges not the sufficiency of the

19  legal basis of the Plaintiffs' claim, but introduces new factual matters outside of the Complaint by

20  way of defense. In order to adequately respond to these claims being made by the Defendants in

21  their Motions, the Plaintiffs need additional actual details of the communications between the

22  Defendants and the Chinese Government regarding the request for Internet user information,

23  materials that are in the exclusive control of the Defendants. Because extraneous materials were

24  used to support factual allegations that can only be adequately clarified through discovery of

25  material in the sole possession of the Defendants, there is a need for the Court to convert the

26  Defendants' 12(b)(6) motion into a motion for summary judgment, and to order the initiation of

27  limited initial discovery as requested by the Plaintiffs.

28

1

2

**C.  Jurisdictional and Limited Initial Discovery on the Basis of the Defendants'**
**12(b)(1) and 12(b)(7) Motions is Necessary.**

3

Defendants rely on 12(b)(1) as one of the bases for its Motion to Dismiss, see Motion to

4

Dismiss, cover page ("Yahoo! brings this motion pursuant to Rules 12(b)(1)...."), and supports

5

their 12(b)(1) claim of  lack of subject matter jurisdiction on pages 4 to 15 of their Motion,

6

claiming that this case is not justiciable under the Act of State Doctrine, under the principles of

7

international comity, and under the Political Question Doctrine. Plaintiffs must obtain

8

jurisdictional discovery to properly respond to the Defendants' 12(b)(1) claims because the

9

Defendants, in their Motion, raise a number of issues not addressed in the Plaintiffs' Complaint

10

that need additional factual material in order to be addressed.

11

12

Similar problems arise in connection with the 12(b)(7) claims included in the Defendants'

13

submission.  Defendants include a special motion seeking to establish that China is an

14

indispensable party and that since they cannot be joined that the Complaint be dismissed. The

15

question of the necessity of including the Government of China as a party involves some factual

16

information that only the Defendants (and China, of course) possess, including whether Yahoo!

17

has taken any action to protest the abuses committed against the Plaintiffs, and whether it has

18

sought to secure their release from detention or otherwise assist them and their families once the

19

abuses took place.  When a defendant moves to dismiss for lack of subject matter jurisdiction,

20

their challenge to the complaint may be both legal and factual, and if their challenge is on the

21

facts, then the court may allow for discovery on the basis of the factual issues implicated. *Wells*

22

*Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir, 1977); *see also*

23

24

*Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 535, 541 (9th Cir. 1986) (discovery

25

should ordinarily be granted where "pertinent facts bearing on the question of jurisdiction are

26

controverted or where a more satisfactory showing of the facts is necessary.")(quoting *Data Disc,*

27

*Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)).

28

1

2

***1. The Defendants Make Factual Claims the Veracity of which can only be Determined by Documents in the Exclusive Control of the Defendants Therefore Entitling the Plaintiffs to Jurisdictional Discovery.***

3

4

5

6

7

8

9

10

In the 12(b)(1) portions of their motion raising the "act of state" and other political concerns, the Defendants state that they were compelled by law to disclose the Plaintiffs' information to the Chinese Government, and that they should not held responsible for a sovereign government's actions. "Plaintiffs seek an order that would require Defendants to selectively violate China's laws, including orders compelling the disclosure of evidence." Mot. Dis. page 7. The Defendants invoke act-of-state and violation-of-sovereignty arguments to seek to justify their actions, thereby raising a number of issues that are extraneous to the Plaintiffs' Complaint and that require discovery in order to be responded to on an effective basis.

11

12

13

14

15

16

17

18

19

20

21

22

23

For example, the Defendants make the claim that the Plaintiffs' Complaint should be dismissed because it directly challenges the sovereignty of China because the Defendants would be compelled to break Chinese law; a more thorough examination of what these laws actually require, and how they were applied to the Defendants is necessary. The way the Defendants are using the claim of being compelled to disclose the information in reference to their 12(b)(1),12(b)(6) and 12(b)(7) claims, including the material provided in the Report of the Hong Kong Commissioner and some of the statutes and administrative regulations of China attached to its Motions, *see* Mot. Dis. page 34 and note 39, does not provide a complete picture of the legal mandates that are applied in this case. In order to adequately respond to these claims made by the Defendants, the Plaintiffs need the details of the communications between the Defendants and the Chinese Government on these matters, materials that are in the exclusive control of the Defendants (and Chinese officials). This supports the need for the Court to order the initiation of jurisdictional discovery as requested by the Plaintiffs.

