Morton, H. Sklar, Executive Director
msklar@humanrightsusa.org
World Organization for Human Rights USA
2029 P Street NW, Suite 301
Washington, DC 20036
Telephone: (202) 296-5702
Facsimile: (202) 296-5704
[Admitted *Pro Hac Vice*]

Roger Myers (CA State Bar No. 146164)
roger.myers@hro.com
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999

[Additional Attorneys Appear on Signature Page]

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WANG XIAONING, YU LING, SHI TAO, and ADDITIONAL PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUALS,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO, INC., a Delaware Corporation, YAHOO! HONG KONG LTD., a Foreign Subsidiary of Yahoo!, AND OTHER PRESENTLY UNNAMED AND TO BE IDENTIFIED CORPORATE DEFENDANTS AND UNNAMED AND TO BE IDENTIFIED INDIVIDUAL EMPLOYEES OF SAID CORPORATIONS,<br><br>Defendants. | **Case No. C07-02151 CW**<br><br>**TORT DAMAGES CLAIM**<br><br>**DECLARATION OF MORTON SKLAR SUPPORTING MOTION FOR INITIAL AND JURISDICTIONAL DISCOVERY**<br><br>**Judge: Hon. Claudia Wilken** |

I, MORTON SKLAR, declare:

1. I am the Executive Director of the World Organization for Human Rights USA, attorney of record and lead counsel for the Plaintiffs in the above-captioned case.

2. This declaration is being submitted pursuant to Civil Local Rules 7-1(a)(1) and 7-5 in support of Plaintiffs' Motion for Initial and Jurisdictional Discovery. Except where otherwise indicated, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

3. On August 27, 2007, pursuant to the Court order of July 26, 2007, Defendants filed five Motions related to Plaintiffs' Second Amended Complaint:

- A Motion to Dismiss for Lack of Personal Jurisdiction over Yahoo! Hong Kong,
- A Motion to Dismiss for Lack of Subject Matter Jurisdiction under Federal Rules 12(b)(1) and (7),
- A Motion to Dismiss under Rule 12(b)(6) for failure to state a claim,
- A Motion to Strike State of California Causes of Action pursuant to the Anti-SLAPP Statute, and
- An Alternative Motion for a More Definite Statement under Rule 12(e).

4. During meet and confer discussions with Defendants' Counsel on September 7, I informed Defendants' Counsel that Plaintiffs would seek initial and jurisdictional discovery in order to properly respond to these motions. I further explained that we would request the Court to hold the briefing schedule in abeyance so that Plaintiffs could conduct initial and jurisdictional discovery. In response, Defendants asked for additional information on what type of discovery Plaintiffs would seek and what legal arguments we would present for this request. Defense counsel stated that they would most likely oppose initial and jurisdictional discovery, taking the position that the court can and should decide on the pleadings filed in the case so far. At their request, and as part of our continuing case management discussions, I agreed to provide

Defense Counsel with a more specific description of the proposed limited discovery to respond to their motions.

5. In this, and in subsequent meet-and-confer sessions on these and related matters on September 10 and 13, covering a total of approximately three and one-half hours of telephonic discussions, I laid out for the Defendants' Counsel an outline of what the factual initial and jurisdictional discovery plan would cover, and the legal bases for these requests in the relevant provisions of the Federal Rules of Civil Procedure and associated case law, including several case citations to court decisions issued in Rule 12 initial and jurisdictional discovery situations.

6. In our second meet and confer discussion on these matters on September 10, I provided Defense Counsel with a detailed description of the limited discovery we would request, including the number of document requests, interrogatories, and depositions and the subject matter of those requests for discovery, as well as concrete examples of how specific requests were tailored to particular portions of the Defendants' claims under several of the specific motions they submitted. We also told counsel that this discovery would focus solely on the issues raised in the motions to dismiss, motion for a more defined statement, and motion to strike that they filed on August 27. Defense Counsel replied that this was not sufficient information for them to determine which discovery requests they would accept so they would oppose the entire motion.

7. On the afternoon of September 13, 2007, Defense Counsel informed me by telephone that they were unalterably opposed to the initiation of initial and jurisdictional discovery, since discovery was not, in their view, necessary to deal with their motions to dismiss and associated motions. They further stated that they would not support our

Decl. of Morton Sklar ISO Motion to Enlarge Time — - 3 -    Case No. C07-02151 CW

motion to enlarge time for submission of our response to their motions to dismiss pending a decision on Plaintiffs' motion for initial and jurisdictional discovery, nor would they stipulate to a 21-day extension for filing Plaintiffs' response to the motions to dismiss and associated motions. Later that day, Defendants' Counsel confirmed their position by email and requested that we describe their positions on the motions in our accompanying Declarations.

8. Defendants' Counsel has set out in writing the following bases (this review is not inclusive) for their opposition to both Plaintiffs' motion for initial and jurisdictional discovery and the associated motion to hold in abeyance their Response to the Defendants' motions pending completion of discovery, as well as the alternative motion for a 21-day extension of Plaintiffs' deadline to respond to the Defendants' motions. Defendants' positions were indicated as follows:

Defendants oppose the "need for discovery," since their motions "accept as true the facts alleged in the second amended complaint." Their basic position is that the Plaintiffs' Complaint "fails to state a cognizable legal claim," and they seek a "ruling from the court on these arguments" without the reasons why discovery is needed. They do not believe we have provided specifically enough of the discovery that is needed to oppose or address the Defendants' motions. They anticipate opposing the alternative motion for a 21-day extension of time to file the Plaintiffs' Response because we "seek this extension in order to file and accelerate" our request for initial and jurisdictional discovery, and to "indefinitely postpone [Plaintiffs'] response to defendants' motions."

9. Given the Defendants' unalterable opposition to the initiation of initial and jurisdictional discovery, and their position that no discovery related to their motions is

relevant or needed, it has become necessary for Plaintiffs to file this motion to initiate the initial and jurisdictional discovery process. This reality is bolstered by the fact that Defendants would not even accept an extension of time for Plaintiffs' Response to the motions filed on August 27, so long as such an extension was linked to a discovery request.

10. On September 13, 2007, my staff asked the Calendar Clerks in Judge Wilken's and Judge Spero's chambers for clarification on which Judge should hear these motions, since the motions request a change in the briefing schedule on the Motions to Dismiss but also relate to discovery matters, which Judge Wilken has referred to Judge Spero. Both Clerks informed us that the Motions should go before Judge Wilken.

11. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Washington, D.C. on this 14th day of September 2007.

*/s/ Morton Sklar*
Morton Sklar

Case 4:07-cv-02151-CW    Document 91    Filed 09/14/2007    Page 7 of 7