Morton, H. Sklar, Executive Director
msklar@humanrightsusa.org
World Organization for Human Rights USA
2029 P Street NW, Suite 301
Washington, DC 20036
Telephone: (202) 296-5702
Facsimile: (202) 296-5704
[Admitted *Pro Hac Vice*]

Roger Myers (CA State Bar No. 146164)
roger.myers@hro.com
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999

[Additional Attorneys Appear on Signature Page]

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WANG XIAONING, YU LING, SHI TAO, and ADDITIONAL PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUALS,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO, INC., a Delaware Corporation, YAHOO! HONG KONG LTD., a Foreign Subsidiary of Yahoo!, AND OTHER PRESENTLY UNNAMED AND TO BE IDENTIFIED CORPORATE DEFENDANTS AND UNNAMED AND TO BE IDENTIFIED INDIVIDUAL EMPLOYEES OF SAID CORPORATIONS,<br><br>Defendants. | **Case No. C07-02151 CW/JCS**<br><br>TORT DAMAGES CLAIM<br><br>**DECLARATION OF MORTON SKLAR SUPPORTING MOTION TO ENLARGE TIME TO RESPOND TO DEFENDANTS' MOTIONS TO DISMISS AND ASSOCIATED MOTIONS, PENDING A DECISION ON PLAINTIFFS' MOTION FOR INITIAL AND JURISDICTIONAL DISCOVERY**<br><br>Judge: Hon. Claudia Wilken |

I, MORTON SKLAR, declare:

1. I am the Executive Director of the World Organization for Human Rights USA, attorney of record and lead counsel for the Plaintiffs in the above-captioned case.

2. This declaration is being submitted pursuant to Civil Local Rule 6-3 and 7-5 in support of Plaintiffs' Motion to Enlarge Time to Respond to Defendants' Motions to Dismiss and Associated Motions, Pending a Decision On Plaintiffs' Motion for Initial and Jurisdictional Discovery. Except where otherwise indicated, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

3. During our meet-and-confer discussions on September 7, I informed Defendants' Counsel that Plaintiffs would seek initial and jurisdictional discovery to respond to the motions to dismiss and other associated motions Defendants filed on August 27. I further explained that we would request the Court to hold the briefing schedule in abeyance until the motion for initial and jurisdictional discovery could be heard. In response, Defendants asked for additional information on what type of discovery Plaintiffs would seek and what legal arguments we would present for this request. Defense counsel stated that they would most likely oppose the motion for initial and jurisdictional discovery, taking the position that the court can and should decide on the pleadings. At their request, and as part of our continuing case management discussions, I agreed to provide Defense Counsel with a more specific description of the proposed limited discovery to respond to their motions.

4. In this, and in subsequent meet-and-confer sessions on these and related matters on September 10 and 13, covering a total of approximately three and one-half hours of telephonic discussions, I also laid out for the Defendants' Counsel an outline of what the factual initial and jurisdictional discovery plan would cover, and the legal bases for these requests in the relevant provisions of the Federal Rules of Civil Procedure and associated case law, including several case citations to court decisions issued in Rule

12 initial and jurisdictional discovery situations.

5. During these discussions, I also asked Defense Counsel if, in the alternative, they would stipulate to a 21-day enlargement of time for Plaintiffs' response to their motions, given the number of motions they filed on the same day, their length, their complexity, and the number and content of the documents and declarations filed as exhibits with those motions. Defense counsel at first responded that they would probably be amenable to this request, asked me to send them a draft joint stipulation for their review, and indicated that they would discuss the matter with their clients.

6. On September 10, the next business day, I e-mailed Defense Counsel the draft stipulated joint motion for a 21-day enlargement of time for Plaintiffs to respond to the Defendants' motions of August 27.

7. Later on September 10, Counsel held another meet-and-confer discussion by telephone on these matters. At that time, I provided Defense Counsel with a detailed description of the limited discovery we would request, including the number of document requests, interrogatories, and depositions and the subject matter of those requests for discovery, as well as concrete examples of how specific requests were tailored to particular portions of the Defendants' claims under several of the specific motions they submitted. We also told counsel that this discovery would focus solely on the issues raised in the motions to dismiss, motion for a more defined statement, and motion to strike that they filed on August 27. Defense counsel replied that this was not sufficient information for them to determine which discovery requests they would accept, so they would oppose the entire motion.

8. Defense Counsel further stated that in light of our intention to request initial and jurisdictional discovery, which they unalterably opposed, and to stay our Response to

their motions while that takes place, they would have to reconsider their support for the joint stipulation to enlarge time for Plaintiffs' response. Defense Counsel agreed to give us a final decision on the motion to enlarge time by 4:00 PM Eastern Time on Wednesday, September 12, 2007.

9. At 2:54 PM on September 12, 2007, Defense Counsel sent an email advising us that they would not be able to respond by 4:00 PM that day because Mr. Petrocelli was in a deposition, but would try to contact me later that evening. They subsequently indicated that they could not make that call until the following morning.

10. On the afternoon of September 13, 2007, Defense Counsel informed me by telephone that they would not support the motion to enlarge time for submission of our response to their motions to dismiss pending a decision on Plaintiffs' motion for initial and jurisdictional discovery. Later that day, they confirmed their position by email and requested that we describe their positions on the motions in our accompanying Declarations.

11. Defendants' Counsel has set out in writing the following bases (this review is not inclusive) for their opposition to both Plaintiffs' motion for initial and jurisdictional discovery and associated motion to hold in abeyance their Response to the Defendants' motions pending completion of discovery, and Plaintiffs' request for a joint stipulation to enlarge time for their Response to Defendants' motions. Defendants' positions were indicated as follows:

   Defendants oppose the "need for discovery," since their motions "accept as true the facts alleged in the second amended complaint." Their basic position is that the Plaintiffs' Complaint "fails to state a cognizable legal claim," and they seek a "ruling from the court on these arguments" without the reasons why discovery is

needed. They do not believe we have provided specifically enough of the discovery that is needed to oppose or address the Defendants' motions. They anticipate opposing the motion for a 21-day extension of time to file the Plaintiffs' Response because we "seek this extension in order to file and accelerate" our request for initial and jurisdictional discovery, and to "indefinitely postpone [Plaintiffs'] response to defendants' motions."

12. On September 13, 2007, my staff asked the Calendar Clerks in Judge Wilken's and Judge Spero's chambers for clarification on which Judge should hear these motions, since the motions request a change in the briefing schedule on the Motions to Dismiss but also relate to discovery matters, which Judge Wilken has referred to Judge Spero. Both Clerks informed us that the Motions should go before Judge Wilken.

13. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Washington, D.C. on this 14th day of September 2007.

> */s/ Morton Sklar*
> Morton Sklar