1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
   mkline@omm.com
3  O'MELVENY & MYERS LLP
   1999 Avenue Of The Stars
4  Los Angeles, California 90067-6035
   Main Number: (310) 553-6700
5  Facsimile: (310) 246-6779

6  Attorneys for Defendant YAHOO!, INC. and
   Specially Appearing Defendant YAHOO! HONG
7  KONG, LTD.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| WANG XIAONING, YU LING, SHI TAO, and ADDITIONAL PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUALS,<br><br>Plaintiff,<br><br>v.<br><br>YAHOO!, INC., a Delaware Corporation, YAHOO! HONG KONG, LTD., a Foreign Subsidiary of Yahoo!, AND OTHER PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUAL EMPLOYEES OF SAID CORPORATIONS,<br><br>Defendant. | **Case No. C07-02151 CW**<br><br>**DEFENDANT YAHOO!, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO ENLARGE TIME TO RESPOND TO DEFENDANTS' MOTIONS TO DISMISS AND ASSOCIATED MOTIONS, PENDING A DECISION ON PLAINTIFFS' MOTION FOR INITIAL AND JURISDICTIONAL DISCOVERY AND ALTERNATIVE MOTION FOR AN ENLARGEMENT OF TIME FOR PLAINTIFFS' RESPONSE[1]**<br><br>Judge:   Hon. Claudia Wilken |

---

[1] Without waiving its objection to the exercise of personal jurisdiction in this case, specially appearing defendant Yahoo! Hong Kong, Ltd. ("YHKL") joins this opposition.

C07-02151 CW
YAHOO!'S OPP. TO PLAINTIFFS' MOT. TO    -1-
ENLARGE TIME

## I. INTRODUCTION

Plaintiffs should not be relieved of their obligation to respond to defendants' Rule 12 and anti-SLAPP motions because those motions test only legal issues and there is no reasonable basis to allow discovery in order to resolve them. Pursuant to a stipulation and Court Order, plaintiffs were permitted to amend their complaint for a second time and were also given twice the normal time for filing oppositions to defendants' motions despite having long known the grounds for those motions. And while plaintiffs now claim they cannot respond until after extensive discovery, they have yet to propound any discovery and their motion fails to identify any valid reason why discovery is necessary to oppose defendants' motions. Those motions accept plaintiffs' factual allegations as true and rely on plaintiffs' failure to state a claim in light of both settled principles of justiciability and plaintiffs' inability to satisfy the legal requirements for a single claim pleaded.

Plaintiffs' request to indefinitely delay resolution of defendants' motions undermines the clear purpose underlying Federal Rule 12(b)(6) motions: "The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. V. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). "If the allegations of the complaint fail to establish the requisite elements of the cause of action, requiring costly and time consuming discovery and trial work would represent an abdication of judicial responsibility." *Havoco of America, Ltd. v. Shell Oil Co.*, 626 F.2d 549, 553 (7th Cir. 1980).

Even assuming plaintiffs could identify discrete issues that warranted limited discovery, that would provide no excuse for plaintiffs' request to file no oppositions at all—even as to the many issues they acknowledge do not require discovery. Indeed, the wholesale withholding of any opposition from plaintiffs would be highly prejudicial not only to defendants' right to test the complaint at the threshold, but to their ability to respond to any discovery that could be justified.[2]

---

[2] This opposition addresses only plaintiffs' Motion to Enlarge Time and explains why plaintiffs should file their opposition briefs to defendants' Rule 12(b)(6) and anti-SLAPP motions, as they agreed, on September 26. Defendants will respond fully to plaintiffs' Motion for Discovery in the normal course.

C07-02151 CW
YAHOO!'S OPP. TO PLAINTIFFS' MOT. TO    -1-
ENLARGE TIME

## II. PLAINTIFFS DO NOT NEED DISCOVERY TO OPPOSE THE MOTIONS.

Defendants' motion to dismiss and anti-SLAPP motion accepted plaintiffs' allegations as true and offered legal, *not factual*, reasons why plaintiffs' claims failed under the ATS, TVPA, ECPA, and California law. Plaintiffs have presented no good reason why Federal Rule of Civil Procedure 12(b) should be abrogated or why defendants' motions should effectively be taken off-calendar.

