Morton, H. Sklar, Executive Director
msklar@humanrightsusa.org
World Organization for Human Rights USA
2029 P Street NW, Suite 301
Washington, DC 20036
Telephone: (202) 296-5702
Facsimile:  (202) 296-5704
[Admitted *Pro Hac Vice*]

Roger Myers (CA State Bar No. 146164)
roger.myers@hro.com
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone:    (415) 268-2000
Facsimile:    (415) 268-1999

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WANG XIAONING, YU LING, SHI TAO, and ADDITIONAL PRESENTLY UNNAMED AND TO BE IDENTIFIED INDIVIDUALS,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO, INC., a Delaware Corporation, YAHOO! HONG KONG LTD., a Foreign Subsidiary of Yahoo!, AND OTHER PRESENTLY UNNAMED AND TO BE IDENTIFIED CORPORATE DEFENDANTS AND UNNAMED AND TO BE IDENTIFIED INDIVIDUAL EMPLOYEES OF SAID CORPORATIONS,<br><br>Defendants. | Case No. C07-02151 CW<br><br>**TORT DAMAGES CLAIM**<br><br>**DECLARATION OF MORTON SKLAR SUPPORTING THE SUBMISSION OF ADDITIONAL CERTIFICATIONS BY PLAINTIFFS OF THEIR KNOWLEDGE AND UNDERSTANDING OF ALTERNATIVE DISPUTE RESOLUTION OPTIONS**<br><br>Judge: Hon. Claudia Wilken |

I, MORTON SKLAR, declare:

1. The accompanying Alternative Dispute Resolution Certifications by Yu Ling on her own behalf, by Yu Ling as legal representative for her husband, detained Plaintiff Wang Xiaoning, and by Gao Qinsheng as legal representative for her son, detained Plaintiff Shi Tao, should be considered in conjunction with the Certification filed on

their behalf in this case by Plaintiffs' Counsel on September 10, 2007. We had indicated in that submission that signed certifications were being obtained from our clients, and some of these have now been received and are being submitted.

2. I am the Executive Director of the World Organization for Human Rights USA, attorney of record and lead counsel for the Plaintiffs in the above-captioned case. This declaration is being submitted regarding Certification of Discussion of ADR Options in this case. Except where otherwise indicated, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto. I have been primarily responsible for communicating and exchanging information with the Attorneys for the Defendants in connection with these matters and with pretrial case management more generally.

3. The accompanying signatures certify that all three Plaintiffs in the above-captioned case understand that a Court-sponsored ADR process is available to them in connection with the lawsuit they have filed. These certifications supplement the certification I submitted on their behalf on September 10, 2007, as their authorized representative in the United States, indicating that personally signed certifications from the Plaintiffs in China were in the process of being obtained.

4. As I stated to the Court when I filed that certification, I signed on the Plaintiffs' behalf to assure the Court that the Plaintiffs did understand the ADR processes available to them by the Court's deadline. Because the Plaintiffs reside in China, and two of the named Plaintiffs are being held in detention in China under circumstances that greatly restrict their access to visitors and to free communications, additional time was needed to obtain personal signatures on the ADR forms.

5. We are continuing to seek the personal signatures of the two Plaintiffs who are held in

Decl. of Morton Sklar Supporting Add'l Cert.
by Plaintiffs of Their Knowledge of Alternative         - 2 -         Case No. C07-02151 CW
Dispute Resolution Options

detention. This will take longer due to their very limited access to visitors and the other restrictions imposed upon them by prison officials in China. As certified by the signatures of their family members and legal representatives filed today, and by my signature as the Plaintiffs' authorized representative submitted on September 10, 2007, the detained Plaintiffs' understand the ADR options available to them. However, acquiring their signatures on an official U.S. Court form will take additional time because prison security officials must approve all documents that go in and out of the prisons.

6. The signatures of their family members and legal representatives on the forms filed today also should help address the Defendants' expressed concerns that the Plaintiffs are inaccessible or unable to communicate with counsel for purposes of settlement discussions and making other informed decisions about their representation, and other aspects of this litigation.

7. The Plaintiffs regret the delay in providing these additional authorizations to the Court, and any inconvenience this delay may have caused the Court, its staff, or Defense Counsel.

8. The Plaintiffs continue to stand ready to fully comply with all of the Court's ADR process requirements, including holding the ADR telephone conference that has been jointly agreed to with the Defendants, and engaging in whatever dispute resolution efforts result from those discussions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Decl. of Morton Sklar Supporting Add'l Cert.
by Plaintiffs of Their Knowledge of Alternative          - 3 -                    Case No. C07-02151 CW
Dispute Resolution Options

1  Executed in Washington, D.C. on this 26th day of September 2007.

2

3

4                                                      */s/ Morton Sklar*
                                                       Morton Sklar
5                                                      Executive Director
                                                       World Organization for Human Rights
6                                                      USA

7

8

Decl. of Morton Sklar Supporting Add'l Cert.
by Plaintiffs of Their Knowledge of Alternative         - 4 -                    Case No. C07-02151 CW
Dispute Resolution Options