Xiaoning et al v. Yahoo! Inc, et al                                                      Doc. 103

Case 4:07-cv-02151-CW    Document 103    Filed 09/28/2007    Page 1 of 15

1    MORTON H. SKLAR (admitted *pro hac vice*)
     msklar@humanrightsusa.org
2    WORLD ORGANIZATION FOR HUMAN
     RIGHTS USA
3    1725 K Street NW, Suite 610
     Washington, DC 20006
4    Telephone: (202) 296-5702
     Facsimile: (202) 296-5704
5    [Local Counsel, Roger R. Myers of Holme Roberts
     & Owen LLP, Listed on the Signature Page]
6    Attorney for Plaintiffs

7    DANIEL M.PETROCELLI (S.B. #97802)
     dpetrocelli@omm.com
8    O'MELVENY & MYERS LLP
     1999 Avenue Of The Stars
9    Los Angeles, California 90067-6035
     Telephone: (310) 553-6700
10   Facsimile: (310) 246-6779
     Attorneys for Defendant YAHOO!, INC. and
11   Specially Appearing Defendant YAHOO! HONG
     KONG, LTD.

12

13                   **UNITED STATES DISTRICT COURT**
14               **NORTHERN DISTRICT OF CALIFORNIA**
                          **OAKLAND DIVISION**
15

16   WANG XIAONING, YU LING, SHI TAO,       Case No. C07-02151 CW
     and ADDITIONAL PRESENTLY
     UNNAMED AND TO BE IDENTIFIED           **JOINT CASE MANAGEMENT**
17   INDIVIDUALS,                            **STATEMENT AND REPORT PURSUANT**
                                             **TO FEDERAL RULE OF CIVIL**
18                   Plaintiff,              **PROCEDURE 26(F)**

19          v.                              Conference Date:  November 1, 2007
                                            Time:  2:00 p.m.
20   YAHOO!, INC., a Delaware Corporation,  Judge:  Hon. Claudia Wilken
     YAHOO! HONG KONG, LTD., a Foreign
21   Subsidiary of Yahoo!, AND OTHER
     PRESENTLY UNNAMED AND TO BE
22   IDENTIFIED INDIVIDUAL EMPLOYEES
     OF SAID CORPORATIONS,
23
                     Defendant.
24

25

26

27

28

     C07-02151 CW
     JOINT CASE MANAGEMENT STATEMENT
     AND RULE 26(f) REPORT

1    Plaintiffs Wang Xiaoning, Shi Tao and Yu Ling ("Plaintiffs"), Defendant Yahoo!, Inc.

2    and specially appearing Defendant Yahoo! Hong Kong, Ltd. ("YHKL," collectively

3    "Defendants") respectfully submit this Joint Report pursuant to Northern District Local Rule 16-

4    9(a) and Rule 26(f) of the Federal Rules of Civil Procedure.  Portions of this Joint Report contain

5    factual and legal contentions by one side strongly contested by the other.  Either side's silence in

6    response to such contentions is not an indication of consent.  Both sides reserve their right to

7    respond at the appropriate time.

8    Plaintiffs wish to indicate that while this Joint Case Management Statement reflects the

9    good faith efforts of the parties to discuss and resolve a variety of issues and needs associated

10   with the case management process, the current posture of the lawsuit limits the parties' present

11   abilities to completely identify and narrow all relevant disputed facts, issues, and legal arguments.

12   Therefore the Statement is not, and should not be taken as, a substitute for the more complete

13   rendition of the facts and legal issues presented by their Second Amended Complaint, and by

14   presently pending motions and other pleadings before the Court.

