Xiaoning et al v. Yahoo! Inc, et al                                                              Doc. 104

Case 4:07-cv-02151-CW     Document 104     Filed 10/11/2007     Page 1 of 20

1   DANIEL M. PETROCELLI (S.B. #97802)
    dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
    mkline@omm.com
3   O'MELVENY & MYERS LLP
    1999 Avenue Of The Stars
4   Los Angeles, California 90067-6035
    Main Number: (310) 553-6700
5   Facsimile: (310) 246-6779

6   Attorneys for Defendant YAHOO!, INC. and
    Specially Appearing Defendant YAHOO! HONG
7   KONG, LTD.

8
                    **UNITED STATES DISTRICT COURT**
9                 **NORTHERN DISTRICT OF CALIFORNIA**
                          **OAKLAND DIVISION**
10

11  WANG XIAONING, YU LING, SHI TAO,          **Case No. C07-02151 CW**
    and ADDITIONAL PRESENTLY
12  UNNAMED AND TO BE IDENTIFIED             **DEFENDANT YAHOO!, INC.'S**
    INDIVIDUALS,                             **OPPOSITION TO PLAINTIFFS' MOTION**
                                             **TO INITIATE INITIAL AND**
13                Plaintiff,                 **JURISDICTIONAL DISCOVERY**[1]

14           v.                              Hearing Date:  November 1, 2007
                                             Time:  2:00 p.m.
15  YAHOO!, INC., a Delaware Corporation,    Judge:  Hon. Claudia Wilken
    YAHOO! HONG KONG, LTD., a Foreign
16  Subsidiary of Yahoo!, AND OTHER
    PRESENTLY UNNAMED AND TO BE
17  IDENTIFIED INDIVIDUAL EMPLOYEES
    OF SAID CORPORATIONS,
18
                 Defendant.
19

20

21

22

23

24

25

26

27  ────────────────────────

28  [1] Without waiving its objection to the exercise of personal jurisdiction in this case, specially
    appearing defendant Yahoo! Hong Kong, Ltd. ("YHKL") joins this opposition.

1

# TABLE OF CONTENTS

I.   Introduction. ................................................................................................ 1

II.  The Wide-Ranging Discovery Plaintiffs Seek Is At Odds With The Purposes
     Of Federal Rule 12. ..................................................................................... 3

III. Plaintiffs' Specific Arguments To Support Wide-Ranging Discovery Disregard
     The Actual Basis Of Defendants' Motions. ................................................. 5

   A.  Defendants' Justiciability Arguments Raise No Factual Issues........................... 6

   B.  Defendants' Foreign Sovereign Compulsion Argument Does Not Require
       Discovery Or Convert Their Motion To A Motion For Summary Judgment. ................. 8

   C.  No Discovery Is Necessary To Determine Whether The PRC Is An
       Indispensable Party. .............................................................................. 10

   D.  There Is No Basis For Discovery Regarding Defendants' Anti-SLAPP Motion.............. 11

   E.  Plaintiffs Cannot Now Search For Jurisdictional Facts Regarding YHKL That They Were
       Obliged To Plead In Their Complaint.......................................................... 13

IV.  If The Court Decides To Permit Limited Discovery, Defendants' Rule 12 Motions Should
     Be Heard On The Unaffected Grounds. ............................................................. 14

V.   Conclusion................................................................................................ 15

1

**TABLE OF AUTHORITIES**

2

Page

3

**CASES**

4  *Abrego v. Dow Chem. Co.*,

5     443 F.3d 676, 681 (9th Cir. 2006)........................................................................9-10

6  *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,

7     988 F.2d 1157 (Fed. Cir. 1993).................................................................................3

8  *APL Co. PTE, Ltd. v. UK Aerosols Ltd.*,

9     452 F. Supp. 2d 939 (N.D. Cal. 2006) ...............................................................3, 14

10  *Bell Atlantic Corp. v. Twombly*,

11     127 S. Ct. 1955 (2007)............................................................................................14

12  *Berioz v. Wahl*,

13     84 Cal. App. 4th 485 (2000).....................................................................................12

14  *Branch v. Tunnell*,

15     14 F.3d 449 (9th Cir. 1994).......................................................................................10

16  *Chavez v. Mendoza*,

17     94 Cal. App. 4th 1083 (Cal. App. 2001) .................................................................12

18  *Conomos v. Chase Manhattan Corp.*,

19     1998 U.S. Dist. LEXIS 3135, (S.D.N.Y. 1998) .....................................................14

20  *Corrie v. Caterpillar, Inc.*,

21     --- F.3d ---, 2007 WL 2694701, (9th Cir. Sept. 17, 2007) .......................................8

22  *Fecht v. Price Co.*,

23     70 F.3d 1078 (9th Cir. 1995).....................................................................................10

24  *Flatley v. Mauro*,

25     39 Cal. 4th 299 (2006) .............................................................................................12

