Xiaoning et al v. Yahoo! Inc, et al

Case 4:07-cv-02151-CW    Document 113    Filed 10/31/2007    Page 1 of 8

Doc. 113

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WANG XIAONING, et al.,

    Plaintiffs,

   v.

YAHOO!, INC., et al.,

    Defendants.

No. C 07-2151 CW

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR INITIAL AND JURISDICTIONAL DISCOVERY

Plaintiffs move for an order permitting them to obtain initial and jurisdictional discovery in order to respond to the arguments made in Defendants' pending motions to dismiss. Defendants oppose Plaintiffs' motion. The matter was taken under submission on the papers. After considering all of the papers filed by the parties, the Court grants Plaintiffs' motion in part and denies it in part.

BACKGROUND

On April 18, 2007, Plaintiffs Wang Xiaoning, Shi Tao and Yu Ling filed the complaint in this action. Wang and Shi are citizens of the People's Republic of China (PRC) and are currently imprisoned in China. Yu, also a citizen of the PRC, is Wang's wife. Plaintiffs allege that Defendants Yahoo!, Inc. (Yahoo!) and Yahoo! Hong Kong, Ltd. (YHK) willfully provided Chinese officials

with access to private email records, copies of email messages, and other information about Plaintiffs and the nature and content of their electronic communications.  These communications contained pro-democracy literature.  As a result of Defendants' turning over this information, officials in the Chinese government allegedly subjected Plaintiffs to torture, cruel and inhumane treatment, arbitrary arrest and prolonged detention for exercising their right to freedom of speech.  Plaintiffs accuse Defendants of knowingly and willfully aiding and abetting the commission of torture and other major violations of international human rights law, thereby causing Plaintiffs severe physical and mental suffering.

In addition to seeking to hold Defendants liable under the Alien Tort Statute (ATS), the Torture Victims Protection Act (TVPA) and the Communications Privacy Act (CPA), Plaintiffs also seek to hold Defendants liable under California law.  Specifically, Plaintiffs assert causes of action for battery, assault, false imprisonment, intentional infliction of emotional distress, negligence and unfair business practices.  Plaintiffs seek compensatory and punitive damages, as well as declaratory and injunctive relief.

On August 27, 2007, Yahoo! moved to dismiss the complaint pursuant to Rules 12(b)(1), (6) and (7) of the Federal Rules of Civil Procedure.  In this motion, Yahoo! argued that Plaintiffs' claims were not justiciable because of the act of state doctrine, the political question doctrine, and principles of international

2

comity.[1]  Yahoo! also argued that, for a number of reasons, the complaint did not state a claim under any of the asserted causes of action.  Finally, Yahoo! argued that Plaintiffs' claims were subject to dismissal because they had not joined the PRC, a necessary party.  Yahoo!'s motion was supported by an appendix containing a number of documents, including statements of Chinese law.

Yahoo! moved separately to strike Plaintiffs' six state law causes of action pursuant to California's anti-SLAPP statute.  This motion did not append or reference any documents or factual declarations.  Yahoo! also moved, in the event that its motions to strike and dismiss are denied, for a more definite statement pursuant to Rule 12(e).

YHK joined in Yahoo!'s motions to dismiss and strike, and also moved independently to dismiss the claims against it under Rule 12(b)(2) for lack of personal jurisdiction.[2]  YHK asserted that it has insufficient contacts with California to support either general or specific jurisdiction over it.  In support of its motion, YHK relied on the declaration of Alfred Po Tak Tsoi, its general manager.  The declaration contains numerous factual allegations

---

[1] The asserted non-justiciability of Plaintiffs' claims is presumably the basis of Yahoo!'s motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.

[2] In response to Defendants' request, the Court granted them an extension of the page limit on their motion to dismiss.  Nonetheless, they appear to have evaded the Court's order that they limit their motion to forty pages by filing four separate motions.  While no individual motion is longer than forty pages, the combined length is sixty-eight pages.  Defendants are advised not to use similar tactics to avoid complying with the Court's orders in the future.

3

concerning YHK's business operations and contacts with California, and discusses the relationship between YHK and Yahoo!, its parent company. Attached to the declaration are nine exhibits containing documents dealing with YHK's operations and organizational structure.

Plaintiffs now move to initiate what they characterize as "limited initial and jurisdictional discovery." They claim that such discovery is needed to enable them to respond fully to Defendants' arguments.

## DISCUSSION

I.    Discovery in Connection with YHK's Motion Under Rule 12(b)(2)

Discovery going to the issue of whether the court has personal jurisdiction over a defendant "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Butchers Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986) (internal quotation marks omitted). Here, YHK made a number of factual allegations in connection with its motion to dismiss for lack of personal jurisdiction. It also submitted documents to support its position. Given Plaintiffs' limited access to information concerning YHK's contacts with California absent the discovery process, it would be unfair to require them to oppose YHK's motion without first having an opportunity to determine the full extent of those contacts.