24

25

***2. The Defendants' Attempt to Use the Statements of Interest of the U.S. Government in Other Cases In Support Of Their 12(b)(1) Motion Indicates the Need for Discovery.***

26

27

In support of their 12(b)(1) claim, the Defendants repeatedly cite Statements of Interest of the U.S. filed in other cases to indicate that the Executive Branch would not want this case to go

28

to trial. Mot. Dis. pages 9 and 11. Plaintiffs note, at the outset, that many of these cases involved high level officials of the Chinese Government and may not be relevant to the present case. In addition Statements of Interest are not laws or administrative regulations, they are opinion letters geared to specific defendants and factual circumstances. Defendants seek to use the Statements in the same way as case law, drawing analogies to the present case in order to challenge legal and factual allegations in the Complaint, even though the circumstances of those other cases are very different. It is hardly appropriate to analogize previous Statements of Interest to the facts of this case to try to suggest what opinion the Executive Branch might provide in the present circumstances, and whether the sovereign interests of China are implicated. Using extraneous material in this way is not appropriate for 12(b)(1) or 12(b)(6) motions, and justifies the need for discovery to counter these arguments, on such matters, for example as to what communications may have taken place on these issues between Yahoo! officials and officials of the Government of China.

### 3. Discovery is Needed to Counter Defendants' 12(b)(7) Indispensable Party Claims.

Plaintiffs must obtain limited initial discovery in order to adequately respond to Defendants' Fed. R. Civ. Proc. 12(b)(7) allegation that the People's Republic of China ("PRC") is a "necessary" and indispensable party pursuant to Fed. R. Civ. Proc. 19 and that the case cannot proceed without it. While it is highly unlikely that the PRC can be joined in this action, this does not mean they are a necessary party for the claims to proceed. Defendants' main arguments that the PRC is a necessary party are that the relief sought would subject them to inconsistent obligations, and that full relief cannot be obtained without their presence in the case. *See* Mot. to Dis. page 37. These matters require more factual information on a number of key points to be properly assessed.

Defendants' claim that they are bound by Chinese law to produce information about their Internet customers, and that an injunction ending this practice would subject them to inconsistent obligations and to possible legal action in China. Through discovery, the Plaintiffs are seeking all information regarding China's requests for user information and all communications regarding

1    discussions of possible sanctions for noncompliance. This is exclusively within the control to the

2    Defendants, and it is therefore necessary to initiate discovery to be able to fully respond to this

3    defense regarding whether the obligations would truly be inconsistent.

4        Defendants also claim that the PRC is a necessary party because full relief cannot be

5    afforded without their presence. This claim is in response to the Plaintiffs' request that

6    Defendants work to obtain the release of the Plaintiffs from prison. The proposed Discovery Plan

7    seeks all communications and documents pertaining to any attempts made by the Defendants to

8    obtain the Plaintiffs' release from prison. This information is relevant to assessing whether the

9    Defendants have taken any action in this regard, and whether they can help secure the detainees'

10   release.

11          **D. Limited Discovery Based on the Defendants' Anti-SLAPP Motion to Strike is**
                 **Necessary.**
12

13       Although anti-SLAPP motions do not normally generate the need for discovery, there are

14   two elements in the Defendants' anti-SLAPP allegations that require further factual material that

15   only the Defendants can provide further supporting and justifying the Plaintiffs' request for

16   limited initial and jurisdictional discovery. First, under the principles set out by the Supreme

17   Court of California in *Flatley v. Mauro*, 39 Cal. 4th 299, 46 Cal. Rptr. 3d 606 (2006),

18   communications that otherwise might qualify for protection under the anti-SLAPP statute lose

19   that protection if they are illegal as a matter of law. *Id.* at 317. At issue in this case is whether the

20   nature and content of Yahoo!'s communications involving internet users in China were illegal as

21   a matter of U.S. laws, including statutes criminalizing acts of torture and conspiracy to commit

22   torture and similar prohibitions in international law. To respond to the Defendants' allegations on

23   these matters, Plaintiffs need additional information and documentation regarding the nature and

24   content of Yahoo!'s communications with Chinese officials, the bases on which they were

25   obtained, the number and type of individuals affected, and the nature of their internet

26   communications. These are all matters that are uniquely within Yahoo!'s knowledge, custody and

27   control. It is important to note in this regard that the U.S. government has just filed the first

28

1 | criminal prosecutions in the U.S. under the anti-torture statutes involving the Charles Taylor

2 | regime in Liberia. *U.S. v. Emmanuel*, case 06-20758-CR-ALTONAGA, U.S. Dist. Crt. S.D. Fla.

3 |      Second, the anti-SLAPP statutes should not be applied extra-territorially to

4 | communications taking place in a foreign nation involving a foreign investigation that lacks

5 | adequate procedural safeguards. *See Beroiz v. Wahl*, 84 Cal. App. 4th 485, 496 (2000).