**A. There Is No Need for Discovery About Chinese Law.** Plaintiffs do not dispute that Chinese law, as written, both prohibited their conduct and compelled defendants to respond to official investigations. Instead, plaintiffs claim discovery is necessary to ascertain the "true" nature of Chinese law as it might have been applied to defendants. Such an inherently speculative inquiry would be wholly improper and certainly irrelevant to the pending Rule 12(b)(6) motion.

First, the state of Chinese law is not a matter for *factual* discovery, but for judicial notice or expert testimony. Second, defendants' motion does not turn on whether they would have been prosecuted for failing to provide the information required. Plaintiffs' claims under the ATS, TVPA, ECPA, and California law all fail on their own terms, even accepting plaintiffs' allegation that defendants engaged in "willing" action. *See* Ex. A to Kline Decl., p. 3. The fact that laws *on the books* in China required defendants' compliance—as they do in almost every country, including the United States—is alone more than enough to support defendants' motions. *See id.* at 32-33; *see generally* Ex. B to Kline Decl.

Third, plaintiffs are not correct that defendants transformed their Rule 12 motions into Rule 56 motions by noting that the Hong Kong Privacy Commissioner's report cited by plaintiffs in their complaint supports the proposition that Chinese law compelled defendants' actions. This Court may take judicial notice of the Commissioner's order, and that will neither transform the pending motions into summary judgment motions nor necessitate discovery. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

**B. There Is No Need for Discovery on the Views of the U.S. and Chinese Governments.** Plaintiffs' contention that defendants opened the door to discovery by citing Statements of Interest the U.S. government has filed in other cases is wholly without merit. *See*

1  Disc. Mot. at 12-13.  The Court asked for and will receive the U.S. government's precise views
2  about this case by October 26.  The Court also requested that the U.S. government solicit the
3  views of the Chinese government and report them as part of the Statement of Interest it will
4  provide the Court.  This is the proper procedure for ascertaining U.S. foreign policy and the views
5  of foreign governments.  Discovery is neither necessary nor appropriate to explore official
6  government policy.

7  **C. There Is No Need for Discovery on Yahoo!'s Anti-SLAPP Motion.**  Plaintiffs say
8  they need to obtain all communications between defendants and the Chinese government to
9  determine whether California's anti-SLAPP statute applies.  This is not correct.  They say that if
10  Yahoo!'s conduct were "illegal as a matter of law" it would not be protected by the anti-SLAPP
11  statute.  Disc. Mot. at 14.  But plaintiffs never explain how the requested discovery could possibly
12  change the conclusion that Chinese, U.S. and California law all compel assistance in criminal
13  investigations and that U.S. and California law both shield from civil liability those who provide
14  such assistance.  That is the basis of defendants' motion—and is not a matter requiring factual
15  determinations.

16  Plaintiffs also argue that they need discovery regarding the Chinese legal system to see
17  whether SLAPP applies.  Disc. Mot. at 15.  Plaintiffs rely on the suggestion in *Beroiz v. Wahl*, 84
18  Cal. App. 4th 485, 496 (2000), that defendants who use a corrupt foreign legal process in a bad
19  faith attempt to harm a plaintiff might only receive a conditional privilege.  But, even under those
20  circumstances, the *Beroiz* court did not indicate that protections like the anti-SLAPP statute
21  would be entirely inapplicable.  Moreover, plaintiffs' complaint does not even allege that
22  defendants acted with an intent to harm plaintiffs or with malice.  Plaintiffs know that Rule 11
23  prevents them from so alleging, so they want to now commence discovery to search for such
24  evidence, *see* Disc. Mot. at 15, despite having known since June of defendants' intention to file
25  an anti-SLAPP motion.  *See* Ex. D to Kline Decl., pp. 9-10.  Yahoo!'s anti-SLAPP motion should
26  not be held hostage to plaintiffs' desire to conduct speculative, wide-ranging discovery on
27  allegations not in their complaint.
28