15   **I.    <u>JURISDICTION AND SERVICE</u>**

16   <u>Plaintiffs' Statement</u>

17   Plaintiffs' assert that this Court has jurisdiction over Plaintiffs' claims pursuant to 28

18   U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1350 (Alien Tort Statute, "ATS," and

19   Torture Victim Protection Act, "TVPA"), and the Electronic Communications Privacy Act, 18

20   U.S.C. § 2701 et seq., and supplemental jurisdiction over claims arising from violations of state

21   law because, pursuant to 28 U.S.C. § 1367, the facts in the claims arising from state law are so

22   related to the Plaintiffs' claims under federal laws that they form part of the same case or

23   controversy under Article III of the United States Constitution.

24   Plaintiffs properly served Defendants on May 30, 2007.  Both Defendants have accepted

25   service, without waiving other jurisdictional defenses, and there are no outstanding claims

26   disputing adequacy of service.

27

28

1    <u>Defendants' Statement</u>

2       As argued in their motions to dismiss, defendants assert that plaintiffs' claims present

3    political questions, are otherwise non-justiciable, and that the Court lacks subject matter

4    jurisdiction in this case. *See, e.g., Corrie v. Caterpillar, Inc.*, No. 05-36210, slip. op. 12498 (9th

5    Cir. Sept. 17, 2007) (holding that court lacked subject matter jurisdiction where Alien Tort Statute

6    claim presented non-justiciable political question).  Defendant YHKL further asserts that it is not

7    subject to personal jurisdiction in California, as explained in its separately filed Motion to

8    Dismiss for Lack of Personal Jurisdiction.  Defendants accepted service pursuant to Rule 4(d)(1)

9    of the Federal Rules of Civil Procedure.

10   **II.    <u>FACTS</u>**

11      <u>Plaintiffs' Statement</u>

12      Plaintiffs Wang Xiaoning, Yu Ling, Shi Tao and additional presently unnamed and to be

13   identified Plaintiffs ("Plaintiffs") have been subjected to grave violations of universally

14   recognized standards of international law, including the prohibition against torture, for exercising

15   their rights of freedom of speech and freedom of the press, at the hands of Defendants acting in

16   concert with Chinese officials acting under color of law in the People's Republic of China

17   (referred to herein as "the PRC" or "China").

18      Defendants willingly divulged Plaintiffs' identifying and contact information and the

19   nature and content of their use of electronic communications to Chinese officials that led directly

20   to the Plaintiffs' arbitrary arrest, long-term detention, and torture.  Defendants knew or had

21   substantial reason to know the consequences of their actions, that the purposes of the requests

22   from the Chinese officials were not legitimate or lawful, and were designed to abridge Plaintiffs'

23   well-recognized human rights.

24      Heavy emphasis is placed in the decisions of the Chinese courts imposing harsh sentences

25   upon the Plaintiffs, acknowledging that Defendants played a critical and substantial role in the

26   process, thereby indicating that Defendants knowingly and willfully aided and abetted in the

27   commission of torture and other major human rights abuses.

28      Since approximately 2001-2002 to the present, Defendants have operated under at least

1    three different organizational and structural arrangements and agreements as regards Yahoo!'s

2    operations in China.  Each successively sought to reduce the appearance of control by, and

3    connections with, the U.S. parent Yahoo!, Inc. over China operations, for reduction of potential

4    liability (and presumably other) purposes.  However, indications of continued control and

5    supervision by Yahoo!, Inc. over China operations remained considerable under all these

6    corporate arrangements, with the highest level officials of Yahoo!, Inc. testifying to Congress that

7    they were responsible for making or approving the policy decision that their Chinese affiliates

8    should release Internet user identification information to Chinese officials.

9         Defendants' Statement

10       Any disclosure of information regarding plaintiffs Wang and Shi was proper and in

11   compliance with the laws of the People's Republic of China.  Plaintiffs' own complaint cites to

12   the Hong Kong Privacy Commissioner's ruling in plaintiff Shi's case, which noted that "the

13   disclosure of information in the circumstances of this case was not a voluntary act initiated by

14   [YHKL] but was compelled under the force of PRC law."