26  *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*,

27     Case No. CIV. S-05-583, 2007 WL 2384841, (E.D. Cal. Aug. 17, 2007)..............14

28

**TABLE OF AUTHORITIES**
(continued)

Page

*Galbraith v. County of Santa Clara,*

307 F.3d 1119 (9th Cir. 2002)..............................................................................10

*Golon v. Ohio Sav. Bank,*

1999 U.S. Dist. LEXIS 16452 (N.D. Ill. Oct. 14, 1999).......................................14

*Havoco of America, Ltd. v. Shell Oil Co.,*

626 F.2d 549 (7th Cir. 1980)...................................................................................2

*Interstate Natural Gas Co. v. Southern Calif. Gas Co.,*

209 F.2d 380 (9th Cir. 1954)...................................................................................9

*Jones v. Capital Cities/ABC Inc.,*

168 F.R.D. 477 (S.D.N.Y. 1996) ............................................................................3

*Kadic v. Karadzic,*

70 F.3d 232 (2d Cir. 1995).......................................................................................7

*Keams v. Tempe Tech. Inst.,*

110 F.3d 44 (9th Cir. 1997)....................................................................................10

*Lopez v. Smith,*

203 F.3d 1122 (9th Cir. 2000)..................................................................................3

*Lundquist v. Reusser,*

7 Cal. 4th 1193 (Cal. 1994)....................................................................................13

*Martinez v. Wells Fargo Bank, N.A.,*

2007 U.S. Dist. LEXIS 53171 (N.D. Cal. July 10, 2007).......................................3

*Nat'l Coalition Gov't v. Unocal, Inc.,*

176 F.R.D. 329 (C.D. Cal. 1997) ............................................................................8

*Nietzke v. Williams,*

490 U.S. 319 (1989)..................................................................................................3

*Parrino v. FHP,*

146 F.3d 699 (9th Cir. 1998)....................................................................................9

# TABLE OF AUTHORITIES
**(continued)**

Page

*Rutman Wine Co. v. E. & J. Gallo Winery,*

    829 F.2d 729 (9th Cir. 1987)..................................................................................3

*Safe Air for Everyone v. Meyer,*

    373 F.3d 1035 (9th Cir. 2004)...............................................................................7

*Sarei v. Rio Tinto PLC,*

    221 F. Supp. 2d 1116 (C.D. Cal. 2002)................................................................7

*Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v.
Rogers,*

    357 U.S. 197 (1958)...............................................................................................8

*Sosa v. Alvarez-Machain,*

    542 U.S. 692 (2004)...............................................................................................1

*Swedberg v. Marotzke,*

    339 F.3d 1139 (9th Cir. 2003)............................................................................10

*United States v. Swiss American Bank,*

    274 F.3d 610 (1st Cir. 2001).................................................................................13

**STATUTES**

Cal. Civ. Code § 48..................................................................................................13

**RULES**

Fed. R. Civ. Proc. 12................................................................................*passim*
CC1:772155.7

1   **I.    INTRODUCTION**

2          Rule 12 of the Federal Rules of Civil Procedure assures defendants an early hearing on

3   motions challenging the legal sufficiency of claims against them.  While plaintiffs' motion

4   nominally seeks the right to take limited discovery, by the looks of their comprehensive

5   "Discovery Plan," the motion's real purpose is to delay for at least a year the hearing on

6   defendants' pending motions to dismiss.  There is no justification for that delay or for subjecting

7   defendants to discovery aimed *not* at supporting justiciable and well-pleaded claims, but at

8   attempting to find a viable claim or to advance an extra-judicial agenda.

9          Were plaintiffs to spend the next year pursuing their discovery plan, the hearing on

10   defendants' motions to dismiss would still turn on the same *legal* propositions, each sufficient to

11   support dismissal of some or all of plaintiffs' claims:

12       • the act-of-state doctrine and other justiciability doctrines bar complaints challenging

13          the right of foreign sovereigns to enforce their laws;

14       • the Alien Tort Statute ("ATS"), as interpreted by *Sosa v. Alvarez-Machain*, 542 U.S.

15          692 (2004), does not cover forced labor and arbitrary detention claims;

16       • the Torture Victims Protection Act ("TVPA") preempts torture claims brought under

17          the ATS, and corporations may not be held liable under the TVPA;

18       • the Electronic Communications Privacy Act ("ECPA") does not apply

19          extraterritorially or on the facts alleged in this case;

20       • plaintiffs' California law claims are barred by statutory privilege; and

21       • the People's Republic of China ("PRC") is an indispensable party.

22   Plaintiffs' motion to delay consideration of these and other legal issues until they take extensive

23   discovery must be denied because they did not, and cannot, explain how anything they could

24   possibly learn, or how any document they could possibly obtain, would make a difference to the

25   legal sufficiency of the pleaded claims.   The simple truth is that plaintiffs' claims are defined—

26   and constrained—by the facts they allege about their own circumstances in China and the legal

27   bases upon which they claim entitlement to relief, not by anything about defendants.

28

1    Plaintiffs fall woefully short of justifying a long delay to take discovery.  For example,
2    they say discovery is required to obtain a "realistic understanding" of Chinese legal standards and
3    to assess the views of the U.S. and Chinese governments regarding this case.  Disc. Mot. at 9.
4    Statutes, regulations, case law, and expert opinion testimony will conclusively establish what
5    Chinese law is; the views of the U.S. and Chinese governments will shortly be before the Court
6    when they respond to the Court's August 23 letter to the State Department.  Plaintiffs also argue
7    they need discovery concerning Hong Kong court documents relied on in defendants' motions.
8    But under established Ninth Circuit precedent, plaintiffs introduced those documents into the
9    Rule 12 arena by referencing them in their complaint.  Defendants' reference to them does not
10    transform the motion to dismiss into a summary judgment motion.  Under those circumstances,
11    defendants' citation to the court documents is entirely proper and does not trigger discovery.