The Court is not persuaded by Defendants' argument that Plaintiffs did not sufficiently plead YHK's California contacts in their complaint. The cases Defendants cite in support of this

4

argument are neither binding on the Court nor directly applicable to the facts here. The complaint claims that YHK was Yahoo!'s alter ego. It supports this claim with various allegations about Yahoo!'s control over its subsidiary. While these facts may not ultimately be borne out by the evidence, if they are supported by information obtained during jurisdictional discovery, they could justify the exercise of personal jurisdiction over YHK. Accordingly, the Court concludes that Plaintiffs are entitled to discovery on the narrow issue of the Court's personal jurisdiction over YHK.

II. Discovery in Connection with Defendants' Motions under Rules 12(b)(1), (6) and (7) and the California anti-SLAPP Statute

Rule 12(b) provides that if, in connection with a motion to dismiss for failure to state a claim, "matters outside the pleading are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Plaintiffs argue that because Defendants appended supporting documentation to their motion to dismiss under Rule 12(b)(6), the Court should treat the motion as one for summary judgment. In order to counter the factual assertions supported by the appended documents, Plaintiffs contend, they must first be permitted to obtain information through initial discovery.

Plaintiffs object in particular to Defendants' attaching Chinese laws and administrative regulations to their motion to dismiss. Defendants rely on these documents to support their

5

defense that they were compelled by Chinese law to disclose the information about Plaintiffs' pro-democracy speech, and therefore cannot be held liable. Plaintiffs argue that Chinese law, as written, does not accurately reflect the government's actual practices. Accordingly, they assert that they must be permitted to determine how the law was applied in this instance by obtaining discovery on communications between Defendants and the Chinese government. This would allow Plaintiffs to determine whether Defendants were actually compelled to disclose the information, a fact which would bear on the validity of the compulsion defense.

Plaintiffs may be correct that the Chinese government does not always adhere to the law as embodied in written statutes or the PRC Constitution. Nonetheless, the discovery Plaintiffs seek is far from "limited," as they make it out to be. To the contrary, it goes to the heart of their factual case against Defendants. The Court will not permit initial discovery on what are essentially the merits of this case.

Because Defendants' motion to dismiss may dispose of this case in its entirety without the need to consider the appended material to which Plaintiffs object, it would be potentially wasteful for the Court to grant the extensive discovery Plaintiffs seek. In ruling on the motion to dismiss, the Court will accept the allegations in the complaint as true. To the extent Defendants attempt to introduce evidence of facts that supplement or dispute the allegations in the complaint and that cannot be judicially noticed, the Court will exclude the evidence rather than convert the motion into one for summary judgment. Plaintiffs are free to

6

argue in their opposition to Defendants' motion that a particular ground for dismissal raises factual issues that cannot be resolved at this early stage of the case. If the Court agrees, it will deny the motion with respect to that ground.

Plaintiffs also argue that Defendants' motions under Rules 12(b)(1) and (7) and the California anti-SLAPP statute rely on factual contentions not contained in the complaint. As with Defendants' Rule 12(b)(6) motion, Plaintiffs maintain that they cannot counter Defendants' arguments without first obtaining discovery on Defendants' communications with the Chinese government. Again, to the extent that these motions depend on extrinsic evidence or supplemental allegations that may be disputed, Plaintiffs may oppose them as premature. There may be no need to delay the briefing and resolution of these motions.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion for initial and jurisdictional discovery (Docket No. 90).[3] Plaintiffs may proceed with discovery on the limited issue of the Court's personal jurisdiction over Yahoo! Hong Kong. Based on the stipulation and Court order of September 20, 2007, Plaintiffs shall submit their opposition to Defendants' motions to dismiss on grounds other than for a lack of personal jurisdiction within fourteen days of this order; Defendants' reply is due twenty-one days thereafter. Oral argument will be heard on

---

[3] Defendants' motion (Docket No. 107) to file a letter concerning the Second Circuit's decision in <u>Khulumani v. Barclay Nat'l Bank, Ltd.</u>, 2007 U.S. App. LEXIS 24370, is DENIED as moot. The Court did not rely on <u>Khulumani</u> in deciding this motion.

7

December 20, 2007 at 2:00 p.m.[4]  The case management conference previously scheduled for November 1, 2007 will be held at that same date and time.  A hearing on YHK's motion to dismiss for lack of personal jurisdiction will be held on January 31, 2008 at 2:00 p.m. Opposition and reply briefs on that motion shall be filed in accordance with the deadlines in the Local Rules.

IT IS SO ORDERED.

Dated: 10/31/07

CLAUDIA WILKEN
United States District Judge

---

[4] The Court notes that the U.S. Department of State has requested that it have thirty days to submit its views after Plaintiffs submit their opposition to the pending motions to dismiss.  The Court is hopeful that it will have the benefit of the State Department's position before the hearing.

8