6 | Information regarding how the Chinese investigation regarding Yahoo! was conducted, including

7 | the nature and content of the requests made, the justification provided by Yahoo! as to why the

8 | requests were being made, the number and content of the requests and the statements that may

9 | have been made to Yahoo! regarding the compulsory or non-compulsory nature of the request, all

10 | bear on the "adequate procedural safeguards" determination, and are all exclusively in Yahoo!'s

11 | control.

12 |      Third, in its motion to strike, Yahoo! argues that the lack of adequate procedural

13 | safeguards in China might only alter the nature of the privilege asserted from the absolute

14 | privilege in §47(c). Motion to Strike MPA at 7 n.3. Yahoo! then makes the self-serving assertion

15 | that it acted without the malice necessary to overcome the qualified privilege in §47(c). Setting

16 | aside any other infirmities in the argument, Yahoo! overlooks that the malice sufficient to defeat

17 | any assertion of the §47(c) privilege includes evidence reflecting that Yahoo! made the

18 | communication at issue for a reason other than to protect the interest of the ones to whom the

19 | communication was made (*i.e.*, the "interested party"). *Manguso v. Oceanside Unified School*

20 | *Dist.*, 153 Cal App. 3d 574, 580-81 (1984). Plaintiffs are therefore entitled to discovery reflecting

21 | Yahoo!'s state of mind in making the communications at issue to determine, for example, if the

22 | reason they were made were to protect Yahoo!'s commercial interests rather than the interests of

23 | those to whom the communications were made (in this case, the Chinese investigators.)

24 | **III.    PROPOSED DISCOVERY PLAN**

25 |      Set out in Exhibit A is a proposed plan for limited initial and jurisdictional discovery,

26 | carefully tailored to the specific needs and issues presented by each of the Defendants' Motions,

27 | and to the types of information in the Defendants' custody that are required to address the

28 | allegations and documentary material in each motion.

**IV.    CONCLUSION**

As indicated above, the Defendants' Motions to Dismiss and other associated Motions present the need for initiating initial and jurisdictional discovery, in order to provide the Plaintiffs with the facts and documents they need and that are uniquely within the possession of the Defendants and that Plaintiffs need to properly and fairly respond to the contents of the Defendant' Motions. Case law interpreting and applying the relevant provisions of the Federal and Local Rules governing each of the Defendants' Rule 12 Motions, and the California Statutory provisions and case precedent governing anti-SLAPP motions, confirm the necessity of providing the non-moving party with access to initial and/or jurisdictional discovery, especially where the Defendants' factual and legal challenges and offerings associated with their motions go beyond challenging the simple legal sufficiency of the Plaintiffs' allegations in the Complaint, and/or are geared towards presenting or supporting Defendants' defenses.

For these reasons Plaintiffs hereby request the Court to issue an order (attached) initiating initial and jurisdictional discovery geared towards permitting the Plaintiffs to make a fair and proper response to the Defendants' Motions, pursuant to the Proposed Discovery Plan attached as Exhibit A.  An accompanying motion to hold proceedings associated with the Defendants' Motions to Dismiss in abeyance pending a decision on the Plaintiffs' present Motion to initiate limited initial and jurisdictional discovery, and pending completion of that discovery process should it be approved, also is being submitted.

1

2       Respectfully submitted this 14th of September, 2007, by:

3                                    MORTON SKLAR
                                     THERESA HARRIS
4                                    WORLD ORGANIZATION FOR HUMAN
                                     RIGHTS USA
5                                    By: */s/ Morton Sklar*
                                     _____
6                                         Morton Sklar

7                                    ROGER MYERS
                                     HOLME ROBERTS & OWEN LLP
8                                    By: */s/ Roger Myers*
                                     _____
9                                         Roger Myers

10                                       Attorneys for Plaintiffs

11                                   Karen Parker
                                     (CA State Bar No. 112486)
12                                   Association of Humanitarian Lawyers
                                     154 5th Avenue
13                                   San Francisco, CA 94118
                                     Telephone: (415) 668-2752
14                                   E-mail: ied@agc.org

15

16                                   *With the assistance of:*
                                     Albert Ho Chun-Yan
17                                   Legal Representative for Shi Tao
                                     Hong Kong
18

19                                   Shannon Barrows, University of Chicago Law
                                         School
20                                   Jessica Anna Cabot, American University
                                         Washington College of Law
21                                   Danielle Rosché, George Washington
                                         University National Law Center
22                                   Rifk Ebeid, George Mason School of Law
                                     Rebecca Barbarsky, Michigan Law School
23                                   *Legal Interns*

24
                                     Pavithra Shekar, George Washington
25                                       University National Law School Center
                                     *Volunteer Attorney*
26

27

28