C07-02151 CW
DEFENDANTS' OPP. TO PLAINTIFFS'           -3-
MOT. TO ENLARGE TIME

**D. Plaintiffs Are Not Entitled to Discovery on YHKL's Rule 12(b)(2) Motion Because their Complaint Makes Only Conclusory Jurisdictional Allegations.** Plaintiffs' complaint makes no specific factual allegations connecting YHKL to California, instead offering only the insufficient legal conclusion that YHKL was the "business entity, partner, alter ego and/or agent of [California corporation] Yahoo!." Such conclusory pleadings cannot get plaintiffs past the pleading stage or entitle them to discovery. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, Case No. CIV. S-05-583, 2007 WL 2384841, at *9-10 (E.D. Cal. Aug. 17, 2007). Plaintiffs have known for months that YHKL would file a Rule 12(b)(2) motion, *see* Ex. D to Kline Decl, p. 5, yet they *still* have not served any discovery relevant to that motion. Nonetheless, YHKL has no objection to extending plaintiffs' time to respond to its Rule 12(b)(2) motion until after the Court resolves plaintiffs' discovery motion. Of course, YHKL's motion and any related discovery will be moot if the Court grants Yahoo!'s Rule 12(b)(6) motion to dismiss, as YHKL joined that motion.

**III.     PLAINTIFFS ARE NOT ENTITLED TO MORE TIME TO RESPOND.**

Even if their discovery requests are denied, plaintiffs want an extra three weeks to respond to defendants' motions—on top of the more than four weeks they already received through agreement with defendants. No further extension is warranted. Defendants fully complied with the Federal Rules of Civil Procedure and this Court's directives in filing four motions between them. Each defendant filed a Rule 12 motion to dismiss. Yahoo!, Inc. also filed a motion under the California SLAPP statute, which authorizes filing a separate motion to strike. The fourth motion, for a more definite statement, is governed by Rule 12(e) which contemplates that such motions be filed separately.

Plaintiffs cannot claim to have been "surprised" by these motions. In June 2007, Yahoo! disclosed its anticipated motions and arguments in a case management brief. *See* Ex. D to Kline Decl., pp. 5-9. Furthermore, the parties' July 19 stipulation permitting plaintiffs to amend their complaint reserved defendants' right to "move to dismiss the complaint for failure to state a claim, move to strike it pursuant to the Anti-SLAPP statute, move for a more definite statement, or move to dismiss for lack of personal jurisdiction." Ex. E to Kline Decl, ¶ 3.

C07-02151 CW
DEFENDANTS' OPP. TO PLAINTIFFS'
MOT. TO ENLARGE TIME                                -4-

1     Thus plaintiffs have known about these motions for months and under the current schedule have already had two weeks to respond *beyond* the time allowed under this Court's Local Rules. *See* L.R. 7-2(a), 7-3(a). Plaintiffs' request for an extensive delay is also at odds with their previous insistence that "it is not in the Plaintiffs' interest to delay the litigation process." Ex. F to Kline Decl., ¶ 3; *see also* Kline Decl. ¶ 9, Ex. G, p. 21. Defendants, too, are entitled to a timely resolution of their motions and the opportunity to remove the cloud this litigation has placed on them.

    That said, and solely because it appears that plaintiffs are not ready to file their oppositions on the Court-appointed date, defendants would have no objection were the Court to grant a modest extension of the schedule.

Dated: September 19, 2007

DANIEL M. PETROCELLI
MATTHEW T. KLINE
O'MELVENY & MYERS LLP


By:   /s/  Daniel M. Petrocelli
      Daniel M. Petrocelli
Attorneys for Defendant YAHOO!, INC. and Specially Appearing Defendant YAHOO! HONG KONG, LTD

C07-02151 CW
DEFENDANTS' OPP. TO PLAINTIFFS'     -5-
MOT. TO ENLARGE TIME