15       In addition, there is no causal relationship between any conduct by defendants and

16   plaintiffs' claimed injury.  Plaintiffs wrongly contend that such a causal relationship is supported

17   by plaintiffs Wang and Shi's criminal judgments.  Those judgments, however, do not show that

18   defendants divulged plaintiffs' identities, caused them to be investigated, or provided proof

19   essential to their convictions.  Both judgments cite various sources of evidence—including

20   physical evidence, witnesses, and plaintiffs' confessions—on which plaintiffs' convictions rested.

21   *See* Ex. B and C to Yahoo!'s Mot. to Dismiss.  With regard to defendants, plaintiff Wang's

22   judgment indicates only that YHKL provided records that showed that two Yahoo! China email

23   accounts had been set up by users in China.  *See* Ex. B at 6, ¶¶ e, f.  Contrary to plaintiffs' claim

24   that the PRC learned Wang's identity from defendants, the judgment indicates that Wang

25   published articles using his real name.  *Id.* at 11, ¶ 4 and 21, ¶ a.  As for plaintiff Shi, the

26   judgment against him indicates that the information YHKL provided merely helped confirm that

27   an email was sent from Shi's place of employment, not that Shi sent it.  *Id.* at 4-5.

28       Defendants lack direct information that bears on many of the other allegations in

C07-02151 CW
JOINT CASE MANAGEMENT STATEMENT       -3-
AND RULE 26(f) REPORT

1   plaintiffs' complaint.  As for plaintiffs' speculations regarding defendants' respective corporate

2   structures, they are groundless.

3   **III.    LEGAL ISSUES**

4   Plaintiffs' Statement

5          Defendants have filed a series of motions to dismiss, and associated motions, including a

6   motion for a more definitive statement and a motion to strike certain causes of action under the

7   California anti-SLAPP statute, which Plaintiffs are opposing, based on several disputed facts and

8   points of law, including but not limited to the following:

9                    a.   Whether the Act of State Doctrine, Political Question Doctrine, principles of

10                        international comity and other political and foreign policy issues preclude the

11                        Plaintiffs' claims on the basis of justiciability concerns that speak to an

12                        alleged lack of subject matter jurisdiction (Rule 12(b)(1)), an alleged failure

13                        to state a claim for which relief can be granted (Rule 12(b)(6)), and an

14                        alleged absence of an indispensable party (12(b)(7));

15                   b.   Whether the Plaintiffs have set out adequate causes of action, and provided

16                        adequate factual support for their claims against Defendants, under both

17                        federal and state law.

18                   c.   Whether the Defendants' communications with Chinese law enforcement

19                        officials were privileged, and lawfully mandated under Chinese law, and

20                        associated with a law enforcement process with adequate procedural

21                        safeguards;

22                   d.   Whether the PRC is an indispensable party to the lawsuit; and

23                   e.   Whether this Court has personal jurisdiction over Defendant Yahoo! Hong

24                        Kong, Ltd., formerly known as Yahoo Holdings (Hong Kong), Ltd.

25         Plaintiffs have filed a motion for initial and jurisdictional discovery, which Defendants are

26   opposing, based on whether the nature and extent of the Defendants' motions to dismiss and

27   associated motions, and the accompanying documentary materials, make it necessary for the

28   Plaintiffs to conduct initial fact-gathering in order to properly respond.

1    Additional issues identified in the pleadings thus far include but are not limited to:

2        a.    Whether Yahoo! Inc. can be held responsible under principles of agency,

3            alter ego, or piercing the corporate veil for the actions of its Chinese

4            subsidiaries and partners;

5        b.    The degree of Yahoo! Inc.'s involvement and control over the actions of

6            its Chinese subsidiaries and partners at the time to abuses took place.