12    Plaintiffs' argument that YHKL's Rule 12(b)(2) motion to dismiss for lack of personal
13    jurisdiction opens both defendants to immediate discovery fails for a different reason:  plaintiffs
14    did not satisfy their obligation to plead sufficient jurisdictional *facts*.  Plaintiffs cited various
15    authorities for the proposition that discovery is generally available in responding to a Rule
16    12(b)(2) motion.  However, these authorities apply when plaintiff has alleged facts ostensibly
17    establishing personal jurisdiction and defendant contests those facts.  Here, plaintiffs have alleged
18    no facts establishing YHKL's minimum contacts with California; instead, they have merely
19    asserted the legal conclusion that YHKL is an "alter ego" or "agent" of the California-based
20    Yahoo!, Inc.  Plaintiffs' conclusory labels cannot sustain a claim against a motion to dismiss and
21    thus do not entitle plaintiffs to discovery.

22    In short, to allow plaintiff to sue first and ask questions later would subvert the important
23    gatekeeper functions of Rule 12 and deny the defendants their right to a prompt hearing on their
24    legal motion to be relieved of the substantial and multi-faceted burden of this improvidently filed
25    litigation.  As one court put it, "if the allegations of the complaint fail to establish the requisite
26    elements of the cause of action, our requiring costly and time consuming discovery and trial work
27    would represent an abdication of our judicial responsibility."  *Havoco of America, Ltd. v. Shell*
28    *Oil Co.*, 626 F.2d 549, 553 (7th Cir. 1980).

- 2 -

1  **II.    THE WIDE-RANGING DISCOVERY PLAINTIFFS SEEK IS AT ODDS WITH**
2  **THE PURPOSES OF FEDERAL RULE 12.**

3        Rule 12 exists to spare the courts and defendants the burden of litigating cases that have no
4  basis in law. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160
5  (Fed. Cir. 1993) ("The purpose of the rule is to allow the court to eliminate actions that are fatally
6  flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of
7  unnecessary pretrial and trial activity.") No plaintiff can file a legally defective complaint and
8  avoid dismissal by demanding discovery, because the central purpose of Rule 12(b)(6) is "to
9  enable defendants to challenge the legal sufficiency of complaints without subjecting themselves
10 to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). As
11 the Supreme Court has recognized, Rule 12(b) "streamlines litigation by dispensing with needless
12 discovery and factfinding." *Nietzke v. Williams*, 490 U.S. 319, 326-27 (1989), *superseded by stat.*
13 *on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000). Contrary to
14 plaintiffs' view, the "purpose of discovery is to find out additional facts about a well-pleaded
15 claim, *not to find out whether such a claim exists*." *Jones v. Capital Cities/ABC Inc.*, 168 F.R.D.
16 477, 480 (S.D.N.Y. 1996) (emphasis added). At "issue on [a] 12(b)(6) motion is whether plaintiff
17 states a claim and is therefore entitled to proceed with discovery." *Id.* (citation omitted).

18       Courts in this jurisdiction and others routinely deny exactly the sort of discovery plaintiffs
19 seek. *See, e.g., Martinez v. Wells Fargo Bank, N.A.*, 2007 U.S. Dist. LEXIS 53171, at *3, 7 (N.D.
20 Cal. July 10, 2007) (staying discovery pending defendant's motion to dismiss and rejecting
21 argument that plaintiff needed discovery "in order to oppose defendants' [Rule 12] motion"). A
22 plaintiff cannot "allege deficient claims and then seek discovery to cure the deficiencies." *APL*
23 *Co. PTE, Ltd. v. UK Aerosols Ltd.*, 452 F. Supp. 2d 939, 945 (N.D. Cal. 2006).

24       Plaintiffs' motion works hard to convey the *impression* that defendants' Rule 12 motions
25 rely heavily on disputed issues of fact. This is wrong. Defendants' motions accept as true the
26 facts asserted in plaintiffs' complaint (when facts, rather than conclusions, are asserted), and rest
27 on indisputable matters of law. None of the legal issues defendants raise can be affected by the
28 results of discovery:

-3-

- the act-of-state doctrine, the political question doctrine, and principles of international comity preclude complaints aimed at foreign nations' enforcement of their own laws; *see* Yahoo!'s Mot. to Dismiss at 4-15 (corrected version filed Aug. 30, 2007);

- plaintiffs' ATS claims for forced labor and arbitrary detention are not based on "definable, universal and obligatory" international norms "accepted by the civilized world and defined with . . . specificity," *id.* at 17-19;

- plaintiffs' torture claims under the ATS are preempted by the TVPA, *see id.* at 16-17;

- the TVPA does not provide a remedy for arbitrary arrest or forced labor, *see id.* at 23;

- the TVPA applies only to individuals, not corporations, *see id.*;

- plaintiffs' ATS and TVPA claims cannot be brought against private actors, *see id.* at 20, 24;

- there is no civil aiding and abetting liability under the ATS or the TVPA, *see id.* at 19-24;

- plaintiffs have not alleged facts sufficient to plead civil aiding and abetting liability under federal or state law, *see id.* at 20-23, 28-29;

- plaintiffs failed to allege facts sufficient to establish that they were tortured, rather than subjected to non-actionable strong-arm police tactics, *see id.* at 24;

- plaintiffs cannot sustain an ECPA claim for disclosure of records or information to the PRC because it is not a "governmental entity" for purposes of ECPA, *id.* at 26;

- plaintiffs cannot sustain an ECPA claim under 18 U.S.C. § 2701(a) against an email service provider, *see id.* at 27;

- the ATS and ECPA do not apply extraterritorially, *see id.* at 16, 24-26;

- plaintiffs' California claims are preempted by the foreign affairs doctrine, *see id.* at 27-28;

- plaintiffs have not alleged facts sufficient to state a claim for false imprisonment

- 4 -

1    because defendants did not detain them, *see id.* at 29;

2    • plaintiffs cannot state a claim for negligence because defendants owed them no

3       duty of care, *see id.* at 29-31; and

4    • plaintiffs lack standing to bring a claim under California's unfair competition laws,

5       *see id.* at 31-32.