7    Plaintiffs reject Defendants' claim that Yahoo!, Inc., as the parent, U.S. based entity, is not

8    responsible for the actions of its Chinese affiliates, pointing out that the present organizational

9    structure that Yahoo! currently operates under for its China activities, that were the subject of a

10   declaration submitted by Yahoo! Hong Kong's Managing Director that was attached to their

11   motions to dismiss, was not the organizational structure in effect in prior years when the role and

12   responsibilities of Yahoo!, Inc. were even greater.  Yahoo!, Inc. exercised decision-making

13   authority over the specific actions taken by Yahoo!'s China affiliates that relate to the abuses in

14   question, and are the subject of this litigation.

15   Plaintiffs reject Defendants' position that Plaintiffs contributed to and assumed the risk for

16   their own abuse by choosing to exercise their free press and free speech rights by communicating

17   on the Internet.

18   Plaintiffs oppose Defendants' claim that the Government of China is a necessary and

19   indispensable party to the case, with act of state and international comity consequences, as well as

20   their arguments that the case negatively impacts political and foreign policy interests of the

21   United States, raising issues of non-justiciability.

22   Plaintiffs reject Defendants' claim that Yahoo! can not be held "indirectly" responsible or

23   accountable for actions and abuses carried out by officials of the Government of China, pointing

24   out that Yahoo!'s actions were not as indirect as claimed, but directly produced the abuses in

25   question, and that principles of aiding and abetting apply to Yahoo!'s actions as they relate to

26   violations of international law under the ATCA, and to acts of torture under the TVPA.

27   Additional disputed questions of fact and law beyond those set out above are to be

28   identified from the initial and jurisdictional discovery process, and from the Defendants' Answer

1  to the Complaint.

2      Defendants' Statement

3      Defendants do not believe this document is the appropriate forum to litigate their motions

4  to dismiss so will not respond to plaintiffs' arguments.  The legal issues presented in this case

5  include, but are not limited to:

6      1.  whether YHKL is subject to personal jurisdiction in California;

7      2.  whether plaintiffs' claims are justiciable;

8      3.  whether plaintiffs have stated a cognizable claim under the federal Alien Tort

9          Statute, the Torture Victim Protection Act, or the Electronic Communications

10         Privacy Act;

11     4.  whether plaintiffs' have stated a state-law claim for negligence or intentional torts;

12     5.  whether plaintiffs have standing to bring a claim under Cal. Bus. & Prof. Code

13         § 17200 and have stated a claim thereunder;

14     6.  whether plaintiffs' claims are barred by California's statutory privilege for

15         communications with law enforcement and are subject to California's anti-SLAPP

16         statute;

17     7.  whether defendants' communications with Chinese law enforcement officials are

18         privileged under federal, state, and international law;

19     8.  whether the PRC is a necessary and indispensable party to this action;

20     9.  whether plaintiffs have met their pleadors' obligations under Rules 8 and 11; and

21     10. whether plaintiffs' counsel have authority to prosecute this case.

22  **IV.    MOTIONS**

23     On June 21, 2007, Yahoo! filed a Motion for Early Case Management Conference and

24  Order and a Motion to Shorten Time on that motion.  Yahoo!'s Motion to Shorten Time and the

25  underlying Motion for Early Case Management Conference were denied, with the exception that

26  the Court granted Yahoo!'s request that a Statement of Interest in the case be solicited from the

27  U.S. Government.  On August 23, 2007, the Court sent a letter to the U.S. State Department

28  requested that such Statement of Interest be provided by October 26, 2007.  On August 15, 2007,

C07-02151 CW
JOINT CASE MANAGEMENT STATEMENT       -6-
AND RULE 26(f) REPORT

1    Defendants filed a Motion for Protective Order Governing Confidential Information.  This

2    Motion was referred to Magistrate Judge Spero, who granted the Motion and signed a slightly

3    modified version of Defendants' Proposed Order on August 29, 2007.