6    The discovery plaintiffs wish to pursue will yield no information relevant to any of these

7    legal points, as they all arise and must be resolved within the closed universe of the allegations of

8    plaintiffs' complaint, federal and state statutory and common law, and the case law interpreting

9    those statutes and laws. Knowing what Yahoo! executives said before Congress will not alter the

10   fact that the TVPA applies only to individuals, not corporations. Knowing why Yahoo! chose to

11   do business in China will not reverse the Supreme Court's decision in *Sosa*, much less revitalize

12   plaintiffs' ATS claims. Pursuing discovery—somehow—concerning the PRC's implementation

13   of its laws, in general and in the particular cases of two of the plaintiffs, will not expand the

14   territorial reach of ECPA or alter the standing requirements under California's unfair competition

15   laws. Deposing numerous present and former Yahoo! employees regarding, according to

16   plaintiffs' proposed "Discovery Plan," virtually all communications between Yahoo! and the PRC

17   will not change the California common law of false imprisonment.[2]

18   **III.    PLAINTIFFS' SPECIFIC ARGUMENTS TO SUPPORT WIDE-RANGING**

19   **DISCOVERY DISREGARD THE ACTUAL BASIS OF DEFENDANTS'**

20   **MOTIONS.**

21   Plaintiffs say the requested discovery is "limited" to factual issues raised in defendants'

22   motions, Disc. Mot. at 1, but even a cursory review of their "Discovery Plan" shows it has

23   nothing to do with defendants' motions and, instead, represents an effort to undertake full-blown

24   merits discovery. Plaintiffs' Discovery Plan seeks information on such expansive subjects as

25   Yahoo!'s entire business plan and structure in China, Yahoo!'s entire mode of operation in China,

26

27   [2] Instead, as the Hong Kong Privacy Commission concluded when plaintiff Shi previously made
     this request, it will only expose defendants to legal sanction for disclosing what the PRC
28   considers to be state secrets. *See* Yahoo!'s Mot. to Dismiss Ex. A ¶¶ 7.17-18.

1    and Yahoo!'s dealings with the Chinese government.  The Discovery Plan's wide range of

2    topics—which plaintiffs intend to pursue by depositions of what would likely be dozens of former

3    and present Yahoo! employees in the U.S. and in China, by interrogatories, and by extensive

4    document requests—are anything but "limited."  If allowed to pursue this discovery before

5    having to respond to defendants' motions to dismiss, plaintiffs will have effectively eliminated

6    defendants' right to test plaintiffs' complaint at the threshold, as permitted by law.  While

7    plaintiffs insist that there are "numerous" factual disputes justifying their proposed broad

8    discovery, their motion addresses only a handful of defendants' several independent grounds for

9    dismissal; and even as to those grounds, the supposed factual disputes actually have nothing to do

10   with the issues posed by defendants' motions, as shown below.

11       **A.    Defendants' Justiciability Arguments Raise No Factual Issues.**

12           Plaintiffs contend discovery is necessary to respond to defendants' assertion that their

13   claims are not justiciable under the act of state doctrine, principles of international comity, and

14   the political question doctrine.  Defendants moved to dismiss plaintiffs' complaint on

15   justiciability grounds because, at their core, plaintiffs' claims challenge the ability of the Chinese

16   government to enact and enforce laws proscribing certain forms of political speech.  *See* Yahoo!'s

17   Mot. to Dismiss at 4-15.  Plaintiffs' intent to challenge the power of the Chinese government is

18   manifest in their complaint.  It says the PRC is unlawfully imprisoning plaintiffs for exercising

19   free-speech rights, *see id.* at 5-7, and demands an order requiring defendants to help secure

20   plaintiffs' release from prison and never again assist the Chinese government in its enforcement

21   of its political speech laws, *see id.* at 4.

22           Plaintiffs do not dispute in their motion that their complaint challenges these aspects of

23   Chinese law.  Instead, they speculate that Chinese law, as applied, did not require defendants to

24   comply with Chinese evidence-gathering laws, and they need discovery to see if that might be the

25   case.  *See* Disc. Mot. at 8-10.  Even apart from the anecdotal nature of the information plaintiffs

26   would attempt to gather, discovery of this sort will not allow them to sidestep the legal doctrines

27   on which defendants' motions rest.  Plaintiffs' argument attempts to support an assertion that is

28   not even in plaintiffs' complaint—that defendants were free to ignore Chinese law as written.