4        On August 27, 2007, defendant YHKL filed a Motion to Dismiss for Lack of Personal

5    Jurisdiction, and defendant Yahoo! filed a Motion to Dismiss under Federal Rules of Civil

6    Procedure 12(b)(1), (6) and (7), as well as a Motion to Strike Plaintiffs' State Law Causes of

7    Action Pursuant to the California Anti-SLAPP Statute and an Alternative Motion for a More

8    Definite Statement.  These motions are still pending, and plaintiffs have indicated their intention

9    to oppose them.

10        On September 14, 2007, plaintiffs filed a Motion to Initiate Initial and Jurisdictional

11   Discovery and a Motion to Enlarge Time to Respond to Defendants' Motions to Dismiss and

12   Associated Motions, Pending a Decision on Plaintiffs' Discovery Motion.  The Court granted

13   Plaintiffs' Motion to Enlarge Time.  As a result of that ruling, plaintiffs' oppositions to

14   defendants' August 27 Motions are now due either 1) 14 days after the Court denies initial and

15   jurisdictional discovery, or 2) 14 days after initial and jurisdictional discovery is complete.

16   Defendants intend to oppose plaintiffs' Discovery Motion, which is scheduled to be heard on

17   November 1.

18   **V.    AMENDMENT OF PLEADINGS**

19        Plaintiffs' Statement

20        Plaintiffs intend, and reserve the right, to further amend their Second Amended

21   Complaint.  It is anticipated that any additional plaintiffs who are identified will have the same or

22   similar claims as current Plaintiffs, and that any additional defendants who are identified will be

23   similarly implicated and liable as current Defendants.  Additional abuses and violations may also

24   be identified and added to the pleadings based on information obtained during the proceedings,

25   and additional legal bases for the Plaintiffs' claims may be determined to exist.

26        Defendants' Statement

27        Defendants consented to plaintiffs' filing a Second Amended Complaint, which occurred

28   on July 19, 2007.  Because defendants filed motions to dismiss on August 27, 2007, they have yet

1  to file an answer to the complaint.  If defendants' motions to dismiss are denied, they will file a

2  timely answer.

3  **VI.    EVIDENCE PRESERVATION**

4  Plaintiffs' Statement

5  Plaintiffs and their legal representatives are preserving any and all evidence that could

6  reasonably be related to this action. Plaintiffs' attorneys of record and their staff members are

7  taking similar action with respect to evidence coming to their attention.

8  Defendants' Statement

9  A litigation hold notice with respect to this action was circulated instructing that all

10  hardcopy and electronic files relating to issues presented in this case be maintained and further

11  instructing that policies that would otherwise result in the deletion or destruction of any such

12  documents and electronic files were superseded.  In addition, hard copy and electronic records

13  related to the issues in this case were collected.

14  **VII.    INITIAL DISCLOSURES**

15  Both parties are making their initial disclosures on September 28, 2007, in accordance

16  with Federal Rule of Civil Procedure 26(a)(1) and the Court's Order of July 26, 2007.

17  **VIII.    DISCOVERY**

18  **A.    Discovery Taken to Date**

19  On September 14, 2007, Plaintiffs filed a Motion to Initiate Initial and Jurisdictional

20  Discovery on issues raised in Defendants' Motions to Dismiss and accompanying motions.  To

21  date, no party has served discovery.

22  **B.    Subjects of Discovery (Fed. R. Civ. Pro. 26(f)(2)**

23  Plaintiffs' Statement

24  Plaintiffs have taken no discovery to date, but submitted a Proposed Initial and

25  Jurisdictional Discovery Plan on September 14, 2007, as an Exhibit with Plaintiffs' Motion to

26  Initiate Initial and Jurisdictional Discovery, seeking information held by the Defendants

27  including:

28

C07-02151 CW
JOINT CASE MANAGEMENT STATEMENT        -8-
AND RULE 26(f) REPORT

1       • Receipt of and or responses to requests from Chinese officials to Yahoo, and responses
2           and other communications related to these requests, associated with providing identifying
3           information of Internet users in China.

4       • Deliberations, decisions, communications, and policies on whether and how to respond to
5           such requests.