1   There is good reason plaintiffs did not make this claim.  Court rulings cited in their complaint

2   establish that PRC law compelled Yahoo! China to provide the information it did to the PRC.  *See*

3   Compl. ¶ 64; Yahoo!'s Mot. to Dismiss Ex. A ¶¶ 7.12, 7.8, 8.25.  Moreover, proof of Chinese law

4   does not require fact discovery.  Finally, even if defendants were exempt from Chinese law—and

5   they are not—defendants' justiciability arguments would still require dismissal.  To find

6   defendants liable, this Court would have to conclude that the PRC had no right to investigate or

7   arrest plaintiffs for violating its speech laws.  Absent that finding—which would be a direct

8   affront to Chinese sovereignty—plaintiffs' case lacks its essential first building block toward

9   liability and remedy.

10          Plaintiffs' second argument why defendants' justiciability arguments justify discovery is

11  also far off the mark.  Plaintiffs say that by citing positions the United States has taken in other

12  ATS cases—and specifically other cases involving China—defendants have opened the door to

13  discovery into the United States' views regarding this case.  Disc. Mot. at 13.  To remedy this,

14  plaintiffs seek access to "communications [that] may have taken place on these issues between

15  Yahoo! officials and officials of the *government of China*" regarding this case.  *Id.* (emphasis

16  added).  Not only is this request illogical—plaintiffs have not explained how such discovery

17  would shed light on the United States' views—it is completely unnecessary, as this Court has

18  already asked the United States to file a Statement of Interest setting forth its views.

19          Plaintiffs are also wrong to suggest that defendants' reference to positions the United

20  States has taken in other ATS cases has opened the door to discovery on that subject.  Defendants

21  have made a facial challenge to the Court's jurisdiction by asserting that the allegations in

22  plaintiffs' complaint, taken as true, constitute a direct rebuff to PRC law and sovereignty.  *See*

23  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Resolution of this issue

24  does not warrant discovery.  Federal courts regularly consult the government's stated foreign

25  policy interests before ruling on justiciability issues without opening the case to discovery or

26  other factual investigation.  *See Kadic v. Karadzic*, 70 F.3d 232, 250 (2d Cir. 1995) (considering

27  Statement of Interest submitted by State Department in ruling on facial challenge to subject

28  matter jurisdiction); *Sarei v. Rio Tinto PLC*, 221 F. Supp. 2d 1116, 1182-83 (C.D. Cal. 2002),

1   *rev'd on other grounds*, 487 F.3d 1193 (9th Cir. 2007) (holding that consideration of a Statement

2   of Interest does not convert a motion to dismiss into a motion for summary judgment because the

3   district court "may take [judicial] notice of the government's official policy and opinion"); *Nat'l*

4   *Coalition Gov't v. Unocal, Inc.*, 176 F.R.D. 329, 352 (C.D. Cal. 1997) (taking judicial notice that

5   the United States conducted diplomatic relations with the government of Burma, based on

6   Statement of Interest submitted by the State Department and other evidence of the government's

7   views presented by defendant).  Consistent with these cases, defendants' reference to prior

8   Statements of Interest was not an attack on "the substance of the complaint's jurisdictional

9   allegations," *Corrie v. Caterpillar, Inc.*, --- F.3d ---, 2007 WL 2694701, *3 (9th Cir. Sept. 17,

10  2007), but merely called the Court's attention to the government's previously stated views on

11  foreign policy with respect to China.  This provides no basis for factual inquiry beyond the

12  government's forthcoming Statement of Interest regarding this case.

13          **B.      Defendants' Foreign Sovereign Compulsion Argument Does Not Require**

14                  **Discovery Or Convert Their Motion To A Motion For Summary Judgment.**

15          Plaintiffs say they need discovery to respond to defendants' assertion that the foreign

16  sovereign compulsion doctrine bars plaintiffs' claims as a matter of law.  Defendants' motion

17  made three points: (1) that U.S. case law establishes that the foreign sovereign compulsion

18  defense applies not only when actions are literally compelled, but also when there is a legitimate

19  fear of prosecution for failing to comply with a foreign law, Yahoo!'s Mot. to Dismiss at 34-35;[3]

20  (2) that Chinese law requires that subjects of the state—*e.g.*, Yahoo! China—assist in law

21  enforcement investigations, *id.* at 34; and (3) that the Hong Kong legal opinion plaintiffs cite in

22  their own complaint involving one plaintiff, Shi Tao, held that the communications with law

23  enforcement officials at issue *in this case* were compelled by PRC law *and* were made under

24  legitimate fear of prosecution.  *Id.*; Ex. A ¶ 8.25.[4]

---

25  [3] *See Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*,

26  357 U.S. 197, 211 (1958) (excusing Swiss company's failure to comply with American discovery
    order that required it to violate Swiss law because "[i]t is hardly debatable that fear of criminal

27  prosecution constitutes a weighty excuse for" acting)

28  [4] "[T]he disclosure of Information in the circumstances of this case was not a voluntary act
    initiated by [YHKL] but was compelled under the force of PRC law." *Id.* "Yahoo! China and

1    Plaintiffs say they cannot respond to any of these points without discovery regarding

2  "details of the communications between the Defendants and the Chinese Government regarding

3  the request for Internet user information," "copies of the actual requests . . . that Yahoo! received

4  from Chinese officials," defendants' responses to all such requests, and "all accompanying

5  communications" regarding such requests. Disc. Mot. at 9-10. This massive *factual* discovery,

6  however, will not aid plaintiffs response to defendants' *legal* argument. Plaintiffs do not dispute

7  that Chinese law, as written, prohibited their conduct and compelled defendants to respond to the

8  Chinese government's official investigation. Instead, plaintiffs resort to the *ipse dixit*

9  pronouncement that defendants' legal argument is actually a "factual defense" requiring plaintiffs

10  to determine how Chinese law is applied. *Id.* at 9-10, 13-14. Plaintiffs do not cite any authority

11  for that proposition. In any event, the point is moot. Defendants' motion does not solely rely on

12  conclusions about how Chinese law is actually applied—a fear of prosecution, based on the law

13  on the books, is more than enough to rule for defendants on their compulsion argument.