6       • Licensing agreements, contracts and other material associated with the organizational and
7           structural arrangements and responsibilities, methods of operations, ways of conducting
8           business, financial arrangements and other business activities involving Yahoo!, Inc. and
9           its Chinese affiliates, covering both past and present periods of time.

10      • Communications between and among Yahoo! Inc., Yahoo!'s Chinese affiliates, and
11          officials of the Government of China relative to requests for internet user information the
12          arrest and detention of Yahoo!'s internet users, and the Government of China's views on
13          this litigation.

14      Additional discovery will be required on other matters not covered by the initial discovery
15  plan, based on information obtained through initial discovery and from the Defendants'
16  Answer.

17      Defendants' Statement

18      Defendants will need discovery on, without limitation, the following subjects:

19      • the circumstances related to plaintiffs Wang and Shi's arrest;

20      • the circumstances related to Wang and Shi's trial and conviction;

21      • the circumstances related to plaintiffs Wang and Shi's incarceration in China;

22      • the circumstances related to the allegations of torture suffered by plaintiffs Wang and
23          Shi;

24      • Wang and Shi's activities prior to their arrest and conviction; and

25      • other circumstances on which plaintiffs rely for their claims.

26      **C.    Discovery Scheduling (Fed. R. Civ. Pro. 26(f)(2)**

27      Plaintiffs' Statement

28      In addition to initial and jurisdictional discovery, Plaintiffs plan to initiate the regular

C07-02151 CW
JOINT CASE MANAGEMENT STATEMENT          -9-
AND RULE 26(f) REPORT

1    discovery process at the earliest possible date.  However, given that the Plaintiffs have not yet

2    received an Answer from Defendants, the Court has not yet decided whether Plaintiffs may

3    proceed with Initial and Jurisdictional Discovery, and a number of the Defendants' preliminary

4    dispositive motions are pending, the parties believe that developing a more detailed discovery

5    plan at this point would be premature.  Without the information from initial and jurisdictional

6    discovery that will enable the Plaintiffs to properly respond to the Defendants' pending motions,

7    and without an Answer from the Defendants, Plaintiffs cannot properly anticipate the content of

8    additional discovery or estimate how much time will be needed for discovery.

9           In the Plaintiffs' view, another important reason why specific discovery requests (other

10   than the motion for initial and jurisdictional discovery) have not been made, and why it is

11   premature to seek to develop and initiate a regular discovery plan at this point in the proceedings,

12   is that the Defendants have made clear both to the Plaintiffs in meet and confer discussions, and

13   to the Court in their pleading in opposition to Plaintiffs' Motion to Extend Time for Their

14   Response to the Defendants' Motions to Dismiss and Accompanying Motions, that they are

15   unalterably opposed to the initiation of any discovery process until the "threshold" issues covered

16   by their motions to dismiss and other accompanying motions are resolved by the Court.  Given

17   this posture, made clear to us in meet and confer discussions, no discovery is possible without the

18   Court's intervention, and any request for discovery would have been futile.

19          Defendants' Statement

20          While defendants believe that plaintiffs do not need discovery to respond to the pending

21   motions to dismiss, defendants have done nothing to interfere with plaintiffs' ability to propound

22   discovery.  It is by plaintiffs' choice alone that they have not initiated any discovery.  Defendants

23   expressly informed plaintiffs that they were free to take discovery because no stay had been

24   issued by the Court.  *See* September 19, 2007 Declaration of Matthew T. Kline in Support of

25   Defendant Yahoo!, Inc.'s Opposition to Plaintiffs' Motion to Enlarge Time, ¶ 6.

26          Plaintiffs' Motion to Initiate Initial and Jurisdictional Discovery to Respond to

27   Defendants' Motions to Dismiss will be heard on November 1, 2007.  Pursuant to the Court's

28   September 20, 2007 Order Enlarging Time for Plaintiffs' Opposition to Defendants' Motions to

1   Dismiss, the hearing date on those motions to dismiss will depend on the Court's ruling on

2   plaintiffs' motion regarding discovery.  In light of the pendency of plaintiffs' motion regarding

3   discovery and defendants' motions to dismiss, defendants believe it is premature to establish a

4   full discovery plan.  Defendants believe that the development of a discovery plan should await the

5   determination of what discovery will occur prior to the Court's ruling on the motions to dismiss

6   and whether any portion of plaintiffs' claims will survive the ruling on those motions to dismiss.