14    As for defendants' claim that this court may not consider the Hong Kong Privacy

15  Commissioner's opinion, the Ninth Circuit has long held that a "motion to dismiss pursuant to

16  Rule 12(b) of the Federal Rules of Civil Procedure admits all well pleaded facts, but does not

17  admit facts which the court will judicially notice as not being true *nor facts which are revealed to*

18  *be unfounded by documents included in the pleadings or introduced in support of the motion.*"

19  *Interstate Natural Gas Co. v. Southern Calif. Gas Co.*, 209 F.2d 380, 384 (9th Cir. 1954)

20  (emphasis added). Plaintiffs cannot rely on some of the Commissioner's conclusions, *see* Compl.

21  ¶ 64, but require this Court to ignore others. *See Fecht v. Price Co.*, 70 F.3d 1078, 1080, n.1 (9th

22  Cir. 1995) (holding that a district court was entitled to consider the full contents of documents

23  cited in the complaint, not just those portions cited by plaintiffs, in ruling on a motion to dismiss).

24  Nor can plaintiffs argue that they need discovery to respond to defendants' use of a document that

25  was included in their own complaint. *See Parrino v. FHP*, 146 F.3d 699, 706 n.4 (9th Cir. 1998),

26  *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681

27

28  [YHKL] did in the circumstances of this case have genuine penal apprehension of possible
violation of Article 45 or Article 277 if refused to comply with the [PRC's] order." *Id.* ¶ 7.8.

1  (9th Cir. 2006) (where a document is attached to or described in a complaint and integral to a

2  plaintiff's claims, plaintiff "obviously is on notice of the contents of the document and the need

3  for a chance to refute evidence is greatly diminished").

4      For the same reasons, defendants' references to Chinese law do not require conversion of

5  its motion to dismiss into a motion for summary judgment. Although plaintiffs claim that

6  defendants' motion included many "extraneous and additional documents," Disc. Mot. at 8, their

7  argument for conversion is expressly based on nothing but defendants' citation to "a long list of

8  Chinese statutes and regulations." Disc. Mot. at 10. Legal authorities are hardly "extraneous"

9  documents requiring factual discovery. Nor is the Hong Kong Privacy Commissioner's opinion,

10  which is incorporated by reference in the complaint. Furthermore, even assuming *arguendo* that

11  defendants' foreign sovereign compulsion argument relies on extrinsic materials, the Court can

12  and should rule on this argument based solely on the U.S. and PRC law that defendants cited. *See*

13  *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003); *Kearns v. Tempe Tech. Inst.*, 110

14  F.3d 44, 46 (9th Cir. 1997).[5]

15      **C.    No Discovery Is Necessary To Determine Whether The PRC Is An**

16          **Indispensable Party.**

17      Plaintiffs also seek to use the fact that defendants point out that the PRC is an

18  indispensable party to justify merits discovery on "all information regarding China's requests for

19  user information." Disc. Mot. at 11. But as with defendants' justiciability arguments, our

20  contention under Rule 19 regarding the PRC rests solely on legal issues and in no way requires

21  _____

22  [5] Yahoo!'s motion to dismiss referred to only three documents other than judicially noticeable
statements of U.S. policy and plaintiffs' second amended complaint. The three documents are the
Hong Kong Commissioner's ruling, plaintiff Wang's criminal judgment, and plaintiff Shi's

23  criminal judgment—all three of which were described in and relied on in the complaint, and
thereby incorporated by reference. *See* Compl. ¶ 42-43 (Wang judgment), ¶ 62 (Shi judgment), ¶

24  64 (Commissioner's Report); Yahoo!'s Mot. to Dismiss at 3 n.2. Contrary to plaintiffs'
suggestion, Yahoo!'s citation to these three documents does not justify converting Yahoo!'s Rule

25  12 motion to a motion for summary judgment: "[D]ocuments whose contents are alleged in a
complaint and whose authenticity no party questions, but which are not physically attached to the

26  pleading may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration
does not convert the motion to dismiss into a motion for summary judgment." *Branch v. Tunnell*,

27  14 F.3d 449, 453-54 (9th Cir. 1994), *overr'd in part on other grounds in Galbraith v. County of*

28  *Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

1   the resolution of factual questions. None of the information plaintiffs claim to need bears on

2   defendants' legal contention that the complaint makes a facial attack on the sovereignty of the

3   PRC. Discovery is unnecessary because it is indisputable that plaintiffs' complaint is an

4   unambiguous attack on PRC law: it seeks plaintiffs' release from PRC prisons and seeks an order

5   barring defendants from complying with PRC evidence-gathering laws. Any such order will

6   subject defendants to inconsistent obligations as a matter of law.