7        For that reason, defendants do not at this time propose any modifications to the discovery

8   rules, including any changes in the limitations on discovery under the Federal Rules of Civil

9   Procedure, or any additional limitations.

10  **IX.    RELATED CASES**

11       The parties are aware of no cases related to this action.

12  **X.     RELIEF SOUGHT**

13       Plaintiffs' Statement

14       Plaintiffs seek declaratory and injunctive relief to secure the Defendants' assistance in

15  obtaining the Plaintiffs' release from prison, to prevent the Defendants from similarly harming

16  others in the future, to require the Defendants to identify others similarly harmed, and to provide

17  general, compensatory, and punitive damages for the Plaintiffs' injuries, in an amount to be

18  determined at trial, in order to hold Defendants accountable for their unlawful actions.

19       Defendants' Statement

20       Defendants seek no relief.

21  **XI.    SETTLEMENT AND ADR**

22       Plaintiffs' Statement

23       The parties have discussed settlement and ADR, in compliance with Local Rule 3-5, on

24  four separate occasions, but have not reached an agreement on whether ADR, and what form of

25  ADR, is appropriate for this case, although Plaintiffs have indicated support for scheduling a

26  court-sponsored settlement conference as the preferred ADR approach.  The parties have not filed

27  a Stipulation and Proposed Order Selecting an ADR Process.

28       On September 7, 2007, the parties notified the Court of need for an ADR phone

1   conference to discuss these matters with ADR staff. That conference was initially scheduled for

2   September 19, 2007, then removed from the calendar, to be scheduled closer to the Case

3   Management Conference. The parties have not yet been notified of the new date for the ADR

4   phone conference.

5          Plaintiffs also presented to the Defendants in writing, and initiated discussions on, a

6   detailed outline of the items to be covered in settlement discussions, and that Plaintiffs feel must

7   be necessary elements of any settlement agreement. The Defendants have indicated that

8   discussions of settlement options would not be suitable or necessary until the Court resolves their

9   motions to dismiss and associated motions.

10         Defendants' Statement

11         Defendants dispute the accuracy of plaintiffs' statements about their interactions.

12  Defendants do not believe there is a prospect for settlement at this time. Defendants have asked

13  that plaintiffs' counsel provide copies of powers of attorney establishing that they have the

14  authority to prosecute the claims asserted in this case. Plaintiffs' counsel have declined to do so.

15  **XII.   MAGISTRATE JUDGE**

16         The parties do not consent to having a magistrate judge conduct all further proceedings.

17  **XIII.  OTHER REFERENCES**

18         The parties do not believe this case is suitable for reference to binding arbitration, a

19  special master, or the Judicial Panel on Multidistrict Litigation.

20  **XIV.   NARROWING OF ISSUES**

21         The parties are not presently in a position to address whether it is feasible or desirable to:

22  (a) narrow the issues in the case by agreement or motion, (b) bifurcate the issues, claims or

23  defenses at trial, or (c) reduce the length of trial by stipulation, use of summaries, or other

24  expedited means of presenting issues.

25  **XV.    EXPEDITED SCHEDULE**

26         The parties do not believe this is the type of case that can be handled on an expedited

27  basis with streamlined procedures.