7          Similarly, an order that requires Yahoo! to "secure the release of the detainees" from

8   Chinese prisons would still impair the PRC's interests regardless of what facts plaintiffs might

9   discover in any "communications and documents pertaining to any attempts made by the

10  Defendants to obtain the Plaintiffs' release from prison." Disc. Mot. at 14.[6] Plaintiffs argue that

11  the PRC would not be an indispensable party if discovery establishes that defendants could on

12  their own require the PRC to release plaintiffs from prison. To state plaintiffs' argument is to

13  expose its failing. The PRC is a sovereign nation, and plaintiffs are imprisoned under its

14  authority for a violation of its laws. The PRC, and only the PRC, has the authority to release

15  plaintiffs.

16          **D.      There Is No Basis For Discovery Regarding Defendants' Anti-SLAPP Motion.**

17          Plaintiffs also claim to need discovery to respond to defendants' Special Motion to Strike

18  under the anti-SLAPP statute, in which Yahoo! showed that plaintiffs' state-law claims are barred

19  by California law privileging communications with law enforcement officials regarding suspected

20  criminal activity. Although plaintiffs concede that "anti-SLAPP motions do not normally

21  generate the need for discovery," Disc. Mot. at 14, and although plaintiffs cite no anti-SLAPP

22  case entitling them to the discovery they seek, plaintiffs again try to convert purely legal

23  questions—do the anti-SLAPP statute and litigation privilege apply—into factual disputes

24  meriting full-blown discovery. Disc. Mot. at 14-15.[7]

---

25  [6] Plaintiffs' requests also include all "factual information . . . [concerning] whether Yahoo! has

26  taken any action to protest the abuses committed against the Plaintiffs," "whether [Yahoo!] has
    sought to secure [plaintiffs'] release from detention," and whether Yahoo has sought to

27  "otherwise assist [plaintiffs] and their families." Disc. Mot. at 11.

28  [7] Plaintiffs say they cannot respond to the anti-SLAPP motion without discovery, including
    "documentation regarding the nature and content of Yahoo!'s communications with Chinese

- 11 -

The exceedingly broad discovery plaintiffs request will not assist the Court in evaluating whether, *assuming the truth of all allegations pled*, plaintiffs' claims are barred by California statute, and nothing plaintiffs argue establishes otherwise.  Plaintiffs note that *Flatley v. Mauro*, 39 Cal. 4th 299 (2006), holds that the anti-SLAPP statute does not apply to communications such as extortion that are "illegal as a matter of law" and then claim they need discovery to determine if defendants' communications were illegal.  Disc. Mot. at 15.  What plaintiffs fail to mention, however, is that the practical reach of *Flatley* is exceptionally narrow and does not apply here.  It held that the anti-SLAPP statute does not apply only in the "narrow circumstance[s]," where the "*defendant concedes or the evidence conclusively establishes*" the illegality of the challenged conduct.  *Flatley*, 39 Cal. 4th at 316 (emphasis added).  Where the defendant's conduct is not conclusively illegal, anti-SLAPP applies and the threshold burden remains on plaintiffs to establish the probability of prevailing on the merits.  *Id.*; *Chavez v. Mendoza*, 94 Cal. App. 4th 1083, 1090 (Cal. App. 2001).  Plaintiffs cannot possibly meet that burden in the face of federal, state, and international law that both shields defendants from liability for engaging in the communicative acts alleged, and, indeed, compels such speech.  *See* Yahoo!'s Mot. to Dismiss at 32-36; Mot. to Strike at 6-9.

Plaintiffs also claim they need "jurisdictional discovery" regarding the anti-SLAPP motion to assess whether defendants acted with malice.  Such discovery is entirely inappropriate.  The question of whether the communication to a foreign law enforcement official for which anti-SLAPP protection is being sought was made with malice only arises, if at all, if the foreign nation where the communication was made lacks adequate procedural safeguards to protect those accused of a crime.  *See Berioz v. Wahl*, 84 Cal. App. 4th 485, 496 (2000).  For purposes of its motion to dismiss, Yahoo! assumed, *arguendo*, that the qualified privilege that arguably arises in that situation applies.  But even then, this issue is irrelevant because plaintiffs—despite having

officials," the bases on which [communications] were obtained, the number and type of individuals affected," "the nature of [affected individuals] internet communications," "the justification provided by Yahoo! as to why the requests were being made," "statements that may have been made to Yahoo! regarding the compulsory or non-compulsory nature of the request," and "discovery reflecting Yahoo!'s state of mind in making the communications." *Id.* at 14-15.

1    amended their complaint after learning defendants would file an anti-SLAPP motion—do not

2    allege that defendants responded to Chinese law enforcement officials with malice. Plaintiffs do

3    not even make that accusation in their motion seeking discovery, nor could they consistent with

4    Rule 11.

5         Instead, plaintiffs wrongly attempt to put a burden that is clearly theirs onto defendants,

6    arguing that: (a) defendants must prove they acted "to protect the interest of the ones to whom the

7    communication was made" in order to fall under anti-SLAPP qualified privilege for

8    extraterritorial statements; and (b) if it is defendants' burden, then plaintiffs should be entitled to

9    take discovery to ascertain if defendants can meet that burden. But to overcome the privilege's

10   protections—and to meet their threshold burden of proof under the anti-SLAPP statute, it is

11   *plaintiffs* who must prove that defendants acted with ill will, hatred, or reckless falsity. *See*

12   *Lundquist v. Reusser*, 7 Cal. 4th 1193, 1208 (1994). Malice cannot be presumed; facts supporting

13   malice must be specifically pled and proven. *See* CAL. CIV. CODE § 48. Plaintiffs have not pled

14   malice. They are not entitled to open-ended discovery in hopes of finding proof that it exists,

15   especially when they have alleged no basis for believing that it does.