28

C07-02151 CW
JOINT CASE MANAGEMENT STATEMENT        -12-
AND RULE 26(f) REPORT

XVI.   **SCHEDULING**

Plaintiffs' Statement

Plaintiffs believe the currently scheduled Case Management Conference on November 1, 2007 is critical for moving the processing and scheduling of the case forward, and should be used to help resolve pending issues associated with the Plaintiffs' motion for initial and jurisdictional discovery, as well as to help clarify the scheduling of the processing of the Defendant's motions to dismiss and accompanying motions.

Plaintiffs cannot estimate at this time how long will be needed for discovery, trial preparation, or trial, without the information that will be presented in the Defendants' Answer and generated through initial and jurisdictional discovery.

Defendants' Statement

Defendants' pending motions to dismiss, if granted, will result in the dismissal of this case in its entirety or a substantial narrowing of the issues. Until the Court rules on those motions, defendants cannot provide a meaningful proposal for the designation of experts, the discovery cutoff, the hearing of dispositive motions, the pretrial conference and trial. If any portion of this case survives the motions to dismiss, defendants will promptly thereafter submit to the Court their proposal for scheduling the remainder of the action.

XVII.  **TRIAL**

Plaintiffs have requested a jury trial of this action. Until the Court rules on the pending motions to dismiss and other dispositive motions to be filed later, defendants do not know whether plaintiffs' claims should be tried to a jury or the Court. The parties agree that they do not yet have enough information to provide an estimate of the expected length of the trial.

XVIII. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs' Statement

Plaintiffs have filed a Certification of Interested Entities or Persons stating that, other than the named parties, there is no such interest to report. Plaintiffs note that additional unnamed and to be identified individuals may be added as plaintiffs, and additional unnamed and to be unidentified individuals and entities may be named as defendants as a result of further

C07-02151 CW
JOINT CASE MANAGEMENT STATEMENT          -13-
AND RULE 26(f) REPORT

1  investigations and discovery.

2      Defendants' Statement

3      Defendants filed a Certification of Interested Entities or Persons on June 19, 2007, stating

4  that the following entities have either: (i) a financial interest in the subject matter in controversy

5  or in a party to the proceeding; or (ii) any other kind of interest that could be substantially

6  affected by the outcome of the proceeding: (1) Yahoo! Hong Kong Limited (YHKL) and (2)

7  Yahoo! International Subsidiary Holdings Inc.  YHKL has since been substituted as a party for

8  the improperly named Yahoo! Holdings (Hong Kong) Ltd.  Because Alibaba.com was dismissed

9  as a defendant with the filing of plaintiffs' Second Amended Complaint, the other three entities

10  listed in defendants' Certificate of Interested Entities or Persons (Alibaba.com Corporation,

11  Alibaba.com Limited and Alibaba.com Investment Holding Limited) no longer have an interest in

12  the proceedings.

13

14  Dated: September 28, 2007          MORTON H. SKLAR
                                       WORLD ORGANIZATION FOR HUMAN
15                                     RIGHTS USA

16                                     By:  /s/  Morton H. Sklar
17                                          Morton H. Sklar
                                       Attorney for Plaintiffs

18                                     Local Counsel for Plaintiffs
                                       ROGER R. MYERS (S.B.# 146164)
19                                     roger.myers@hro.com
                                       HOLME ROBERTS & OWEN LLP
20                                     560 Mission St., 25th Floor
                                       San Francisco, CA 94105
21                                     Telephone: (415) 268-2000
                                       Facsimile: (415) 268-1999
22

23  Dated: September 28, 2007          DANIEL M. PETROCELLI
                                       O'MELVENY & MYERS LLP
24

25                                     By:  /s/  Daniel M. Petrocelli
                                            Daniel M. Petrocelli
26                                     Attorney for Defendant YAHOO!, INC. and
                                       Specially Appearing Defendant YAHOO!
27                                     HONG KONG, LTD.

28

C07-02151 CW
JOINT CASE MANAGEMENT STATEMENT          -14-
AND RULE 26(f) REPORT