16       **E.**    **Plaintiffs Cannot Now Search For Jurisdictional Facts Regarding YHKL**

17             **That They Were Obliged To Plead In Their Complaint.**

18        Motions to dismiss for lack of personal jurisdiction sometimes justify discovery by the

19   plaintiff regarding a factual dispute as to whether the defendant has the requisite contacts with the

20   forum jurisdiction. But to be entitled to jurisdictional discovery, a plaintiff must make a

21   "colorable case for the existence of in personam jurisdiction." *United States v. Swiss American*

22   *Bank*, 274 F.3d 610, 625-26 (1st Cir. 2001). Plaintiffs here, however, have not alleged a single

23   contact between YHKL and California, or any other fact to support suing YHKL in this Court.

24   Instead, their claim to personal jurisdiction over YHKL relies entirely on the empty allegation

25   that YHKL was the "business entity, partner, alter ego and/or agent of Yahoo!, Inc." Compl.

26   ¶ 19.

27        A bare allegation that YHKL was an alter ego of Yahoo!, Inc. will not get plaintiffs past

28   the pleading stage. Plaintiffs are not entitled to use the federal discovery statutes to conduct a

- 13 -

1    speculative search for jurisdictional facts. They were "required to state a viable claim at the

2    outset, not allege deficient claims and then seek discovery to cure the deficiencies." *APL Co.*

3    *PTE, Ltd. v. UK Aerosols Ltd.*, 452 F. Supp. 2d 939, 945 (N.D. Cal. 2006). *See Bell Atlantic*

4    *Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Fru-Con Constr. Corp. v. Sacramento Mun.*

5    *Util. Dist.*, Case No. CIV. S-05-583, 2007 WL 2384841, at *9-10 (E.D. Cal. Aug. 17, 2007).

6         Plaintiffs' assertion that they are ignorant of defendants' corporate structure provides them

7    no protection. Litigants must *start* with a jurisdictional basis for bringing a defendant into court.

8    For example, in *Conomos v. Chase Manhattan Corp.*, 1998 U.S. Dist. LEXIS 3135, *7-8

9    (S.D.N.Y. Mar. 17, 1998), *superseded by stat. on other grounds as stated in Golon v. Ohio Sav.*

10   *Bank,* 1999 U.S. Dist. LEXIS 16452 (N.D. Ill. Oct. 14, 1999), the court denied a plaintiff's

11   request for discovery and granted the defendant's motion to dismiss for failure to state a claim

12   because the plaintiff failed to allege facts sufficient to establish either the defendant's contacts

13   with the forum or an alter-ego theory: "[Plaintiff] claims that he cannot make any factual

14   allegations because he does not know any of the facts. Litigants previously have used this

15   argument without success." *Id.* at *8.

16   **IV.    IF THE COURT DECIDES TO PERMIT LIMITED DISCOVERY,**

17   **DEFENDANTS' RULE 12 MOTIONS SHOULD BE HEARD ON THE**

18   **UNAFFECTED GROUNDS.**

19        Defendants' motions to dismiss rely on many discrete and readily severable legal

20   contentions. Most present independently sufficient grounds for dismissal of the entire action;

21   some address specific claims for relief. Should the Court conclude that limited discovery would

22   be reasonable regarding some of defendants' arguments, we urge that before permitting the

23   wholesale merits discovery in plaintiffs' Discovery Plan the Court schedule the completion of

24   briefing and an early hearing on the aspects of defendants' motions that it concludes do not

25   warrant discovery. That approach may well result in the dismissal of the entire action on those

26   other grounds. Even if that does not occur, as long as any claims are dismissed the scope of

27   discovery will inevitably be narrowed to the benefit of the judicial process and the parties.

28

- 14 -

1        Defendants suggest a similar approach should the Court decide to allow limited discovery

2    regarding YHKL's Motion to Dismiss for Lack of Personal Jurisdiction. Since YHKL has joined

3    Yahoo!, Inc.'s Rule 12 motion to dismiss and special motion to strike, the logic of deciding those

4    motions before allowing discovery on personal jurisdiction that may be mooted is obvious. This

5    would allow defendants the benefit of Rule 12 and the anti-SLAPP statute while preserving

6    plaintiffs' ability to conduct discovery where, if at all, the Court finds it appropriate. While

7    defendants believe jurisdictional discovery is completely unwarranted, its detrimental impact on

8    the proceedings would be minimized if the balance of defendants' arguments are considered

9    before any expensive and time-consuming discovery is conducted.

10   **V.**    **CONCLUSION**

11        For the foregoing reasons, Plaintiffs' Motion to Initiate Initial and Jurisdictional

12    Discovery should be denied.

13        Dated: October 11, 2007          DANIEL M. PETROCELLI
                                            MATTHEW T. KLINE

14                                         O'MELVENY & MYERS LLP

15

16                                       By:   /s/ Daniel M. Petrocelli
                                               Daniel M. Petrocelli

17                                       Attorneys for Defendant YAHOO!, INC. and
                                       Specially Appearing Defendant YAHOO!

18                                       HONG KONG, LTD

19

20

21

22

23

24

25

26

27

28